1   David M. Arbogast - State Bar No. 167571
    darbogast@law111.com
2   Jeffrey K. Berns - State Bar No. 131351
    jberns@law111.com
3   **ARBOGAST & BERNS LLP**
    19510 Ventura Boulevard, Suite 200
4   Tarzana, California 91356
    Phone:  (818) 961-2000
5   Fax:     (818) 867-4820

6   *Lead Counsel for Plaintiffs and the proposed Class*
    [Additional counsel listed on signature page]
7

8   Jack R. Nelson (SBN 111863)          T. Thomas Cottingham, III (NC Bar 16439)
    jnelson@reedsmith.com                [Pro Hac Vice pending]
    Keith Yandell (SBN 233146)           tcottingham@winston.com
9   Kyandell@ReedSmith.com               **WINSTON & STRAWN LLP**
    **REED SMITH LLP**                   214 N. Tryon Street Ste 2200
10  Two Embarcadero Center, Suite 2000   Charlotte, NC  28202
    San Francisco, CA 94120-7936         Phone:  (704) 350-7745
11  Phone:  (415) 543-8700               Fax:     (704) 350-7800
    Fax:     (415) 391-8269
12

13  *Attorneys for Defendants*

14

15                     **UNITED STATES DISTRICT COURT**

16          **NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

17
    IN RE: WACHOVIA CORP.            )   **NO. 09-cv-02015-JF**
18  "PICK-A-PAYMENT" MORTGAGE        )
    MARKETING AND SALES PRACTICES    )   *[Assigned to Hon. Jeremy Fogel, Ctrm. 3]*
19  LITIGATION                       )
                                     )   <u>CLASS ACTION</u>
20  This document relates to:        )
                                     )   **JOINT STATUS CONFERENCE**
21  **ALL INCLUDED ACTIONS**         )   **STATEMENT**
                                     )
22                                   )
                                     )   Date:   October 2, 2009
23  _____     )   Time:   9:00 a.m.
                                     )   Dept.   Courtroom 3
24

25

26

27

28

1    Plaintiffs and Defendants submit this Joint Case Management Conference Statement.

2    **I.    OVERVIEW**

3    This Multi-District Litigation ("MDL") proceeding includes several putative class actions that

4    assert various claims regarding so-called "Pick-A-Payment" adjustable rate home mortgage loans

5    originated by World Savings Bank FSB (later renamed Wachovia Mortgage FSB, which is now a

6    subsidiary of Wells Fargo & Co.) (hereinafter, "World").

7    On August 30, 2007, *Mandrigues, et al. v. World Savings, Inc., et al.*, (N.D. Cal.), Case No.

8    5:07-cv-04497 was filed and assigned to the Honorable Jeremy Fogel.   Two and one-half months later,

9    on November 16, 2007, *Bonnie Mincey, et al. v. World Savings Bank, FSB, et al.*, (Dist. South Carolina),

10   Case No. 2:07-3762 was filed.  Subsequently, the following actions were filed:

11          •    *Laura Johnson v. Wachovia Mortgage Corporation, et. al.*, Civ No. 2:08-CV-4147
12               (D.N.J. removed Aug. 15, 2008);

13          •     *Chad R. Whatley, et al. v. World Savings Bank, FSB, et al.*, (N.D. Florida) Case No.
14               4:08-380, filed on August 25, 2008;

15          •    *Judith M. Holley, et al. v. World Savings Bank, FSB, et al.*, (D. Maryland), C.A. No.
16               1:08-2307, filed on September 4, 2008;

17          •    *Michael Brunkhorst, et al. v. World Savings Bank, F.S.B., et al.* (S.D. Illinios) Case No.
18               3:09-cv-00127, filed on February 17, 2009;

19          •    *Michael T. Harber v. World Savings Bank, FSB n/k/a Wachovia Mortgage FSB, et al.*,
20               C.A. 4:09-cv-00258 (E.D. Mo.), filed on February 17, 2009; and

21          •    *Eric Hodge, et al. v. World Savings, Inc.*, et al., C09-01598 (N.D. Cal.), filed on April 10,
22               2009, but not yet served..

