ARBOGAST & BERNS LLP
Jeffrey K. Berns (SBN 131351)
David M. Arbogast (SBN 167571)
6303 Owensmouth Avenue, 10th Floor
Woodland Hills, CA  91367-2263
Tel:  818.961.2000 -- Fax 818.936.0232
Email:  jberns@law111.com
        darbogast@law111.com

Attorneys for Class Representatives and
all others Similarly Situated

**E-Filed 12/16/2010**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION<br><br>This Document Relates to:<br>All Actions | Case No. M:09-CV-2015-JF<br><br>[PROPOSED] ORDER:<br><br>(1) PROVISIONALLY CERTIFYING A SETTLEMENT CLASS; (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT; (3) APPOINTING CLASS REPRESENTATIVES, CLASS COUNSEL AND SETTLEMENT ADMINISTRATOR; (4) APPROVING FORM AND METHODS OF CLASS NOTICE; AND (5) SCHEDULING HEARING ON MOTIONS FOR FINAL APPROVAL OF SETTLEMENT AND PAYMENT OF ATTORNEYS' FEES AND COSTS |

1  This Court has reviewed the proposed terms of settlement set forth in the
2  executed Agreement and Stipulation of Settlement of Class Action (the "Settlement
3  Agreement"), by and between Defendants World Savings, Inc., World Savings
4  Bank, FSB, Wachovia Mortgage, FSB, now known as Wachovia Mortgage, a
5  division of Wells Fargo Bank, N.A, Wachovia Corporation, Golden West Financial
6  Corporation, Wachovia Bank, FSB, f/k/a World Savings Bank, FSB-TX, Wachovia
7  Mortgage Corporation, Wells Fargo Home Mortgage, and Wells Fargo Bank, N.A.
8  ("Defendants"), and Class Representatives Dolores Mandrigues, Juanita Jones, Al F.
9  Minyen, Wilma R. Minyen, Mark Clauson, Christina Clauson, Bonnie Mincey,
10 Stephanie O'Rourke, Tina Singer, Chad R. Whatley, Anita H. Whatley, Jerrold L.
11 Rotruck, Clara C. Rotruck, Judith M. Holley, Roland Harris, Gloria Harris, Emogen
12 White, Vanessa L. McLeaurin, by Travis A. Budd, personal representative, James
13 W. Collins, Jr., Michael Brunkhorst, Jayme Brunkhorst, Michael T. Harber, Mary
14 Harber, Mark Chaney, Gloria Chaney, and Terry L. Costello ("Class
15 Representatives"), in their individual capacities and as representatives of the
16 Settlement Class, as defined below, in the within consolidated action (the "Action"),
17 together with all exhibits thereto, the record in the Action, and the arguments of
18 counsel;
19   IT IS HEREBY ORDERED AS FOLLOWS:
20   1.   All terms and definitions used herein have the same meanings as set
21 forth in the Settlement Agreement.
22   2.   The proposed terms of settlement set forth in the Settlement Agreement
23 are hereby preliminarily approved as being within the range of reasonableness such
24 that notice thereof should be given to members of the Settlement Class (as defined
25 in the following paragraph).
26   3.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the
27 following classes (collectively, the "Settlement Class") are provisionally certified
28 for purposes of settlement only:

**Settlement Class A: Borrowers Who No Longer Have Their Pick-a-Payment Mortgage Loans**

All current and former Borrowers of World Savings Bank, FSB or Wachovia Mortgage, FSB, now known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A. ("Wachovia Mortgage") who, (a) on or after August 1, 2003 and on or before December 31, 2008 entered into a loan transaction with Wachovia Mortgage that, as of the date of the loan's funding, was secured by their primary residence; (b) obtained financing from Wachovia Mortgage pursuant to a Pick-a-Payment mortgage loan promissory note; (c) have not previously released their claims pursuant to another settlement agreement, final judgment, or other dealings with Wachovia Mortgage; and (d) as of the Date of Preliminary Approval, no longer have a Pick-a-Payment mortgage loan because they sold the property securing the loan, refinanced the loan, paid off the loan personally, or have already obtained a loan modification that converted the loan from a Pick-a-Payment mortgage loan.

