FILED

2010 DEC 14  P 1: 32

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT

## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE
MARKETING AND SALES PRACTICES LITIGATION
Bernardo Bettinelli, et al. v. Wells Fargo Home                    )
        Mortgage, Inc., D. Massachusetts, C.A. No. 1:09-11079      )            MDL No. 2015

## TRANSFER ORDER

**Before the entire Panel**: Plaintiffs in this action (*Bettinelli*) move pursuant to former Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001),[1] asking the Panel to vacate its order conditionally transferring *Bettinelli* to the Northern District of California for inclusion in MDL No. 2015. Defendant Wachovia Mortgage FSB (Wachovia Mortgage) opposes the motion and favors inclusion of this action in Section 1407 proceedings.

After considering all argument of counsel, we find that *Bettinelli* involves common questions of fact with actions in this litigation previously transferred to the Northern District of California , and that transfer of the action to the Northern District of California for inclusion in MDL No. 2015 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of this action is warranted for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Northern District of California was an appropriate Section 1407 forum for actions involving the marketing and sale of "Pick-a-Payment" or "Payment Option ARM" mortgage loans by Wachovia Mortgage and related entities. *See In re Wachovia Corp. "Pick-a-Payment" Mortgage Mktg. and Sales Practices Litig.*, 598 F.Supp.2d 1383 (J.P.M.L. 2009).

In opposing transfer, the *Bettinelli* plaintiffs argue that their claim under the Massachusetts consumer protection statute is unique and should be construed by a federal judge sitting in Massachusetts. Transfer under Section 1407, however, does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. *See, e.g., In re: Avandia Mktg., Sales Practices and Prods. Liab. Litig,* 543 F.Supp.2d 1376, 1378 (J.P.M.L. 2007). Where actions share factual questions, the Panel has long held that the presence of disparate legal theories is not a basis to deny transfer. *Merscorp Inc., et al., Real Estate Settlement Procedures Act (RESPA) Litig.*, 560

---

[1] Amended Panel Rules became effective on October 4, 2010.

I hereby certify that the annexed
instrument is a true and correct
copy of the original issued in my
office. ATTEST ISSUED:
RICHARD W. WIEKING
Clerk. U.S. District Court
Northern District of California
By_____
      Deputy Clerk
Date:_____

-2-

F.Supp.2d 1371 (J.P.M.L. 2008).  In any event, the transferee court already has before it a Massachusetts case involving a claim under the Massachusetts consumer protection statute at issue in *Bettinelli*.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Jeremy D. Fogel for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Kathryn H. Vratil                    David R. Hansen
W. Royal Furgeson, Jr.               Frank C. Damrell, Jr.
Barbara S. Jones                     Paul J. Barbadoro