Jack R. Nelson (SBN 111863)
jnelson@reedsmith.com
David De Jesus (SBN 173263)
ddejesus@reedsmith.com
Alicia A. Adornato (SBN 254228)
aadornato@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone:   +1 415 543 8700
Facsimile:   +1 415 391 8269

T. Thomas Cottingham, III *(admitted pro hac vice)*
tcottingham@winston.com
Stacie C. Knight *(admitted pro hac vice)*
sknight@winston.com
WINSTON & STRAWN LLP
214 North Tryon Street
Charlotte, NC 28202-1078
Telephone:   +1 704 350 7700
Facsimile:   +1 704 350 7800

Attorneys for Defendants
Wachovia Mortgage, FSB, Wachovia Bank, FSB,
and Golden West Financial Corporation

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION<br><br>This document relates to:<br><br>*ALL CASES* | Case No. M:09-cv-2015-JF<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO QUASH OBJECTOR MICHAEL V. HARGETT'S SUBPOENA OF CORPORATE REPRESENTATIVE AND OPPOSITION TO OBJECTOR'S MOTION TO COMPEL**<br><br>Date:   April 19, 2011<br>Time:   10:00 a.m.<br>Place:   Courtroom 5, 4th Floor<br><br><br>Honorable Paul S. Grewal |

## I. INTRODUCTION

In both his Opposition to Defendants Wachovia Mortgage, FSB, Wachovia Bank, FSB, and Golden West Financial Corporation's ("Defendants") Motion to Quash and his own Motion to Compel, Objector Michael Hargett's ("Objector") seeks discovery which is not procedurally appropriate or warranted here.[1]  Moreover, Objector does not provide any legally viable reason why this Court should force Defendants to produce a corporate representative to testify on over ten topics or answer Objector's Requests for Admission ("RFAs").  Specifically, the Motion to Quash should be granted and the Motion to Compel denied because:

**One**, Objector still has not properly served either his Subpoena issued March 10, 2011 ("original Subpoena") or his Subpoena issued March 31, 2011 ("Replacement Subpoena").

**Two**, the form of the Fairness Hearing allows for objectors to call witnesses and submit evidence.  It does not constitute a waiver of objections to unnecessary and improper discovery.

**Three**, Objector did not seek leave of court to obtain additional discovery through a subpoena or RFAs and therefore his Motion to Compel must be denied.

**Four**, the Subpoenas and RFAs additionally fail because they seek immaterial information and are overly broad and insufficiently particular.

**Five**, the Subpoenas and RFAs improperly seek information about settlement negotiations and must be quashed.

Defendants respectfully submit that both Subpoenas must be quashed and Objector's Motion to Compel denied for each and all of the foregoing reasons.

/ / / / /

/ / / / /

/ / / / /

---

[1] Because of the duplicative nature of Objector's arguments in opposition to Defendants' Motion to Quash and in support of his own Motion to Compel, Defendants will address both the Motion to Quash and the Motion to Compel in this memorandum.

Case No. M:09-cv-2015-JF                              - 1 -

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO QUASH AND
OPPOSITION TO OBJECTOR'S MOTION TO COMPEL

## II. LEGAL ARGUMENT

### A. As an Initial Matter, Objector's Subpoenas Must Be Quashed Because They Were Not Properly Served.

Objector failed to properly serve either his original Subpoena or Replacement Subpoena. Objector claims that he has "cured" his service problems by serving his Replacement Subpoena issued in the Northern District of California on Wachovia's registered agent for service of process in Florida. Objector's Opposition to Motion to Quash ("Opp.") at p. 3:10-12; *see also* Opp. Exh. B; Objector's Motion to Compel ("MTC") at p. 8:10-12. However, this service does not cure Objector's service problems because Rule 45 specifically identifies *where* a subpoena may be served. Fed. R. Civ. Proc. 45(b)(2) (a subpoena must be served within the district of the issuing court, outside the district but within 100 miles of the place specific for production, within the state under certain circumstances or if the court has authorized such a motion for good cause under a federal statute). Here, Objector served the Replacement Subpoena in *Florida* – outside of the issuing district of the Northern District of California, approximately 2,500 miles outside the Northern District of California and well outside the state of California. Objector did not seek or obtain court approval to serve the Replacement Subpoena in Florida. On these grounds alone, the Replacement Subpoena must be quashed.

