UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION | Case No.: CV 09-02015 JF (PSG)<br><br>**ORDER GRANTING-IN-PART MOTION TO COMPEL; GRANTING MOTION TO QUASH**<br><br>**(Re: Docket Nos. 134, 136)** |

On April 29, 2011, a Fairness Hearing will be held regarding the preliminarily approved class action settlement. Unnamed class member Michael V. Hargett ("Hargett"), an attorney representing himself *pro se*, has objected to the settlement. On March 10, 2011, Hargett issued a subpoena demanding that Wachovia Mortgage Corporation ("Wachovia") produce the corporate representative with the most knowledge regrading four categories of information to testify at the Fairness Hearing. On March 31, 2011 Hargett issued a subpoena replacing the first subpoena ("replacement subpoena"), which specifies ten categories of information about which the representative should be the most knowledgeable. Hargett has also served Wachovia with a request for admissions. Before the court now is Defendants' motion to quash the subpoena and Hargett's motion to compel the representative to appear and Wachovia to respond to the request for admissions. For the reasons discussed below, the motion to quash is GRANTED and the

motion to compel is GRANTED-IN-PART.

**I. MOTION TO QUASH**

Rule 45(a)(3) requires that a subpoena be issued and signed either by the court clerk, or by an attorney as an officer of (1) the court in which the attorney is authorized to practice; or (2) a court for a district where a deposition is to be taken or production is to be made, if the attorney is authorized to practice in the court where the action is pending. Here, both subpoenas have only been signed by Hargett. Hargett admitted at oral argument that he is not authorized to practice in the Northern District of California, which is both the issuing court and the court where the action is pending. Hargett, therefore, cannot issue a subpoena as an officer of this court. The subpoena is defective; the motion to quash is therefore GRANTED.[1]

**II. MOTION TO COMPEL**

"Class members who object to a class action settlement do not have an absolute right to discovery; the Court may, in its discretion, limit the discovery or presentation of evidence to that which may assist it in determining the fairness and adequacy of the settlement. While objectors are entitled to meaningful participation in the settlement proceedings, and leave to be heard, they are not automatically entitled to discovery or to question and debate every provision of the proposed compromise. Objectors should be allowed meaningful participation in the Fairness Hearing without unduly burdening the parties or causing an unnecessary delay. The fundamental question is whether the district judge has sufficient facts before him to intelligently approve or disapprove the settlement."[2]

"The criteria relevant to the Court's decision whether to permit objectors to conduct discovery are the nature and amount of previous discovery, reasonable basis for the evidentiary requests, and number and interests of objectors. Where the evidence submitted in support of the settlement is the result of truly adversarial proceedings and where the comprehensiveness of the

---

[1] *See Crayton v. Rochester Med. Corp.*, No. 1:07-CV-1318 OWW GSA, 2010 WL 392341, at *1-2 (E.D. Cal Jan. 15, 2010); *see also Cramer v. Target Corp.*, No. 1:08-CV-1693 OWW SKO, 2010 WL 1791148, at *1-2 (E.D. Cal. May 4, 2010).

[2] *Jaffe v. Morgan Stanley & Co., Inc.*, No. C 06-3903 TEH, 2008 WL 346417, at *2 (N.D. Cal. Feb. 7, 2008) (omitting internal quotations and citations).

records developed by the proponents increases, the objector has a greater burden to show the necessity of additional evidence.  In addition, where the objectors represent only a small percentage of the class, the likelihood of the court granting their discovery requests decreases because the court will give great weight to the interests of the majority of the class members."[3]

Defendants argue that responses to Hargett's discovery requests should not be compelled because Hargett was required to obtain leave of court before serving the requests.  In support of its argument that the court must deny the motion to compel because discovery was sought before obtaining leave of court, Defendants cite *Lupron Marketing and Sales Practices*.[4]  In *Lupron*, however, the court had previously ordered that Intervenor's "[a]ccess to settlement documents [would] be decided on a request-by-request basis"[5] and "[t]he only discovery sought by Intervenors . . . [was] that pertinent to the conduct of the settlement negotiations."[6]  Thus, Defendants have not provided authority, and the court knows of none, that requires a motion to compel to be denied on the sole basis that discovery was requested before a motion for leave or a motion to compel was filed.

Hargett argues that Defendants waived any objection to his discovery and ability to call witnesses by consenting to the procedure set out in the December 16, 2010 Order Provisionally Certifying a Settlement Class.[7]  The Order provides that objections by any settlement class member shall be heard

> "only if such objector sends to the Court . . . a written statement that includes the following: (1) objector's name, address, and telephone number; (2) the account number(s) of objector's loan(s); (3) a sentence confirming, under penalty of perjury, that objector is a Settlement Class Member; (4) the factual basis and legal grounds for objector's objection; (5) the identity of any witnesses objector may call to testify at the Fairness Hearing; and (6) copies of any exhibits objector intends to offer into evidence at the Fairness Hearing, and all other papers in support of such

---

[3] *See Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616, 620 (S.D. Cal. 2005) (internal citations and quotation marks omitted).

