**E-Filed 4/28/2011**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: WACHOVIA CORPORATION, | Case Number 5:09-md-02015-JF<br><br>ORDER (1) GRANTING MARCELLA ROSE'S MOTION TO SHORTEN TIME [dkt. entry 164]; (2) GRANTING ALBERTA ROSE JONES'S MOTION FOR LEAVE TO APPEAR BY TELEPHONE [dkt. entry 174]; (3) DENYING MICHAEL HARGETT'S MOTION TO COMPEL APPEARANCE OF CORPORATE REPRESENTATIVE [dkt. entry 175] AND MOTION TO SHORTEN TIME FOR HEARING [dkt. entry 178]; AND (4) GRANTING STEPHEN JOSEPH'S MOTION FOR LEAVE TO APPEAR AT FAIRNESS HEARING [dkt. entry 181] |

A number of procedural motions have been brought with respect to the final fairness hearing set for Friday, April 29, 2011, at 9:00 a.m. Those motions are addressed as follows:

**(1)     Marcella Rose's Motion to Shorten Time:**

Class member Marcella Rose objects to the proposed settlement and in addition seeks leave to intervene in this action for the purpose of representing "all persons who are members of 'Settlement Class A' as set forth in Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement but who are no longer living in their homes, including a subclass of persons who are sixty-five (65) years and older." *See* Proposed Complt in Intervention ¶ 26. Ms. Rose has filed a motion to shorten time for hearing on her motion to intervene. The motion to shorten time is GRANTED. The Court will take up the matter of Ms. Rose's proposed intervention at the April 29 hearing. Ms. Rose should be prepared to address the question of why intervention is necessary given that Ms. Rose has filed substantial objections to the settlement which will be addressed by the Court in the context of Plaintiffs' motion for final approval of class action settlement.

**(2)     Alberta Rose Jones's Motion for Leave to Appear by Telephone**

On April 18, 2011, an individual named Alberta Rose Jones filed a request to appear telephonically at the April 29 hearing. Ms. Jones claims that she and her husband are class members. Her motion is GRANTED. Ms. Jones shall contact Court Call at 866-582-6878 in ADVANCE of the hearing to arrange for the telephonic appearance.

**(3)     Michael Hargett's Motion to Compel Appearance of Corporate**
**          Representative and Motion to Shorten Time for Hearing on this Motion**

In addition to filing substantial objections to the settlement, class member Michael Hargett seeks to compel a representative of Wachovia Mortgage, FSB, Wachovia Bank, FSB, and Golden West Financial Corporation (collectively, "Wachovia") to testify at the April 29 hearing. Mr. Hargett wishes to examine such corporate representative on ten topics, including "The Agreement and Stipulation of Settlement of Class Action" in this case; the "Settlement Notice regarding the Settlement delivered by the Settlement Administrator" in this case; settlements relating to pick-a-payment loans entered into in other states; Wachovia's foreclosure process; Wachovia's practices regarding deficiency judgments; the estimated size of the class and what benefits will be obtained by each class member; and Hargett's objections to the settlement.

Mr. Hargett has filed a motion to shorten time for hearing on the motion to compel.

The Court concludes that Mr. Hargett's motion to compel the testimony of a corporate representative is appropriate for disposition without oral argument. *See* Civ. L.R. 7-1(b). Accordingly, the motion to shorten time for hearing will be DENIED.

The Court is not persuaded that the proposed testimony will be useful to the Court's evaluation of the motion for final approval of class action settlement. Class members who object to a class action settlement are entitled to "meaningful participation in the settlement proceedings," but "are not automatically entitled to discovery or to question and debate every provision of the proposed compromise." *Jaffe v. Morgan Stanley & Co., Inc.*, 2008 WL 346417, at *2 (N.D. Cal. Feb. 7, 2008) (internal quotation marks and citations omitted). "The fundamental question is whether the district judge has sufficient facts before him to intelligently approve or disapprove the settlement." *Id*. (internal quotation marks and citations omitted). Extensive discovery has been taken in this multi-district litigation case, including numerous depositions and production of more than 15,000 pages of documents. Mr. Hargett has not demonstrated that his proposed questioning of a corporate representative on the broad topics outlined in his motion will augment this record in any significant degree. Moreover, the proposed testimony would be time-consuming and disruptive to the scheduled fairness hearing. The Court concludes that Mr. Hargett's concerns adequately are presented in the 200 pages of objections and related documents that Mr. Hargett filed on March 1, 2011; those documents will be considered in connection with the motion for final approval, as will any arguments that Mr. Hargett presents orally at the April 29 hearing.[1] Accordingly, Mr. Hargett's motion to compel the testimony of a Wachovia corporate representative is DENIED.

**(4)    Stephen Joseph's Motion for Leave to Appear at Fairness Hearing**

On April 25, 2011, class member Stephen Joseph filed a motion for leave to appear through counsel at the fairness hearing. Mr. Joseph did not provide notice of his intent to appear prior to the March 16, 2011 deadline set forth in the class notice. However, because Mr. Joseph

---

[1] Mr. Hargett has filed a notice that he intends to appear at the fairness hearing.

1 retained counsel after that deadline had passed, and in light of counsel's representations
2 regarding Mr. Joseph's experiences in attempting to obtain a loan modification pursuant to the
3 terms of the settlement agreement, Mr. Joseph's motion is GRANTED.
4       IT IS SO ORDERED.

12 DATED: April 28, 2011

                                                      JEREMY FOGEL
                                                      United States District Judge