Darrell Palmer (SBN 125147)
Janine R. Menhennet (163501)
Email:  darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Objectors Donald Smith, James Rudolph,
Robert E. Flores and Sharon L. Flores

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 09-cv-02015-JF<br><br>**OBJECTORS/APPELLANTS DONALD SMITH, JAMES RUDOLPH, ROBERT E. FLORES AND SHARON L. FLORES'S OPPOSITION TO PLAINTIFFS' MOTION FOR APPEAL BOND**<br><br>Judge:  Hon. Jeremy Fogel |

## **INTRODUCTION**

COME NOW Class Members, Objectors and Appellants DONALD SMITH, JAMES RUDOLPH, ROBERT E. FLORES, and SHARON L. FLORES ("Objectors," "Appellants," or "Appellant Objectors") in this action, responding in opposition to the Motion for Appeal Bond (Doc. 235), Points and Authorities in Support (Doc. 235-1), and to the Declaration of Jeffrey K. Berns (Doc. 235-2) filed on July 7, 2011 by Plaintiffs in the above captioned matter, which seek an Order requiring Objector-Appellants and Appellant Intervenor Marcella Rose (hereinafter, "Appellant Rose"). The three documents (235, 235-1, and 235-2) collectively are identified herein as "the Motion."

In opposition Objector-Appellants respectfully requests that the Court:

    (1)    Strike pages 5 through 6 of the Points and Authorities (Doc. 235) and the Declaration

1

of Jeffrey K. Burns, including Exhibits B and C (235-2) because the information contained in the

referenced pages is irrelevant, self-serving, more prejudicial than probative, and constitutes

impermissible character evidence; AND

       2)    Set the bond, if any, at $1,500.

## I.    <u>SUMMARY OF ARGUMENTS</u>

The Motion, which effectively would eliminate Appellant Objectors' right to appeal, must be

denied because:

       1)    The Motion provides no basis in fact or law for such a large bond;

       2)    The Motion improperly relies entirely upon erroneous, misleading,

irrelevant and inappropriate character evidence claims about Appellant Objectors' lawyer's work for

unrelated clients in unrelated cases in other courts.

The only decisions for the Court in regard to this Motion are whether a bond should be imposed at

all and, if so, in what amount. Those decisions must be based upon facts, law, and reason, not

impermissible character evidence and premature (and erroneous) statements about the perceived merits

of this appeal.

## II.    <u>ARGUMENT</u>

### A.    The Imposition of Appellate Bonds, and the Amount, Are Discretionary.

Rule 7 of the Federal Rules of Appellate Procedure provides for an appellate bond, "to ensure that

the appellee will be paid any costs that are awarded to him if the appellant is unsuccessful on appeal."

The purpose of the rule is to "protect . . . an appellee against the risk of nonpayment by an unsuccessful

appellant." *In re AOL Time Warner, Inc.,* 2007 WL 2741033, *4 (S.D.N.Y. Sept. 20, 2007.) The

Advisory Committee Notes to Rule 7 indicate that the question of the need, if any, for a bond, and its

amount, are left to the discretion of the trial court.

However, a district court may not impose a bond in an amount beyond what is necessary to insure adequate security if to do so would effectively preclude pursuit of an appeal. *Lindsey v. Normet*, 405 U.S. 56, 77-79 (1972)(holding that a statute conditioning appeal on posting of double bond was unconstitutional under Fourteenth Amendment Equal-Protection Clause). Nor may a bond be imposed for the purpose of discouraging exercise of the right to appeal. See *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974)(stating that "any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated"). Rule 7 was not intended to be used as a means of discouraging appeals, even if the appeal may be perceived frivolous. *In re American President Lines, Inc.*, 779 F.2d 714, 717 (1985) (denying bond request because it failed as legitimate means of protecting appellee against possibility that appeal might be frivolous).

### B.   The Ninth Circuit Utilizes the *Fleury* Analysis.

Rule 7 does not provide the District Court with guidance regarding which factors to consider. However, the purpose of a Rule 7 bond is designed to protect the amount an appellee may be entitled to under Fed. R. Civ. Proc. 39, not to impose a penalty on the appellant. *Fleury v. Richemont North America, Inc.,* 2008 WL 4680033, *6 (N.D. Cal. Oct. 21, 2008), Citing *Capizzi v. States Res. Corp.* 2005 WL 985400 (D.Mass. Apr. 26, 2005.)

Contrary to the result Plaintiffs reached in their Motion utilizing the Ninth Circuit analysis in *Fleury*, supra, Appellant Objector's examination will reveal that no bond is necessary here and, even if it were, it would not be in the extreme and excessive amount sought in the Plaintiff's Motion.

