**ARBOGAST & BERNS LLP**
David M. Arbogast (SBN 167571)
darbogast@law111.com
Jeffrey K. Berns (SBN 131351)
jberns@law111.com
6303 Owensmouth Ave., 10th Floor
Woodland Hills, CA 913676
Phone: (818) 961-2000
Fax:    (818) 936-0232

Lead Counsel for Plaintiffs and the Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION | **MDL NO. 09-md-02015-JF**<br><br>[*Assigned to the Hon. Jeremy Fogel*]<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION REQUIRING OBJECTOR-APPELLANTS TO POST APPEAL BOND**<br><br>Hearing Date: August 19, 2011<br>Time:  9:00 a.m.<br>Place:  Courtroom 3<br>Judge:  Hon. Jeremy Fogel |
| <u>This document relates to</u>:<br><br>ALL ACTIONS. | |

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Objector-Appellant Marcella M. Rose ("Rose") is the sole remaining objector out of 517,000 Class members who is seeking to overturn the finally approved settlement in this action on appeal. In her opposition to Plaintiffs' motion for an order requiring her to post an appeal bond pursuant to Fed. R. App. P. 7, Rose mischaracterizes the basis for Plaintiffs' motion. Plaintiffs do not seek a bond to deter her from appealing or as a prospective sanction for her frivolous appeal. Instead, as the Class will incur significant costs in preparing its opposition to Rose's appeal and lose interest on the settlement fund that cannot be disbursed due to the appeal, Plaintiffs seek a bond to insure that the Class will be reimbursed for these costs in the likely event that Rose's appeal proves unsuccessful.

First, Objector-Appellant Rose erroneously contends that the specific costs sought by Plaintiffs' motion are based upon the merits of her appeal and thus, Rose argues that a bond should not be set. However, Rose overlooks the fact that the merits of an appeal (or lack thereof) is justification for the imposition of a bond, not the amount of one. Thus, Rose's arguments are unavailing.

Second, and similarly unpersuasive is Rose's argument regarding the inclusion of prospective attorney's fees for opposing a meritless appeal. Since Plaintiffs do not seek any such fees, this argument is entirely misplaced and irrelevant.

Finally, Rose then argues that a bond should not be imposed because her asserted financial condition would prevent her from posting the bond. However, Rose is not a *pro se* litigant, and her counsel have already advanced costs for her so that she could pursue her objection to this point. Notably, counsel must have been retained under a contingent fee agreement that requires them to advance costs, since by her own admission, she apparently cannot. Moreover, that Rose cannot afford a bond, and likely cannot afford the costs of litigation in this and her individual action proceeding in the Southern District of California, so too does this strongly suggest that she is unable to pay her counsel hourly. That Rose's counsel has not provided an affidavit indicating that they are unwilling or unable to post a bond if one is ordered by the Court is telling. Thus, Rose's counsel's failure to file an affidavit is either blatant improper gamesmanship or else demonstrates a clear inability to satisfy the requirements of Rule 23 to be an adequate class counsel for the subclass that Rose and her counsel seek to represent.

## II. ARGUMENT

### A. THE COURT SHOULD REQUIRE ROSE TO POST AN APPEAL BOND

As set forth in Plaintiffs' Motion, district courts frequently require appeal bonds from objectors who appeal from the final approval of a class action settlement. *See* Motion at 3-4. In response, Rose contends that the Court cannot impose a bond because she has sought in forma pauperis status in connection with her appeal. Opp. at 6. However, Rose is not a *pro se* litigant lacking the resources to pursue her claims. Instead, she is represented by two law firms that, in this case, filed an objection to the settlement on her behalf (Dkt. No.127) and then filed an untimely motion to intervene two weeks before the Final Approval Hearing, (Dkt. No. 164-3.) Moreover, both of Rose's counsel appeared at the Final Approval Hearing. Additionally, with respect to the appeal, Rose's counsel filed the Notice of Appeal (Dkt. No. 213), sought an extension from the Ninth Circuit to file opposition to a motion to dismiss the appeal. *See* Motion To Extend Time (Dkt. 240-3). Further, the same counsel also represents Rose in an individual action in the Southern District of California against the same defendants in this action that was not filed *in forma pauperis*.

Despite claiming that a bond would prevent Rose from appealing, her counsel repeatedly indicated that Rose wishes to pursue a class action on behalf of certain members of the Settlement Class in this action, and that they are willing to serve as counsel for that class. *See* Motion To Intervene at 1:27-2:17, 11:2-4 (Dkt. No. 164-3); *see also* Complaint In Intervention at ¶¶ 1, 26-33, (Dkt. No. 164-5) Indeed, Rose filed her opposition purportedly "on behalf of herself and all others similarly situated." Opp. at 1. However, Objector-Appellant Rose never explains how she can retain two law firms to represent her, and seek to have those firms serve as class counsel, but yet neither she nor her counsel would be willing or able to post a bond if ordered by the Court. Unfortunately, the answer to that question is clear. Rose and her counsel are willing to delay payment of the Settlement's cash component to the entire Class for their own personal gain, as long as there is no cost to them. However, despite the costs and risks that they believe the Class should bear, Rose and her counsel are completely unwilling to assume any risk or insure that the Class is reimbursed for costs if their appeal is unsuccessful, which is entirely likely given that her objections and subsequent appeal lack merit.

