\*\*E-Filed 8/18/2011\*\*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE WACHOVIA CORPORATION "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION. | Case Number 5:09-md-02015-JF (PSG)<br><br>ORDER[1] (1) DENYING WITHOUT PREJUDICE MARCELLA ROSE'S APPLICATION TO PROCEED ON APPEAL *IN FORMA PAUPERIS*; (2) GRANTING IN PART PLAINTIFFS' MOTION FOR ORDER REQUIRING MARCELLA ROSE TO POST APPELLATE BOND; AND (3) DENYING MARCELLA ROSE'S ADMINISTRATIVE MOTION FOR CLARIFICATION OF ORDER<br><br>[re: dkt entries 212, 235, 240] |

Before the Court are the following applications and motions: (1) application of Marcella Rose ("Rose") for leave to proceed on appeal *in forma pauperis*; (2) Plaintiffs' motion for an order requiring Rose to post an appellate bond; and (3) Rose's administrative motion for clarification of the Court's order granting final approval of the class action settlement. The Court concludes as follows:

---

[1] This disposition is not designated for publication in the official reports.

### I. ROSE'S APPLICATION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Rose, the sole appellant with respect to this Court's order granting final approval of the class action settlement,[2] requests leave to proceed on appeal *in forma pauperis*. While Rose does submit an affidavit indicating that she lives on a fixed retirement income and possesses few assets, she does not explain the discrepancy between this financial picture and her prior request that she be permitted to intervene in the instant action in order to represent a particular class of individuals. Rose also is pursuing a related lawsuit in another district. She is represented by counsel. Under these circumstances, the Court will deny without prejudice Rose's motion for leave to proceed on appeal *in forma pauperis*; any renewed motion shall address this apparent discrepancy with respect to Rose's resources.

### II. PLAINTIFFS' MOTION FOR ORDER REQUIRING APPEAL BOND

Plaintiffs request that Rose be required to post an appellate bond sufficient to cover $15,000 in anticipated costs in litigating her appeal, and an additional $101,250 in anticipated accrued interest. "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. When deciding whether to exercise its discretion under Rule 7, the Court may consider the appellant's ability to pay a bond, *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007), as well as the risk that the appellant would not pay costs if unsuccessful, the merits of the appeal, and whether the appellant has shown bad faith or vexatious conduct, *Fleury v. Richemont North America, Inc.*, No. C-05-4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008).

As noted above, the record gives rise to questions regarding the true extent of Rose's resources. However, even accepting at face value Rose's affidavit submitted in conjunction with her application to proceed on appeal *in forma pauperis*, the Court concludes that Rose can afford to post a bond in the amount of $15,000. That amount would protect Plaintiffs against the

---

[2] Two other appeals were filed, but subsequently were dismissed pursuant to stipulation. *See* Dkt. Entries 237, 244.

2

Case No. 5:09-md-02015-JF (PSG)
ORDER (1) DENYING WITHOUT PREJUDICE MARCELLA ROSE'S APPLICATION TO PROCEED IFP ETC.
(JFLC2)

possibility that Rose might refuse to pay costs in the event that her appeal is unsuccessful. The Court is of the opinion that its order was correct and the appeal is without merit, but it does not appear that the appeal was filed in bad faith. Balancing all of these factors, the Court in the exercise of its discretion will require Rose to post an appellate bond in the amount of $15,000. This amount is significantly less than the requested amount of $ 116,250, but will offer Plaintiffs some assurance that they will recover their costs in the event that Rose's appeal is unsuccessful.

### III. ROSE'S ADMINISTRATIVE MOTION FOR CLARIFICATION

In the final approval order, the Court overruled Rose's objections and then granted her alternative motion to opt out of the settlement. Order at 9-11 (dkt. entry 207). Defendants have sought dismissal of Rose's appeal on the ground that she lacks standing because, following her opt-out, she no longer is a member of the plaintiff class. Rose seeks "clarification" that she did *not* seek leave to opt out, and that the Court's order to the contrary is unsupported by the record.

Rose's motion is procedurally improper. She appears to argue that the Court made a clerical error in noting that Rose opted out of the settlement, suggesting that the Court confused Rose with another objector, Alberta Rose Jones. Pursuant to Federal Rule of Civil Procedure 60(a), this Court "may correct a clerical mistake . . . whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The Court may make such a correction on motion, or on its own, with or without notice. *Id*. However, "after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." *Id*. Because Rose has filed an appeal, this Court could not offer the "clarification" requested by Rose without leave of the appellate court.

Moreover, this Court's ruling that Rose sought and was granted leave to opt out was not a clerical error. Rose *did* "reserve[] her right to opt out of the Proposed Settlement and proceed with *Rose v. Wachovia*." Rose's Obj. at n. 1 (dkt entry 127). At the final approval hearing, Rose's counsel made clear that Rose did not wish to be bound by the settlement; counsel requested that Rose and a small class of individuals that Rose purported to represent be "carved out" of the settlement. 4/29/2011 Trans. at 43:2-6 (dkt. entry 221). The Court stated on the record that all requests for opt-outs were granted. 4/29/2011 Trans. at 73:6-14 (dkt. entry 221).

3

The Court intended this statement to encompass Rose's alternative request to opt out. In the interest of completeness, the Court did address Rose's objections in its written order, but it noted expressly that Rose's alternative request to opt out had been granted. Order at 11 (dkt. entry 207).

To the extent that Rose seeks reconsideration of the Court's ruling that Rose sought and was granted leave to opt out, an administrative motion is not the appropriate procedural vehicle. Rose may seek relief from the Court's order pursuant to Rule 60(b). However, given the record as described above, and the Court's recollection of events, it is extremely unlikely that such a motion would be successful.

## IV. ORDER

(1) Rose's application for leave to proceed on appeal *in forma pauperis* is DENIED WITHOUT PREJUDICE;

(2) Plaintiffs' motion for an order requiring Rose to post an appeal bond is GRANTED IN PART; an appeal bond is required in the amount of $15,000; and

(3) Rose's administrative motion for clarification is DENIED.

DATED: 8/18/2011

_____
JEREMY FOGEL
United States District Judge

4

Case No. 5:09-md-02015-JF (PSG)
ORDER (1) DENYING WITHOUT PREJUDICE MARCELLA ROSE'S APPLICATION TO PROCEED IFP ETC.
(JFLC2)