Daniel L. Casas, Esq. (SBN 116528)
Anthony F. Basile, Esq. (SBN 247409)
CASAS RILEY & SIMONIAN, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200
(650) 948-7220 FAX

Attorneys for Class Member,
Stephen Joseph

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION | Case No.: M:09-CV-2015-JF<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION OF STEPHEN JOSEPH FOR TEMPORARY RESTRAINING ORDER** |

## I. INTRODUCTION

Class Member Stephen Joseph invokes the continuing jurisdiction of this Court to enforce the terms of the Settlement, and respectfully requests that this Court issue a temporary restraining order staying the foreclosure sale scheduled for September 16, 2011, and compelling Defendants to provide adequate proof that a loan modification would not be in the best interests of both Defendants and the Joseph family.

Since slipping into default on his mortgage, Mr. Joseph has worked tirelessly to find adequate employment to meet his financial obligations. By May 2011 he had secured adequate employment income to support a loan modification. Defendants confirmed this fact.

However, instead of processing a modification, the bank's story changed. Although senior bank officials confirmed that Mr. Joseph's income was sufficient to support modification, Wells Fargo now declines to modify Mr. Joseph's loan because his application

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

M:09-CV-2015-JF
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR
TEMPORARY RESTRAINING ORDER
1

allegedly failed the black-box NPV test described in the Agreement and Stipulation of Settlement of Class Action. This decision was based on two factors: (1) a drive-by, exterior-only home appraisal which proposed an inflated value for Mr. Joseph's home, and (2) the NPV test, which was driven in part by undisclosed (and therefore unchallenged) assumptions.

Mr. Joseph requested the NPV test data that resulted in denial; though the data was promised, it was never delivered. Meanwhile, Mr. Joseph's realtor concluded the home appraisal was flawed, and the property could not be sold for the supposed fair market value the bank relied upon. Indeed, after expenses were deducted, the proceeds of sale would likely not be enough to satisfy the outstanding mortgage. Bank representatives have been unreachable since mid-July 2011, making it impossible to discuss the basis for denial of the loan modification or alternatives that would allow Mr. Joseph and his family to remain in his home.

Mr. Joseph respectfully requests that this Court issue a temporary restraining order postponing the foreclosure sale of his home pending Defendants' disclosure and analysis of an adequate basis for choosing foreclosure over dispossessing the Joseph family of their home.

## II. FACTUAL BACKGROUND

On June 16, 2008 Mr. Joseph entered a loan with defendant Wachovia Mortgage FSB, secured by a deed of trust recorded against title to his home at 1001 Godetia Drive in Woodside, California (the Subject Property). <u>Decl. of AFB</u>, Exh. A and B. On June 9, 2010, the lender recorded a Notice of Default and Intent to Sell the Subject Property. <u>Decl. of AFB</u>, Exh. C. Although Mr. Joseph made numerous attempts to modify his loan, his requests were denied on the basis of <u>inadequate</u> income. <u>Decl. of SAJ</u>, ¶ 6.

In April 2011 counsel for Mr. Joseph appeared at the Fairness Hearing in the instant matter, and was approached by Mike Dolan, a representative of defendant Wells Fargo, who offered to be the sole point of contact for Mr. Joseph's loan modification request. <u>Decl of AFB</u>, ¶ 8. Over the following weeks, Mr. Joseph submitted through counsel the

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

M:09-CV-2015-JF
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER
2

1 requested paperwork confirming his household income.  Decl. of AFB, ¶ 9.

2     On or around June 23, 2011, Mr. Dolan confirmed that Mr. Joseph's household income was approved for modification.  Decl. of AFB, ¶ 11.  Nonetheless, the requested modification was denied because the bank's most recent appraisal of the Subject Property suggested that foreclosure was more valuable to the bank than a loan modification.  *Id.*  That appraisal estimated the value of the Subject Property to be $2.1 million, which was greater than the outstanding balance on Mr. Joseph's loan.  Decl. of AFB, Exh. E and F.

