Daniel L. Casas, Esq. (SBN 116528)
Anthony F. Basile, Esq. (SBN 247409)
CASAS RILEY & SIMONIAN, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200
(650) 948-7220 FAX

Attorneys for Class Member,
Stephen Joseph

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION | Case No.: M:09-CV-2015-JF<br><br>**DECLARATION OF ANTHONY F. BASILE, ESQ. IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER** |

I, Anthony F. Basile, declare as follows:

1. I am an attorney at law, admitted to practice in all Courts in the State of California and before the United States District Court for the Northern District of California. I am an associate in the law firm of Casas Riley & Simonian, LLP, attorneys of record for class member Stephen Joseph. I have personal knowledge of the facts as stated in this Declaration and, if called as a witness in this matter I could and would provide testimony consistent with the statements made herein. As to the following matters stated on information and belief, I believe them to be true.

2. On or about June 16, 2008, Mr. Joseph entered into an Adjustable Rate Mortgage Note/Pick-A-Payment Loan with Wachovia Mortgage, FSB. A true and correct copy of the Note is attached hereto as **Exhibit A**.

3. The Note was secured by a Deed of Trust in favor of Wachovia Mortgage, FSB against title to 1001 Godetia Drive, City of Woodside, County of San Mateo, California,

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

M:09-CV-2015-JF
DECLARATION OF ANTHONY F. BASILE, ESQ. IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER
1

1. Assessor's Parcel Number 068-302-090-3 (the Subject Property).  A true and correct copy of the Deed of Trust is attached hereto as **Exhibit B**.

4. On or about June 9, 2010, agents for Wachovia Mortgage, FSB recorded a Notice of Default and Election to Sell Under Deed of Trust.  A true and correct copy of the Notice of Default is attached hereto as **Exhibit C**.

5. Mr. Joseph first engaged our law firm on or around March 21, 2011 to help him save his home in Woodside, California from foreclosure by mortgage lender Wachovia.

6. Mr. Joseph is a class member in the above-entitled matter

7. On April 29, 2011 I appeared at the Fairness Hearing before the Honorable Jeremy Fogel, at which time the parties to above-entitled class action presented the Court with argument supporting and objecting to the fairness of the proposed Agreement and Stipulation of Settlement of Class Action.

8. During that hearing, I was approached by a man who identified himself as Michael Dolan, an Operations Analyst with Defendant Wells Fargo.  Mr. Dolan explained that henceforth, his specialty group would handle Mr. Joseph's loan modification requests.  Mr. Dolan provided his direct telephone number and e-mail address, and asked that I forward to him certain proof of income documents to determine Mr. Joseph's eligibility for a loan modification.

9. Over the following weeks I provided the requested documents to Mr. Dolan, and remained in regular telephone contact with him.

10. On May 17, 2011, this Court entered its Order Granting Final Approval of Class Action Settlement.

11. On or about June 23, 2011 I spoke by telephone with Mr. Dolan concerning my client's loan modification request.  Mr. Dolan reported that my client and his wife's income had been approved as sufficient to merit loan modification.  Although Mr. Joseph's income had for months been the basis of prior loan modification denials, Mr. Dolan now presented a new basis for denial: Wells Fargo had determined that, in light of the appraised value of the Subject Property, a modification of Mr. Joseph's loan would fail the NPV test described

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

M:09-CV-2015-JF
DECLARATION OF ANTHONY F. BASILE, ESQ. IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER
2

1  in the Agreement and Stipulation of Settlement of Class Action.  As a result, Wells Fargo
2  refused to modify Mr. Joseph's loan.  I requested a written explanation of the basis for the
3  denial of the modification request, and requested a copy of the home appraisal relied upon
4  in the NPV analysis.
5  12.    On or about June 24, 2011 I followed up my verbal request for a written explanation
6  for the denial of the loan modification request with an e-mail message to Mr. Dolan, copied
7  to Wells Fargo counsel Jack Nelson and Class Counsel Jeff Berns.  A true and correct
8  copy of my e-mail to Mr. Dolan is attached hereto as **Exhibit D**.
9  13.    Also on June 24, 2011, I received Mr. Dolan's written explanation of the basis for
10 denial of the loan modification request.  A true and correct copy of Mr. Dolan's e-mail is
11 attached hereto as **Exhibit E**.  On information and belief, Mr. Dolan did not provide a copy
12 of this message to Class Counsel.
13 14.    The appraisal report relied upon by Wells Fargo in evaluating Mr. Joseph's loan
14 modification request concludes the Subject Property had a fair market value of $2.1 million
15 as of May 24, 2011.  A true and correct copy of the appraisal report is attached hereto as
16 **Exhibit F**.
17 15.    On or about June 26, 2011, I forwarded a copy of the appraisal report to Class
18 Counsel Jeff Berns to request his evaluation and assistance.  Mr. Berns requested that I
19 telephone his to discuss Mr. Joseph's case.  A true and correct copy of this e-mail thread is
20 attached hereto as **Exhibit G**.
21 16.    On or about June 27, 2011, I spoke by telephone with Class Counsel Jeff Berns.
22 Mr. Berns informed me that he was unable to help with Mr. Joseph's matter until we
23 received the NPV data from Wells Fargo.
24 17.    Beginning on or about June 28, 2011, I had a series of follow-up telephone
25 conversations with Mr. Dolan about the loan modification denial and options available to my
26 client.  Under the circumstances, Mr. Dolan agreed to submit a request to postpone the
27 foreclosure sale for an additional two months in order to provide Mr. Joseph with an
28 opportunity to sell the Subject Property in satisfaction of the outstanding loan with the

