1  Daniel L. Casas, Esq. (SBN 116528)
   Anthony F. Basile, Esq. (SBN 247409)
2  CASAS RILEY & SIMONIAN, LLP
   One First Street, Suite 2
3  Los Altos, CA 94022
   (650) 948-7200
4  (650) 948-7220 FAX
5
   Attorneys for Class Member,
6  Stephen Joseph

7

8  **IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF CALIFORNIA
9  SAN JOSE DIVISION**

10
   IN RE: WACHOVIA CORP. "PICK-A-       Case No.: M:09-CV-2015-JF
11 PAYMENT" MORTGAGE MARKETING
   AND SALES PRACTICES LITIGATION
12                                      **REPLY DECLARATION OF DANIEL L.
13                                      CASAS, ESQUIRE IN SUPPORT OF
                                        TEMPORARY RESTRAINING ORDER**
14

15

16 I, Daniel L. Casas, declare as follows:

17 1.      I am an attorney at law, admitted to practice in all Courts in the State of California

18 and before the United States District Court for the Northern District of California.  I am a

19 partner in the law firm of Casas Riley & Simonian, LLP, attorneys of record for class

20 member Stephen Joseph.  Unless otherwise stated, I have personal knowledge of the facts

21 as stated in this Declaration.

22 2.      Several published sources question the low number of loan modifications under

23 HAMP and non-HAMP loan modification programs.  One such source is the Center For

24 Responsible Lending (CRL), a nonpartisan research and policy group whose mission is

25 responsible lending.  In March 2011, the CRL issued a White Paper entitled, "Fix or Evict?

26 Loan Modifications Return More Value Than Foreclosures" (White Paper).  Included in the

27 White Paper are the following statements:

28          Affordable,  sustainable  loan  modifications  are  the  key  tool  for

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

M:09-CV-2015-JF
REPLY DECLARATION OF DANIEL L. CASAS, ESQ. IN SUPPORT OF MOTION FOR TEMPORARY
RESTRAINING ORDER
1

1    preventing unnecessary foreclosures.  Unfortunately, foreclosures
2    are still outpacing the negotiation of affordable and sustainable loan
     modifications.   This is true despite the Administration's Home
3    Affordable Modification Program (HAMP), which offers monetary
     incentives to servicers and borrowers in an effort to encourage
4    such modifications.  While this program has had the positive effect
     of standardizing industry practices in conducting loss mitigation, it
5    has only resulted in just over a half million permanent modifications
     so far.   Most modifications are still being made outside of the
6    HAMP program, and the public has very limited access to data
7    concerning the details of those modifications.  White Paper at p.3

8
     Whether the net present value [NPV] test is positive or negative
9    depends on the values of a set of input parameters including:
     ►      the original annual interest rate on the note;
10   ►      the discount rate;
     ►      the property value as proportion of unpaid principal balance
11   at foreclosure liquidation;
     ►      expected annual housing price appreciation rates after loan
12   modification;
     ►      the discount-on-sale plus selling costs;
13   ►      the percent payments are reduced by modification;
     ►      the self-cure rate of loans not modified.
14   ►      the re-default rate of modified loans.  White Paper at p. 7
15

16   3.       The White Paper concludes that actual self-cure rates and re-default rates support

17   higher numbers of loan modifications than result in practice.  A true and correct copy of the

18   White Paper is attached hereto as **Exhibit A** for the Court's reference.

19   4.       Although in this instance, Defendants agreed to produce the input values, none have

20   been produced to date either to Joseph's counsel or Class counsel.  Disclosure of such

21   input values is critical to confirm whether Defendants have fairly and accurately applied the

22   non-HAMP [MAP2R] NPV test to Mr. Joseph's loan modification request.  Under the Class

23   action settlement, the MAP2R loan modification program is proprietary, rather than strictly

24   controlled by the U.S. Government, providing more reason to confirm that Defendants'

25   proprietary formula is applied fairly and accurately.

26   5.       As of this writing, I have not received confirmation from Class Counsel Jeffrey Berns

27   that he has received from Defendants a copy of the NPV test performed on Mr. Joseph's

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

M:09-CV-2015-JF
REPLY DECLARATION OF DANIEL L. CASAS, ESQ. IN SUPPORT OF MOTION FOR TEMPORARY
RESTRAINING ORDER
2

1 | loan modification application.

2

3 | I declare under penalty of perjury under the laws of the State of California that the

4 | foregoing is true and correct and that this declaration was signed on October 14, 2011, in

5 | Los Altos, California.

6 |                                                                    _/s/ Daniel L. Casas_____

7 |                                                                    Daniel L. Casas

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

M:09-CV-2015-JF
REPLY DECLARATION OF DANIEL L. CASAS, ESQ. IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER
3