**E-filed 10/18/2011**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE WACHOVIA CORPORATION "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION. | Case No. 5:09-md-02015-JF<br><br>ORDER VACATING TEMPORARY RESTRAINING ORDER |

On September 15, 2011, the Court issued a temporary restraining order ("TRO") enjoining Defendants from conducting a foreclosure sale of class member Stephen Joseph's home, commonly known as 1001 Godetia Drive, City of Woodside, County of San Mateo, California, Assessor's Parcel Number 068-302-090-3. The Court granted the TRO based upon its initial determination that there were serious questions going to the merits, the balance of hardships tipped sharply in Joseph's favor, Joseph had shown a likelihood of irreparable injury if the foreclosure sale were not enjoined, and the public has an interest in enforcement of the settlement agreement reached in this case. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (2011) (holding that "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest") (internal quotation marks omitted).

Subsequently, Defendants submitted the supplemental declaration of Michael Dolan,

which altered the Court's view of the case. Based on the record then before it, the Court found that under the Net Present Value ("NPV") formula described in the settlement agreement, the bank would lose less money if it were to foreclose than if it were to modify Joseph's loan. Joseph's loan payments are past due in excess of $175,000 on a principal balance of approximately $1.8 million. Joseph cannot afford to bring the loan current at this time, and during the hearing Joseph's counsel proposed that Joseph be permitted to bring the loan current over six months. Defendants' counsel indicated that this was too long a period. The Court nonetheless extended the TRO through October 7, 2011 in order to give the parties an opportunity to pursue good faith negotiations.

On October 5, 2011, Defendants filed the declaration of Jack Nelson and another supplemental declaration of Michael Dolan. These declarations state that following the hearing, Joseph's counsel sent defense counsel a letter reiterating the same proposal that had been made at the hearing. Defense counsel responded by letter rejecting that proposal and making a counter-proposal. Joseph's counsel did not respond to the counter-proposal.

On October 7, 2011, Joseph filed a supplemental brief asserting that since the September 23 hearing, "he has experienced curious results" with respect to his dealings with Defendants. Joseph claims that on September 27, 2011, he received a telephone call from a Wells Fargo Bank representative who informed Joseph that a foreclosure sale had been scheduled and asked whether he wished to apply for a loan modification. Joseph immediately sent the requested documentation to Wells Fargo Bank. On October 4, 2011, Michael Dolan left a voice mail for Joseph's attorney stating that the renewed application for loan modification had been denied. Dolan also called Joseph directly to report the denial of the application. Joseph claims that during that telephone call Dolan stated that *any* equity in the property would result in the denial of loan modification. Joseph asserts that Defendants did not tell him previously that equity in the property would render him ineligible for loan modification, and argues that application of such a criterion would violate the settlement agreement. Joseph requests that the Court enjoin the foreclosure sale of his home through November 28, 2011 and order Defendants to provide to class counsel all data supporting the NPV test that was the basis for denying modification of his

loan.

The Court granted Defendants' request to extend the TRO through October 18, 2011 to afford Defendants a few days to investigate Joseph's assertions. On October 13, 2011, Defendants filed a supplemental brief and additional declarations. Melanie Munoz states in her declaration that she spoke with Joseph in connection with his most recent application for loan modification, that Joseph stated that his income had increased since his last application for modification, and that as a result she encouraged him to submit a renewed application. Munoz claims that Joseph never told her about his previous applications for loan modification, or that he had counsel, or that he had dealt with Dolan. Munoz states that Joseph's file was flagged to indicate that all communications with him should go through the legal department, but that she missed that flag because she was unfamiliar with the code used. Dolan states in his supplemental declaration that Joseph was contacted by Wells Fargo pursuant to an outreach program whereby all borrowers with an upcoming foreclosure sale are contacted to determine whether anything can be done to avoid foreclosure. Dolan represents that Joseph's income actually had *decreased* by approximately $5,000 per month, that Joseph's most recent application was processed based upon his updated income information and the most recent appraisal of the property, and that Joseph was ineligible for modification because he had a negative NPV. Finally, Dolan states unequivocally that he did *not* tell Joseph that equity in a home would render the owner ineligible for loan modification. Dolan indicates that Joseph has applied for loan modification ten different times; six times he failed to return the necessary paperwork and four times his application was denied.

On October 14, 2011, Joseph filed a reply brief questioning whether Defendants properly have applied the NPV formula in his case. Joseph again requests that Defendants be required to provide to class counsel the data underlying the subject NPV determination.

After considering the record as a whole, including all of the briefing and supporting evidence submitted by parties, the Court concludes that Joseph has failed to raise serious questions as to Defendants' application of the NPV formula or as to the viability of his claims that Defendants are violating the settlement agreement. It appears that Defendants have

attempted to work with Joseph for well over a year; Joseph has failed to submit necessary documentation to Defendants; Joseph's loan is significantly in arrears and he does not have the resources to bring it current; and Joseph has failed to place his home on the market as he had agreed to do if Defendants agreed to hold off on foreclosure. There is no indication in the record that Defendants have acted in bad faith or improperly applied the NPV formula. The Court therefore concludes that the current record does not support continued injunctive relief. Accordingly, the TRO is hereby VACATED.

    IT IS SO ORDERED.

Dated: 10/18/2011

_____
JEREMY FOGEL
United States District Judge