# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE WACHOVIA CORPORATION "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION. | Case No. 5:09-md-02015-JF<br><br>ORDER GRANTING TEMPORARY RESTRAINING ORDER |

On November 1, 2011, Larraine Reeves Morrison filed an application for a temporary restraining order ("TRO"), seeking to enjoin her eviction from her home located at 2433 Solar Drive, Los Angeles, California, 90046. Morrison asserts that she is a member of the class of persons governed by the settlement agreement entered in this case; that Defendants violated the terms of the settlement agreement by conducting a trustee sale while her application for loan modification was pending and without offering her the options of deed in lieu of trust or short sale as required under the settlement agreement; that her home was sold for $500,000 less than fair market value; and that the purchaser is not a bona fide purchaser.

The Court will grant a TRO based upon its initial determination that there are serious questions going to the merits, the balance of hardships tips sharply in Morrison's favor, Morrison has shown a likelihood of irreparable injury if eviction is not enjoined, and the public has an interest in enforcement of the settlement agreement reached in this case. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (2011) (holding that "serious questions going to

the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest") (internal quotation marks omitted).  This Court has authority to stay Morrison's eviction pursuant to its continuing jurisdiction to enforce the settlement agreement.  *See* 28 U.S.C. 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, *or where necessary in aid of its jurisdiction*, *or to protect or effectuate its judgments*.") (emphasis added).

Accordingly, Morrison's application for TRO is GRANTED, and her eviction from the subject property is HEREBY ENJOINED.  The TRO shall expire at midnight on Monday, November 7, 2011 unless otherwise ordered by the Court.  Any opposition with respect to further injunctive relief shall be filed before 5:00 p.m. on Friday, November 4, 2011.

IT IS SO ORDERED.

Dated: 11/2/2011

_____
JEREMY FOGEL
United States District Judge