**E-filed 11/7/2011**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE WACHOVIA CORPORATION "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION. | Case No. 5:09-md-02015-JF<br><br>ORDER VACATING TEMPORARY RESTRAINING ORDER (dkt entry 285) |

On November 2, 2011, the Court issued a temporary restraining order ("TRO") enjoining the eviction of class member Larraine Reeves Morrison from her home located at 2433 Solar Drive, Los Angeles, California, 90046. Issuance of the TRO was based upon an initial determination that there were serious questions going to the merits; that the balance of hardships tipped sharply in Morrison's favor; that Morrison had shown a likelihood of irreparable injury if eviction were not enjoined; and that the public has an interest in enforcement of the settlement agreement reached in this case. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (2011) (holding that "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest") (internal quotation marks omitted). Morrison asserted in her TRO application that she is a member of the class of persons governed by the settlement agreement entered in this case; that Defendants violated the terms of the settlement agreement by conducting a trustee sale

while her application for loan modification was pending and without offering her the options of deed in lieu of trust or short sale as required under the settlement agreement; that her home was sold for $500,000 less than fair market value; and that the purchaser is not a bona fide purchaser. Given the claimed violations of the settlement agreement, and pending a response from Defendants, the Court temporarily stayed Morrison's eviction pursuant to its continuing jurisdiction to enforce that agreement. *See* 28 U.S.C. 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.") (emphasis added). The TRO expires at midnight on November 7, 2011 unless otherwise ordered by the Court; Defendants' opposition to further injunctive relief was due by November 4, 2011.

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") timely submitted the declaration of Michael Dolan, who states as follows: Morrison defaulted on her loan in January 2009 and has not made a payment since then; as of August 2011, the unpaid principal balance on the loan was $957,628.24; Morrison submitted nine unsuccessful applications for loan modification, the most recent of which was denied in June 2011 because of negative NPV, among other reasons; Wells Fargo mailed Morrison a denial letter on June 19, 2011; on June 21, 2011, a Wells Fargo representative spoke with Morrison by telephone, informed her that she did not qualify for a loan modification, and asked whether she wanted to be considered for a short sale or a deed-in-lieu of foreclosure; Morrison declined and stated that she would sue Wells Fargo; the foreclosure sale was conducted on July 25, 2011; the purchaser, Defendant The Solar Trust, purchased the property for $649,093.01; the funds were tendered to and received by Wells Fargo on August 1, 2011; title to the property was transferred to The Solar Trust on August 4, 2011; The Solar Trust is unaffiliated with Wells Fargo; and Wells Fargo lost almost $342,000 on Morrison's loan.

The Solar Trust also timely submitted opposition, supported in part by the declaration of Joseph Roybal, who bid on the subject property on behalf of The Solar Trust. Mr. Roybal is the Chief Operating Officer of City Investment Capital, Inc. ("CIC"), the trustee of The Solar Trust. He declares that CIC has no relationship with Wachovia Bank or any other financial institution.

When the trust was deemed the successful bidder, Roybal personally handed the payment to the foreclosure company.

After considering the record as a whole, including the TRO application, the documents filed in opposition thereto, and Morrison's unauthorized reply brief,[1] the Court concludes that Morrison has failed to raise serious questions with respect to her claims that Wells Fargo has violated the settlement agreement. Wells Fargo has offered persuasive evidence that it attempted to work with Morrison for approximately two and one-half years after she defaulted on her loan before finally foreclosing on the property and selling it at a substantial loss, and that it denied her ninth and final application for loan modification prior to foreclosing on the subject property. Morrison objects that Wells Fargo did not submit a copy of the June 2011 denial letter or of the appraisal upon which its NPV calculation was based. However, Mr. Dolan's declaration lays adequate foundation for his knowledge of the status of Morrison's loan, her 2009 default, the unpaid principal balance of nearly $1 million, the bases of Wells Fargo's decision to deny her most recent application for loan modification, and the date that the denial letter was sent out. The fact that Wells Fargo did not submit a copy of the denial letter or of the bank's appraisal does not detract from the weight of Mr. Dolan's declaration.

Morrison correctly points out that Mr. Dolan's declaration does not establish personal knowledge of the telephone conversation in which an unnamed Wells Fargo representative allegedly offered Morrison the options of short sale or deed-in-lieu of foreclosure. Presumably, Wells Fargo could submit a declaration of the representative in question if required to do so. The Court need not require such a declaration, however, because Morrison herself has not submitted a declaration or any other admissible evidence demonstrating that she was *not* offered these options. Morrison bears the burden of submitting evidence sufficient to raise serious questions with respect to her claims that Wells Fargo violated the settlement agreement. Absent such evidence, and given the fact that she has not made any loan payments (and has lived in the

---

[1] On November 7, 2011, Morrison submitted a "Notice of Intent to Reply," along with a reply brief. The Court's briefing schedule did not provide for the submission of a reply, and Morrison did not seek leave of court before submitting her reply. However, in the exercise of its discretion, the Court has considered the reply brief.

property rent-free) for more than two years, the Court concludes that the current record does not support continued injunctive relief.

The Court notes that the TRO application asserts numerous violations of state law procedures governing foreclosure. These alleged violations, which are refuted by The Solar Trust in its briefing, are outside the scope of the settlement agreement and thus outside the scope of this Court's limited jurisdiction to enforce that agreement. Accordingly, the TRO is hereby VACATED.

IT IS SO ORDERED.

Dated: 11/7/2011

_____
JEREMY FOGEL
United States District Judge

Case No. 5:09-md-02015-JF
ORDER VACATING TEMPORARY RESTRAINING ORDER
(JFLC2)