Jack R. Nelson (SBN 111863)
Email: jnelson@reedsmith.com
David J. De Jesus (SBN 197914)
Email: ddejesus@reedsmith.com
Alicia A. Adornato (SBN 254228)
Email: aadornato@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

T. Thomas Cottingham, III (*admitted pro hac vice*)
tcottingham@winston.com
Stacie C. Knight (*admitted pro hac vice*)
sknight@winston.com
WINSTON & STRAWN LLP
214 North Tryon Street
Charlotte, NC 28202-1078
Telephone: +1 704 350 7700
Facsimile: +1 704 350 7800

Attorneys for Defendants
Wachovia Mortgage, FSB, Wachovia Bank FSB,
and Golden West Financial Corporation

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION,<br><br>This document relates to:<br><br>*ALL CASES* | Case No. 5:09-md-2015-JF<br><br>**WITHDRAWAL OF MOTION TO ENFORCE SETTLEMENT AGREEMENT AND REQUEST FOR ORDER GRANTING STIPULATED REQUEST**<br><br>Honorable Jeremy Fogel |

Pursuant to Northern District of California Local Civil Rule 7-7, Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB, now known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A. ("Wachovia") hereby withdraws its Motion to Enforce Settlement Agreement, Docket No. 265, filed September 30, 2011.

Counsel for settlement class members Danielle and Michael Citron, the plaintiffs in *Citron v. Wachovia Mortgage*, Case No. 10-CV-01790-RAL-TBM (M.D. Fla.) (the "*Citron* Florida Action"), and Wachovia have entered into the attached Stipulation to Entry of Order on Wachovia's Motion to Enforce Settlement Agreement ("Stipulation"). A true and correct copy of that Stipulation is attached hereto as Exhibit A.

The Parties hereby request the Court enter an Order approving and adopting the attached Stipulation.

DATED: December 14, 2011        REED SMITH LLP

*/s/ Jack R. Nelson*
Jack R. Nelson (SBN 111863)
David De Jesus (SBN 173263)
Alicia A. Adornato (SBN 254228)


WINSTON & STRAWN LLP

*/s/ T. Thomas Cottingham*
T. Thomas Cottingham*
Stacie C. Knight*

*Admitted *pro hac vice*

Attorneys for Defendants

**IT IS SO ORDERED.**

DATED: ~~FGEDEDEFF~~ _____

HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

CASE NO.: M:09-CV-2015 JF

IN RE: WACHOVIA CORP.
"PICK A PAYMENT" MORTGAGE
MARKETING AND SALES
PRACTICE LITIGATION.
_____/

STIPULATION TO ENTRY OF ORDER ON
WACHOVIA'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

Wachovia Mortgage, FSB, formerly known as Worlds Savings, FSB, now known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A. ("Wachovia") and Michael and Danielle Citron (the "Citrons") hereby agree and stipulate as follows:

1. On September 30, 2011, Wachovia filed its Motion to Enforce Settlement (the "Motion"). (D.E. 265) The Motion seeks to enforce the Settlement Agreement and Order approving the Settlement Agreement by enjoining the Citrons from prosecuting barred claims in *Citron v. Wachovia Mortgage Corporation*, Case No. 10-cv-01790-RAL-TBM, presently pending in the United States District Court for the Middle District of Florida.

2. Wachovia and the Citron's have reached an agreement on resolving the Motion. Specifically, Wachovia and the Citron's agree and stipulate that the Citron's may proceed on the claims alleged in the proposed amended complaint attached hereto as Exhibit A (exhibits not attached) and that the claims alleged in the proposed amended complaint are outside the scope of claims released by the Settlement Agreement.

3. Wachovia and the Citron's jointly request that the Court adopt this Stipulation as an Order of the Court resolving the Motion to Enforce.

WHEREFORE, Wachovia and the Citrons request that the Court enter an Order approving and adopting this Stipulation as an Order of the Court and grant such other and further relief as is just.

_____
Scott J. Wortman, Esq.
Florida Bar No.: 0454222
Korte & Wortman, P.A.
2041 Vista Parkway
Suite 102
West Palm Beach, Florida 33411
Telephone: (561) 228-6200
Facsimile: (561) 245-9075
*Attorneys for Michael and Danielle Citron*

_____
Michael K. Winston
Florida Bar No.: 051403
CARLTON FIELDS, P.A.
CityPlace Tower
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, FL 33401
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
*Attorneys for Wells Fargo bank, N.A.*

21482712.1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 10-CV-01790-RAL-TBM

DANIELLE NICOLE CITRON, an individual
and MICHAEL B. CITRON, an individual

       Plaintiffs,

-vs-

WACHOVIA MORTGAGE FSB,
successor in interest to WORLD SAVINGS
BANK, FSB,

       Defendant.
_____/

## VERIFIED SECOND AMENDED COMPLAINT

The Plaintiffs, DANIELLE NICOLE CITRON and MICHAEL B. CITRON (hereinafter referred to collectively as "CITRON") by and through undersigned counsel, hereby sue the Defendant, WACHOVIA MORTGAGE, FSB, successor in interest to WORLD SAVINGS BANK, FSB (hereinafter referred to as "WACHOVIA"), and states as follows:

### PRELIMINARY STATEMENT

1.    CITRON seeks both legal and equitable relief arising out of residential mortgage financing on CITRON'S residential property located in Pasco County, Florida (the "Property") including violations of the *Truth in Lending Act* (15 U.S.C.A. §1601 to 1666.

