IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION



FILED
'12 MAR 27 P 1:56

| | |
|---|---|
| IN RE: WACHOVIA CORPORATION "PICK-A-PAYMENT MORTGAGE MARKETING AND SALES PRACTICES LITIGATION | Case No. 5:09-md-02015-JF<br><br>**REPLY TO OPPOSITION** |

Class member, Thomas M. Worthington, Sr., in the above-captioned case respectfully replies to the opposition filed on 03/16/12 and asserts that the reply contains misleading statements and wrongful allegations. Mr. Worthington requests that this Honorable Court grant a hearing and hear testimony and take evidence from all the parties and witnesses as it relates to the motion and requests that the Court compel above-named defendant to comply with this Honorable Court's May 17, 2011 Order, and I further state:

Mr. Worthington entered into the outstanding loan (#7526) which secures the property in Rancho Cucamonga, California as his primary residence because of employment circumstances at the time. Work dried up in Washington D.C in 2004. He had no income, no work. He moved to California for work. Mr. Worthington obtained work as an investigator through the CJA program in the Federal District Court and as a night security guard for Martin Security.

Mr. Worthington occupied that property from the day of closing to date. Mr. Worthington always intended the property in California, secured by loan number 7526, to be Mr. Worthington's primary residence. Mr. Worthington was on the CJA panel in Los Angeles and getting cases regularly. Mr. Worthington worked and participated in all training on a regular basis from his primary residence in California. Mr. Worthington attended seminars, conferences, and meetings with the California Association of Licensed Investigation and voted in to a position as Sergeant at Arms for the Inland Empire branch. He worked, as night security for Martin is Security for the Inland Empire and continues to be active within the locale.

He obtained a drivers license in California in 2005. Mr. Worthington's current driver's license is a California driver's license and registered a business license and insurance from Mr. Worthington's primary residence in California. As stated in the motion, the defendant is playing a four- corner strategy trying to run out the clock while stalling and representing mistruths to this honorable court until 2013 when the court no longer monitors the compliance.

Mr. Worthington's California driver's license # is (DL # D8712841), his California handgun permits (26318129 – 287136), his California Investigator license (# 24767), his California Department of Justice Handgun Safety Certificate ( # 16575), his California Guard Registration (# 1523871), California car tags (# 5SEH615 – 5ZYM931), membership and volunteer work

with the California Public Defender Association, membership with the California State Society, duties and attendance in California organizations prove unequivocally Mr. Worthington's primary residential standing from closing to date. Worthington also maintained and continues to maintain two telephone numbers in his name at the residence as well as his cell phone number. Mr. Worthington will prove at a hearing in this matter that the mortgage company has acted in bad faith and has made false representations to the Court.

Worthington requests a hearing in this matter to take testimony and evidence.

On or about 05/17/2011 this Honorable Court issued a final ruling in the above-captioned case. Since that date the Movant, Thomas Worthington has actively pursued the relief granted in the Order. As of 01/23/12, Wachovia Corporation, named above, has refused to comply with the Order.

In or about November of 2010, when he was first notified of the pending settlement and given the option of agreeing or refusing the pending settlement, Thomas Worthington filed all the required documents and applications requested by defendant. Movant was contacted by a representative of Wachovia/Wells Fargo, Donna Jones. Ms. Jones informed Movant that she had been assigned to handle Mr. Worthington's case and process his claim under the terms of the pending settlement. That contact was on or about February 2011.

In the spring or early summer of 2011, Donna Jones contacted Mr. Worthington and stated that she had two escrow accounts set up, one for each of Movant's properties. She stated that she expected to have all of the processing completed by early fall 2011. Movant called Ms. Jones' office every Friday, as instructed by Ms. Jones during that period.

After mid August passed without hearing from Donna Jones, Mr. Worthington called Wachovia/Wells Fargo and asked to speak with Donna Jones. Ms. Jones informed Movant that she was no longer the contact person and referred Mr. Worthington to Ms. Isabel Flores. Ms. Flores informed Movant that there was no application on file for Mr. Worthington and that he would have to begin the process all over by submitting another application and all accompanying documents.

Consequently, Mr. Worthington called the attorneys who had filed the class action lawsuit. First, Mr. Worthington spoke to Mr. Ira Spiro, who later referred Worthington to Mr. Greg Kaufman, who then referred Movant to Javier Hernandez, who later referred the Movant to Alex Rocha. Mr. Rocha informed Movant that Wachovia/Wells Fargo had determined that he was ineligible under the terms of the settlement. Movant then called the settlement administrator and was told that he would be getting a check. Movant received a check for dollars during the week of October 07, 2011.

Movant remains hopeful and prays that this Honorable Court direct Wachovia/Wells Fargo Bank to comply with the terms of the settlement agreement as directed by this Court's final Order and order:

1. Wachovia/Wells Fargo Bank to implement the loan modification program, which enables the Movant to keep his properties, and to
2. Reduce the Movant's "DTI" to thirty-one percent or less by taking the steps ordered by the Court, such as waiving accrued interest and other charges, forgiving the principal and reducing the interest rate thereby converting the loan into a fully-amortizing loan and eliminating the negative amortization features.

Movant paid one hundred and twenty-nine thousand dollars down at settlement and picked the payment offered by defendant, not knowing about the undisclosed information, which would have helped him make a more informed decision. This Honorable Court has retained continuing jurisdiction and can order compliance to these terms of the settlement and all other remedies the Court deems appropriate.

Respectfully submitted,

Thomas Worthington, Pro Se
12452 Benton Dr. Unit Two
Rancho Cucamonga, Ca 91739
2600 University Pl. NW
Washington, D. C. 20009
909: 899-0213
202: 462-1723

Certificate of Service

I certify that a copy of this reply to opposition was mailed postage prepaid to Michael J. Dolan on March 26, 2012.

Thomas Worthington