Jack R. Nelson (SBN 111863)
Email: jnelson@reedsmith.com
David J. De Jesus (SBN 197914)
Email: ddejesus@reedsmith.com
Alicia A. Adornato (SBN 254228)
Email: aadornato@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone:    +1 415 543 8700
Facsimile:    +1 415 391 8269

T. Thomas Cottingham, III (*admitted pro hac vice*)
tcottingham@winston.com
Stacie C. Knight (*admitted pro hac vice*)
sknight@winston.com
WINSTON & STRAWN LLP
214 North Tryon Street
Charlotte, NC 28202-1078
Telephone:    +1 704 350 7700
Facsimile:    +1 704 350 7800

Attorneys for Defendants Wachovia Mortgage,
FSB, Wachovia Bank, FSB, Golden West
Financial Corporation and Wells Fargo Bank, N.A.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION,<br><br>This document relates to:<br><br>*ALL CASES* | Case No. M:09-cv-2015-JF<br><br>**MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br><br>Honorable Jeremy Fogel |

Defendants Wachovia Mortgage, FSB, Wachovia Bank, FSB, and Golden West Financial Corporation (collectively, "Defendants') hereby set forth this Motion to Enforce the *In re Wachovia Corp. "Pick-A-Payment" Mortgage Marketing and Sales Practices Litigation* Settlement Agreement.

Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB, now known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A. ("Wachovia") hereby moves to enforce the Agreement and Stipulation of Settlement (the "Settlement Agreement") against settlement class members Lansing E. Eberling and Lura J. Eberling, the plaintiffs in *Eberling v. R.M. Sterling Mortgage Services, Inc.*, Case No. 10-CV-01831-AG-RNB (C.D. Cal.) (the "Eberling Action"). In support, Wachovia states:

## I.    Background Facts and Procedural Posture of the Eberling Action

In March 2011, Lansing E. Eberling and Lura J. Eberling filed their Second Amended Complaint against Wachovia and other parties in the United States District Court for the Central District of California. Declaration of Jeremy E. Shulman filed in support of Defendants' Motion to Enforce Settlement Agreement ("Shulman Decl."), Ex. A (Second Amended Complaint in the Eberling Action).[1]  As set forth in their Second Amended Complaint, the Eberlings, entered into a "Pick-a-Payment" mortgage loan with World Savings Bank, FSB, in December 2007. *Id*. at ¶16. The Eberlings utilized the loan to payoff other obligations, including over $238,000 owed on an American Express credit card. *Id*. at ¶10. The Eberlings executed a Note and Deed of Trust securing repayment of the loan with their Orange County, California residence. *Id*. at ¶16; Shulman Decl. at Exhs. C, D.

The Second Amended Complaint alleges that Wachovia violated the Truth in Lending Act by, *inter alia*, making inaccurate and misleading disclosures regarding features of their Pick-a-Payment mortgage loan including claims regarding negative amortization and other features of the Pick-a-Payment mortgage. Shulman Decl., Ex. A at ¶¶6-8, 16, 21. The Eberlings also bring claims

---

[1] On March 30, 2012, the District Court in the Eberling Action granted plaintiffs' motion for leave to file a Third Amended Complaint. To date, Wachovia has not received formal notice that plaintiffs have filed their Third Amended Complaint. Shulman Decl., Ex. B at ¶2. Once filed, Wachovia will lodge a copy of the Third Amended Complaint with this Court for consideration in connection with this motion.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

for declaratory relief, unfair business practices, financial elder abuse, and RICO arising out of alleged misleading and inaccurate disclosures regarding the features of their Pick-a-Payment mortgage, and claim that inadequate form of disclosures under the Truth In Lending Act entitle them to rescission. *Id*. at ¶¶23-26.

The Eberling Action is presently scheduled for trial on July 24, 2012. Shulman Decl. at ¶2.

**II.     The Class Action Settlement Agreement**

On December 10, 2010, the parties in this Pick a Payment MDL entered into the Settlement Agreement to fully resolve and compromise certain claims arising out of the origination of "Pick-a-Payment" mortgage loans. See Ex. A to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum of Points and Authorities in Support Thereof filed December 10, 2010 (Dkt. # 112) ("Settlement Agreement"). Specifically, the Settlement Agreement releases:

> (1) "the Alleged Claims (as defined)," and (2) all claims arising out of "the Alleged Claims (as defined), the origination of the Settlement Class Member's Pick-a-Payment mortgage loan, the manner in which the Defendants applied the Settlement Class Member's payments to principal and interest, negative amortization, the Pick-a-Payment mortgage loan's potential for negative amortization, the disclosure of the Pick-a-Payment mortgage loan's potential for negative amortization, and the disclosure of the manner in which payments would be applied to principal and interest." Settlement Agreement, § V(A).

