Lee H. Durst, Esq. SBN 69704
THE DURST FIRM
220 Newport Center Drive
Suite 11285
Newport Beach, California 92660
Tel: 949-400-5068 & Fax 714-242-2096
lee.durst@gmail.com

LARRY ROTHMAN & ASSOCIATES
LARRY ROTHMAN – SBN 72451
City Plaza
1 City Boulevard West, Suite 850
Orange, California 92868
(714) 363-0220  Telephone
(714) 363-0229   Facsimile
Email: tocollect@aol.com

Attorneys for Lansing & Lura Eberling

# UNITIED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE WACHOVIA PICK-A-PAY MORTGAGE MARKETING AND SALES PRACTICE LITIGATION | Case No.: M 09-cv-2015 JF<br><br>OPPOSITION TO WACHOVIA'S MOTION TO ENFORCE THE CLASS SETTLEMENT AGREEMENT AGAINST THE EBERLINGS<br><br>Honorable Jeremy Folgel, Judge |

To the Honorable Court and counsels for Wachovia:

Wachovia's motion must be denied for one basic, simple, obvious reason: **LANSING AND LURA EBERLING OPTED OUT OF THE CLASS ACTION IN A TIMELY MANNER**.

In fact the *moving parties* to this motion have even **attached a copy of the Eberling's opt-out letter** as Exhibit F to a Mr. Bailey's Declaration in their moving papers!  The opt-out letter was sent by Craig Boucher, Esq. (the Eberlings' personal attorney) on March 16, 2011. And it was mailed in a timely manner.  Mr. Boucher's Declaration is attached hereto and incorporated herein by this reference as Exhibit A.  Mr. Boucher makes it crystal clear that he mailed it on the last day of the appointed time to mail out opt-out notices and it is postmarked that day.

The Eberlings have done everything possible to opt out of the class action.  So if the administrator of the class action has made any sort of mistake, the Eberlings should not be held liable for any such mistakes.  The Eberlings have not benefited by the class action litigation; nor did their case cite exactly the same facts as other parties in that class action have cited.

What is telling in the Declaration of one "Robert Bailey" (in paragraph 7) is a claim he makes to allegedly requesting, but not receiving, confirmation that the opt-out letter was mailed timely.  In truth, paragraph 9 of Mr. Boucher's declaration states that he has <u>never</u> had any contact with Mr. Bailey in any form.  In short, **Mr. Bailey never conveyed to Mr. Boucher any request or demand for any proof of mailing.**  The opposition's Exhibit H, which purports to reference his (Bailey's) alleged communications with Mr. Boucher, virtually establishes the mendacity of Mr. Bailey's claim.  Once the court reviews this invisible or absent "Exhibit H" submitted, it will see that Mr. Bailey did not send it – could not have sent it – because: **there is no Exhibit H attached to Mr. Bailey's declaration!**  Hence, Mr. Robert Bailey has absolutely no credibility in making this declaration submitted to the Court.

The District Court judge in Orange County knows full well and good of the class settlement and that the Eberlings have opted out of it.  In fact Mr. Boucher announced that his clients were definitely opting out of the class action in open court before the deadline for opting out.  Judge Guilford recently approved the filing of a third amended complaint, along with keeping an injunction in place with a bond, as required by law.  The court therefore has ruled that there is a strong likelihood the Eberlings will prevail in their litigation against Wells Fargo and American Express for their illegal actions, which include elder abuse.

The Eberlings' personal attorney (Mr. Boucher) is very suspect of the timing of this motion made by Wells Fargo inasmuch as the District Court has ordered the parties to mediation with a mediator who is apparently not to the liking of Wells Fargo. That mediation is set for May 16, 2012.

For all of the above reasons, this court should deny Wachovia's motion.

DATED: May 10, 2012          THE DURST FIRM

                                          /s/ Lee H. Durst

                              BY _____
                                          Lee H. Durst

Exhibit A

DECLARATION OF CRAIG L. BOUCHER

IN OPPOSITION TO MOTION TO ENFORCE SETTLEMENT AGREEMENT

I, Craig L. Boucher, declare:

That this Declaration is based on my personal knowledge, and if called to testify, I could and would testify to the following facts:

1. I am an attorney at law, licensed to practice in the State of California and the Federal Courts.

2. I am an associated counsel of record for the Plaintiffs in the matter of Eberling v. R.M. Sterling Mortgage Services, Inc., et al., Case No: 8:10-cv-01831-AG-RNB (C.D. Cal.).

