Jack R. Nelson (SBN 111863)
Email: jnelson@reedsmith.com
David J. De Jesus (SBN 197914)
Email: ddejesus@reedsmith.com
Alicia A. Adornato (SBN 254228)
Email: aadornato@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone:    +1 415 543 8700
Facsimile:    +1 415 391 8269

T. Thomas Cottingham, III (*admitted pro hac vice*)
tcottingham@winston.com
Stacie C. Knight (*admitted pro hac vice*)
sknight@winston.com
WINSTON & STRAWN LLP
214 North Tryon Street
Charlotte, NC 28202-1078
Telephone:    +1 704 350 7700
Facsimile:    +1 704 350 7800

Attorneys for Defendant Wachovia Mortgage,
FSB, formerly known as World Savings Bank,
FSB, now known as Wachovia Mortgage, a
division of Wells Fargo Bank, N.A. ("Wachovia")

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION,<br><br>This document relates to:<br><br>*ALL CASES* | Case No. M:09-cv-2015-JF<br><br>**REPLY IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Honorable Jeremy Fogel |

1  Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB, now known as
2  Wachovia Mortgage, a division of Wells Fargo Bank, N.A. ("Wachovia" or "Defendant") hereby
3  submit this Reply in support of Defendants' Motion to Enforce the *In re Wachovia Corp. "Pick-A-*
4  *Payment" Mortgage Marketing and Sales Practices Litigation* Settlement Agreement (the
5  "Settlement Agreement") against settlement class member Jerry Putz, plaintiff in *Putz v. World*
6  *Savings, Inc.,et al.,* Case No. 5:11-cv-05677-LHK (N.D. Cal.) (the "*Putz* Action").

## I. Introduction

Plaintiff's belatedly filed opposition fails to provide any evidence why his failure to opt-out of the class action should now be considered, over a year past the opt-out deadline. As this Court is aware, it has been over a year since notice was sent and the opt-out deadline.

In his opposition, Plaintiff does not and cannot show that he should be excluded from the Settlement Class C. The only evidence submitted is Plaintiff's own self-serving declaration, claiming that he did not receive, or alternatively, did not understand the notice regarding the Class Action. As more fully discussed below, Wachovia's Motion to Enforce the Settlement Agreement ("Motion to Enforce") should be granted in all respects.

## II. Plaintiff's Opposition Cannot Establish "Excusable Neglect" For This Court To Allow Plaintiff To Opt-Out Over A Year Past The Deadline.

Plaintiff admits his "failure to 'opt out' by the deadline established . . . ." See Opposition, 5:24. The declaration of Amy Lake confirms the basis for the Motion to Enforce; that "[o]n January 28, 2011, the Court-approved Notices were mailed via first class mail . . . including Jerry Putz . . . . The Notice that was mailed to Jerry Putz was never returned to Rust Consulting as undeliverable." (May 1, 2012 Lake Dec. ¶6-7 [Docket No. 327].) It is axiomatic that absent a showing of excusable neglect, parties to a class action settlement are required to act in accordance with the notice of

1  settlement for exclusion. See *In re Prudential Secs. Ltd. Pshps. Litig.*, 164 F.R.D. 362, 368-369
2  (S.D.N.Y. 1996).

### A. Plaintiff's Authorities Are Distinguishable And Support Defendant's Position.

Plaintiff's cited authority, *Augst-Johnson, et al., v. Morgan Stanley & Co., Inc.,* 247 F.R.D. 25, 26 (2008) involves a belatedly mailed opt-out notice after the class member received notice of the class action in September 2007, past the opt-out deadline. This case is distinguishable on several grounds: (1) the notice was sent to the wrong address, (2) when the plaintiff received notice, the opt-out deadline had passed, (3) the plaintiff immediately contacted class action counsel and mailed in her opt-out response, and (4) her opt-out response was sent about two months after the deadline. *Id.* The Court states "[h]er claim that she misunderstood the plain language of the notice requiring written notice to opt-out us unpersuasive, but in any event be insufficient alone to have excused a wholesale failure to opt-out in writing." *Id.*

