| | |
|---|---|
| 1 | Jack R. Nelson (SBN 111863) |
| | jnelson@reedsmith.com |
| 2 | David De Jesus (SBN 173263) |
| | ddejesus@reedsmith.com |
| 3 | Alicia A. Adornato (SBN 254228) |
| | aadornato@reedsmith.com |
| 4 | REED SMITH LLP |
| | 101 Second Street, Suite 1800 |
| 5 | San Francisco, CA 94105 |
| | Telephone: +1 415 543 8700 |
| 6 | Facsimile: +1 415 391 8269 |
| 7 | T. Thomas Cottingham, III *(admitted pro hac vice)* |
| | tcottingham@winston.com |
| 8 | Stacie C. Knight *(admitted pro hac vice)* |
| | sknight@winston.com |
| 9 | WINSTON & STRAWN LLP |
| | 100 North Tryon Street, Suite 2900 |
| 10 | Charlotte, NC 28202-1078 |
| | Telephone: +1 704 350 7700 |
| 11 | Facsimile: +1 704 350 7800 |
| 12 | Attorneys for Defendants |
| | WACHOVIA MORTGAGE, FSB, WACHOVIA |
| 13 | BANK, FSB, AND GOLDEN WEST |
| | FINANCIAL CORPORATION |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION<br><br>This document relates to:<br><br><br>*ALL CASES* | Case No. M:09-cv-2015-JF<br><br>**MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Honorable Jeremy Fogel |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT the Defendants hereby move to enforce the Agreement and Stipulation of Settlement (the "Settlement Agreement") against settlement class member Albert Del Sasso, the defendant in a foreclosure proceeding pending in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled *Wachovia Mortgage, F.S.B. v. Albert Del Sasso, et al*., Case No. 2009-CA-04462AW (the "Foreclosure Action"). In support of this Motion, the Defendants state:

**I.     Background Facts and Procedural Posture of the Foreclosure Action**

On September 1, 2006, Albert Del Sasso, a single man, executed and delivered a Pick-a-Payment Note and Purchase Money Mortgage in favor of World Savings Bank, FSB, subsequently known as Wachovia Mortgage, FSB and now known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A. ("WMFSB"). Mr. Del Sasso has not made a payment on his loan since October 2008. Accordingly, in February 2009, WMFSB filed a Complaint against Mr. Del Sasso and others in the state court where the subject property lies, seeking a foreclosure judgment.

In response to the foreclosure action, Mr. Del Sasso filed an Answer and Affirmative Defenses. *See* **Exhibit A**. In his Affirmative Defenses, Mr. Del Sasso alleges that WMFSB violated the Truth-in-Lending Act ("TILA") by, *inter alia,* making inaccurate and misleading disclosures regarding his Pick-a-Payment mortgage loan—including allegations that WMFSB did not accurately disclose his loan's finance charges, failed to clearly and accurately describe the loan's variable rate feature and potential for negative amortization, and failed to accurately disclose other features of the Pick-a-Payment mortgage. *See id*. at Second Affirmative Defense. Mr. Del Sasso also claims that WMFSB violated Florida's RICO laws, mortgage fraud laws, and committed fraud—based, in whole or in part, on his allegation of misleading and inaccurate Pick-a-Payment loan disclosures. *See id*. at Sixth Affirmative Defense (alleging fraudulent inducement based upon alleged misrepresentation in the TILA disclosure); Seventh Affirmative Defense (claiming equitable estoppel because Mr. Del Sasso allegedly relied upon his belief that the loan was in compliance with Federal and state laws).

The foreclosure action is presently scheduled for calendar call on June 22, 2012 and trial during the three-week docket commencing July 2, 2012. *See* **Exhibit B** (Order Setting Calendar Call for Non-Jury Trial and Directing Pretrial Procedures).

## II. The Class Action Settlement Agreement

On December 10, 2010, the parties executed the Settlement Agreement to fully resolve and compromise certain claims arising out of the origination of "Pick-a Payment" mortgage loans. *See* **Exhibit A** to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum of Points and Authorities in Support Thereof filed December 10, 2010 (Dkt. #112). Specifically, the Settlement Agreement releases and forever discharges:

> the Alleged Claims [as defined] and any and every actual or potential known or unknown claim, liability, right, demand, suit, matter, obligation, damage, loss or cost, action or cause of action, of every kind and description that the Releasing Party [including Mr. Del Sasso] has or may have…in the Lawsuit, the Related Actions, any other case consolidated in the Lawsuit, or in any other action or proceeding in this Court, or any other court, administrative venue, tribunal or arbitration or other forum, regardless of the type or amount of relief or damages claimed, against the Released Entities [as defined] arising out of the Alleged Claims, the origination of the Settlement Class Member's Pick-a-Payment mortgage loan, the manner in which the Defendants applied the Settlement Class Member's payments to principal and interest, negative amortization, the Pick-a-Payment mortgage loan's potential for negative amortization, the disclosure of the Pick-a-Payment mortgage loan's potential for negative amortization, and the disclosure of the manner in which payments would be applied to principal and interest.

Settlement Agreement at § V(A).

This Court finally approved the Settlement Agreement as fair and reasonable on May 17, 2011, and it became effective on September 1, 2011, when the Ninth Circuit Court of Appeals dismissed the final remaining appeal of the May 17, 2011 Final Approval Order and the mandate was docketed in this Court. (Dkt. #253). Pursuant to the terms of the Settlement Agreement, upon its Effective Date, all claims by Settlement Class Members who did not timely opt-out of the Settlement Class that fall within the scope of Section V(A) of the Settlement Agreement are forever barred and discharged. Further, pursuant to Section XIV of the Settlement Agreement, upon the Effective Date, every Settlement Class Member is "permanently barred and enjoined from initiating, asserting, and/or prosecuting any Alleged Claim(s) against any Released Entity in any court,

tribunal, forum, or proceeding."

**III. Mr. Del Sasso Has Refused to Withdraw the Affirmative Defenses That Are Barred by the Settlement Agreement.**

Because Mr. Del Sasso was in default on the subject "Pick-a-Payment" mortgage loan as of the Preliminary Approval Date, he is a member of Settlement Class C. Mr. Del Sasso did not opt out of the Settlement Class and falls within the definition of "borrower" as set forth in Section 1.1.7 of the Settlement Agreement. Indeed fact, Mr. Del Sasso cashed his settlement check. *See* **Exhibit C**.

Prior to filing this motion, counsel for WMFSB in the foreclosure action conferred with Mr. Del Sasso's counsel on these issues. Mr. Del Sasso's counsel claims that the Settlement Agreement does not bar affirmative defenses.

**IV. This Court Should Enjoin Mr. Del Sasso From Maintaining Affirmative Defenses That Are Covered By the Release.**

Pursuant to the express terms of the Settlement Agreement, upon its Effective Date, Settlement Class Members are forever barred from requesting relief for alleged wrongs that fall within the scope of the Release. Nonetheless, despite being a Settlement Class Member who is bound by the Release, Mr. Del Sasso has raised affirmative defenses in the foreclosure action that unequivocally fall within the scope of the Release. Specifically, Mr. Del Sasso alleges that his loan disclosures were inaccurate because of the loan's potential for negative amortization, thereby violating TILA and Florida's RICO laws. *See, e.g.*, **Exhibit A**, Second Affirmative Defense ("The APR disclosed to the OWNER was 6.953% when the proper disclosure would have been 11.904%."). Mr. Del Sasso also alleges that WMFSB "participat[ed] in ruinous competition for bad loans that were designed and sold with the intention of inducing innocent homeowners and homebuyers to borrow funds at exaggerated rates, unsuitable variable rates, and ***with negative terms***," and that WMFSB committed fraud by making misrepresentations in his TILA disclosure statement. *Id.*, Second, Fifth, and Sixth Affirmative Defenses (emphasis added). Finally, Mr. Del

Sasso alleges equitable estoppel based upon his claim that he believed his loan complied with federal and state laws. *Id.*, Seventh Affirmative Defense. There can be no doubt that the Release specifically bars these claims, all of which "arising out of the Alleged Claims, the origination of the Settlement Class Member's Pick-a-Payment mortgage loan, the manner in which the Defendants applied the Settlement Class Member's payments to principal and interest, negative amortization, the Pick-a-Payment mortgage loan's potential for negative amortization, the disclosure of the Pick-a-Payment mortgage loan's potential for negative amortization, and the disclosure of the manner in which payments would be applied to principal and interest." *See* Settlement Agreement at § V.

Moreover, the Release applies to affirmative defenses. *Cf. Haward v. America Online, Inc.,* 208 F.3d 741 (9th Cir. 2000) (holding that the plaintiffs "clearly fall within the Settlement Class . . . [They] have not presented any argument to the contrary; nor do they claim to have opted out of the Hagen settlement class . . . . Plaintiffs' attempt to repackage the claims asserted and settled in Hagen as predicate acts under RICO is therefore barred."); *Class Plaintiffs v. Seattle,* 955 F.2d 1268, 1287 (9th Cir. 1992) ("the weight of authority holds that a federal court may release not only those claims alleged in the complaint, but also a claim 'based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the class action.'").

Finally, Mr. Del Sasso did not timely opt out of the Settlement Class, and he accepted the benefits of the Settlement by cashing his settlement check—thereby barring any argument that he is not bound by the Release. *See Reppert v. Marvin Lumber and Cedar Co., Inc.,* 359 F.3d 53, 56 -57 (1st Cir. 2004) ("[a]fter ... appropriate notice is given, if the absent class members fail to opt out of the class action, such members will be bound by the court's actions, including settlement and judgment"). The All-Writs Act, 28 U.S.C. § 1651, empowers this Court to protect its jurisdiction in overseeing the administration of the Settlement Agreement by issuing an injunction to prevent interference with its May 17, 2011 Final Approval Order. *See e.g., Hanlon v. Chrysler Corp.,* 150 F.

3d 1011 (9th Cir. 1998); *In re The Prudential Ins. Co. of Am. Sales Practices Litig. (Lowe),* 261 F.3d 355, 365-66, 368 (3d Cir. 2001). Accordingly, WMFSB requests that this Court enter an order enjoining Mr. Del Sasso from further asserting any affirmative defenses that barred by the Release, and requiring him to withdraw or dismiss those affirmative defenses in the pending foreclosure action.

DATED: June 15, 2012

REED SMITH LLP

 **s/ Jack R. Nelson**
Jack R. Nelson (SBN 111863)
David De Jesus (SBN 173263)
Alicia A. Adornato (SBN 254228)

WINSTON & STRAWN LLP

 **s/ T. Thomas Cottingham, III**
T. Thomas Cottingham*
Stacie C. Knight*

*Admitted *pro hac vice*

*Attorneys for Defendants*

BERNS WEISS LLP

 **s/ Jeffrey K. Berns**
Jeffrey K. Berns

*Lead for Plaintiffs and the Settlement Class*

- 5 -
MOTION TO ENFORCE SETTLEMENT AGREEMENT