**BERNS WEISS LLP**
Jeffrey K. Berns (SBN 131351)
jberns@bernsweiss.com
20700 Ventura Blvd. Suite 140
Woodland Hills, CA 91364
Telephone: (818) 961-2000
Facsimile: (818) 999-1500

Lee A. Weiss (*pro hac vice* application forthcoming)
lweiss@bernsweiss.com
626 RXR Plaza
Uniondale, NY 11556
Telephone: (516) 222-2900
Facsimile: (818) 999-1500

*Attorneys for Plaintiffs and the Settlement Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION<br><br>_____<br><br>*This Document Relates to*:<br><br>ALL INCLUDED ACTIONS | **CASE NO. 5:09-MD-02015-JF**<br><br>**[*Assigned to the Hon. Jeremy Fogel*]**<br><br>**NOTICE OF APPLICATION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: 5th Fl. – Courtroom 3<br>Judge: Hon. Jeremy Fogel |

Settlement Class Members JENNIFER MURPHY; CHRISTINA ZAKO; PAUL MCDERMED; JULIE MCDERMED; JOHN BURKETT; DIANA BURKETT; THOMAS GEREMIA; LINDA GEREMIA; CHAN C. PHARN; JULIE A. YOUNG; DAVID W. YOUNG; MICHAEL LERNER; KATHY LERNER; OMAR F. BISHR; RUTH M. BISHR; JEFF CORY; JOSE CRUZ; JASON FISHER; CATHERINE MARSH; WALTER FALKOWSKI; MARY SLADE; GREG SLADE; JOSEPH MIDGETTE; NATHAN RANGER; SHERRI GOLDFINCH; and CARRIE ROSILLO (the "Unmodified Settlement Class Plaintiffs"), on behalf of themselves and all other similarly situated Settlement Class Members hereby request, pursuant to FRCP 65 and Civil Local Rules 7-10 and 65-1, that the Court issue a Temporary Restraining Order and an Order to Show Cause Regarding Preliminary Injunction.  This application seeks to enjoin Defendants WORLD SAVINGS, INC.; WORLD SAVINGS BANK, FSB; WACHOVIA MORTGAGE, FSB, NOW KNOWN AS WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.; WACHOVIA CORPORATION; GOLDEN WEST FINANCIAL CORPORATION; WACHOVIA BANK, FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB TX; WACHOVIA MORTGAGE CORPORATION; WELLS FARGO HOME MORTGAGE; and WELLS FARGO BANK, N.A., their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with Defendants ("Defendants") from foreclosing, selling, or attempting to sell through public sale or otherwise, any home that is included with Settlement Class B or Settlement Class C of the Agreement and Stipulation of Settlement of Class Action (the "Settlement Agreement"), where the Settlement Class  has applied for, but has not to date been given a loan modification pursuant to the Class Action Settlement Agreement in this action, until the Unmodified Settlement Class Plaintiffs' motion for a preliminary injunction can be heard.

The Unmodified Settlement Class Plaintiffs' counsel provided counsel for Defendants with a pre-filing draft of this Notice and Memorandum of Points and Authorities, along with a pre-filing draft of the complaint in the Settlement Breach Class Action (described below) on

Notice of Application and Application for TRO and OSC RE: Preliminary Injunction

Wednesday, December 5, 2012.  *See* Declaration of Jeffrey K. Berns ("Berns Decl.") at ¶21. Counsel for the Parties have had significant discussions concerning the issues raised herein, both before and after Plaintiffs' counsel provided Defendants with copies of the foregoing papers.  *Id.* at ¶22.

### NEED FOR TEMPORARY RESTRAINING ORDER

On December 10, 2010, after over a year of mediation, the Parties to this action executed an Agreement and Stipulation of Settlement of Class Action (the "Settlement Agreement") (Berns Decl., Ex. A).  The primary component of the Settlement Agreement was a new loan modification program known as "MAP2R."  The MAP2R modification was painstakingly designed by the Parties to provide Settlement Class Members in default, and those who would default in the next few years, with a modification program based upon objective, rather than subjective, criteria.

This Court granted final approval of the Settlement Agreement by Final Approval Order dated May 17, 2011.  The Settlement became effective on September 7, 2011.  By the express terms of both the Settlement Agreement and the Final Approval Order, this Court retained jurisdiction over enforcement of the Settlement Agreement, including matters concerning Settlement Class Members' eligibility for its loan modification relief.

As set forth in the complaint filed in the Settlement Breach Class Action (Berns Decl., Ex. B), and the evidence supporting this application, Defendants have, through willful failure to abide by the terms, and frustration of one of its primary purposes, breached the Settlement Agreement.  Thus, Settlement Class Members who are entitled to loan modifications are not obtaining them.  Instead, as a direct and proximate result of the material breaches set forth herein and in the accompanying Memorandum of Points and Authorities, Defendants from April 2011 to September 2012 completed only 1,746 MAP2R loan modifications for the 66,671 Settlement Class B and C members who applied (Berns Decl., ¶8), meaning that *over 97% of Class members who applied for a MAP2R loan modification did not receive one* as a result of Defendants' material breaches of the Settlement Agreement as set forth below.

As a result of Defendants' failure to fulfill their obligations, many Settlement Class Members who were entitled to loan modifications but did not receive them due to Defendants' breaches of the Settlement Agreement, have lost their homes through foreclosure or forced short sales, are currently in foreclosure, or have been forced to take desperate financial action with severe long-term consequences to avoid foreclosure.  To insure that the Settlement Class Members obtain the relief in exchange for which they released their claims against Defendants, the Preliminary Injunction application seeks an order from this Court setting out a procedure (either agreed upon by the parties and approved by the Court or ordered by the Court if the Parties cannot agree) whereby Lead Class Counsel, Jeffrey K. Berns, or others acting under his supervision ("Lead Class Counsel") may evaluate all loan modification denials for Settlement Class Members.  Thus, immediate relief is necessary to prevent Settlement Class Members who were improperly denied modifications, but currently are in their homes, from losing their homes (or being required to take extreme measures to protect their homes from foreclosure) before this Court determines the appropriate procedure to evaluate Defendants' loan modification denials.

## GROUNDS FOR APPLICATION

This application is made on the grounds that Plaintiffs meet the requirements for a temporary restraining order because they have demonstrated: (1) a combination of probable success on the merits and the possibility of irreparable injury if relief is not granted, or (2) the existence of serious questions governing the merits and a balance of hardships tips sharply in Plaintiffs' favor.  *International Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993).

There is no doubt that Settlement Class Members who do not receive the loan modifications to which they are entitled will suffer irreparable injury.  Absent preliminary relief, the Unmodified Settlement Class Plaintiffs will be denied the ability to enforce their rights pursuant to the Settlement Agreement, and to seek remedies to prevent improper foreclosures based on Defendants' wrongful modification denials.  Moreover, Defendants' continued foreclosures will cause Plaintiffs and Class members to continue to be wrongfully ejected from

3

their homes.  *Wrobel v. S.L. Pope & Associates*, 2007 WL 2345036, at *1 (S.D. Cal. Aug. 15, 2007) ("[l]osing one's home through foreclosure is an irreparable injury.").

Moreover, the balance of hardships overwhelmingly favors Settlement Class Members, who are threatened with the imminent and permanent loss of their homes directly resulting from Defendants' wrongful denials.  On the other hand, Defendants face only temporary disruption by awaiting resolution of Plaintiffs' and the Settlement Class Members' claims and will continue to maintain their security interest in the homes.  As such, the balance of hardships tips sharply in favor of Plaintiffs and the Settlement Class Members.  Similarly, the public interest would be best served by granting the requested injunction.

A temporary restraining order will serve many public interests, including the two-fold interests in preserving home-ownership pending the resolution of potentially meritorious claims that may block or obviate the foreclosure and in preventing the adverse effects of home foreclosures on the surrounding communities.  *See Tamburri v. Suntrust Mortg., Inc.*, 2011 WL 2654093, at *5 (N.D. Cal. July 6, 2011) ("Numerous courts have indicated that it is in the public interest to allow homeowners an opportunity to pursue what appear to be valid claims before being displaced from their homes.") (citations omitted); *Sharma v. Provident Funding Assoc's, LP*, 2010 WL 143473, at *2 (N.D. Cal. Jan. 8, 2010) ("Lastly, the adverse impact foreclosures have on households and communities, as well as the societal benefits of home ownership, demonstrate the strong public interest in preventing unlawful foreclosures.").

Finally, Plaintiffs have a strong likelihood of success on the merits of their contract claims in light of their evidence showing that Defendants breached the express terms of the Settlement Agreement and caused damage to the Unmodified Settlement Class Plaintiffs by denying them the loan modifications to which they were entitled under the Settlement Agreement based on improper determinations of long-term and financial hardship, improper assessments of imminent default, and improper applications of the Net Present Value. Additionally, in view of their evidence that, in the process of wrongfully denying loan modification applications, Defendants also have made numerous misstatements to the

4

Unmodified Settlement Class Plaintiffs concerning the relevant factors for MAP2R

modifications, repeatedly asked Unmodified Settlement Class Plaintiffs for multiple copies of the

same documents, failed to respond to inquiries from Unmodified Settlement Class Plaintiffs on a

timely basis or at all, and failed to provide Class Counsel with sufficient written explanations for

the MAP2R denials, Plaintiffs are likely to succeed on their claim that Defendants violated the

implied covenant of good faith and fair dealing in the Settlement Agreement by frustrating

Settlement Class Members attempts to obtain loan modifications.

## RELIEF SOUGHT

The Unmodified Settlement Class Plaintiffs respectfully request that this Court grant this

*ex parte* motion as follows:

1.  The Court should issue an immediate temporary restraining order , pending a hearing

    on the request for a preliminary injunction, enjoining Defendants from foreclosing,

    selling, or attempting to sell through public sale or otherwise, any home that is

    included with Settlement Class B or Settlement Class C of the Agreement and

    Stipulation of Settlement of Class Action (the "Settlement Agreement"), where the

    Settlement Class  member has applied for, but has not to date been given a loan

    modification pursuant to the Settlement Agreement.

2.  The Court should issue an order to show cause why a preliminary injunction should

    not issue to enjoin Defendants from foreclosing, selling, or attempting to sell through

    public sale or otherwise, any home that is included with Settlement Class B or

    Settlement Class C of the Agreement and Stipulation of Settlement of Class Action

    (the "Settlement Agreement"), where the Settlement Class  Member has applied for,

    but has not to date been given a loan modification pursuant to the Settlement

    Agreement, until Lead Class Counsel has had the opportunity to review the loan

    modification denial pursuant to a procedure that is either a) agreed upon by the

    Parties and approved by the Court; or b) ordered by the Court if the Parties cannot

    agree.

5

Notice of Application and Application for TRO and OSC RE: Preliminary Injunction

**THIS COURT SHOULD DISPENSE WITH A BOND REQUIREMENT**

Because Defendants' costs and/or damages, if any, would be nominal, Plaintiffs request that this Court exercise its discretion pursuant to Fed. R. Civ. P. 65(c) and dispense with a bond requirement.

A district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct. *See Barahona–Gomez v. Reno,* 167 F.3d 1228, 1237 (9th Cir.1999) (citing *Doctor's Assoc., Inc. v. Stuart,* 85 F.3d 975, 985 (2d Cir.1996)). Rule 65(c) invests the district court "with discretion as to the amount of security required, *if any.*" *Barahona–Gomez,* 167 F.3d at 1237 (emphasis added); *see also Rivera v. BAC Home Loans Servicing, L.P.*, 2010 WL 2280044, at *2 (N.D. Cal. June 7, 2010) (refusing to impose a security bond since "defendants face no realistic likelihood of harm from temporary restraint of the foreclosure proceedings."). A bond amount may be zero if there is no evidence the party will suffer damages from the injunction. *See Gorbach v. Reno,* 219 F.3d 1087, 1092 (9th Cir. 2000) cited in *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003).

Here, this Court should dispense with a bond requirement because Defendants face no likelihood of any harm if enjoined from foreclosing on Unmodified Settlement Class Member loans pending the opportunity of Class Counsel to review modification applications to ensure compliance with the provisions of the Settlement Agreement, and, due to Defendants' wrongful acts, Plaintiffs do not have resources sufficient to post a bond. If this Court should require a bond, Plaintiffs request that only a nominal bond should be required.

**SUPPORTING DOCUMENTS**

This motion is based on this *Ex Parte* Application and the following documents:

1. Memorandum of Points and Authorities in Support of Plaintiffs' *Ex Parte* Request for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction;

2. [Proposed] Order Granting Plaintiffs' Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction;

Notice of Application and Application for TRO and OSC RE: Preliminary Injunction

3.  Declaration of Richard D'Alessio in Support of Plaintiffs' *Ex Parte* Application For A Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction;

4.  Declaration of Cynthia Biggs in Support of Plaintiffs' *Ex Parte* Application For A Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction;

5.  Declaration of Nathan Ranger in Support of Plaintiffs' *Ex Parte* Application For A Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction;

6.  Declaration of John Burkett in Support of Plaintiffs' *Ex Parte* Application For A Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction;

7.  Declaration of Sherri Goldfinch in Support of Plaintiffs' *Ex Parte* Application For A Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction;

8.  Declaration of Jennifer Murphy in Support of Plaintiffs' *Ex Parte* Application For A Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction;

9.  Declaration of Carrie Rosillo in Support of Plaintiffs' *Ex Parte* Application For A Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction;

10. Declaration of Joseph Midgette in Support of Plaintiffs' *Ex Parte* Application For A Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction;

11. Declaration of Mary Slade in Support of Plaintiffs' *Ex Parte* Application For A Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction;

12. Declaration of Jason Fisher in Support of Plaintiffs' *Ex Parte* Application For A Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction;

13. Declaration of Jose Cruz in Support of Plaintiffs' *Ex Parte* Application For A Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction;

14. Declaration of Jeff Cory in Support of Plaintiffs' *Ex Parte* Application For A Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction;

15. Declaration of Omar F. Bishr in Support of Plaintiffs' *Ex Parte* Application For A Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction;

16. Declaration of David W. Young in Support of Plaintiffs' *Ex Parte* Application For A

7

Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction;

17. Declaration of Julie McDermed in Support of Plaintiffs' *Ex Parte* Application For A Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction;

18. Declaration of Thomas Geremia in Support of Plaintiffs' *Ex Parte* Application for A Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction;

19. Declaration of Catherine Marsh in Support of Plaintiffs' *Ex Parte* Application For A Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction;

20. Declaration of Christina Zako in Support of Plaintiffs' *Ex Parte* Application for A Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction;

21. Declaration of Chan C. Pharn in Support of Plaintiffs' *Ex Parte* Application For A Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction;

22. Declaration of Michael Lerner in Support of Plaintiffs' *Ex Parte* Application For A Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction;

23. Declaration of Jeffrey K. Berns in Support of Plaintiffs' *Ex Parte* Application For A Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction;

24. Class Action Complaint in action captioned *Jennifer Murphy, et al. v. Wells Fargo Home Mortgage, et al.* (N.D. Cal.).

DATED:  December 7, 2012                    **BERNS WEISS LLP**


By:  ___/s/ Jeffrey K. Berns_____
Jeffrey K. Berns (SBN 131351)
jberns@law111.com
20700 Ventura Blvd., Suite 140
Woodland Hills, CA 91364
Telephone: (818) 961-2000
Facsimile: (818) 999-1500

—and—

Lee A. Weiss
lweiss@bernsweiss.com
626 RXR Plaza

Notice of Application and Application for TRO and OSC RE: Preliminary Injunction

Uniondale, NY 11556
Telephone: (818) 961-2000
Facsimile: (818) 999-1500

*Attorneys for Plaintiffs and the Settlement Class*

Notice of Application and Application for TRO and OSC RE: Preliminary Injunction