**BERNS WEISS LLP**
Jeffrey K. Berns (SBN 131351)
jberns@bernsweiss.com
20700 Ventura Blvd. Suite 140
Woodland Hills, CA 91364
Telephone: (818) 961-2000
Facsimile: (818) 999-1500

Lee A. Weiss (*pro hac vice* application forthcoming)
lweiss@bernsweiss.com
626 RXR Plaza
Uniondale, NY 11556
Telephone: (516) 222-2900
Facsimile: (818) 999-1500

*Attorneys for Plaintiffs and the Settlement Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION | Case NO.: 5:09-MD-02015-JF<br><br>[*Assigned to the Hon. Jeremy Fogel*]<br><br>CLASS ACTION<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12** |
| *This Document Relates to*:<br><br>ALL INCLUDED ACTIONS | Complaint Filed:   August 30, 2007 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Civil L.R. 3-12 and 7-11, Plaintiffs of the below-described action, JENNIFER MURPHY; RICHARD D'ALESSIO; CHAN C. PHARN; CHRISTINA ZAKO; PAUL MCDERMED; JULIE MCDERMED; THOMAS GEREMIA; LINDA GEREMIA; JULIE A. YOUNG; DAVID W. YOUNG; MICHAEL LERNER; KATHY LERNER; OMAR F. BISHR; RUTH M. BISHR; JEFF CORY; JOSE CRUZ; CYNTHIA BIGGS; GEORGE BIGGS; JASON FISHER; CATHERINE MARSH; WALTER FALKOWSKI; MARY SLADE; GREG SLADE; JOSEPH MIDGETTE; NATHAN RANGER; SHERRI GOLDFINCH; CARRIE ROSILLO; JOHN BURKETT; DIANA BURKETT; CARLTON HINKLE; AND KATHERYN HINKLE, individually and on behalf of all others similarly situated, (collectively "*Murphy* Plaintiffs") submit this administrative motion to consider whether the case described below is related to the above-captioned case:

> *Murphy, et al v. Wells Fargo Home Mortgage, et al*, Case No. _____ (N.D. Cal.) filed on or about December 7, 2012. ("*Murphy* Action").

## I. RELEVANT FACTUAL BACKGROUND

In *In re: Wachovia Corp. "Pick-a-Payment" Mortgage Marketing and Sales Practices Litigation* ("Wachovia Class Action"), Case No. 5:09-MD-02015-JF, plaintiffs brought a class action lawsuit against defendants alleging violations of the federal Truth-in-Lending Act, state unfair competition laws, state unfair and deceptive trade practices statutes, and state consumer protection laws; breach of contract; fraudulent misrepresentations or omissions; and breach of the implied duty of good faith and fair dealing in connection with the plaintiffs' Pick-a-Payment mortgage loans by failing to adequately disclose the loans' potential for negative amortization, providing Borrowers with inaccurate payment schedules, failing to disclose the interest rates on which those payment schedules were based, and failing to disclose the terms of the Parties'

1

legal obligations. *See* Agreement and Stipulation of Settlement of Class Action ("Settlement Agreement"), filed on December 10, 2010, Doc. 112, ¶1.6.

On May 17, 2011, this Court entered its Final Approval Order (Doc. 207) giving final approval to the Settlement Agreement, which became effective on September 7, 2011. The Settlement Agreement was entered between the class representatives in the Wachovia Class Action and Defendants, World Savings, Inc.; World Savings Bank, FSB; Wachovia Mortgage, FSB, now known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A.; Wachovia Corporation; Golden West Financial Corporation; Wachovia Bank, FSB, formerly known as World Savings Bank, FSB-TX; Wachovia Mortgage Corporation; Wells Fargo Home Mortgage; and Wells Fargo Bank, N.A. ("Defendants"). *See* Settlement Agreement, at 11, ¶1.19.

On December 7, 2012, the *Murphy* Plaintiffs, who are members of the class in the Wachovia Class Action, brought the *Murphy* Action against Defendants, the same defendants under the Settlement Agreement in the Wachovia Class Action, for their willful failure to abide by the terms of the Settlement Agreement. *See Murphy* Action, Complaint, ¶1. The Plaintiffs allege claims for breach of the implied covenant of good faith and fair dealing, violation of California's Unfair Competition Law (Cal. Bus. And Prof. Code §§ 17200 *et seq.*) ("UCL"), and for relief under the All Writs Act (28 U.S.C. § 1651) and pursuant to the Court's equitable powers, all concerning Defendants' failure to properly modify the *Murphy* Plaintiffs' mortgage loans pursuant to the Settlement Agreement. *See Murphy* Action, Complaint, ¶1.

## II.  LEGAL STANDARD

Pursuant to Civil Local Rule 3-12(a), cases are related when (1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

## III.  THE ACTIONS CONCERN SUBSTANTIALLY THE SAME PARTIES, PROPERTY, TRANSACTION OR EVENT

Here, the first requirement is met. Both actions involve the same parties. The *Murphy* Plaintiffs are class members of the Wachovia Class Action; Defendants in the *Murphy* Action are the same defendants and parties to the Settlement Agreement in the Wachovia Class Action.

Additionally, both the Wachovia Class Action and the *Murphy* Action concern the Pick-a-Payment mortgages purchased from Defendants. In the Wachovia Class Action, plaintiffs alleged that Defendants sold Pick-a-Payment mortgages in violation of state and federal laws, and entered into a settlement of those claims. In the *Murphy* Action, plaintiffs allege that Defendants failed to properly qualify them for loan modifications of those same mortgages pursuant to the Wachovia Settlement Agreement.

Furthermore, Defendants apparently believe that the actions should be related. On December 7, 2012, Plaintiffs requested Defendants to stipulate to relate the *Murphy* Action with the Wachovia Class Action. Although Defendants have refused to stipulate to relate the cases, they secretly and preemptively filed a Motion to Enforce Settlement against the *Murphy* Plaintiffs even before the *Murphy* Action was filed. See Declaration of Jeffrey K. Berns in support of Plaintiffs' Administrative Motion to Consider Whether Cases Should Be Related, ¶¶ 2-3. By filing their Motion to Enforce Settlement, Defendants apparently agree that the issues raised in the *Murphy* Action are related to the Wachovia Class Action.

## IV. THERE WILL BE AN UNDULY BURDENSOME DUPLICATION OF LABOR AND EXPENSE IF THE CASES ARE CONDUCTED BEFORE A DIFFERENT JUDGE

Here, the duplication of labor and expense associated with conducting the *Murphy* Action before a different judge mitigates in favor of finding the cases to be related.

The Wachovia Class Action is a complex multidistrict litigation that lasted nearly four years before the parties reached a settlement, and that included a class comprising of hundreds of thousands of members. This Court is intimately familiar with the factual and legal issues concerning the case and the settlement, having held a hearing for approval of the settlement on April 29, 2011, and having finally approved the Settlement Agreement on May 17, 2011.

A different judge presiding over this new action would be required to familiarize himself or herself with the Wachovia Class Action, and the terms of the Settlement Agreement, including the Defendants' obligation to perform loan modification analysis for each loan modification applicant, in order to understand the *Murphy* Plaintiffs' claims.

## V.     CONCLUSION

WHEREFORE, for all of the foregoing reasons, the *Murphy* Plaintiffs request that this Court determine that the *In re: Wachovia Corp. "Pick-a-Payment" Mortgage Marketing and Sales Practices Litigation* and *Murphy v. Wells Fargo Home Mortgage* cases are related.

Dated:      12/07/2012                              **BERNS WEISS LLP**

By: */s/ Jeffrey K. Berns*
Jeffrey K. Berns (SBN 131351)
jberns@bernsweiss.com
20700 Ventura Blvd. Suite 140
Woodland Hills, CA 91364
Telephone: (818) 961-2000
Facsimile: (818) 999-1500

Lee A. Weiss (*pro hac vice* application forthcoming)
lweiss@bernsweiss.com
626 RXR Plaza
Uniondale, NY 11556
Telephone: (516) 222-2900
Facsimile: (818) 999-1500

*Attorneys for Plaintiffs and the Settlement Class*