23   On February 13, 2009, the Judicial Panel on Multi-District Litigation ("JPML") issued its

24   Transfer Order, transferring related actions to this Court as part of MDL Docket No. 2015.  All of the

25   actions listed above are currently before this Court pursuant to the Transfer Order.

26   / / /

27   / / /

28   / / /

Joint Status Conference Statement - MDL NO. 09-cv-02015-JF

II.    **Plaintiffs' Proposal for Further Proceedings**

A.    **The Coordinated Actions**

Seven of the eight actions now before the Court in this MDL proceeding are putative class actions.   The later-filed class actions are all virtually mirror copies of the *Mandrigues* action, uniformly alleging - as in *Mandrigues* - that Defendants failed to disclose material information to borrowers before they entered into the so-called "World Pick-A-Payment" loan.  *See* Complaints, *Mandrigues, Mincey*, *Whatley*, *Holley*, *Brunkhorst, Harber*, and *Hodge*.  The *Johnson* action, filed by Legal Services of New Jersey, is the sole exception, as it is an individual action asserting specific claims made by a 73 year-old plaintiff.   Significantly, Plaintiffs' counsel in all eight actions agree that the court should give priority to the class certification issues raised as part of the *Mandrigues* action.  Indeed, the class definitions in the *Mandrigues* action cover the plaintiffs in all other actions.

By contrast, Defendants wish to ignore this and start all actions as if a blank slate existed.   The *Mandrigues* class certification hearing has already been delayed ten months.  Beyond the obvious and usual reasons that a defendant would seek further delay, legal developments outside this action help explain why Defendants here would like to drastically extend the time before a class certification hearing.  For instance, Defendants know that the facts and claims before the Court in *Mandrigues* are quite similar to the facts and claims that were before the court in *Plascencia v. Lending 1st Mortgage, LLC*, --- F.R.D. ---, 2009 WL 2569732 at *9 (N.D.Cal. Aug. 21, 2009) (*class certified*).  Particularly in view of the *Plascencia* decision, it is not surprising that Defendants would like this Court to effectively re-set the clock by requiring Plaintiffs to file a master complaint, thereby affording Defendants an opportunity to re-litigate the pleadings, which have long been settled in *Mandrigues*, before having to face the prospect of class certification.  However, there is no need and no reason for the Court to burden itself with treading over previously-decided issues, or to indulge Defendants' request to start anew.  Starting over would hardly be an efficient use of judicial resources, or, frankly, of the parties' resources.

Indeed, in certain respects Defendants' conduct here was worse than in *Plascencia*.  Here Defendants *absolutely failed to disclose* the interest rate which they used to generate the payment amounts stated in the Note and Truth-in-Lending Disclosure Statements ("TILDS").  Legally, therefore, Plaintiffs' allegations in *Mandrigues* - as in *Plascencia* -  are primarily based on Defendants' omissions.

1   *See, e.g., Plascencia,* WL 2569732 at *9 (citing *Affiliated Ute Citizens of Utah v. United States*, 406

2   U.S. 128, 153-54 (1972) and *Vasquez v. Superior Court*, 4 Cal.3d 800, 814 (1974)); *Yokoyama v.*

3   *Midland Nat. Life Ins. Co.* --- F.3d ----, 2009 WL 2634770 (9th Cir. Aug. 28, 2009) (reversing denial of

4   class certification in a case based on omissions in form documents).

5   **B.     All Plaintiffs in this Coordinated Proceeding Have Agreed to Have the *Mandrigues***

6   **Motion for Class Certification Heard  Forthwith.**

7          As of September 17, 2009, plaintiffs' counsel in the above-included actions have agreed that all

8   actions, except *Mandrigues*, should be stayed pending this Court's ruling on the *Mandrigues* Motion for

9   Class Certification.  The Motion for Class Certification was briefed and was set for oral argument on

10  January 16, 2009.  This Court, in the interests of judicial economy, stayed the *Mandrigues* action

11  pending a decision from the JPML.  In particular, this Court's Order dated January 20, 2009 stated

12  "Plaintiffs' motion for class certification will be terminated without prejudice, and may be *re-noticed*

13  following and in accordance with the JPML's decision."  (Emphasis added.)  Consistent with that Order,

14  Plaintiffs now request that the Court set the hearing on the *Mandrigues* Motion for Class Certification at

15  the earliest possible date available.

16         Following the Court's ruling on the *Mandrigues* Motion for Class Certification, Plaintiffs

17  recommend that the Court set a Rule 42 hearing to determine whether to consolidate or sever the

18  remaining claims to the possible extent that there might be any that are not otherwise covered by

19  *Mandrigues.*  Under Rule 42(a), the Court is empowered to consolidate separate lawsuits for trial and

20  also sever claims or defenses in a single lawsuit for separate trial or make any other orders to avoid

21  unnecessary cost or delay.  The purpose of Rule 42, of course, is to enhance trial court efficiency (*i.e.*

22  avoid unnecessary duplication of evidence and procedures) and to avoid the substantial danger of

23  inconsistent adjudications, *i.e.* different results because tried before different juries, or a judge and jury

24  etc.  *EEOC v. HBE Corp*, 135 F.3d 543 (8th Cir. 1998) (consolidation inappropriate, however, if it leads

25  to inefficiency, inconvenience or *unfair prejudice to a party*).

26         Here, all Plaintiffs and all putative class members would suffer unfair prejudice by further

27  unnecessary delay in deciding the formerly-pending motion for class certification.  It bears noting again

28  that many of the class members at issue are, as alleged, at imminent risk of losing their homes to

foreclosure in large part because of the misconduct alleged by the Plaintiffs.

**C.    Defendants' Arguments In Favor of a Master Complaint Overlook and Ignore the Inefficiency and Unfair Delay That Would Follow From Their Proposal**

The filing of a master complaint "should be considered as only an administrative device to aid efficiency and economy."  *In re Propulsid Products Liability Litig.*, 208 F.R.D. 133, 142 (E.D. La. 2002).  While master complaints are often used in complex litigation, they are not specifically mentioned in either the Federal Rules of Civil Procedure or in any federal statute.  Instead, their use is grounded in the general provisions of Rule 42(a) of the Federal Rules of Civil Procedure.  Rule 42(a) broadly authorizes district courts to consolidate actions pending before the court and to make such orders "as may tend to avoid unnecessary costs or delay."   Courts have interpreted Rule 42(a) to authorize the filing of a unified or master complaint in cases consolidated both for pretrial discovery and for trial.  *See Katz v. Realty Equities Corp. of New York*, 521 F.2d 1354 (2d Cir.1975); *In re Equity Funding Corp. of America Securities Litigation*, 416 F.Supp. 161, 175 (C.D.Cal.1976); *see also Hebert B. Newberg & Alba Conte*, Newberg on Class Actions § 9.27, at 269 (2d ed.1985).  In both situations, consolidation is not supposed to "merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."  9 *Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure* § 2382, at 255 (1971) (hereinafter "Wright & Miller").  Rather, consolidation is intended only as a procedural device used to *promote* - not thwart - judicial efficiency and economy. *See Diana E. Murphy, Unified and Consolidated Complaints in Multidistrict Litigation*, 132 F.R.D. 597 (1991) (hereinafter "Murphy").

Further, while the use of a consolidated or master complaint is mentioned as an option in a checklist found in the Manual for Complex Litigation (Third), the Manual does not address the ramifications or effects of master complaints on the future course of the litigation.  *See Manual for Complex Litigation* (Third) § 40.1(6), at 414 (1995).  As some commentators have astutely observed, master complaints in class actions may create substantive problems despite their intended purpose as an administrative vehicle to streamline the litigation.  *See Murphy, supra.* "**These concerns are well founded**."  *In re Propulsid Products Liability Litig.*, 208 F.R.D. at 141.

/ / /

Here, Plaintiffs propose to streamline the litigation so as not to waste judicial resources by having the Court wade through and re-decide matters that have already been resolved.  Indeed, all Plaintiffs now agree that the *Mandrigues* certification motion should go forward, and all object to notion that a master complaint is somehow needed.  As such, Plaintiffs uniformly contend that Defendants' purpose in demanding a master complaint in this case is solely to promote inefficiency and delay, and to needlessly convolute the coordinated actions, requiring the Court to unravel the mess at a later date. Indeed, Defendants fail to articulate the significant issues which would not be resolved within the *Mandrigues* action.

Thus, the most prudent and efficient step in this coordinated litigation would be to resolve the long-ago-filed motion for class certification in *Mandrigues*, and to defer any decisions on any possible remaining claims until a decision on that motion.  Accordingly, Plaintiffs respectfully request that the Court (1) set the *Mandrigues* motion for hearing on the earliest possible date, and (2) set a Rule 42 hearing and briefing schedule to follow the Court's class certification ruling in *Mandrigues.*

## III.     Defendants' Proposal for Further Proceedings:

### A.     Coordinated Resolution of the State of the Pleadings

The eight putative class actions now before the Court in this MDL proceeding allege, among other things, that World's Pick-A-Payment loan product was sold by unfair or fraudulent means and/or did not perform under the loans as represented.  The various complaints include claims for violation of the Truth in Lending Act, common law fraud, breach of contract, and violation of various state unfair competition statutes.  The claims overlap in some respects and conflict in other respects.  Similarly, the class allegations in the eight actions overlap in some respects and conflict in some respects, and include both putative national and single state classes.

The eight cases are in various stages, and there are motions presently pending before this Court, including several motions addressing the pleadings, in six of the actions.  The seven different motions that presently are before the Court are:

- A motion for class certification in the *Mandrigues* case;

- A motion for reconsideration of the order entered by the South Carolina District Court in

Joint Status Conference Statement - MDL NO. 09-cv-02015-JF

1   the *Mincey* case granting judgment on the pleadings against World under the Truth in

2   Lending Act;

3   •   Motions to dismiss in behalf of all Defendants, that are fully briefed, in the *Whatley* and

4   *Holley* cases;

5   •   Motions to dismiss in behalf of Defendants Golden West Financial Corporation and

6   Wachovia Corporation in the *Brunkhorst* and *Harber* cases; and

7   •   A motion for class certification in *Whatley*.

8   In addition, a first amended complaint was filed in the *Johnson* case shortly before the Transfer

9   Order was issued by the JPML, but Defendants have not yet filed their responsive motion to that

10  Complaint because the case was stayed before a Rule 12 motion came due.  Also, the *Hodge* case has

11  not been served on Defendants and so a Rule 12 motion relative to that complaint has not yet been filed.

12  In light of these several pending pleading issues, and the early stage of this MDL proceeding,

13  setting an immediate hearing date on the *Mandrigues* class certification motion is not appropriate,

14  necessary or advisable.  Doing so would leapfrog class certification over resolution of the unsettled state

15  of the complaints in the other actions.  Separately, it would also lead inevitably to an ultimate patchwork

16  of class certification arguments and proceedings that would benefit no one, waste the resources of the

17  Court and prejudice Defendants - as well as potentially prejudice the putative class representatives other

18  than those named in the *Mandrigues* action.

19  Instead, this action is an ideal situation for use of the common MDL management mechanism of

20  a consolidated complaint, followed by consolidated class certification briefing (and, in this case,

21  simultaneous briefing of motions for summary judgment with respect to at least some, and perhaps all,

22  of the putative class representatives).  Pending resolution of these issues, discovery should proceed as

23  necessary.

24  An MDL transferee court may order the filing of a master consolidated complaint, along with

25  any other orders that will avoid unnecessary cost or delay.  28 U.S.C. § 1407(a); Fed. R. Civ. Pro. 42(a).

26  Consolidation is a procedural device, "used to promote both judicial efficiency and economy."  *In re*

27  *Propulsid Products Liability Litig.*, 208 F.R.D. 133, 141 (E.D. La. 2002) (citing *Diana E. Murphy,*

28  *Unified and Consolidated Complaints in Multidistrict Litigation*, 132 F.R.D. 597 (1991).  In making

Joint Status Conference Statement - MDL NO. 09-cv-02015-JF

consolidation orders, the court must determine whether the anticipated benefits of a consolidated

complaint (namely the consolidated complaint's usefulness, its administrative efficiency, and potential

for less confusion) outweigh any potential prejudice to the parties. *Katz v. Realty Equities Corp.*, 521

F.2d 1354, 1358-60 (2d Cir. 1975).

### B.      Coordinated Resolution of Motions for Class Certification

Here, a consolidated complaint will make "argument and consideration of class action issues

…considerably easier … because the court [does not have to] go through varying and conflicting class

allegations that may have been stated in each separate complaint." *In re Equity Funding Corp.*, 416 F.

Supp. 161, 176 (C.D. Cal. 1976). Indeed, an MDL transferee court is empowered specifically to order

"consolidated pleadings and motions to decide how to resolve competing claims for certification."

Manual for Complex Litigation, Fourth, § 21.25. The consolidated complaint thus can "serve as the

vehicle for defining the proposed class and deciding class certification." Id. (emphasis added).

Because class certification is a procedural rule, and class actions are created for reasons of

judicial economy and uniformity, an MDL transferee court may also order the parties to file a master

class certification motion. *See, e.g.*, *In re Propulsid Products Liability Litig.*, 208 F.R.D. 133 (E.D. La.

2002); *In re Conagra Peanut Butter Products Liability Litig.*, 251 F.R.D. 689 (N.D. Ga. 2008); *In re

First. Am. Corp. ERISA Litig.*, 2009 U.S. Dist. LEXIS 72188 (C.D. Cal. July 27, 2009). Moreover,

where multiple class actions are transferred to one court, as here, if the transferee court does find class

certification appropriate, it should choose class representatives who will maximize the class scope and

best protect the interests of the class. *See* Newberg on Class Actions, Fourth, § 7:31. For this reason

alone, this Court should not proceed with a motion for class certification in just one of the pending

actions because such a procedure may be detrimental to the named plaintiffs in the other actions.

Similarly, Defendants should fairly have the ability to demonstrate, via discovery and then full briefing,

their position that none of the named plaintiffs in this MDL proceeding are capable of asserting or

meeting the requirements for certification of a class under Rule 23, and in fact that none of these named

plaintiffs even have legally viable claims against any of the Defendants.

### C.      Proposed Coordinated Motion Schedule

Defendants propose the following schedule for purposes of consolidating the complaints and

coordinating anticipated Rule 12, Rule 23 and (individual) Rule 56 motions in this MDL proceeding:

| | |
|---|---|
| Filing of Consolidated Amended Complaint: | November 6, 2009 |
| Defendants' Responsive Rule 12 Motions[1] : | December 4, 2009 |
| Plaintiffs' Opposition Briefs: | January 8, 2010 |
| Defendants' Reply Briefs: | January 22, 2010 |
| Hearing on Defendants' Rule 12 Motions and Further CMC: | February 5, 2010 |
| Joint Class Certification Motion - Opening Brief: | March 19, 2010 |
| Joint Class Certification Motion - Opposition Brief: | April  30, 2010 |
| Joint Class Certification Motion - Reply Brief: | May 21, 2010 |
| Defendant's Summary Judgment Motion(s) - Opening Brief(s): | March 19, 2010 |
| Defendant's Summary Judgment Motion(s) - Opposition(s): | April  30, 2010 |
| Defendant's Summary Judgment Motion(s) - Reply Brief(s): | May 21, 2010 |
| Consolidated Hearings and Further CMC: | June 4, 2010 |
| Further discovery, expert pretrial and trial dates: | Set June 4, 2010 |

## V.    OTHER MATTERS

For the Court's convenience, the parties have meet and conferred and have jointly prepared a proposed Case Management Order No. 1 and submitted to the Court their proposed Case Management Order No. 1 regarding general MDL procedures for the pending related actions and any future related actions.

DATED: September 28, 2009                    **ARBOGAST & BERNS LLP**

By:      */s/ David M. Arbogast*
David M. Arbogast, Esq.
19510 Ventura Blvd., Suite 200
Tarzana, CA  91356
Phone: (818) 961-2000
Fax:    (818) 936-0232

*Lead and Liaison Counsel for Plaintiffs and the proposed Class*

---

[1]  Defendants Golden West Financial Corporation's and Wachovia Corporation's Rule 12 motions will differ from World's.

DATED: September 28, 2009

**REED SMITH LLP**

By:   */s/ Jack R. Nelson*
Jack R. Nelson, Esq.
101 Second Street, Suite 1800
San Francisco, California 94105
Phone: (415) 543-8700
Fax: (415) 391-8269

*Attorneys for Defendants*

**COUNSEL LIST:**

| | |
|---|---|
| David M. Arbogast (CA Bar No. 167571)<br>darbogast@law111.com<br>Jeffrey K. Berns (CA Bar No. 131351)<br>jberns@law111.com<br>**ARBOGAST & BERNS LLP**<br>6303 Owensmouth Avenue, 10th Floor<br>Woodland Hills, California 91367-2263<br>Phone: (818) 961-2000<br>Fax: (818) 936-0232 | Lead Counsel and Counsel for the *Mandrigues* Plaintiffs |
| **SMOGER & ASSOCIATES**<br>Gerson H. Smoger (CA Bar No. 79196)<br>gersonsmoger@gmail.com<br>Steven M. Bronson (CA Bar No. 246751)<br>steven.bronson@gmail.com<br>3175 Monterey Blvd<br>Oakland, CA, 94602-3560<br>Phone: (510) 531-4529<br>Fax: (510) 531-4377 | Co-Counsel for the *Mandrigues* Plaintiffs |
| Mark R. Cuker, Esq. (Admitted *Pro Hac Vice*)<br>mcuker@wcblegal.com<br>Michael J. Quirk, Esq. (Admitted *Pro Hac Vice*)<br>Mquirk@wcblegal.com<br>**WILLIAMS CUKER BEREZOFSKY**<br>1617 J.F.K. Boulevard, Suite 800<br>Philadelphia, PA 19103-1819<br>Phone: (215) 557-0099<br>Fax: (215) 557-0673 | Co-Counsel for the *Mandrigues* Plaintiffs |
| Christopher A. Seeger (Admitted *Pro Hac Vice*)<br>cseeger@seegerweiss.com<br>**SEEGER WEISS LLP**<br>One William Street<br>New York, NY 10004<br>Phone: (212) 584-0700<br>Fax: (212) 584-0799 | Co-Counsel for the *Mandrigues* Plaintiffs |

Joint Status Conference Statement - MDL NO. 09-cv-02015-JF

| | |
|---|---|
| Jonathan Shub (CA Bar No. 237708)<br>jshub@seegerweiss.com<br>**SEEGER WEISS LLP**<br>1515 Market Street, Suite 1380<br>Philadelphia, PA 19107<br>Phone: (215) 564-2300<br>Fax    (215) 851-8029 | Co-Counsel for the *Mandrigues* Plaintiffs |
| Eric George (CA Bar No. 166403)<br>egeorge@bwgfirm.com<br>**BROWN WOODS GEORGE LLP**<br>2121 Avenue of the Stars, 24th Floor<br>Los Angeles, CA 90068<br>Phone: (310) 274-7100<br>Fax:    (310) 275-5697 | Co-Counsel for the *Mandrigues* Plaintiffs |
| Brian S. Kabateck (CA Bar No. 152054)<br>bsk@kbklawyers.com<br>**KABATECK BROWN KELLNER LLP**<br>644 S Figueroa Street<br>Los Angeles, CA, 90017<br>Phone: (213) 217-5000<br>Fax:    (213) 217-5010 | Co-Counsel for the *Mandrigues* Plaintiffs |
| Rebecca Schore (NJ Bar No. RS (0627))<br>Rschore@lsnj.org<br>**LEGAL SERVICES OF NEW JERSEY, INC.**<br>100 Metroplex Drive. Suite 402<br>Edison, NJ  08818-1357<br>Phone: (732) 572-9100<br>Fax:    (732) 572-0066 | Counsel for Plaintiff in the *Johnson* action. |
| Daniel O. Myers (SC I.D.#9884)<br>dmyers@rpwb.com<br>A. Hoyt Rowell, III (SC I.D.#3665)<br>hrowell@rpwb.com<br>Robert S.Wood (SC I.D.#7965)<br>bwood@rpwb.com<br>**RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC**<br>1037-A Chuck Dawley Blvd. Mt. Pleasant, South Carolina 29464<br>Phone:  (843) 727-6500<br>Fax:    (843)216-6509 | Counsel for Plaintiffs in the *Mincey*, *Brunkhorst*, *Whatley*, *Holley*, and *Harber* actions. |
| Evan D. Buxner (MO. Bar # 6221006)<br>buxner@walther-glenn.com<br>**WALTHER-GLENN LAW ASSOCIATES**<br>10 South Brentwood Boulevard, Suite102<br>St.Louis, Missouri 63105<br>Phone:  (314)725-9595<br>Fax:  (314) 725-9597 | Co-counsel for Plaintiffs in the *Mincey*, *Brunkhorst*, *Whatley*, *Holley*, and *Harber* actions. |

Joint Status Conference Statement - MDL NO. 09-cv-02015-JF

| | |
|---|---|
| Donald Amamgbo (CA Bar No. 164716)<br>donald@amamgbolaw.com<br>**AMAMGBO & ASSOCIATES**<br>7901O akportS treet,S uite4 900<br>Oakland, California 94621<br>Phone: (510) 615-6000<br>Fax:    (510) 615-602 | Counsel for Plaintiff in the *Hodge* action. |
| Reginald Terrell (CA Bar No. 127874)<br>ReggieT2@aol.com<br>**THE TERRELL LAW GROUP**<br>1736 Franklin Street,10th Floor<br>Oakland, Califomia 94612<br>Phone:  (510) 237- 9700<br>Fax:    (510) 237-4616 | Co-Counsel for Plaintiff in the *Hodge* action. |
| Jack R. Nelson (CA Bar No. 111863)<br>jnelson@reedsmith.com<br>Keith Yandell (CA Bar No. 233146)<br>Kyandell@ReedSmith.com<br>**REED SMITH LLP**<br>101 Second Street, Suite 1800<br>San Francisco, CA 94105<br>Phone: (415) 543-8700<br>Fax:    (415) 391-8269 | Counsel for Defendants. |
| T. Thomas Cottingham, III (NC Bar 16439)<br>[Pro Hac Vice pending]<br>tcottingham@winston.com<br>**WINSTON & STRAWN LLP**<br>214 N. Tryon Street Ste 2200<br>Charlotte, NC  28202<br><br>Telephone:    +1 704 350-7745<br>Facsimile:    +1 704 350-7800 | Counsel for Defendants |

# EXHIBIT NO. 1

EXHIBIT 1

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION<br><br>This document relates to:<br><br>**ALL INCLUDED ACTIONS** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **MDL NO. 09-cv-02015-JF**<br><br>*[Assigned to the Hon. Jeremy Fogel]*<br><br>CLASS ACTION<br><br>**[PROPOSED] CASE MANAGEMENT ORDER NO. 1: PRACTICE AND PROCEDURE ORDER UPON TRANSFER PURSUANT TO 28 U.S.C. § 1407(a)**<br><br>**[CMO-1]** |

**CASE MANAGEMENT ORDER NO. 1**

**PRACTICE AND PROCEDURE ORDER UPON TRANSFER**

**PURSUANT TO 28 U.S.C. § 1407(a)**

1.      This Order shall govern the initial procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its order of February 13, 2009, and also shall govern all related actions originally filed in this Court, or transferred or removed to this Court (the "MDL Action").  The cases currently assigned to the MDL Action are listed in **Schedule A** attached to this Order.  This Order also governs the procedure in (i) any "tag-along" actions transferred to this Court by the JPML pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, and (ii) any related actions subsequently filed, removed or transferred (other than by the JPML) to this Court.

2.      All counsel who appeared in a transferor district court in any case previously or hereafter transferred to this Court by the JPML are deemed to have made their appearance in this Court in the MDL Action.  Counsel in any case hereafter filed in, removed to, or transferred to this Court (other than a transfer by the JPML) and which becomes a case in the MDL Action are required to enter an appearance in this Court.

3.      Non-resident attorneys in any case consolidated in the MDL Action are not required to apply for permission to appear in the MDL action, as is ordinarily required by the Court's Local Rule 11-3.

4.      All attorneys of record must register with this Court's CM/ECF system.  Counsel of record in any action presently before this Court shall so register within 10 days of this Order.  Counsel of record in any action transferred to this Court by the MDL panel shall so register within ten (10) calendar days of such transfer.  All filings in this MDL Action shall be made electronically using this Court's CM/ECF system, subject to the exceptions prescribed in this Court's General Order No. 45, "Electronic Case Filing."

/ / /

/ / /

[Proposed] Case Management Order No. 1 [CMO-1] - MDL DOCKET NO. 2015

5.      Filings in the cases in the MDL Action shall bear the identification "MDL NO. 09-cv-02015-JF."  When a filing relates to all cases in the MDL Action, the MDL docket number shall be followed by the notation "ALL INCLUDED ACTIONS."[1] If the filing relates to fewer than all cases in the MDL Action, the individual docket numbers[2] for those actions to which the filing relates shall be listed in the caption of the filing.  Each filing in an MDL Action case shall be filed in the MDL Action and in each individual case to which the filing applies.

6.      Unless otherwise specified by order, the Local Rules of the Northern District of California shall govern the scheduling of motions and the format for briefs and all other pleadings.

7.      All filings shall be served electronically on (1) each counsel of record for Defendants, and (2) Lead Counsel and Liaison Counsel for plaintiffs (as appointed in the Court's Order dated April 16, 2009).

8.      If a party desires to adopt a submission or pleading made by another party in the MDL Action, it is sufficient for the adopting party to file a pleading stating that it incorporates by reference the submission or pleading that it seeks to adopt.  If multiple parties intend to file substantially identical submissions or pleadings, they shall join in the filing of such substantially identical submissions or pleadings, clearly indicating each party joining in the submission or pleading filed.

9.      Any orders, including protective orders previously entered by this Court or any transferor court, shall remain in full force and effect, unless a party to the action in which the order was entered requests this Court to modify or vacate the order and the Court grants the moving party's request to modify or vacate.

10.     All discovery, transferor court orders addressing discovery, or time requirements to perform any acts or file any papers pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure are suspended until further order of the Court.

/ / /

/ / /

/ / /

---

[1]  The style of each case shall not be included in the filing.
[2]  The individual docket numbers assigned to date are attached as part of **Schedule A**.

1    The Clerk is directed to send a copy of this Order to Plaintiffs' Liaison Counsel and counsel of

2    record for Defendants.

3    **IT IS SO ORDERED.**

4

5    DATED: _____, 2009.

                                          _____
6                                         HONORABLE JEREMY FOGEL
                                          UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Case Management Order No. 1 [CMO-1] - MDL DOCKET NO. 2015

**SCHEDULE A**

1.     *Mandrigues, et al. v. World Savings, Inc., et al.*, (N.D. Cal.), Case No. 5:07-cv-04497, filed on August 30, 2007;

2.     *Bonnie Mincey, et al. v. World Savings Bank, FSB, et al.*, (D. South Carolina), Case No. 2:07-3762, filed on November 16, 2007;

3.     *Laura Johnson v. Wachovia Mortgage Corporation, et. al.*, (D. New Jersey ) Civ No. 2:08-CV-4147 (D.N.J. removed Aug. 15, 2008);

4.     *Chad R. Whatley, et al. v. World Savings Bank, FSB, et al.*, (N.D. Florida) Case No. 4:08-380, filed on August 25, 2008;

5.     *Judith M. Holley, et al. v. World Savings Bank, FSB, et al.*, (D. Maryland), C.A. No. 1:08-2307, filed on September 4, 2008;

6.     *Michael Brunkhorst, et al. v. World Savings Bank, F.S.B., et al.* (S.D. Illinios) Case No. 3:09-cv-00127, filed on February 17, 2008;

7.     *Michael T. Harber v. World Savings Bank, FSB n/k/a Wachovia Mortgage FSB, et al.*, C.A. 4:09-cv-00258 (E.D. Mo.), filed on February 17, 2009; and

8.     *Eric Hodge, et al. v. World Savings, Inc., et al.* (ND Cal.), C09-01598, filed on April 10, 2009.

[Proposed] Case Management Order No. 1 [CMO-1] - MDL DOCKET NO. 2015