**Settlement Class B: Non-Defaulting Borrowers Who Still Have Their Loans**

All current Borrowers of World Savings Bank, FSB or Wachovia Mortgage, FSB, now known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A. ("Wachovia Mortgage") who, (a) on or after August 1, 2003 and on or before December 31, 2008 entered into a loan transaction with Wachovia Mortgage that is secured by their primary residence; (b) obtained financing from Wachovia Mortgage pursuant to a Pick-a-Payment mortgage loan promissory note; (c) have not previously released their claims pursuant to another settlement agreement, final judgment, or other dealings with Wachovia Mortgage;

and (d) as of the Date of Preliminary Approval, still have a Pick-a-Payment mortgage loan and are not in Default.

**Settlement Class C: Borrowers in Default Who Still Have Their Loans**

All current Borrowers of World Savings Bank, FSB or Wachovia Mortgage, FSB, now known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A. ("Wachovia Mortgage") who, (a) on or after August 1, 2003 and on or before December 31, 2008 entered into a loan transaction with Wachovia Mortgage that is secured by their primary residence; (b) obtained financing from Wachovia Mortgage pursuant to a Pick-a-Payment mortgage loan promissory note; (c) have not previously released their claims pursuant to another settlement agreement, final judgment, or other dealings with Wachovia Mortgage; and (d) as of the Date of Preliminary Approval, still have a Pick-a-Payment mortgage loan and are in Default.

4. Inherent in the Court's provisional certification of the Settlement Class are the following findings: that the Settlement Class is ascertainable; that its members are too numerous to be joined practicably; that the Action raises common legal and factual questions; that Class Representatives' claims are typical of the claims of the Settlement Class as a whole; that Class Representatives and Settlement Class Members share a community of interest in the Action; that neither Class Representatives nor Class Counsel have interests adverse to the Settlement Class; that Class Counsel are competent and experienced; that common questions predominate over questions affecting only individual members of the Settlement Class; and that the Action and this Settlement are the best, if not the only, means for resolving the claims of Settlement Class Members expeditiously and economically.

5. This Court's provisional certification of the Settlement Class and findings incident thereto shall be solely for settlement purposes. Provisional

certification of the Settlement Class shall be vacated and shall have no effect in the event that the Settlement Agreement is not finally approved by this Court or otherwise does not take effect. In the event the Court's approval of the Settlement Agreement, entry of the Judgment and Order of Dismissal, or certification of the Settlement Class is or are disapproved, reversed, vacated or terminated, neither the Settlement Agreement nor the findings in this Order shall affect the rights of the parties to take action in support of or in opposition to class certification or to prosecute or defend the Action, or this Court's ability to grant or deny certification for litigation purposes. If this provisional class certification order is vacated, the parties shall be restored to the *status quo ante* as of the date preceding the date of this Order.

6. The Court finds that the method of providing notice to the Settlement Class proposed in the Settlement Agreement constitutes the best method for providing such notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members of their rights and obligations, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the California and United States Constitutions, and any other applicable law. The Settlement Notices, Summary Notice, and Instructions and Settlement Class A Claim Form ("Claim Form"), which are attached hereto as Exhibits 1 through 5 respectively, are hereby approved as to form. These documents constitute the best notice to members of the Settlement Class practicable under the circumstances and constitute valid, due, and sufficient notice to all members of the Settlement Class of their rights and obligations, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the California and United States Constitutions, and any other applicable law. The Settlement Notices (i) state the nature of the Action and the issues and defenses; (ii) make clear that the Settlement Agreement, if approved, will be binding on all Settlement Class Members; (iii) summarize the terms of the Settlement Agreement,

the right of each Settlement Class Member to opt out of the Settlement Class, and the right of Settlement Class Members to object to the Settlement Agreement and to appear by counsel at the hearing on the final approval of the Settlement Agreement; and (iv) provide that more information is available from Class Counsel upon request. Further, the Settlement Notices inform the Settlement Class Members that the Settlement Agreement provides for the release of their Released Claims (as that term is defined in the Settlement Agreement) and the payment of Class Counsel's attorneys' fees. *See* Fed. R. Civ. P. 23(h).

7. Rust Consulting, Inc. is approved as the Settlement Administrator for the proposed Settlement. Within ten (10) calendar days of the entry of this order, Defendants shall advance to the Settlement Administrator the sums necessary to cover the costs of issuing the Settlement Notices and other Administration Expenses.

8. Within thirty (30) calendar days of the entry of this Order, Defendants shall -- based on a review of business records and data in their possession, custody, and control -- provide the Settlement Administrator with the U.S. mail addresses and property addresses for any reasonably identifiable Persons who are potential Settlement Class Members. The Settlement Administrator shall conduct a National Change of Address Update as soon as practicable after receipt of this information. Within fifteen (15) calendar days of the receipt of such addresses, the Settlement Notices substantially in the form attached as Exhibits 1 through 3 will be sent by the Settlement Administrator to such potential Persons in the Settlement Class by First Class U.S. Mail.

9. Within thirty (30) calendar days of this Order, or as soon thereafter as the publication schedule of *USA Today* will permit, Defendants shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 4 hereto, to be published for three consecutive days in a quarter-page advertisement in *USA Today*, a newspaper of national circulation.

1  10. Immediately following entry of this Order, the Settlement Notices, Summary Notice, and the Settlement Agreement, shall be provided on a dedicated settlement website (www.pickapaysettlement.com) to be administered by the Settlement Administrator.

11. Settlement Class Members, who do not exclude themselves from the Settlement, including Settlement Class A Members who do not timely submit a valid Claim Form, shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, including the release provided for under the Settlement Agreement.

12. Class Counsel and Class Representatives are hereby appointed to represent the Settlement Class. Jeffrey K. Berns and David M. Arbogast of Arbogast & Berns LLP are hereby appointed as Lead Class Counsel.

13. A hearing (the "Fairness Hearing") shall be held by the Court on [~~no earlier than 130 days from date of this Order; if Order is signed on December 16, 2010, earliest date that hearing could occur is April 25, 2011~~] April 29, 2011, at 9:00 a.m., at the United States Courthouse, Courtroom 3, 5th Floor, 280 South 1st Street, San Jose, CA 95113, to consider and determine whether the requirements for certification of the Settlement Class have been met, whether the proposed settlement of the Action on the terms set forth in the Settlement Agreement should be approved as fair, reasonable, adequate and in the best interests of Settlement Class Members, whether Class Counsel's attorneys' application for approval of the award of attorney's fees and costs should be approved, whether Class Representatives' application for service payments should be approved, and whether the Final Judgment approving the Settlement and dismissing the Action on the merits and with prejudice against Class Representatives and all members of the Settlement Class should be entered.

1  14. The Fairness Hearing may, from time to time and without further notice
2  to the Settlement Class (except those who have filed timely and valid objections),
3  be continued or adjourned by Order of the Court.

4  15. To be entitled to participate in the distribution of the Common Fund, in
5  the event the Settlement is effected in accordance with the terms and conditions set
6  forth in the Settlement Agreement, each Settlement Class A Member must either a)
7  mail a Claim Form, substantially in the form attached as Exhibit 5, which will be
8  sent to them with the Class A Settlement Notice and available on the dedicated
9  settlement website, to the Settlement Administrator at the address in the Class A
10 Settlement Notice; or b) complete and submit a Claim Form electronically on the
11 Settlement website. The Claim Forms must be postmarked, or submitted
12 electronically, on or before [no earlier than 90 days from date of this Order; if
13 Order is signed on December 16, 2010, claims deadline would be no earlier than
14 March 16, 2011]. Any Claim Form that is not submitted electronically on or before
15 [same date as in preceding sentence] or that is postmarked after [same date as in
16 preceding sentence] shall be deemed untimely, an invalid claim, and a waiver by
17 the submitting Settlement Class A Member of any claim for payment under the
18 Settlement Agreement.

19 16. Any Settlement Class Member who seeks to be excluded from the
20 Settlement Class may do so only by the Person by mailing a notice to the
21 Settlement Administrator at the address in the Settlement Notices, by first class
22 mail, postage prepaid, such that it is postmarked no later than at [no earlier than 90
23 days from date of this Order; if Order is signed on December 16, 2010, exclusion
24 deadline would be no earlier than March 16, 2011], a notice that includes: (1) the
25 name of this Class Action (In re: Wachovia Corp. "Pick-a-Payment" Mortgage
26 Marketing and Sales Practices Litigation, Case No. M:09-CV-2015); (2) the
27 Settlement Class Member's name, address, and telephone number; and (3) a
28 statement that the Settlement Class Member wishes to be excluded from this

Settlement. Any Settlement Class Member who does not submit a valid and timely request for exclusion, as set forth in the Settlement Notices, will be bound by the Judgment and Order of Dismissal dismissing the Action on the merits and with prejudice.

17. Objections by any Settlement Class Member to: (A) the certification of the Settlement Class and the proposed settlement contained in the Settlement Agreement and described in the Settlement Notices; (B) the payment of fees and expenses to Class Counsel; (C) the payment of service payments to Class Representatives; and/or (D) entry of the Judgment and Order of Dismissal dismissing the Action on the merits and with prejudice, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if such objector sends to the Court, at the following address: The United States District Court for the Northern District of California, 280 South First Street, San Jose, CA 95113, postmarked on or before [no earlier than 90 days from date of this Order; if Order is signed on December 16, 2010, objection deadline would be no earlier than March 16, 2011], a written statement that includes the following: (1) objector's name, address, and telephone number; (2) the account number(s) of objector's loan(s); (3) a sentence confirming, under penalty of perjury, that objector is a Settlement Class Member; (4) the factual basis and legal grounds for objector's objection; (5) the identity of any witnesses objector may call to testify at the Fairness Hearing; and (6) copies of any exhibits objector intends to offer into evidence at the Fairness Hearing, and all other papers in support of such objections. The foregoing papers shall expressly refer to the name of this Lawsuit as it appears at the top of this Notice, as well as to the Honorable Jeremy D. Fogel and the case number, and they shall also be mailed to counsel at the following addresses:

**Lead Class Counsel:**
Jeffrey K. Berns
ARBOGAST & BERNS LLP
6303 Owensmouth Avenue, 10th Floor
Woodland Hills, CA 91367


**Defendants' Counsel:**

| T. Thomas Cottingham, III | | Jack R. Nelson |
| WINSTON & STRAWN LLP | ~ and~ | REED SMITH LLP |
| 214 N. Tryon Street | | 101 Second Street, Suite 1800 |
| Charlotte, NC 28202 | | San Francisco, CA 94105 |

Any Settlement Class Member who does not comply with these requirements will be deemed to have waived any objections, and will be forever barred from making any objections to the proposed Settlement.

18.   It is not necessary for an objector to appear at the Fairness Hearing. However, if an objector wishes to appear and/or speak at the Fairness Hearing, whether personally or through an attorney, the objector must submit a Notice of Appearance.  All such Notices of Appearance shall expressly refer to the name of this Lawsuit as it appears at the top of this Notice, as well as to the Honorable Jeremy D. Fogel and the case number.  In addition, all Notices of Appearance must clearly identify (1) objector's name, address, and telephone number; and (2) the name, address and telephone number of any attorney(s) who will be appearing at the Fairness Hearing on objector's behalf.  If an objector wish to appear and/or speak at the Fairness Hearing, whether personally or through an attorney, the objector's Notice of Appearance must be mailed to the Court, Class Counsel, and Defendants' Counsel at the above addresses, and be postmarked on or before  [no earlier than 90 days from date of this Order; if Order is signed on December 16, 2010, objector Notice of Appearance deadline would be no earlier than March 16, 2011].

19. No later than fourteen (14) calendar days prior to the above date set for the Fairness Hearing, the Settlement Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that the required Notice has been completed in accordance with the provisions of paragraphs 8 through 10 of this Order.

20. No later than fourteen (14) calendar days prior to the above date set for the Fairness Hearing, the parties shall file all papers in support of the application for final approval of the settlement, the application for payment of attorneys' fees and expenses, and/or any papers in response to any valid and timely objections with the Court, and shall serve copies of such papers upon each other and upon any objectors who have complied with the provisions of paragraph 17 of this Order.

21. No later than ten (10) calendar days following the entry of this Order, Defendants shall comply with 28 U.S.C. §1715.

22. Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

Dated: December 16, 2010

_____
Hon. Jeremy Fogel
United States District Judge