Objector also attempts to sidestep the requirement that he serve witness and mileage fees with his subpoena by arguing that these fees are not required because the Subpoena is served upon a party. *Evanow v. M/V Neptune*, 163 F.3d 1108 (9th Cir. 1998). While Objector is correct that the *Evanow* Court did not require fees because one side was a party, he misses the crucial distinction in *Evanow*. There the party's witnesses were not summoned by use of a subpoena. *Id*. at 1117-18. The court found that the trial court's award of witness fees and expenses for the parties following trial in excess of the statutory maximum was not proper. *Id*. Moreover, unlike the statute at issue there Rule 45 explicitly provides that witness fees and mileage must be served with a subpoena. Because Objector did not properly serve either the original Subpoena or the Replacement Subpoena, the Subpoenas must be quashed.

**B.  The Plain Language of the Fairness Hearing Order Shows That It Does Not Constitute a "Waiver" of Defendants' Right to Object to Discovery.**

Objector contends that Defendants waived their right to object to any form of discovery related to the Fairness Hearing when they consented to the form of the Fairness Hearing Order. Opp. at p. 4:7-5:9; MTC at pp. 4:22-5:22.  However, that Order only allows an objector to call witnesses and submit evidence at the Fairness Hearing provided they meet certain requirements. MTC at p. 5:1-9.  It does not contain any waiver language; Objector does not cite to any because none exists.

Objector's argument fails because the Fairness Hearing Order only imparts the right for an objector to call witnesses and submit evidence.  By agreeing to hear evidence from objectors, Defendants did not waive their right to object to broad discovery that is improperly served and seeks to disclose confidential information like settlement negotiations.  While Objector has the right to seek discovery that is necessary for their meaningful participation at the Fairness Hearing, he does not have carte blanche to subpoena various corporate representatives to testify on over ten topics at the hearing or seek these RFAs regarding information that is otherwise available to him and also improperly seeks discovery regarding settlement negotiations.  *See Jaffe v. Morgan Stanley & Co., Inc.*, No. C 06-3903 TEH, 2008 WL 346417, at *2 (N.D. Cal. Feb. 7, 2008) (objectors' requests for discovery denied; court exercised its discretion and concluded objectors already had access to discovery necessary to enable "meaningful participation" in settlement proceedings).[2]

**C.  Objector Does Not Address the Fact That He Did Not Seek Leave of Court to Issue the Subpoena(s) or RFAs.**

Objector does not address the fact that he has not obtained leave of court to issue either his original Subpoena or Replacement Subpoena or these RFAs.  *See generally* Opp; MTC.  To be entitled to conduct discovery or to present evidence, an objector must seek leave of court and demonstrate why the proposed evidence or testimony is necessary to the court's adjudication of the

---

[2] Contrary to Objector's suggestion, Defendants do not believe that the Fairness Order "does not apply to them" [MTC at p. 5:20] but rather dispute that Order operates as a waiver of any objection to improper overly broad discovery requests.

Case No. M:09-cv-2015-JF                    - 3 -
DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO QUASH AND
OPPOSITION TO OBJECTOR'S MOTION TO COMPEL

fairness of the settlement. *See Jaffe*, 2008 WL 346417, at *2.[3] *See also In re Lupron Marketing and Sales Practices Litig.*, No. MDL 1430, Civ. A. 01-10861-RGS, 2005 WL 613492, at *4 (D. Mass. Mar. 16, 2005) (quashing subpoenas issued by objectors because they "failed to seek leave of court or to specify why [the testimony] was necessary to the court's adjudication of the fairness of the settlement"). The objector must show his diligence in examining evidence that already exists. *See Bok v. Ackerman*, 309 F. Supp. 710, 714-15 (E.D. Pa. 1970).

Objector did *not* seek leave of court before serving either Subpoena or the RFAs. On this basis alone, the discovery should be quashed and Objector's Motion to Compel denied. Moreover, Objector's protestation that he has already "availed himself" of the discovery already available in this case is disingenuous on its face because he quickly dismisses the extensive discovery produced in this case on the grounds that it does not relate to the "illusory nature of the Settlement." MTC at p. 6:19-21. This does not meet his burden in showing his diligence in examining evidence that already exists. Moreover, Objector's statement suggests that he has not examined the evidence that already exists, and is searching for legal conclusions within the discovery that Defendants dispute for obvious reasons. Rather, it sounds like Objector has not reviewed the evidence but decided that it does not apply here.

**D.     The Replacement Subpoena and RFAs Must Also Be Quashed Because They Seek Immaterial Information, Are Overly Broad and Insufficiently Particular and Are Not Necessary to the Court's Determination of the Fairness and Adequacy of the Proposed Settlement.**

While Objector claims that his Replacement Subpoena is "narrowly tailored," a review of the topics in both subpoenas shows otherwise. Through the original Subpoena, Objector seeks to elicit

---

[3] "While objectors are entitled to 'meaningful participation' in the settlement proceedings, *Girsh v. Jepson,* 521 F.2d 153, 158 (3rd Cir.1975) and 'leave to be heard,' *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir.1977), they are not automatically entitled to discovery or 'to question and debate every provision of the proposed compromise.' " *In re General Tire & Rubber Co. Sec. Litig.,* 726 F.2d 1075, 1084 n. 6 (6th Cir.1984), citing *Cotton,* 559 F. 2d at 1331. Objectors should be allowed "meaningful participation in the fairness hearing without unduly burdening the parties or causing an unnecessary delay." *Domestic Air,* 144 F.R.D. at 424. The fundamental question is whether the district judge has sufficient facts before him to intelligently approve or disapprove the settlement. *In re General Tire & Rubber Co. Sec. Litig.,* 726 F.2d at 1084 n. 6, *citing Detroit v. Grinnell,* 495 F.2d 448, 463-468 (2d Cir.1974)" [citing *Hemphill v. San Diego Ass'n of Realtors, Inc.* 225 F.R.D. 616, 619-620 (S.D.Cal.2005)].

testimony regarding (1) "the proposed settlement and the settlement notice"; (2) "the settlements and assurances entered into between other states and Wachovia/Wells Fargo"; (3) "deficiency judgments/foreclosure procedures"; and (4) "reserves related to pick-a-pay loans." Objector claims that the "Replacement" Subpoena is narrowly tailored, but he still seeks to elicit the same testimony. The Replacement Subpoena covers (1) the proposed settlement and settlement notice [¶¶ 1-2]; (2) the settlements and assurances entered into between other states and Wachovia/Wells Fargo [¶¶ 3, 4]; (3) deficiency judgments/foreclosure procedures [¶¶ 5-6]; and (4) reserves related to pick-a-pay loans [*see* ¶¶ 9, 10 seeking information about the common fund and his catch-all category seeking testimony regarding all matters contained in his objection]. Thus, the Replacement Subpoena suffers from the <u>exact same</u> flaws his original Subpoena does and must be quashed because it seeks immaterial information, and is overly broad and insufficiently particular. Motion to Quash at pp. 4:20-6:12. Objector makes no effort to explain how these categories are relevant, not overly broad or are sufficiently particular. Opp. at pp. 5:10-6:4. Rather, Objector claims that he has "narrowly tailored" the Replacement Subpoena and that these categories are somehow relevant to the question of deficiency judgments and whether Wachovia can sell rights to deficiency judgments in light of their fiduciary obligations to shareholders. Such issues would be Wachovia's problem, and do not relate to the fairness or adequacy of the settlement to the putative class.

Regarding the RFAs, Objector seeks answers to RFAs on topics already covered in the briefing before this Court. *See e.g.* Order Provisionally Certifying a Settlement Class (Docket # 113) (defining the three subclasses that Objector seeks in No. 2). Objector does not show why answers to these RFAs are necessary to the Fairness Hearing, especially in light of the other information available before the Court.

**E.    The Replacement Subpoena Also Improperly Seeks Information About Settlement Negotiations.**

Objector's Replacement Subpoena and RFAs still improperly seek information about settlement negotiations, as it seeks a corporate representative with the most knowledge of the agreement and stipulation of settlement in this matter and answers to RFAs on settlement topics. *See* Motion to Quash pp. 3:20-4:19; MTC Exh. C (Request Nos. 1 – 9).

Case No. M:09-cv-2015-JF                                    - 5 -
DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO QUASH AND
OPPOSITION TO OBJECTOR'S MOTION TO COMPEL

### III. CONCLUSION

In conclusion, Objector's Replacement Subpoena must be quashed just like his original Subpoena must be quashed. Defendants respectfully request this Court quash both Subpoenas and deny Objector's Motion to Quash. Defendants respectfully request this Court direct that Wachovia Mortgage is not required to produce a "corporate representative" to testify at the Fairness Hearing on any topic and is not required to respond to Objector's RFAs.

DATED:  April 12, 2011           REED SMITH LLP

                                 **s/ Jack R. Nelson**
                                 Jack R. Nelson
                                 David De Jesus
                                 Alicia A. Adornato


                                 WINSTON & STRAWN LLP

                                 **s/ T. Thomas Cottingham, III**
                                 T. Thomas Cottingham*
                                 Stacie C. Knight*

                                 *Admitted *pro hac vice*

                                 Attorneys for Defendants