[4] *Lupron Marketing and Sales Practices*, No. MDL 1430, Civ. A. 01-10861-RGS, 2005 WL 613492 (D. Mass. Mar. 16, 2005).

[5] *Id.* at *1.

[6] *Id.* at *3.

[7] *See* 12/16/10 Order Provisionally Certifying a Settlement (Docket No. 113).

objections."[8]

Contrary to Hargett's interpretation, the Order only sets a prerequisite to having an objection considered by the court. The written statement is necessary to entitle an objection to be considered. It, however, is not sufficient to compel a witnesses to testify and is silent on the issue of conducting discovery. Thus, this Order does not waive Defendants' right to object to Hargett's Requests For Admission or his attempt to call a Wachovia representative to testify. Rather, the court must now evaluate whether Hargett's proposed discovery should be permitted.

Applying the criteria set forth above, Defendants represent that there are more than 522,000 members of the settlement class covered by the settlement agreement, but only 36 objections were filed.[9] Hargett's objection represents only his own position. Thus, the likelihood of the court granting his discovery requests is decreased because the court will give great weight to the interests of the majority of the class members.

Additionally, Defendants represent that an extensive record of discovery has been developed in this litigation including 15,000 pages of documents and 20 hours of audio-video materials. Thus, Hargett has a greater burden to show the necessity of additional evidence. Additionally, Defendants argue that Hargett has not shown diligence in examining discovery that has already been produced. Hargett, however, represents that he has reviewed the evidence in the record and that class counsel has verified that the discovery produced thus far does not bear on the nature of Hargett's objection.[10]

**A. REQUESTS FOR ADMISSION**

Against this background, the court considers the reasonableness of Hargett's Requests For Admission. Hargett has solicited only nine admissions. These admissions would be relevant to his objection about whether the settlement provides new benefits for the majority of the settlement

---

[8] *See* 12/16/10 Order Provisionally Certifying a Settlement ¶ 17 (Docket No. 113).

[9] *See* 4/15/11 Defs.' Memo Supp. Final Approval of Settlement and Response to Certain Objection at 7:9-10 (Docket No. 153).

[10] Defendants argue that Request No. 2 seeks information regarding the number of subclasses, which was already addressed by the court's Order Provisionally Certifying a Settlement Class (Docket No. 113). A review of Request No. 2, however, indicates that it seeks information about benefits available to Settlement Class B, which was not addressed by the Order.

class. Wachovia has demonstrated no undue burden in responding to the nine Requests For Admisions.

Defendants further object that the requests seek information about settlement negotiations. Discovery of evidence pertaining to settlement negotiations is appropriate only in rare circumstances.[11] Because settlement negotiations involve sensitive matters, the courts have consistently applied the principle that discovery of settlement negotiations is proper only where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive.[12] Hargett has not laid this foundation. It is not apparent to the court that any of the Requests for Admission seek information about settlement negotiations, but to the extent the admissions require information about settlement negotiations, that discovery is not appropriate.

The court finds that the Requests For Admission may aid the district judge in his determination of whether the settlement is fair, reasonable, and adequate to the class. Hargett's motion to compel is therefore GRANTED with respect to the Requests For Admissions, except to the extent they seek information about settlement negotiations. Wachovia shall respond to the Requests for Admissions no later than April 27, 2011.

**B. TESTIMONY OF WACHOVIA REPRESENTATIVE**

This framework, however, does not apply to calling a witness to testify at a hearing. Hargett does not seek to depose a representative of Wachovia to gather evidence for the hearing; he seeks to call the representative as a witness at the hearing. This issue, therefore, pertains to the presentation of hearing evidence, an issue which is not within the scope of the referral to the magistrate judge. Hargett's motion to compel is therefore DENIED with respect to the appearance of Wachovia's corporate representative, without prejudice to Hargett raising this issue before Judge Fogel.

Dated: April 20, 2011

PAUL S. GREWAL
United States Magistrate Judge

---

[11] *See Hemphill*, 225 F.R.D. at 620.

[12] *See Lobatz v. U.S. West Cellular of California*, Inc., 222 F.3d 1142, 1148 (9th Cir. 2000).

ORDER, *page 5*

**Notice of this filing was automatically mailed to counsel via the court's Electronic Case Filing system.**

**A copy of this filing was mailed to:**

Michael V. Hargett
Barnett, Bolt, Kirkwood, Long & McBride
601 Bayshore Boulevard, Suite 700
Tampa, Florida 33609

Dated: April 20, 2011

*/s/ Chambers Staff*
Chambers of U.S. Magistrate Judge Paul S. Grewal