### 1.   *Appellant's Financial Ability to Pay.*

The first factor this Circuit considers is the appellant's ability to pay a bond. *Fleury,* supra, citing *Azizian v. Federated Department Stores, Inc.,* 499 F.3d. 960 (9th Cir. 2007.) Generally speaking, an appellant's ability to pay an appeal bond weighs in favor of imposing one. *Fleury* at *7. Although

Objector Appellants are financially capable of posting a small bond, $240,00.00 is not only far in excess of the likely taxable costs, but also weighs against the imposition of this bond; these Objector Appellants cannot hope to pay such a sum.

Without any factual or evidentiary substantiation, the Motion merely asserts that $240,000 is what the costs "will likely be." (See Motion, p. 2, ln. 6.) The Motion cites a few cases in which similar sized bonds were imposed, but offers no basis for believing that what was appropriate in those cases is appropriate here. Lacking any reliable information about how such a number was calculated, the only reasonable inference is that the number was plucked from thin air as an amount which would exceed Appellant Objectors' ability to pay and thus discourage them from exercising their right to appeal. The Motion fails to show how the arbitrary (and enormous) number bears any rational relationship to the actual costs which may be incurred.

The foregoing aside, Appellant Objectors are unable to post a bond in this amount and, as such, the *Fleury* analysis indicates this weighs against imposition of a bond. Id. at *7.

> ### 2. *Appellant's Willingness to Pay.*

The *Fleury* analysis also considers whether an appellant will be willing to pay costs after an unsuccessful appeal. Often, the risk of nonpayment is deemed heightened when the appellant does not live within the state or Circuit in which the appeal is filed. The issue is one of collectability, as it is more difficult to collect outside of one's own jurisdiction. In *Fleury*, the court noted that while there was no facts that indicated appellant would not pay costs, he also was not a resident of California or any state within the Ninth Circuit, which would make collecting the monies owed difficult. This fact weighed in favor of imposition of an appeal bond. *Fleury* at *7.

The facts before the *Fleury* court are dissimilar to this case. Appellant Objectors Robert and Sharon Flores reside in Dixon, California, approximately 65 miles from the Ninth Circuit Court of

4

Appeals. (See www.mapquest.com.) Appellant Objector Donald Smith resides in Roseville, also a mere 106 miles from the Circuit Court. Lastly, James Rudolph resides in San Diego, California. All appellants live in California. These facts weigh against imposition of a bond.

     3.    *Merits of the Appeal.*

Notwithstanding the Motion's numerous unsubstantiated and self- serving assertions that Appellant Objectors' appeal is frivolous, Appellees are not permitted to make that determination. Whether an appeal is frivolous is solely within the purview of the appellate court, not the district court. *Vaughn v. American Honda Motor Co., Inc.,* 507 F.3d 295, 299 (5th Cir. 2007). Only the appellate court has the authority to impose sanctions for a frivolous appeal. *Azizian* 499 F.3d at 960. An appeal is frivolous only if "the result is obvious or if the claims of error are wholly without merit." *DeWitt v. Western Pacific Railroad Co.,* 719 F.2d 1448, 1451 (9th Cir. 1983). See also, *Newhouse v. McCormick & Co., Inc.,* 130 F.3d 302 (8th Cir. 1996.)

The *Azizian* decision is instructive regarding whether to consider an appeal's merits when setting a bond. The court concluded that "the question of whether, or how, to deter frivolous appeals is best left to the courts of appeals, which may dispose of the appeal at the outset through a screening process, grant an appellee's motion to dismiss, or impose sanctions including attorney's fees under Rule 38." *Azizian,* 499 F.3d at 961. However, this Motion improperly seeks an excessive bond as a back-door way to prevent the appeal, rather than confronting it properly as a motion to dismiss, filed in the Appeals Court. If the appeal truly were frivolous, it would be dismissed and the bond question would be moot.

Appellant Objectors filed meritorious, detailed, and well-thought arguments in their objection papers. However, the fact that the Court considered Appellant Objectors' arguments at the Final Fairness Hearing and disagreed does not mean the appeal is frivolous or lacking in merit. The fact that there is jurisprudence regarding the issues raised in these Appellants' Objection indicates that reasonable

minds may differ on these subjects.  Regardless, the decision regarding frivolity is made only at the appeals court.  Thus, this factor is a neutral one.

    4.    *Good or Bad Faith.*

This final prong of the analysis is no longer utilized in the Ninth Circuit's evaluation of whether to impose an appeal bond.  *Fleury* at \*7, citing *Azizian,* 499 F.3d at 961.  The Ninth Circuit has reasoned that, because the appeals court is permitted to award double costs or attorneys' fees in the instance of a bad-faith appeal, the appeals court, not the trial court, is in the best position to decide if an appeal is in bad faith – after a full review of the merits.    Id.  Thus, the good or bad faith of Appellant Objectors appeal is not a factor here.

Nevertheless, Appellant Objectors note that their Objections and this appeal are undertaken in good faith, as demonstrated by thorough and competent citation to ample legal authority.  Thus, if the Court considers this factor, it also weighs against imposition of a bond.

## III.  EXCESSIVE AMOUNT

The requested amount must bear a rational relationship to the costs which appellee reasonably expects to recover upon prevailing.  But no explanation or factual support is provided to support why $240,000.00 should be required of all five appellants, jointly.  Where appellees make no effort to justify its requested bond amount, the district court need not grant the amount requested.  See, *Lundy v. Union Carbide Corp.*, 598 F.Supp. 451 (D.C.Or. 1984).

Setting of an appeal bond is within the discretion of the district court from which the appeal is being taken. Fed. R. App. Proc. 7.   Fed. R. App. Proc. 39, defines the costs which may be taxed:  (1) the preparation and transmission of the record, (2) the reporter's transcript, if necessary, (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal (which does not apply in this case), and (4) the fee for filing the notice of appeal. .   Fed. R. App. Proc. 39(e)(1)-(4).

Plaintiffs anticipate taxable costs to be approximately $15,000.00 per appellant; $30,000.00 total. However, a review of recoverable costs under Rule 39 indicates this number has no support.   This appeal will not require a voluminous record.  Copying and postage costs will be de minimis because all records are available, and will be filed and served, electronically. Fed. R. App. Proc. 39(e)(1). Appellant Objectors already have ordered the transcript, pursuant to Rule 39 (e)(2), at a cost of only $ 128.50.      Finally, the standard appeal fee of $455 is recoverable under Rule 39(e)(4.) Thus, at present, the total taxable costs amount to only $683.50 – a tiny fraction of the arbitrarily requested $240,000. Thus, the costs will likely be around $1,000.00, not $15,000.00, for their appeal.

Plaintiffs' Motion states that, "among other costs…a conservative estimate of the interest on the settlement amount and attorneys' fees through resolution of the appeals is $202,500."  (Motion, p. 2, lns. 2-3.)  Interest for delay of payment in any amount, let alone $202,500.00, is not recoverable.   The only costs which are recoverable are clearly outlined in Rule 39.

The Fifth Circuit Court of Appeals reviewed and rejected a similar request in *Vaughn v. American Honda Motor Co., Inc*., 507 F.3d 295, 299 (5th Cir. 2007).  The requested appellate bond was $150,000.00 for a "frivolous appeal" filed by objectors.  Part of the request included bond money to account for delay in disbursement of the settlement amount and attorneys' fees.  The court pointed out that a bond is not appropriate to protect the class when "the settlement does not become effective, by its terms, until any appeals are concluded. The parties to the settlement thus agreed that the financial time-value of the benefits to be paid under the settlement is not to be awarded to the plaintiffs."  Id. at 299.

Like *Vaughn*, this settlement does not become effective until all appeals are finally exhausted.  *See* Settlement Agreement at p. 17, §1.28.  Thus, aside from a total lack of statutory authority to request compensation for interest for delay in payment on either the fund or their fees, Class Counsel took on the risk of delay in the language of the Settlement agreement itself.  This burden cannot now be shifted

7

to objectors because of Class Counsel's misplaced opinion of them.  Only costs pursuant to Rule 39 are recoverable and these costs must be supported by reasonable estimates of costs expected to be incurred. *Lundy* 598 F.Supp. at 452.

## IV.   MISLEADING AND IMPROPER PERSONAL ATTACKS.

Lacking a rational basis in either fact or law for imposing an oppressive bond, the Motion (Doc. 235-1) and Declaration in Support (Doc. 235-2) devote numerous pages to attacking Objectors' counsel. The overriding theme is that Objectors' counsel have represented other clients in other class actions and filed appeals and "is engaged in an unabashed attempt to disrupt the settlement" (Doc 235-1, p. 6, lns. 14-15).

The Motion's clear implication is that Objector Appellants should not be permitted to appeal – at least not without posting a tremendously large bond – merely because their lawyer has appeared in unrelated cases for unrelated reasons. These base tactics are irrelevant, immaterial, and inappropriate, and will not be given credence by citations to the many instances in which Mr. Palmer's work has greatly benefited the Class and assisted the Court in its analysis.  The bottom line is that these personal attacks violate several rules of evidence and are an attempt to chill an objector's right to appeal, not matter how meritorious the argument.

Federal Rules of Evidence 403 articulates that evidence which is otherwise relevant may not be admissible if its probative value is substantially outweighed by the danger of unfair prejudice.  The committee notes to this Rule reason that "[t]hese circumstances entail risks which range all the way from inducing decision on a purely emotional basis, at one extreme, to nothing more harmful than merely wasting time, at the other extreme.  *Slough, Relevancy Unraveled*, 5 Kan. L. Rev. 1, 12-15 (1956); Trautman, *Logical or Legal Relevancy--A Conflict in Theory*, 5 Van. L. Rev. 385, 392 (1952); McCormick § 152, pp. 319-321."  (1975 Committee Notes to Rule 403.)

8

1    This proffered damning information about Mr. Palmer is likewise barred by Federal Rule of

2    Evidence 404 as it is impermissible evidence of Mr. Palmer's character.  Character evidence is rarely, if

3    ever, admitted within the realm of civil trials.  The Committee notes state "[t]he circumstantial use of

4    character evidence is generally discouraged because it carries serious risks of prejudice, confusion and

5    delay. See *Michelson v. United States*, 335 U.S. 469, 476 (1948)("The overriding policy of excluding

6    such evidence, despite its admitted probative value, is the practical experience that its disallowance

7    tends to prevent confusion of issues, unfair surprise and undue prejudice.").  (2006 Committee Notes to

8    Rule 404.) (*See Generally, U.S. v. DeMarco,* 407 F.Supp. 107 (C.D.Ca. 1975) where Judge did not

9    permit testimony against credibility of opposing counsel.)(*See also U.S. v. Frederick*, 78 F.3d 1370

10   C.A.9 (Ariz. 1996) where Prosecutor's comment to jury about defendant's lawyer, which was made

11   immediately after court had sustained two other objections on ground that comments were inappropriate,

12   constituted serious misstep; in comment prosecutor implied to jury that government and court were

13   allied, that they were allied against the defense, and that government and court wanted jury to seek the

14   truth by considering all the evidence, in contrast to defense attorney, who was asking jury not to see the

15   truth.)

16       This information regarding Mr. Palmer and any of his previous work is irrelevant and made in an

17   effort to color the Court's perception of him,  thus swaying the Court's decision  regarding this appeal

18   bond.  Accordingly, pages 5 through 6 of the Points and Authorities (Doc. 235) and the Declaration of

19   Jeffrey K. Burns including exhibits B and C, should be stricken and certainly should not considered in

20   conjunction wtih the Court's evaluation of this appeal bond motion.

## V.   CONCLUSION

       The amount of bond sought is excessive in these circumstances, unwarranted by facts or law.  As

described above, objectors have a legitimate role in class-action litigation.  They also have the right to

9

appeal, even when Class Counsel disagree with their legal and factual bases for doing so.  This Court must reject the request to effectively deprive Objector Appellants of these rights.

**WHEREFORE**, Objector Appellants request this Court's Order:

1.      Striking pages 5 through 6 of the Points and Authorities (Doc. 235) and the Declaration of Jeffrey K. Burns, including Exhibits B and C (235-2);

2.      Overruling the request for bond or, in the alternative, setting bond at $1,000; AND

3.      Such other and further relief as the Court deems appropriate.

Dated:   July 15, 2011                        By:  _____/s/ Darrell Palmer_____
                                                        DARRELL PALMER
                                              Attorney for Objectors/Appellants Donald Smith, James
                                              Rudolph, Robert E. Flores and Sharon L. Flores

1

**CERTIFICATE OF SERVICE**

2

3    I hereby certify that on July 15, 2011, I electronically filed the foregoing OBJECTORS/
APPELLANTS DONALD SMITH, JAMES RUDOLPH, ROBERT E. FLORES and SHARON L.
FLORES'S OPPOSITION TO PLAINTIFFS' MOTION FOR APPEAL BOND with the Clerk of the
4    Court of the United States District Court for the Northern District of California by using the USDC
CM/ECF system.

5

6    I certify that all participants in the case are registered CM/ECF users and that service will be
accomplished by the USDC CM/ECF system, to wit:

7

8    **Class Counsel**
Arbogast & Berns, LLP
9    Jeffrey K. Berns
jberns@kaw111.com
10   David M. Arbogast
darbogast@law111.com
11

12   **Defense Counsel**
Winston & Strawn, LLP
13   T. Thomas Cottingham, III
tcottingham@winston.com
14

15   Reed Smith LLP
Jack R. Nelson
16   jnelson@reedsmith.com

17

18

19                                      ____/s/ Darrell Palmer_____
Darrell Palmer
20                                      Attorney for Objectors

21

22

23

24

25

26

27

28

11