Objector-Appellant Rose is unable to cite a single case where a bond was not required because

an appellant, who was represented by counsel, was unable to post a bond and thus, not required to do so. The two cases Rose does cite have no application here. In *United States, for the Use of Terry Investment Co. v. United Funding and Investors, Inc.*, 800 F. Supp. 879 (C.D. Cal. 1992), the holder of a judgment sought to compel the imposition of a supersedeas bond because the enforcement of its judgment had been effectively stayed by the filing of a notice of appeal, as certain jurisdictions would not enforce the judgment until the resolution of the appeal. *Id*. at 880. The court denied the motion, as unlike the bond here, which is subject to the Court's discretion, a district court does not have discretion to impose a *supersedeas* bond when the appellant is not seeking a stay of judgment enforcement. *Id*.

Similarly unavailing is Rose's reliance on *Cruz v. Hauck*, 404 U.S. 59 (1971) where the Supreme Court reversed the Fifth Circuit's denial of a *pro se* prisoners' requests to pursue appeals without paying filing fees. *Id*. at 64. This is clearly not Rose's circumstance here. Rose cannot credibly claim that the imposition of a bond will deny her access to the courts. Unlike the *pro se* prisoners in *Cruz*, Rose is represented by two law firms that have been actively litigating in two federal courts (and now the Ninth Circuit) on her behalf. Curiously, her counsel do not even bother to address the core contradiction between the positions in their objections and in their opposition to the appeal bond-*i.e*. how they can refuse to pay the costs of an appeal (that they are likely required to do under their agreement with Rose) and simultaneously assert that they possess and are willing to commit the resources necessary to pursue a class action under Rule 23 (g)(1)(A)(iv).

**B.     THE BOND SHOULD INCLUDE ALL COSTS, INCLUDING INTEREST**

Rose does not oppose the request for a $15,000 bond for costs, other than to argue that there should be no bond due to her financial condition. (Opp. at 6-7.) As discussed above, since Rose's financial status is not a bar to a bond, the Court should require her to post at least a $15,000 bond for Plaintiffs' appeal costs.

Rose has cited no authority for her contention that the Ninth Circuit does not permit an appeal bond to include interest. Instead, she quotes from cases denying applications to include prospective attorneys' fees in appeal bonds which, Plaintiffs have not sought. See Opp. at 5-6. Thus, the cases Rose relies on are irrelevant as they reject two bases for an appeal bond that are not encompassed within Plaintiffs' motion here - fee-shifting statutes and the merits (or lack thereof) of the appeal. Indeed, the

only Ninth Circuit authority cited by Rose (*Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007)) does not discuss interest as a basis for an appeal bond. Contrary to Rose's assertion, there is no "controlling authority" on the issue. Accordingly, this Court should, as others have, exercise its discretion and include interest costs in the bond. *See, e.g., In re Wal-Mart Wage & Hour Empl. Practices Litig.*, MDL No. 1735, 2010 U.S. Dist. LEXIS 21466, at *18 (D. Nev. Mar. 8, 2010) (each of four objectors appealing from final approval of class action settlement required to post $500,000 bond in light of administrative costs and interest the class would lose as a result of the delay in compensation and injunctive relief due under the settlement agreement).

Moreover, Rose's argument that interest cannot be part of an appeal bond, as it is not one of the enumerated costs in Fed. R. Civ. P. 39 is without merit as the Ninth Circuit in *Azizian* squarely rejected the same argument that Rose is making here. *Azizian*, 499 F.3d at 958 ("Rule 7 does not define 'costs on appeal' … There is no indication that the rule's drafters intended Rule 39 to define costs for purposes of Rule 7 or for any other appellate rule.")

Rose's strained attempt to analogize her arguments to the Ninth Circuit's rationale for not allowing attorneys' fees to be part of the bond in *Azizian* is similarly unavailing. Opp. at 5-6. In *Azizian* the Ninth Circuit noted that the purpose of the fee-shifting provision underlying the claims (the Clayton Act) was to punish and deter antitrust violators, such that it did not provide a basis for requring an objector to pay class representatives' appellate attorneys' fees. *Azizian*, 499 F.3d at 960. Here, requiring Rose to post security bond for the delay that she attempts to cause for the Class will operate to protect the Class from its likely losses and also holds Rose, and her counsel, accountable for her own conduct. Moreover, Rose overlooks the factual distinction that here, unlike in *Azizian*, Plaintiffs' motion for a bond does not rely on the allegedly improper conduct by Defendants as a basis for any of the costs they seek to include in the bond. Thus, *Azizian* simply has no application here.

### C. Rose's Vexatious Conduct

The parties agree that the frivolous nature of Rose's appeal is not a basis for determining the amount of the bond under *Azizian*. However, in the motion, Plaintiffs ask the Court to consider Rose's vexatious and bad faith conduct as relevant to the risk that she will not pay costs if the appeal is

unsuccessful and costs are awarded to Plaintiffs. Mot. at 6-8.

While Rose's arguments concerning the claimed merits of her appeal are difficult to decipher, most likely because her counsel find it difficult to defend the frivolous nature of the appeal, Rose acknowledges that the Court found that "most of Ms. Rose's claims are not within the scope of the settlement agreement." Opp. at 7. Thus, Rose apparently concedes that her objections, and subsequent appeal, have not place in this litigation as her claims are not within the ambit of the Settlement Class at issue.

Nevertheless, Rose contends that her appeal is allegedly meritorious because the settlement will prevent her from pursuing class claims (which she did not assert in her original complaint filed in December 2010, her amended complaint in February 2011, or in her objections filed in March 2011). See Opp. at 7-8. However, yet again, Rose overlooks and fails to address the fact that she remains free to pursue claims that are not covered by the settlement on either an individual or a class basis. Having not sought to pursue class claim when she was free to do so in her pending litigation, Rose now appears to want to rectify the potential statute of limitations problem that she created in that action by belatedly asserting those unrelated claims in this action and thus, presumably attempt to relate them back to the original filing of this action in August of 2007, nearly four years earlier. The obvious inappropriateness of Rose's maneuver was never addressed primarily because Rose did not raise this argument until she moved to intervene the week before the final fairness hearing. (Dkt. No. 164-3.)

Nevertheless, the cases cited by Rose (Opp. at 7) concern the issue of whether a putative class member in a class action that is dismissed without a class having been certified can rely on the *American Pipe* tolling doctrine to file a subsequent class action to pursue the claims that were alleged in the dismissed action (as opposed to Rose's circumstance, where she wants to pursue an entirely new subclass that were ***never*** part of the underlying litigation in this action). Thus, nothing in those cases would prevent Rose from pursuing claims that were not released by the Settlement in this action. Therefore, Rose's argument that her intervention application was necessary to protect the rights of a purported class is completely without merit.

Remarkably, in Rose's attempt to discuss the alleged merits of her appeal, she does not identify, much less discuss, a single claim of hers that is released as part of the Settlement in this action. Thus,

1 since none of Rose's alleged claims are pertinent to this action or within the ambit of its Settlement, her
2 entirely separate and distinct claims are more properly sought where she originally brought them, in her
3 individual action proceeding in the Southern District of California.

4 Finally, Rose's complete inability to demonstrate that her appeal has any merit speaks volumes
5 about her true motivation in pursuing this appeal, and thus, this is why the Court should find that Rose is
6 unlikely to pay any costs after her unsuccessful appeal.

7 **III. CONCLUSION**

8 Rose has failed to offer any persuasive reasons as to why she should not provide the Class with
9 security for costs that it is going to incur as a result of the sole remaining appeal that she alone is
10 pursuing, which will undoubtedly be unsuccessful.

11 Accordingly, for the reasons discussed above, Objector-Appellant Rose should be required to
12 post a bond for $116,250 ($15,000 for appeal costs, plus $101,250 for anticipated interest on the
13 settlement fund and fee award).

14 Dated: July 21, 2011      Respectfully submitted,

15 **ARBOGAST & BERNS LLP**

16 By: /s/ Jeffrey K. Berns
      Jeffrey K. Berns
17       David M. Arbogast

18 *Lead Class Counsel*

19 **SMOGER & ASSOCIATES**
Gerson H. Smoger (SBN 79196)
20 3175 Monterey Boulevard
Oakland, California 94602-3560
21 Phone: (510) 531-4529
Fax: (510) 531-4377

22

**WILLIAMS CUKER BEREZOFSKY**
23 Mark R. Cuker (Admitted *Pro Hac Vice*)
1515 Market Street, Suite 1300
24 Philadelphia, PA 19102
Phone: (215) 557-0099
25 Fax: (215) 557-0673

26 **BROWNE WOODS GEORGE LLP**
Eric M. George (SBN 166403)
27 2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
28 Phone: (310) 274-7100

Fax:    (310) 275-5697

**SEEGER WEISS LLP**
Christopher A. Seeger (Admitted *Pro Hac Vice*)
One William Street
New York, New York 10004
Phone: (212) 584-0700
Fax:    (212) 584-0799

**KABATEK BROWN KELLNER LLP**
Brian S. Kabateck (SBN 152054)
644 S. Figueroa Street
Los Angeles, California 90017
Phone: (213) 217-5000
Fax:    (213) 217-5010

**RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC**
A. Hoyt Rowell, III (Admitted *Pro Hac Vice*)
1037-A Chuck Dawley Blvd.
Mt. Pleasant, South Carolina 29464
Phone: (843) 727-6500
Fax:    (843) 216-6509

**BUXNER LAW**
Evan D. Buxner (Admitted *Pro Hac Vice*)
230 South Bemiston, Suite 500
St. Louis, Missouri 63105
Phone: (314) 720-0623
Fax:    (314) 725-9597

*Members of Plaintiffs' Executive Steering Committee*