    Under the circumstances, Wells Fargo agreed to postpone the foreclosure sale of the Subject Property for roughly two months to provide Mr. Joseph an opportunity to sell the home and attempt to recover some equity.  Decl. of AFB, ¶ 17.  Counsel for Mr. Joseph requested the data that generated the negative NPV result, and requested a reinstatement quote for his existing loan.  Id.  As late as July 8, Mr. Dolan promised the NPV data would be provided.  Decl. of AFB, Exh. H.  Class Counsel indicated that he could not assist Mr. Joseph without a review of the NPV data.  Decl. of AFB, Exh. G and ¶ 16.

    Meanwhile, as Mr. Joseph readied to sell the Subject Property, his realtor expressed doubt about the appraised value of the property.  In particular, Mr. Joseph's realtor believed the exterior-only appraisal included an inappropriate comparable sale, which had the effect of inflating the appraised value of the Subject Property.  Decl. of JBB, ¶¶ 4-5.  This realtor estimated that the Subject Property would sell for approximately $1.9 million, or close to Mr. Joseph's outstanding loan obligation.  Decl. of JBB, ¶ 7.

    Mr. Dolan's final contact with Mr. Joseph's counsel was on or about July 14, 2011.  Decl. of AFB, ¶ 23.  Counsel has since been unable to contact Mr. Dolan on the previous request for NPV data or to discuss the reinstatement of the existing loan.  Decl. of AFB, ¶ 24.  Counsel renewed the request for NPV data – again without response – on August 17, 2011.  Decl. of AFB, Exh. J.

    The foreclosure sale of the Subject Property is presently scheduled for Friday, September 16, 2011 at 1:00 p.m.  Decl. of AFB, ¶ 26.  Counsel provided notice of the instant motion by e-mail to defense counsel and Class Counsel on Friday, September 9,

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

M:09-CV-2015-JF
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER
3

1  2011.  <u>Decl. of AFB</u>, Exh. K and ¶ 27.  Class Counsel responded, and indicated that he

2  would request a 30-day postponement of the foreclosure sale.  <u>Decl. of AFB</u>, Exh. L and ¶¶

3  28-29.  Although Mr. Berns originally believed he would have confirmation of the

4  postponement by mid-day Monday, September 12, he did not confirm whether the sale

5  was postponed by end of day Monday, September 12.  <u>Decl. of AFB</u>, Exh. M and ¶¶ 30-31.

6  Counsel again provided notice of the instant Motion to Defendants by e-mail on

7  September 13, 2011.  <u>Decl. of AFB</u>, Exh. N and ¶ 32.  At 3:57 p.m., defense counsel

8  responded to the notice, stating Defendants' intent to object to the instant Motion and

9  appear in opposition.  <u>Decl. of AFB</u>, Exh. O and ¶ 33.

## III. APPLICABLE LAW

This Court may issue a temporary restraining order without written or oral notice to the adverse party or attorney if specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.  Fed. R. Civ. P. 65(b).  An ex parte motion for a temporary restraining order must be accompanied by (1) a copy of the complaint; (2) a separate memorandum of points and authorities in support of the motion; (3) the proposed temporary restraining order; and (4) such other documents in support of the motion which the party wishes the Court to consider.  Local Rule 65-1(a).  Unless relieved by order of a Judge for good cause shown, on or before the day of an ex parte motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party.  Local Rule 65-1(b).

"To obtain injunctive relief, the movant must demonstrate either: (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions are raised as to the merits and that the balance of hardships tips in its favor." <u>Department of Parks & Rec. for State of Calif. V. Bazaar Del Mundo Inc.</u> (9th Cir. 2006) 448 F3d 118, 1123 (internal citations omitted).

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

M:09-CV-2015-JF
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER
4

This Court retained continuing jurisdiction to interpret and enforce the settlement agreement in this matter. *See* Order Granting Final Approval of Class Action Settlement, etc. at 04:04-05. In the event a Settlement Class Member does not qualify for a HAMP or MAP2R loan modification, the Defendants must, within thirty days of receipt of all required documentation, provide the Class Member with a written explanation, copied to Lead Class Counsel, which clearly explains the reasons that the modification was denied. Agreement and Stipulation of Settlement of Class Action, Section E.8.d, page 40 (emphasis added).

The NPV test applied to evaluate a Class Member's loan modification request is a proprietary formula developed by Defendants, reviewed by Class Counsel and offered for review by the Court. Agreement and Stipulation of Settlement of Class Action, Section 1.47; *see also* Order Granting Final Approval of Class Action Settlement, etc. at 10:02-03. The "Market Value" Defendants may rely upon is to be determined by (1) an appraisal report prepared not more than 180 days before the date of determination; (2) a broker price opinion prepared not more than 120 days before the date of determination; or (3) an automated valuation model prepared not more than 90 calendar days before the date of determination. Agreement and Stipulation of Settlement of Class Action, Section 1.40. For purposes of the "waterfall analysis," the Defendants may rely on the most recent value available in its system of record for determining the value of residential property. *Id.*

## IV. ARGUMENT

A. Foreclosure Would Be An Irreparable Injury to Mr. Joseph and his Family

A preliminary injunction may only be granted when the moving party has demonstrated a significant threat of irreparable injury, irrespective of the magnitude of the injury. Simula, Inc. v. Autoliv, Inc. (9th Cir. 1999) 175 F3d 716, 725. The potential loss of real property through foreclosure may constitute a threat of irreparable injury. Sundance Land Corp. v. Community First Fed'l Sav. & Loan Ass'n (9th Cir. 1988) 840 F2d 653, 661.

Here, Mr. Joseph's loss of his home would be both irreparable and severe. If the September 16, 2011 foreclosure sale is allowed to proceed, Mr. Joseph and his family will be removed from their home of over eighteen years. Decl. of SAJ, ¶ 12. The loss of this

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

M:09-CV-2015-JF
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER
5

1  real property is sufficient to constitute a threat of irreparable injury. <u>Sundance Land Corp.</u>, 840 F2d at 661.

B. <u>Defendants' Refusal to Provide Adequate Support for the Denial of Loan Modification Raises Serious Questions As To The Merits of Defendants' Position</u>

> For the purposes of injunctive relief, "serious questions" refers to questions which cannot be resolved one way or the other at the hearing on the injunction and as to which the court perceives a need to preserve the status quo lest one side prevent resolution of the questions or execution of any judgment by altering the status quo. Serious questions are "substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation." … Serious questions need not promise a certainty of success, nor even present a probability of success, but must involve a "fair chance of success on the merits."
> <u>Republic of the Philippines v. Marcos</u> (9th Cir. 1988) 862 F2d 1355, 1362 (internal citations omitted).

Defendants' failure to share information supporting its decision to refuse Mr. Joseph's loan modification request, combined with the questionable data that is available, raises substantial and difficult questions as to whether Defendants' NPV analysis fairly evaluated Mr. Joseph's loan modification request.

In explaining the decision to deny Mr. Joseph's loan modification request, Mr. Dolan explained the <u>process</u> of evaluation, but did not reveal the <u>variables</u> used. <u>Decl. of AFB</u>, Exh. E. For instance, it is unclear what assumptions Defendants made concerning the investment required to make the Subject Property marketable, or how long Defendants expect the Subject Property to remain on the market once it is offered for sale to the public. Although these variables were promised to Mr. Joseph, they were never provided. <u>Decl. of AFB</u>, Exh. H and ¶ 18. Since Mr. Joseph is unable to review these variables, he is unable to scrutinize the reasonableness of those assumptions which supported the denial of his loan modification. Given the mystery surrounding how Defendants decided to deny Mr. Joseph's loan modification request, Mr. Dolan's June 24 e-mail cannot suffice as "a written explanation … <u>which clearly explains the reasons that the modification was denied.</u>" *See* <u>Agreement and Stipulation of Settlement of Class Action</u>, Section E.8.d, page 40 (emphasis added).

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

M:09-CV-2015-JF
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER
6

The information that is available to Mr. Joseph suggests Defendants have erred in determining that foreclosure is the lender's best option under the circumstances. Although the May 24, 2011 Exterior-Only Residential Appraisal Report appears to meet the requirements of the Agreement and Stipulation, the assumptions supporting the opinion of value raise serious questions about the reasonableness of that opinion. The Appraisal is supported by comparison of the Subject Property to five comparable properties, ranging in value from a low of $1.75 million to a high of $2.39 million. *See* Decl. of AFB, Exh. F., pages 2 and 7. The high-value comparable is not a reasonable comparison to the Subject Property, as it is located in a more favorable location near downtown Woodside. Decl. of JBB, ¶ 5. The Appraisal Report itself concedes that this comparable (Comparable #3) is "located in the interior part of Woodside, a more desirable market," and that the overall appraisal "has been completed based on the extraordinary assumption that the subject is in average overall condition." Decl. of AFB, Exh. F, page 8 (emphasis added). If that high-value property is excluded from the analysis, the average purchase price of the remaining four comparables is $1,875,750 – almost exactly the outstanding loan balance ($1.82 million) cited by Mr. Dolan in his explanation for denial.

An actual appraisal of the Subject Property would reveal that the "extraordinary" assumption that the property is in average condition is misplaced. The Subject Property has deferred maintenance needs including a leaking roof; a damaged concrete deck; a cracked driveway; a damaged pool and spa; damaged windows; worn carpeting; and other deferred maintenance problems. Decl. of SAJ, ¶ 11. To the extent the NPV test makes assumptions about the marketability of the Subject Property, it appears from what little information is known that the NPV test did not account for these conditions, and may have included overly optimistic assumptions about the bank's prospects for selling the Subject Property to a third party. As a result, serious questions exist as to whether Defendants' decision to move forward with foreclosure is reasonable under the circumstances.

C. Mr. Joseph's Challenge of Loan Modification Denial Has a Fair Chance of Success on the Merits

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

M:09-CV-2015-JF
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER
7

The irreducible minimum showing required for injunctive relief is a fair chance of success on the merits. <u>Johnson v. California State Bd. of Accountancy</u> (9th Cir. 1995) 72 F3d 1427, 1430 (internal citation omitted); see also <u>Republic of the Philippines v. Marcos</u>, 862 F2d at 1362.

Although the proprietary NPV formula has not been revealed, it stands to reason that, as the Market Value of the Subject Property approaches the outstanding loan balance, loan modification becomes a more attractive option for Defendants. Those factors which are commonly known suggest that the decision between loan modification and foreclosure may not be clear, and may in fact militate in favor of loan modification.

Mr. Joseph acknowledges that the NPV test described in the Agreement and Stipulation of Settlement of Class Action is described as proprietary, and therefore proposes an *in camera* review of the NPV analysis of Mr. Joseph's request. In making this request for a postponement of the foreclosure sale and *in camera* review of the NPA analysis, Mr. Joseph asks only that a reasonable review of his loan modification request be made, and if necessary, that he be provided with a clear explanation of the reasons why modification was denied.

D. <u>A Bond Should Not Be Required Under The Circumstances</u>

"Upon demand of any party, where authorized by law and for good cause shown, the Court may require any party to furnish security for costs which can be awarded against such party in an amount and on such terms as the Court deems appropriate." Local Rule 65.1-1(a).

Mr. Joseph respectfully requests that no bond be required for a temporary restraining order to issue. At present, no such security has been requested by any party. The potential harm of a temporary restraining order to Defendants is minimal, as Mr. Joseph only seeks postponement of the foreclosure sale of a few weeks' time. If Defendants ultimately prevail, they will proceed to foreclosure sale with a modest delay; if Mr. Joseph ultimately prevails, Defendants will offer to Mr. Joseph a loan modification that is <u>in the best interests of Defendants' shareholders.</u>

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

M:09-CV-2015-JF
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER
8

## E. CONCLUSION

The Joseph family will be irreparably harmed if Defendants complete the foreclosure sale of the Subject Property on September 16, 2011. Serious questions exist as to the merits of Defendants' decision to refuse modification of Mr. Joseph's loan. What little information is presently known suggests that there is a fair chance that Mr. Joseph should be entitled to a loan modification.

Class Member Stephen Joseph respectfully requests that this Court issue a temporary restraining order halting the foreclosure sale scheduled for September 16, 2011, and compelling Defendants to provide adequate proof that a loan modification would not be in the best interests of both Defendants and the Joseph family.

Respectfully submitted,

Dated: September 13, 2011      CASAS RILEY & SIMONIAN, LLP

By: _/s/ Daniel L. Casas, Esq._____
    Daniel L. Casas
    Anthony F. Basile
    Attorneys for Class Member
    Stephen Joseph

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

M:09-CV-2015-JF
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER
9