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

M:09-CV-2015-JF
DECLARATION OF ANTHONY F. BASILE, ESQ. IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER
3

possibility of recovering some equity. I requested that Mr. Dolan provide me with the "raw data" that populated the NPV test, and also requested a reinstatement quote to determine whether my client could raise sufficient funds to reinstate his existing loan.

18. On or about July 8, 2011, Mr. Dolan confirmed to me that the foreclosure sale had been postponed, and provided me with a reinstatement quote. He also indicated that he was preparing a summary of the NPV data. A true and correct copy of Mr. Dolan's July 8 e-mail to me is attached hereto as **Exhibit H**.

19. On or about July 12, 2011, Mr. Dolan confirmed to me by telephone that the foreclosure sale was postponed to September 16, 2011.

20. While my client took steps to place the Subject Property on the market for sale, we learned that local advisors did not believe the appraised value of $2.1 million was accurate. As described in greater detail in the Declaration of Jo Buchanan, a local realtor with experience selling real estate in the area, Ms. Buchanan believes the subject property has a fair market value of approximately $1.9 million.

21. A fair market value of $1.9 million is substantially similar to the outstanding loan balance, which was $1.82 million as of June, 2011.

22. Based on available information, and without an understanding of the assumptions applied in the NPV test, it is unclear at what point loan modification is a more favorable outcome to Wells Fargo than foreclosure.

23. On or about July 14, 2011, I received a final written communication from Mr. Dolan, confirming the foreclosure sale was postponed through September in spite of conflicting information posted on the Trustee's web site. A true and correct copy of Mr. Dolan's July 14 e-mail to me is attached hereto as **Exhibit I**.

24. Following Mr. Dolan's July 14 e-mail, I attempted to reach him by telephone several times. My calls were not returned. Because I was unable to reach Mr. Dolan, I was unable to follow-up on my earlier request for the NPV data, or to discuss the proposed reinstatement of Mr. Joseph's loan.

25. On or about August 17, 2011, I e-mailed Mr. Dolan, Wells Fargo counsel Jack

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

M:09-CV-2015-JF
DECLARATION OF ANTHONY F. BASILE, ESQ. IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER
4

Nelson, and Class Counsel Jeff Berns to renew my earlier request for the NPV data. A true and correct copy of this August 17 email is attached hereto as **Exhibit J**. To date, I have not received a response to this e-mail.

26. On or about September 6, 2011 I confirmed through the Trustee's web site that the foreclosure sale of the Subject Property is scheduled for Friday, September 16, 2011 at 1:00 p.m.

27. On September 9, 2011 I served defense counsel and Class Counsel with notice of the instant Motion. A true and correct copy of this notice is attached hereto as **Exhibit K**.

28. Also on September 9, 2011, Class Counsel Jeff Berns responded to my e-mail to request that I contact him by telephone. A true and correct copy of Mr. Berns' e-mail is attached hereto as **Exhibit L**.

29. I spoke with Mr. Berns by telephone on September 9, 2011. Mr. Berns advised that he would request a 30-day postponement of the foreclosure sale. He was confident that the requested postponement would be granted, and that he would have confirmation by mid-day Monday, September 12, 2011.

30. I telephoned Mr. Berns at or about 1:00 p.m. on Monday, September 12, 2011 to confirm whether the postponement had been granted. Mr. Berns responded by e-mail, indicating he should have confirmation in about two hours. A true and correct copy of Mr. Berns' September 12 e-mail to me is attached hereto as **Exhibit M**.

31. I again telephoned Mr. Berns at approximately 4:19 p.m. on Monday September 12 to inquire into the status of the postponement request. I left Mr. Berns a voice mail requesting an update on the postponement request. I again spoke with Mr. Berns on the morning of September 13, 2011, at which time he informed me that he had not received a response to his postponement request.

32. On September 13, 2011, I again provided notice of the instant Motion to opposing counsel, requesting response by 4:00 p.m. A true and correct copy of my e-mails to opposing counsel and Mr. Dolan is attached hereto as **Exhibit N**.

//

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

M:09-CV-2015-JF
DECLARATION OF ANTHONY F. BASILE, ESQ. IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER
5

1  33.    At 3:57 p.m. on September 13, 2011 defense counsel confirmed that Defendants
2  would oppose the instant Motion.  A true and correct copy of counsel's response is
3  attached hereto as **Exhibit O**.
4
5  I declare under penalty of perjury under the laws of the State of California that the
6  foregoing is true and correct and that this declaration was signed on September 13, 2011,
7  in Los Altos, California.

8                                                                    _____
9                                                                    Anthony F. Basile

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

M:09-CV-2015-JF
DECLARATION OF ANTHONY F. BASILE, ESQ. IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER
6