### JURISDICTION AND VENUE

2.    Jurisdiction is conferred on this Court by 15 U.S.C.A. §1640(e) and 28 U.S.C.A. §§ 1331, 1337, 1367.

1


EXHIBIT A

3. Venue is proper under 28 U.S.C. §1391(b)(2); and 28 U.S.C. §1391(c), as Plaintiffs' property and the property secured by the Note and Mortgage at issue is located at 10545 Baracoa Court, Trinity, Florida 34652 (the "Property"), which is within this District. Further, Defendant conducted business within this District, and the acts and transactions that constitute the violations of law, occurred in this District.

## PARTIES

4. Plaintiffs are United States citizens that reside in Pasco County, Florida.

5. Defendant, Wachovia Mortgage Corporation is a subsidiary of Wachovia Corporation, which is a corporation with its principal place of business in Charlotte, North Carolina. Defendant regularly engages in the business of mortgage lending and has done substantial business in the State of Florida. Upon information and belief, Wachovia Mortgage Corporation acquired the loan at issue in this case from World Savings Bank, FSB and is the current owner and holder of the loan documents.

6. During the loan transaction, WACHOVIA failed to provide the statutorily mandated Notice of Right to Cancel. WACHOVIA circumvented statutory protections by failing to leave a complete copy of loan documents in CITRON's possession, ensuring they could not review them properly and exercise their right of rescission.

## BACKGROUND OF LOAN TRANSACTION

7. CITRON owns the Property located in Pasco County Florida at 10545 Baracoa Court, Trinity, Florida 34652.

8. In or around August 29, 2007, CITRON wished to refinance the existing loan on the Property and entered into a consumer credit transaction with World Savings Bank FSB, by

2

obtaining a $787,500.00 mortgage loan secured by CITRON's principal residence (the "Transaction").

9. The mortgage broker who handled the loan was SLOAN MORTGAGE GROUP, INC. out of the New Port Richey, Florida who thereafter filled out all paper work which resulted in the loan secured by the Property as evidenced by that certain promissory note and mortgage executed on August 29, 2007.

10. Chelsea Title of the Suncoast, utilized by WACHOVIA, was the settlement agent for the loan and disbursed funds and issued a lenders title insurance policy on the Property.

11. WACHOVIA was required to provide proper notice to both MICHAEL B. CITRON and DANIELLE NICOLE CITRON of their right to rescind the consumer credit transaction under TILA. Plaintiff, DANIELLE NICOLE CITRON, received only one copy of the Notice of Right to Cancel (see attached Exhibit "A") at the time of the closing of the Transaction. Although the Notice of Right to Cancel states an acknowledgment of receipt of two copies of Notice of Right to Cancel, CITRON has examined their files thoroughly and such acknowledgment is patently false. Furthermore, Plaintiff, MICHAEL B. CITRON, did not receive a Notice of Right to Cancel. WACHOVIA attached a copy of a Notice of Right to Cancel allegedly provided to and signed by Plaintiff, MICHAEL B. CITRON, to their Motion to Dismiss filed in this case (see attached Exhibit "B"). However, the signature on the attached notice is not the signature of MICHAEL B. CITRON. In addition, the notice that WACHOVIA alleges was provided to MICHAEL B. CITRON is confusing, misleading and not "clear and conspicuous." The Notice is dated September 12, 2007, fourteen (14) after the closing of the Transaction, and states in bold print that notice to rescind must be sent no later than midnight on

September 1, 2007. A misleading disclosure is as much a violation of TILA as a failure to disclose.

12. WACHOVIA failed to deliver required rescission notices to CITRON. This resulted in the inability of CITRON to make an informed decision to exercise the right of rescission within three days from closing in violation of Federal law.

13. Because WACHOVIA failed to provide CITRON with clear and conspicuous disclosures of their right to rescind the consumer credit transaction, the three day period within which CITRON could rescind never commenced and was extended to three years.

14. On or about September 23, 2009, CITRON exercised their extended rights to rescind the loan for violations of the *Truth in Lending Act* by sending a notice of rescission to WACHOVIA, WORLD SAVINGS, and Sloan Mortgage Corporation. Copies of the notices are attached to this complaint as Exhibit "C." Pursuant to 15 U.S.C. §1635 and 12 C.F.R. §226, WACHOVIA and/or WORLD SAVINGS had 20 days after receipt of the notice of rescission to return to CITRON all monies paid and to take action necessary or appropriate to reflect termination of the security interest. On or about September 29, 2009, WACHOVIA denied CITRON's request to rescind the loan and failed to cancel the security interest and return the consideration to CITRON.

15. WACHOVIA's responses are unlawful to the extent that it fails to honor CITRON's valid rescission notice and fails to seek judicial guidance for rescission.

16. CITRON's ownership interest in the Property is subject to the security interest created by the WACHOVIA mortgage securing the loan.

## FIRST CAUSE OF ACTION

4

**Violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and Federal Reserve Regulation Z, 12 C.F.R. § 226.1 *et seq.***

17. CITRON hereby incorporates by reference the allegations of paragraphs 1 through 23, inclusive, as if fully set forth herein.

18. WACHOVIA is a creditor within the meaning of the *Truth in Lending Act* ("TILA") as implemented by Regulation Z.

19. WACHOVIA violated TILA and Regulation Z by:

    a. failing to provide CITRON with written notices of CITRON's absolute three day right to cancel that were clear, conspicuous, and reflective of the parties' legal obligations.

20. These material TILA violations give CITRON an extended three year right to rescind the equitable loan transaction.

21. As a result of WACHOVIA's failure to provide accurate material disclosures correctly with a proper Notice of Right of Rescission described above, CITRON is entitled and has exercised their right of rescission of the Transaction.

22. WACHOVIA has been unjustly enriched at the expense of CITRON, who therefore is entitled to equitable restitution, disgorgement and rescission for failure to make clear, conspicuous, and accurate material disclosures.

23. It was not until CITRON retained counsel on or about September, 2009, that CITRON was able to understand how CITRON's rights were violated. It was at that time that CITRON exercised their right to rescind by sending rescission notices to WACHOVIA.

24. The acts and omissions of WACHOVIA as described herein disregarded CITRON's rights.

5

25.     CITRON is entitled to an injunction against WACHOVIA prohibiting it from enforcing its rights to foreclose on the Property for the violations of law alleged herein.

WHEREFORE, CITRON prays for relief as set forth below together with such further relief as this court deems just:

    a.    Actual damages;
    b.    Statutory damages;
    c.    Disgorgement of profits;
    d.    Restitution;
    e.    Rescission;
    f.    Injunctive relief; and
    g.    Attorneys' fees and costs pursuant to 15 U.S.C. § 1640(a).

## SECOND CAUSE OF ACTION

**Failure to Rescind - Violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and Federal Reserve Regulation Z, 12 C.F.R. § 226.1 *et seq.***

26.     CITRON hereby incorporates by reference the allegations of paragraphs 1 through 23, inclusive, as if fully set forth herein.

27.     WACHOVIA is a creditor within the meaning of the *Truth in Lending Act* ("TILA") as implemented by Regulation Z.

28.     As a result of WACHOVIA's failure to provide accurate material disclosures correctly with a proper Notice of Right of Rescission described above, CITRON is entitled to and has exercised their right of rescission of the Transaction.

29.     Rescission of the Transaction extinguishes any liability CITRON has to WACHOVIA for finance or other charges arising from the Transaction.

30.     WACHOVIA's failure to take any action to reflect the termination of the security interest in the Property within twenty (20) days of the rescission of the Transaction or seek

judicial guidance, releases CITRON from any liability whatsoever to WACHOVIA arising from the Transaction.

31. WACHOVIA has an obligation to perform upon notice of rescission by cancelling this specific Transaction as well as any enforcement thereof. Accordingly, any alleged security instrument is void and unenforceable under 15 U.S.C. §1635(b).

32. WACHOVIA had twenty (20) days from the receipt of the rescission notice to refund or credit the alleged account all monies paid and to void the security interest and WACHOVIA has failed in their obligation to perform this duty and make a tender offer.

33. WACHOVIA's performance is a condition precedent to CITRON's duty to tender and WACHOVIA's failure to perform gives rise to statutory and actual damages under 15 U.S.C. §1640.

34. Any further acts to enforce an invalid security instrument and impose finance charges are wrongful and improper. Such acts violate TILA and Regulation Z.

35. WACHOVIA has proceeded to unlawfully impose finance charges.

36. The acts and omissions of WACHOVIA as described herein disregarded CITRON's rights.

37. CITRON is entitled to an injunction against WACHOVIA prohibiting it from enforcing its rights to foreclose on the Property for the violations of law alleged herein.

WHEREFORE, CITRON prays for relief as set forth below together with such further relief as this court deems just:

    h.    Actual damages;
    i.    Statutory damages;
    j.    Disgorgement of profits;
    k.    Restitution;
    l.    Rescission;
    m.    Injunctive relief; and

n.  Attorneys' fees and costs pursuant to 15 U.S.C. § 1640(a).

## DEMAND FOR JURY TRIAL

CITRON hereby demands a trial by jury on all counts.

DATED this 8th day of December, 20111.

Scott J. Wortman, Esq.
FBN: 0454222
KORTE & WORTMAN, P.A.
Attorneys for Plaintiff
2041 Vista Parkway
West Palm Beach, Florida 33411
Phone: (561) 228-6200
Fax:   (561) 245-9075
E-mail: swortman@kwlawfirm.com

8