The Settlement Agreement was finally approved by this Court on May 17, 2011, and became effective on September 1, 2011, when the final remaining appeal of the May 17, 2011 Order was dismissed by the United States Circuit Court of Appeals for the Ninth Circuit and the mandate docketed in this Court. (Dkt. # 253). Pursuant to the terms of the Settlement Agreement, upon its

Effective Date, all claims by Settlement Class Members who did not timely opt-out of the Settlement Class that fall within the scope of Section V(A) of the Settlement Agreement are forever barred and discharged. Further, pursuant to Section XIV of the Settlement Agreement, upon the Effective Date, every Settlement Class Member is "permanently barred and enjoined from initiating, asserting, and/or prosecuting any Alleged Claim(s) against any Released Entity in any court, tribunal, forum, or proceeding."

### III. The Eberlings Continue to Prosecute Claims That Are Barred by the Settlement Agreement.

Pursuant to the allegations of their Second Amended Complaint, in which the Eberlings assert that, in December 2007, they entered into a "Pick-a-Payment" mortgage loan secured by their principal residence, the Eberlings fall within the definition of "borrower" as set forth in Section I.1.7 of the Settlement Agreement. Because the Eberlings were in default on the "Pick-a-Payment" mortgage loan as of the Preliminary Approval Date, they are members of Settlement Class C.

The Eberlings' Second Amended Complaint also brings claims that fall within the scope of the Settlement Agreement's Release language. Specifically, the Release language encompasses "Alleged Claims," which includes all claims arising out of the disclosure of the Pick-a-Payment loan's various features. The scope of this Release language plainly covers claims that the Eberlings allege in their Second Amended Complaint.

In accordance with Section X of the Settlement Agreement, the Eberlings were provided with Notice of the Settlement Agreement and were advised of their right to opt-out of the Settlement Agreement. Although being on notice of the Settlement Agreement, neither Lansing E. Eberling nor Lura J. Eberling timely opted out of the Settlement Agreement by giving proper notice to the Class Administrator. *See* Shulman Decl. at Exhs. E-H; Declaration of Amy Lake at ¶¶6-8. Prior to filing this motion, counsel for Wachovia conferred with the Eberlings' counsel on these issues. The result

Case No.: M:09-cv-2015JF — - 4 - — US_ACTIVE-109077682.1-AAADORNA
MOTION TO ENFORCE SETTLEMENT AGREEMENT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

of that correspondence from October 2011 is that the Eberlings' counsel apparently sent a letter to class counsel regarding their attempt to opt-out. That correspondence, however, was never sent to or received by the Class Administrator. Shulman Decl. at Exhs. F-H; Lake Declaration at ¶8. Despite the request for proof that the opt-out request was in fact sent to the Class Administrator, no such proof has been provided since the October 2011 correspondence. Shulman Decl. ¶7, Exh. H.

### IV. This Court Should Enjoin the Eberlings From Pursuing Claims That Are Covered By the Release.

Pursuant to the express terms of the Settlement Agreement, upon its Effective Date, Settlement Class Members are forever barred from pursuing claims within the scope of the Release. By the terms of their own Second Amended Complaint, the Eberlings are Members of Settlement Class C. *See* Shulman Decl. Ex. A. Further, many of the claims in the Eberlings' Second Amended Complaint plainly are within the scope of the Release contained in Section V of the Agreement. Specifically, the Release expressly bars Class Members from prosecuting claims "arising out of" "the Alleged Claims, the origination of the Settlement Class Member's Pick-a-Payment mortgage loan, the manner in which the Defendants applied the Settlement Class Member's payments to principal and interest, negative amortization, the Pick-a-Payment mortgage loan's potential for negative amortization, the disclosure of the Pick-a-Payment mortgage loan's potential for negative amortization, and the disclosure of the manner in which payments would be applied to principal and interest."

A review the Eberlings' Second Amended Complaint shows that most if not all of the Eberlings' alleged claims against Wachovia fall within the scope of the Release. Specifically, the Release encompasses all of the Eberlings' claims that are based on the allegation that Wachovia made inaccurate and misleading disclosures regarding the Pick-a-Payment loan's potential for negative amortization and the other features of the Pick-a-Payment mortgage loan, including their claims that: (1) the TILA disclosures were "defective" and that the "loan was deceptively designed

to accrue a huge negative amortization" (at ¶6); (2) Wachovia did not "counsel borrowers concerning the TILA required disclosure of the negative amortization feature of this bad financial product" (at ¶7); (3) "if borrowers picked the lowest payment . . . the payment was not enough to pay the entire interest payment" (at ¶8); (4) "Defendants did not explain or give proper written explanation of the loans as required under TILA" (at ¶25); (5) "the amount that Wachovia and Wells Fargo shows as owing is not correct and that Wells Fargo has not credited all payments made by Plaintiffs to it over the last two and one-half years." (at ¶29); (6) "the amount of interest being charged on the loan . . . exceeds the Amount allowed under 12 U.S.C. 1463(g)" (at ¶34); (7) "defendants did not properly prepare truth-in-lending documents and proper disclosures . . . They did not explain the nature and type of loan that they were putting Plaintiffs into as required by both Federal and State Statutes" (at ¶43); (8) "Plaintiffs did not know or understand the dangers of this loan or that the bank was making a loan to take over their property" (at ¶47); and (9) defendants "fraudulently obtained Plaintiffs signatures on loans which were never properly explained to them . . . [with] no proper truth in lending disclosures" (at ¶64). These same allegations appear in the Proposed Third Amended Complaint in materially similar form.

There can be no dispute that these claims are barred. *See Howard v. America Online, Inc.*, 208 F.3d 741 (9th Cir. 2000) (holding that the plaintiffs "clearly fall within the Settlement Class . . . . [They] have not presented any argument to the contrary; nor do they claim to have opted out of the Hagen settlement class . . . . Plaintiffs' attempt to repackage the claims asserted and settled in Hagen as predicate acts under RICO is therefore barred."); *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1287 (9th Cir. 1992) ("the weight of authority holds that a federal court may release not only those claims alleged in the complaint, but also a claim 'based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the class action.'").

Finally, the Eberlings received notice of the Settlement and did not timely opt out. As this Court held in the May 17, 2011 Final Approval Order, "notice of settlement to the class was

1  adequate and satisfied all requirements of Federal Rule of Civil Procedure 23(e) and due process.
2  Class members received direct notice by United States mail, and additional notice was given by
3  publication on the Internet and in USA Today. These were the best practicable means of informing
4  class members of their rights and of the settlement's terms. See *Silber v. Mabon*, 18 F.3d 1449,
5  1453-54 (9th Cir. 1994) (affirming district court's conclusion that notice by direct mail and
6  publication was best practicable notice)." Final Approval Order at 5 (emphasis added).  Accordingly,
7  the Eberlings simply cannot claim that they have a right to prosecute a second action when they
8  failed to timely exclude themselves from the Settlement. See *Reppert v. Marvin Lumber and Cedar
9  Co., Inc.*, 359 F.3d 53, 56 -57 (1st Cir. 2004) (holding that "[a]fter ... appropriate notice is given, if
10 the absent class members fail to opt out of the class action, such members will be bound by the
11 court's actions, including settlement and judgment, even though those individuals never actually
12 receive notice").

14     / / / / /

16     / / / / /

18     / / / / /

20     / / / / /

22     / / / / /

24     / / / / /

26     / / / / /

28     / / / / /

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

The All-Writs Act, 28 U.S.C. § 1651, empowers this Court to protect its jurisdiction in overseeing the administration of the Settlement Agreement by issuing an injunction to prevent interference with its Final Approval Order. See, e.g., *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011 (9th Cir. 1998); *In re The Prudential Ins. Co. of Am. Sales Practices Litig. (Lowe)*, 261 F.3d 355, 365-66, 368 (3d Cir. 2001). Accordingly, Wachovia requests that this Court enter an order enjoining the Eberlings from further prosecuting claims barred by the Release and requiring them to withdraw or dismiss those claims in the pending Eberling Action.

DATED: April 13, 2011         REED SMITH LLP

**s/ Jack R. Nelson**
Jack R. Nelson (SBN 111863)
David De Jesus (SBN 173263)
Alicia A. Adornato (SBN 254228)

WINSTON & STRAWN LLP

**s/ T. Thomas Cottingham, III**
T. Thomas Cottingham*
Stacie C. Knight*

*Admitted *pro hac vice*

Attorneys for Defendants