3. The above-referenced Case commenced in California Superior Court and was removed to Federal Central District Court, Judge Andrew Guilford, at the Motion of the Defendants, Wells Fargo Bank, et al.

4. Plaintiffs Lansing and Lura Eberling are currently 78 and 77 years old, respectively. On or about February 1, 2011, they received a Notice of Class Action Settlement for the Pick-a-Pay Mortgage Loan Case against World Savings Bank and Wachovia Bank in their mail. At the time they received the information about the class action, Mr. Eberling could not even understand what it was about or that it required him to opt-out of the program. Mr. Eberling showed me the Notice, and I had to explain what it was about and then investigate whether Mr. & Mrs. Eberling should participate with the program. I talked to Attorneys Evan Buxner of the Buxner Law Firm and Lisa Smieja of the Arbogast & Berns Law Firm, both representing Plaintiffs in the Class Action Litigation against World, Wachovia and Wells Fargo. After some time, I determined that since the relief sought did not include an injunction to preclude continued foreclosure

efforts, the Class Action would not be a benefit to the Eberlings and that they needed to opt-out of the class.

5. At the next hearing in March of 2011 in the Eberling Case, a Motion to Dismiss, inter alia, I advised the Court and Attorney Jeremy Shulman, counsel of the firm of Anglin, Flewelling, Rassmunssen, Campbell & Trytten, LLP, that I would be mailing an "Opt Out" letter in conformity with the requirements of Paragraph 16 of said Notice of Class Action. One of the requirements was that the Exclusion Request be postmarked no later than March 16, 2011. There was no requirement that the sender had to obtain and retain proof of mailing.

6. On March 16, 2011 I personally went to the U.S. Post Office and mailed the Exclusion Request (a copy of which is attached hereto) to be absolutely, positively sure that it would be postmarked as required.

7. At the same time, I mailed copies to Class Action Plaintiff's Attorneys, Jeffrey Berns and Lisa Smieja of the Arbogast & Berns,LLP firm, as well as Evan D. Buxner of the Buxner Law Firm.

8. I advised Jeremy Shulman on several occasions that I had mailed the Exclusion Request, and was not advised that receipt was not noted by the Settlement Administrator. However, he asked whether I had proof of the mailing. I advised him I would look for the Certified Mailing Receipt. I was able to find the Certified Mailing Receipt for Evan Buxner. I confirmed by U.S.P.S. Tracking that the letter was received by that office. I know that this letter to Mr. Buxner was mailed at the same time as the one to the Administrator.  There is no reason to believe that it was not received by the Administrator in a timely fashion. There was also no requirement for the opt-out letter to be sent with proof of mailing or proof of receipt. It was not part of the instructions for the mailing.  The only requirement was that the

letter be post marked as of March 16, 2011 – NOTHING MORE! A copy of my receipt for Buxner is attached hereto and incorporated herein by this reference as Exhibit B.

9. In response to the Declaration of Robert A. Bailey, I do not recall ANY involvement with him. Exhibit F to the said Declaration is not a meet and confer letter signed by Mr. Bailey. It is a copy of my Exclusion Request letter sent to Jeremy Shulman.

10. Exhibit E to the said Declaration contains an email with such a letter, signed by Mr. Shulman.

11. There is no Exhibit H attached, as referenced in Paragraph 7 of the Declaration.

12. I have had discussions with Mr. Shulman and he has told me that his client, Wells Fargo, does not want to be in mediations with conducted by the court-ordered mediator in the Eberling v R.M. STERLING case. It seems to me that the Wells attorneys do not like the fact that mediation has produced results in which Borrowers have obtained substantial relief, much to the dismay of Wells.

13. It appears to me that this Motion to Enforce the Settlement is, at best, disingenuous and nothing more than a tactic by Wells Fargo to try and circumvent Judge Guilford's Order appointing a specific attorney to mediate this case.

//

1 | I declare that the foregoing is true and correct under the laws of the United States
2 | of America and under penalty of perjury.
3 | Executed this ____ day of May, 2012 at Big Bear Lake, California,
4 |
5 |
6 | By: _____
7 |         Craig L. Boucher

Exhibit B

OPPOSITION TO WACHOVIA'S
MOTION TO ENFORCE SETTLEMENT

CASE NO. M:09-CV-2015-JF
PAGE 9

**Craig L. Boucher**
Attorney-at-Law
P.O. Box 120319
Big Bear Lake, CA 92315

Pick-a-Payment Exclusions
P.O. Box 2448
Faribault, MN 55021-9148

Arbogast & Berns, LLP
6303 Owensmouth Avenue, 10th Floor
Woodland Hills, CA 91367

Attention: Jeffrey Berns
         Lisa M. Smieja

The Buxner Law Firm
230 S. Berniston, Suite 500
St. Louis, MO 63105

Attention: Evan D. Buxner

March 16, 2011

Via: US mail, certified
Via: email to Berns, Smieja, and Buxner

Re: Borrowers Lansing and Lura Eberling
Loan number: 0047887070
World Savings and Loan

In Re: Wachovia Corp. "Pick-a-Payment" Mortgage Marketing and Sales Practices Litigation, Case No. M: 09-CV-2015

Please be advised that I represent the above-referenced borrowers, who appear to be members of Class C as described in the Agreement and Stipulation for Settlement, as it appears on the Settlement Administrator's website.

My clients have determined that it is in their best interest to be excluded from said Settlement and have authorized me to convey their wish to be excluded to you on their behalf.

If you have any questions, please do not hesitate to contact me.

Best Regards

*Craig L. Boucher*
Craig Boucher

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

SAINT LOUIS MO 63105

| | | |
|---|---|---|
| Postage | $ | $0.44 |
| Certified Fee | | $2.80 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $3.24 |

Postmark Here  03/16/2011

Sent To: The Buxner Law Firm
Street, Apt. No.; or PO Box No.: 230 S. Bemiston #500
City, State, ZIP+4: St Louis, MO 63105

PS Form 3800, August 2006    See Reverse for Instructions

7010 0780 0002 3809 9734

USPS.com® - Track & Confirm                                    https://tools.usps.com/go/TrackConfirmAction.action

English    Customer Service    USPS Mobile

# USPS.COM

Quick Tools            Ship a Package        Send Mail        Manage Your Mail

## Track & Confirm

**You entered:** 70100780000238099734

**Status: Delivered**
Your item was delivered at 12:07 pm on March 23, 2011 in SAINT LOUIS, MO 63105. Additional information for this item is stored in files offline.

You may request that the additional information be retrieved from the archives, and that we send you an e-mail when this retrieval is complete. Requests to retrieve additional information are generally processed within four hours. This information will remain online for 30 days.

☐ I would like to receive notification on this request

[ Restore ]

### Find Another Item
What's your label (or receipt) number?

[ Find ]

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

Copyright© 2012 USPS. All Rights Reserved.

1 of 1                                                              4/29/2012 9:46 AM

PROOF OF SERVICE

State of California, County of Orange:

I am employed in the county and state aforesaid. I am over the age of 18 and not a party to the within action. My business address is 220 Newport Center Drive, Ste 11285, Newport Beach, California 92660.

On May 10, 2012, I served the foregoing document described as:

OPPOSITION TO WACHOVIA'S MOTION TO ENFORCE THE CLASS SETTLEMENT AGREEMENT AGAINST THE EBERLINGS

COUNSEL FOR DEFENDANTS
Jack Nelson, Esq., jnelson@reedsmith.com
David J. De Jesus, Esq., ddejuses@reedsmith.com
Alicia Adornato, Attorney at Law, aadornato@reedsmith.com
Reed Smith LLP
101 Second Street, Ste 1800
San Francisco, California 94105
Jeremy E. Shulman, Esq. jshulman@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP
199 S. Los Robles Avenue, Suite 600 Pasadena, California 91101-2459 Tel: (626) 535-1900; Fax: (626) 577-7764

[ X ]     **BY ELECTRONIC MAIL**. I caused the above document to be electronically mailed through the ECF system of the United States District Court. Executed on May 10, 2012, at Newport Beach California.

[**X**]     **FEDERAL**. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of United States and the State of California that the above is true and correct.

/S/ Larry Rothman
_____
Larry Rothman