Here, notice was timely sent to the correct address and received by Plaintiff. Plaintiff even cashed his check. (May 1, 2012 Lake Dec. ¶9-10 [Docket No. 327].) Plaintiff fails to provide when he attempted to contact class action counsel and, for the first time in his opposition, claims he now wants to opt-out of the class action settlement. Pursuant to *Augst-Johnson*, Plaintiff's claimed misunderstanding of the notice is insufficient to excuse a wholesale failure to opt-out in writing. *Id.*

Plaintiff's other cases deal with a belatedly filed opposition to a motion to dismiss and a belatedly filed proof of claim in a bankruptcy case and are distinguishable. *See Briones v. Riviera Hotel & CA-SINO,* 116 F.3d 379 (1996); *Pioneer Inv. Services Co., v. Brunswick Asso. Ltd. Partnership et al.,* 507 U.S. 380 (1993). In *Briones,* the court excused plaintiff's belatedly filed opposition due to a language barrier between plaintiff and his counsel. *Briones,* 116 F.3d at 382 (1996). In *Pioneer,* the court held excusable neglect and allowed the tardy claim, holding that the "lack of prejudice to the debtor or to the interests of efficient judicial administration, combined with

the good faith of respondents and their counsel, weigh strongly in favor . . . ." *Pioneer,* 507 U.S. at 398 (1993).

Both cases are inapplicable to the instant action. First, there was no language barrier between plaintiff and his counsel. Second, Plaintiff's claim to opt-out would prejudice other class members and hinder efficient judicial administration. Good faith is not evident as Plaintiff received and accepted the settlement, and thereafter filed the *Putz* Action, alleging most of the same claims as those resolved in the class action. As such, Plaintiff's cases do not support his position, but in fact supports Defendant's position that Plaintiff failed to establish excusable neglect to allow an opt-out over a year after the deadline.

### B. **Plaintiff Failed To Establish "Excusable Neglect."**

Pursuant to Plaintiff's cited authority, he has failed to establish "excusable neglect." "Excusable neglect" is an equitable determination, considering factors such as "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer,* 507 U.S. at 395 (1993).

Here, Plaintiff's delay of over a year to opt-out of the class action settlement after he accepted the settlement payment is not in good faith. He claims his reason for delay was misunderstanding the notice, but that alone is insufficient for excusable neglect. *See Augst-Johnson*, 247 F.R.D. 25, 26 (2008). As briefly discussed above, the danger of prejudice to class members, the impact on judicial proceedings (i.e., relitigating claims already resolved) and length of Plaintiff's delay all provide Plaintiff's lack of excusable neglect. Accordingly, Defendant Wachovia requests that the motion to enforce is granted and Plaintiff's request to opt-out of the class action settlement be denied.

1    For the reasons discussed above, the opposition cannot overcome evidence that Rust
2 Consulting did not receive any opt-out request from Plaintiff.

### III. Plaintiff's Claims Are Barred By the Settlement Agreement.

Plaintiff's claims are barred by the Settlement Agreement. Plaintiff offers no discussion refuting the fact that most of his claims are barred by the Settlement Agreement. The lack of opposition on this point should be construed as an agreement with the positions asserted in Wachovia's moving papers. Plaintiff participated in the Settlement and cannot continue to prosecute duplicative claims. Moreover, Plaintiff's documentary evidence should be disregarded as they were not properly authenticated.

Wachovia is requesting the Court to bar Plaintiff's claims to the extent they are covered by the Settlement Agreement.

### IV.   Conclusion

For reasons discussed above and in the moving papers, Wachovia requests that this Court enter an order enjoining Plaintiff from further prosecuting claims barred by the Release and requiring them to withdraw or dismiss those claims in the pending *Putz* Action.

DATED:  May 29, 2012          REED SMITH LLP

**s/ Jack R. Nelson**
Jack R. Nelson (SBN 111863)
David De Jesus (SBN 173263)
Alicia A. Adornato (SBN 254228)

Case No.: M:09-cv-2015JF          - 5 -
REPLY IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT

|  |  |
|---|---|
| 1 |  |
| 2 | WINSTON & STRAWN LLP |
| 3 |  |
| 4 | **s/ T. Thomas Cottingham, III** |
|   | T. Thomas Cottingham* |
| 5 | Stacie C. Knight* |
| 6 | *Admitted *pro hac vice* |
| 7 |  |
|   | Attorneys for Defendants |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware