Amanda L. Groves (SBN: 187216)
agroves@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5802
Telephone:     (415) 591-1000
Facsimile:      (415) 591-1400

T. Thomas Cottingham, III *(admitted pro hac vice)*
tcottingham@winston.com
Stacie C. Knight *(admitted pro hac vice)*
sknight@winston.com
WINSTON & STRAWN LLP
100 North Tryon Street, Suite 2900
Charlotte, NC 28202-1078
Telephone:     +1 704 350 7700
Facsimile:      +1 704 350 7800

Mark T. Flewelling (SBN: 96465)
mflewelling@afrct.com
Yaw-Jiun (Gene) Wu (SBN: 228240)
gwu@afrct.com
Leigh O. Curran (SBN: 173322)
lcurran@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL, AND TRYTTEN
199 So. Los Robles Ave., #600
Pasadena, CA  91101
Telephone:     +1 626 535 1900
Facsimile:      +1 626 577 7764

Attorneys for Defendants WACHOVIA
MORTGAGE, FSB, WACHOVIA BANK, FSB,
AND GOLDEN WEST FINANCIAL
CORPORATION

WINSTON & STRAWN, LLP
A LIMITED LIABILITY PARTNERSHIP

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION<br><br>This document relates to:<br><br><br><br>*ALL CASES* | Case No. 5:09-md-2015-JF<br><br>**ADMINISTRATIVE MOTION RE: BRIEFING AND HEARING ON PLAINTIFFS' EX PARTE REQUEST FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; DECLARATION OF T. THOMAS COTTINGHAM, III**<br><br>Judge:  Hon. Jeremy Fogel |

TO THE COURT, TO ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

Pursuant to N.D. Civ. L.R. 7-11 and 79-5, Defendants hereby move this Court to issue certain orders regarding the briefing and hearing scheduling on Plaintiffs' *ex parte* request for a temporary restraining order and order to show cause re: preliminary injunction ("TRO Request").

On December 7, 2012, Plaintiff filed their TRO Request. (Doc. #365-1). This Court ordered Defendants to file their opposition papers by December 12, 2012. No date has been set for a hearing on the TRO Request.

Because of the complexity of the factual and legal issues raised by the TRO Request, Defendants request the following orders:

1.   That the hearing be scheduled for a date convenient to the Court's calendar after January 2, 2013.

2.   That Defendants be permitted to file a Supplemental Declaration of Michael Dolan. A copy of the proposed Supplemental Declaration is attached hereto as Exhibit A. Defendants request that this Supplemental Declaration be deemed filed as of the entry of an order granting this motion.

3.   That Defendants be permitted to file Evidentiary Objections to the declarations and exhibits submitted by Plaintiffs. A copy of the Evidentiary Objections is attached hereto as Exhibit B. Defendants request that the Evidentiary Objections be deemed filed as of the entry of an order granting this motion.

Good cause exists to set the hearing date and briefing schedule and to modify the Local Rules' requirements for submission of and objections to evidence.

The TRO Request arises out of the settlement of a nationwide class action. Plaintiffs, by their TRO Request, seek an extremely broad injunction that would prohibit Defendants from foreclosing, selling, or attempting to sell properties securing loans of certain Class Members. (Doe. #365-1 at 35:7-12).

The requested briefing schedule would allow the parties time to address the complex factual and legal issues in a meaningful way. The consequences of the Court's ruling on the TRO Request are significant. If Plaintiffs' request is granted, the injunction will impose a major

WINSTON & STRAWN, LLP
A LIMITED LIABILITY PARTNERSHIP

ADMINISTRATIVE MOTION RE: BRIEFING AND HEARING ON REQ. FOR TRO/OSC RE: PRELIM. INJ.

1  disruption of the bank's business operations, specifically, its enforcement of its loan agreements

2  and recoupment of losses.  The seriousness of the issues warrants the requested briefing

3  schedule, as well as the proposed modification of the court's restrictions on submitting

4  objections and supplemental evidence.

5       Plaintiffs will not be prejudiced by a January 2013 hearing date.  The bank is voluntarily

6  putting in place a moratorium on all foreclosure sales in all states but Georgia and Texas from

7  December 19, 2012 to January 2, 2013.

8       Defendants sought, but were unable to obtain, a stipulation of Plaintiffs to the relief

9  sought in this motion.  Cottingham Dec., ¶ 2-3.

10  Dated:  December 14, 2012      Respectfully Submitted,
     WINSTON & STRAWN LLP

11

12       By: __/s/ T. Thomas Cottingham, III_____

13       T. Thomas Cottingham, III *(admitted pro hac vice)*
     Stacie C. Knight *(admitted pro hac vice)*
     100 North Tryon Street, Suite 2900

14       Charlotte,  NC 28202-1078
     Telephone: (704)350-7700

15       Facsimile: (704)350 7800

16       Amanda L. Groves (SBN: 187216)
     101 California Street

17       San Francisco,  CA  94111-5802
     Telephone:(415) 591-1000

18       Facsimile:  (415) 591-1400

19       AND
     ANGLIN, FLEWELLING, RASMUSSEN

20       CAMPBELL & TRYTTEN LLP

21       By:_____/s/ Yaw-Jiun (Gene) Wu_____

22       Mark T. Flewelling (SBN 96465)
     Yaw-Jiun (Gene) Wu (SBN: 228240)

23       Leigh O. Curran (SBN: 173322)
     199 So. Los Robles Ave.  Suite 600

24       Pasadena,  CA  91101
     Telephone: (626) 535-1900

25       Facsimile: (626) 577-7764
     Attorneys for Defendants

26

27       ATTORNEYS FOR DEFENDANTS WACHOVIA
     MORTGAGE FSB, WACHOVIA BANK, FSB, AND
     GOLDEN WEST FINANCIAL CORPORATION

28

WINSTON & STRAWN, LLP
A LIMITED LIABILITY PARTNERSHIP

## DECLARATION OF T. THOMAS COTTINGHAM, III

I, T. Thomas Cottingham, III, declare as follows:

1.     I am an attorney at law admitted to practice before this Court and am licensed to practice law in North Carolina and Alabama.  I am a partner of the law firm of Winston & Strawn LLP, counsel of record for Defendants.  I have personal knowledge of the matters stated below.

2.     On December 14, 2012, I called Jeffrey Berns, counsel for Plaintiffs.  I proposed that the parties stipulate that the hearing on the TRO Request be scheduled for a date in January 2013, and that Plaintiffs' reply, of no more than 30 pages per his previous request, be due five (5) business days before the hearing.  I proposed that Defendants be permitted to file a Supplemental Declaration of Michael Dolan; and that Defendants be permitted to file Evidentiary Objections to the declarations and exhibits submitted by Plaintiffs.

3.     Mr. Berns said he would not agree to the proposed stipulation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed on December 14, 2012, at Charlotte, North Carolina.

_/s/ T. Thomas Cottingham, III_____
T. Thomas Cottingham, III

WINSTON & STRAWN, LLP
A LIMITED LIABILITY PARTNERSHIP

1   Amanda L. Groves (SBN: 187216)
    agroves@winston.com
2   WINSTON & STRAWN LLP
    101 California Street
3   San Francisco, CA 94111-5802
    Telephone:    (415) 591-1000
4   Facsimile:    (415) 591-1400

5   T. Thomas Cottingham, III *(admitted pro hac vice)*
    tcottingham@winston.com
6   Stacie C. Knight *(admitted pro hac vice)*
    sknight@winston.com
7   WINSTON & STRAWN LLP
    100 North Tryon Street, Suite 2900
8   Charlotte, NC 28202-1078
    Telephone:    +1 704 350 7700
9   Facsimile:    +1 704 350 7800

10  Mark T. Flewelling (SBN 96465)
    mflewelling@afrct.com
11  ANGLIN, FLEWELLING, RASMUSSEN,
    CAMPBELL, AND TRYTTEN
12  199 So. Los Robles Ave., #600
    Pasadena, CA 91101
13  Telephone:    +1 626 535 1900
    Facsimile:    +1 626 577 7764

14

15  Attorneys for Defendants
    WACHOVIA MORTGAGE, FSB, WACHOVIA
16  BANK, FSB, AND GOLDEN WEST
    FINANCIAL CORPORATION

17

                **UNITED STATES DISTRICT COURT**
18              **NORTHERN DISTRICT OF CALIFORNIA**
                      **SAN JOSE DIVISION**
19

20  IN RE: WACHOVIA CORP.              Case No. M:09-cv-2015-JF
    "PICK-A-PAYMENT" MORTGAGE
21  MARKETING AND SALES PRACTICES
    LITIGATION                         **SUPPLEMENTAL DECLARATION OF**
22                                     **MICHAEL DOLAN**
    This document relates to:
23                                     Judge:         Hon. Jeremy Fogel

24
                *ALL CASES*
25

26

27

28

---

SUPPLEMENTAL DECLARATION OF MICHAEL DOLAN, CASE NO. M:09-CV-2015-JF

WINSTON & STRAWN LLP
A limited liability partnership

WINSTON & STRAWN LLP
A limited liability partnership

1    I, Michael Dolan, declare:

2        1.    I am employed by Wells Fargo Bank, N.A. ("Wells Fargo"). I make this declaration

3    of my own knowledge and, where indicated, from my review of these business records. If called as

4    a witness, I could and would testify competently to the matters set forth herein.

5        2.    Wells Fargo's "workflow" in processing a borrower's request for loan modification is

6    as follows: First, the borrower contacts Wells Fargo and expresses interest in applying for a loan

7    modification. This initial contact usually results from the various outreach programs Wells Fargo

8    conducts in order to encourage borrowers to enter the loss mitigation process, including solicitation

9    letters and solicitation telephone calls. Borrowers in this category are classified as "working,"

10   meaning that Wells Fargo has conducted the initial interview of the borrower.

11       3.    After the borrower contacts Wells Fargo, Wells Fargo mails the borrower an

12   application packet. The application packet explains the process to the borrower and contains the

13   documents the borrower must submit (as mandated by HAMP): a Request for Modification and

14   Affidavit, an IRS Form 4506-T (Request for Transcript of Tax Return), an explanation of what the

15   borrower must submit to document his/her income, and a Dodd-Frank Certification form. The

16   application packet includes a cover letter explaining that the borrower must return the completed

17   application packet within thirty days.

18       4.    In his declaration, Mr. Berns states that "in the 18-month period from April 2011 to

19   September 2012, 66,671 Settlement Class B and C Members have applied[1] for loan modifications

20   pursuant to the Settlement Agreement." That statement is incorrect. 66,671 represents every single

21   instance in which a Settlement Class B or Settlement Class C Member contacted Wells Fargo,

22   expressed interest in applying for a loan modification, and was mailed an application packet. As Mr.

23   Berns is aware, many Settlement Class Members contact Wells Fargo to enter the loss mitigation

24   process multiple times. Accordingly, the 66,671 figure does not represent the number of Settlement

25   Class B and C *Members* who have applied for a loan modification—it represents the number of

26

27   _____

     [1] An "application" does not become an "application" until the borrower submits all required
28   documentation and his file is moved to underwriting for formal disposition. Accordingly, as
     explained more fully herein, Mr. Berns' statement that 66,671 Settlement Class Members have
     "applied" is somewhat misleading.

SUPPLEMENTAL DECLARATION OF MICHAEL DOLAN, CASE NO. M:09-CV-2015-JF

Exhibit A to Administrative Motion
Page 6

WINSTON & STRAWN LLP
A limited liability partnership

1   application packets Wells Fargo mailed to Settlement Class B and C Members from April 2011 to

2   September 2012.  Many Settlement Class B and C Members have requested and been mailed

3   application packets on multiple occasions.

4          5.      From December 16, 2010 to December 12, 2012, the total number of Settlement Class

5   B *Members* who been mailed an application packet is **30,836**.  96,282 Settlement Class B Members

6   have never requested an application packet, or, in other words, have never requested loan

7   modification evaluation.

8          6.      From December 16, 2010 to December 12, 2012, the total number of Settlement Class

9   C Members who have been mailed an application packet is **18,417**.  19,994 Settlement Class C

10  Members have never requested an application packet or, in other words, have never requested loan

11  modification evaluation.

12         7.      The total number of Settlement Class B and C *Members* who have been mailed

13  application packets from December 16, 2010 to December 12, 2012 is **49,253**.

14         8.      After reviewing the requirements explained in the application packet, many

15  borrowers decide they do not want to apply for a loan modification.  After thirty days, if Wells Fargo

16  has not received a response from the borrower, it mails him a letter reminding him that the packet

17  has not been returned and explaining that if he does not return the packet within thirty days, his

18  modification request will be considered withdrawn.  Borrowers who never return their application

19  packets are free to contact Wells Fargo and request another application packet at any time, and many

20  of them do.

21         9.      Borrowers who submit a completed application packet and all required documents to

22  Wells Fargo move to the "pending" category and go to underwriting.  Borrowers who submit some,

23  but not all, of the required documents move to the "missing documents" category.  When documents

24  are missing, Wells Fargo contacts the borrower by telephone and by mail to explain what documents

25  are missing and to request that they be provided within a certain time frame.  The letter also explains

26  that if the missing documents are not provided within the required time frame, the borrower's

27  modification request will be considered withdrawn.  A sample letter is attached as **Exhibit 1**.

28

- 2 -
SUPPLEMENTAL DECLARATION OF MICHAEL DOLAN, CASE NO. M:09-CV-2015-JF

WINSTON & STRAWN LLP
A limited liability partnership

10.    Borrowers who never return their application packets, or who never supply the missing documents, are mailed a letter informing them that they have withdrawn their modification request.  A sample letter is attached as **Exhibit 2**. These borrowers are classified as "fall outs."

11.    From December 16, 2010 to December 12, 2012, there have been **5,077** Settlement Class B Members, and **2,148** Settlement Class C Members (**14.66% of those who have requested application packets**), whose *only* experience has been a "fall-out."  Many, many borrowers who experience a fall-out subsequently restart the process, submit a completed application, and receive either an approval or a denial.  Accordingly, Mr. Berns' statements that "Defendants classified over 70% (37,079 out of 52,252) of Settlement Class B Members and over 25% (3,781 out of 14,419) of Settlement Class C members as 'Fall-Outs'" and "never evaluated the loan modification applications of those Settlement Class Members" are misleading in that they do not take into account those members who subsequently submitted a complete application, were evaluated, and received either an approval or a denial.[2]

12.    Of the 7,225 "fall-out" borrowers described above, **2,838** Settlement Class B Members, and **753** Settlement Class C Members (a total of **3,591**), went to fall-out because they *never* returned their application packet or any documents to Wells Fargo.  2,239 Settlement Class B Members, and 1,395 Settlement Class C Members (a total of **3,694**), went to fall-out because although they provided some documentation, they failed to provide all of the documentation required for Wells Fargo to evaluate them for a loan modification.

13.    From December 16, 2010 to December 12, 2012, Wells Fargo has approved **10,483** Settlement Class B Members, and **9,966** Settlement Class B Members (a total of **20,449, or 41.5% of those requesting application packets**) for either a HAMP modification or a MAP2R modification.

14.    From December 16, 2010 to December 12, 2012, Wells Fargo has denied **12,471** Settlement Class B Members, and **5,787** Settlement Class C Members (a total of **18,528**), for loan

---

[2] Mr. Berns' statement that Wells Fargo has classified Settlement Class C Members as fall-outs for failure to document that they are in imminent default also is incorrect.  Settlement Class C Members are not required to establish that they are in imminent default in order to be reviewed for a loan modification, and they are not classified as "fall outs" for failure to document imminent default.

modifications. A denial is made only after the borrower (a) submits a complete application, (b) goes to underwriting for evaluation under HAMP and MAP2R, and (c) does not qualify.

15.    As of December 12, 2012, **2,805** Settlement Class B Members, and **516** Settlement Class Members, are under review for loan modifications.

16.    The following table summarizes the figures discussed above:

|  | Class C | Class B |
|---|---|---|
| All Members | 38,411 | 127,118 |
| Never Requested Packet | 19,994 | 96,282 |
| Subtotal | 18,417 | 30,836 |
| Approved | 9,966 | 10,483 |
| Subtotal | 8,451 | 20,353 |
| Denied | 5,787 | 12,471 |
| Subtotal | 2,664 | 7,882 |
| Fallout | 2,148 | 5,077 |
| Subtotal | 516 | 2,805 |
| Under review | 516 | 2,805 |
| Subtotal | 0 | 0 |

17.    As explained by Claire Paris in her December 12, 2012 Declaration, every approval or denial of a loan modification application is sent to the Second-Level Review Underwriting Team for what Mr. Berns categorizes as a "tier-2 review." Accordingly, Mr. Berns' statement that Wells Fargo has performed a tier-2 review in only 12 cases is incorrect.

I declare under laws of the United States of America and under penalty of perjury that the foregoing is true and correct. Executed this 4 day of December 2012 in Dallas, Texas.

Michael Dolan

SUPPLEMENTAL DECLARATION OF MICHAEL DOLAN, CASE NO. M:09-CV-2015-JF

WINSTON & STRAWN LLP
A limited liability partnership



# EXHIBIT 1

August 05, 2011                    Loan Number:

                   Home Affordable Modification Program
                   **IMMEDIATE ATTENTION REQUIRED**

Property Address:
Dear

Thank you for the opportunity to respond to your request for assistance
on the above referenced loan.  You have requested consideration for a
Trial Period Plan under the federal government's Home Affordable
Modification Program ("HAMP"); however, you have not provided all of
the documentation previously requested.  The deadline to return the
remaining required documents is being extended 30 days to
September 04, 2011.  Once all of the requested documents are received,
we will review your request according to HAMP guidelines and have a
decision within 30 days.

During the review process, your loan will not be referred to
foreclosure.  If the loan has been previously referred to foreclosure,
the foreclosure process will continue; however, a foreclosure sale will
not be held and you will not lose your home during this time period.

If the required documents are not received by September 04, 2011, the
modification request will be considered withdrawn, and collection
efforts will resume on the loan.
Listed below are items that are needed:
(X) HAMP Hardship Affidavit or Request for Modification Affidavit,
    completed, signed and dated.
(X) IRS form 4506-T completed, signed and dated.
( ) Freddie Mac Financial Worksheet, (if applicable)
(X) Other:
    Signed and complete tax return(s)

(X) Based on the source of income per borrower, the income
    documentation listed below is required:
    o For each borrower who is a salaried employee:
      - 2 most recent pay stubs indicating year to date earnings, not
        more than 90 days old.
    o For each borrower who is self-employed:
      - Most recent quarterly or year-to-date profit and loss statement
        (P&L) for each self-employed borrower.
    o For each borrower who has income such as Social Security,
      disability or death benefits, pension, or public assistance:
      - Evidence of the amount and frequency of the benefits such as
        award letters, exhibits, disability policy or benefits
        statement from the provider or two most recent bank statements
        or deposit advices (with all pages) reflecting receipt of the
        payment.
    o For each borrower who is relying on alimony or child support as
      qualifying income:
      - Copies of the divorce decree, separation agreement, or other
        type of legal written agreement with a court, or court
        decree that provides for the payment of alimony or child
        support and states the amount of the award and two most recent
        bank statements or deposit advices (with all pages) showing
        receipt of the payment.
LH303 014 V62

Page 2

    o For each borrower who has rental income (only if Schedule E of
      recent tax return is not available):
      - Current lease agreement and two most recent bank statements or
        deposit advices (with all pages) reflecting receipt of the
        payment or two most recent canceled rent checks.
    o For each borrower, if applicable, as requested:
      - Proof of Occupancy
      - Letter of Explanation
      - Letter of Verification
      - Homeowners/Condo Association Dues Documentation

If you have other types of income, cannot locate required documents, or
have questions about the content of this notice or the documentation
required, please contact me at 877-371-9960.  A Mortgage Consultant
is also available to assist you Monday through Friday, 9:00 a.m. to
11:00 p.m., and Saturdays, 9:00 a.m. to 6:00 p.m., Eastern Time.
Please be advised that Wachovia Mortgage may also require additional
information as the request for assistance is reviewed.
Please submit the required information to:
Fax: 1-800-313-0892 - Attn: Home Preservation Processing
Mail:  Home Preservation Processing
      4101 Wiseman Blvd, Mail Code T7408-016
      San Antonio, TX 78251
If you would like to seek assistance from a HUD-approved housing
counselor, or seek assistance in understanding this correspondence,
please contact the HOPE Hotline at 1-888-995-HOPE and ask for MHA HELP.
During this review process, please continue to remit your mortgage
payment.  For your convenience, you may obtain home loan information or
contact us at wachovia.com.

Sincerely,

HEATH GILLESPIE
Home Preservation Specialist
Wachovia Mortgage, a division of Wells Fargo Bank N.A.
Phone number 877-371-9960
Fax number 800-313-0892
LH303 014 V62

August 05, 2011

Please be advised that Wachovia Mortgage may be attempting to collect a debt and any information obtained may be used for that purpose. If you are currently in bankruptcy or your debt has been discharged in bankruptcy, Wachovia Mortgage is exercising its rights against the property and is not attempting to hold you personally liable on the Note. We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

With respect to loans secured by property located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know, or have reason to know, that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

LH304 005

# EXHIBIT 2

September 22, 2011                    Loan Number:

Dear

Unfortunately, Wachovia Mortgage is unable to offer a modification under
the federal government's Home Affordable Modification Program on the
above referenced loan because you did not provide the documents
requested.  A notice that listed the specific documents needed and the
timeframe required to provide them was sent more than 30 days ago.

Because you have withdrawn your request for assistance under the Home
Affordable Modification Program (HAMP) by not returning the required
documents, efforts to collect any amounts due on your loan will resume.

Even though Wachovia Mortgage is unable to provide assistance under the
Home Affordable Modification Program, the loan may still be eligible for
other loss mitigation options such as a payment plan, other in-house
modification programs, short sale, or deed-in-lieu of foreclosure.
To have the loan reviewed for other loss mitigation options, please
contact me at 877-371-9960.

To seek assistance from a HUD-approved housing counselor, or to seek
assistance in understanding this correspondence, please contact the
HOPE Hotline at 1-888-995-HOPE and ask for MHA HELP.

If you have any questions, please call me at 877-371-9960.  A Mortgage
Consultant is also available to assist you Monday through Friday,
9:00 a.m. to 11:00 p.m., and Saturday, 9:00 a.m. to 6:00 p.m.,
Eastern Time.

Sincerely,

HEATH GILLESPIE
Home Preservation Specialist
Wachovia Mortgage, a division of Wells Fargo Bank N.A.
Phone number 877-371-9960
Fax number 800-313-0892

LH219 002 CRY

September 22, 2011
Page 2

Please be advised that Wachovia Mortgage may be attempting to collect
a debt and any information obtained may be used for that purpose.  If
you are currently in bankruptcy or your debt has been discharged in
bankruptcy, Wachovia Mortgage is exercising its rights against the
property and is not attempting to hold you personally liable on the
Note.  We may report information about your account to credit bureaus.
Late payments, missed payments, or other defaults on your account may
be reflected in your credit report.

With respect to loans secured by property located in the State of
California, the state Rosenthal Fair Debt Collection Practices Act
and the federal Fair Debt Collection Practices Act require that,
except under unusual circumstances, collectors may not contact you
before 8 a.m. or after 9 p.m. They may not harass you by using threats
of violence or arrest or by using obscene language.  Collectors may
not use false or misleading statements or call you at work if they know
or have reason to know that you may not receive personal calls at work.
For the most part, collectors may not tell another person, other than
your attorney or spouse, about your debt.  Collectors may contact
another person to confirm your location or enforce a judgment.  For
more information about debt collection activities, you may contact the
Federal Trade commission at 1-877-FTC-HELP or www.ftc.gov

IF YOU RESIDE IN THE STATE OF NEW YORK AND IF YOU BELIEVE THE LOSS
MITIGATION REQUEST HAS BEEN WRONGLY DENIED, YOU MAY FILE A COMPLAINT
WITH THE NEW YORK STATE BANKING DEPARTMENT AT 1-877-BANK-NYS OR
www.banking.state.ny.us

The Federal Equal Credit Opportunity Act prohibits creditors from
discriminating against credit applicants on the basis of race, color,
religion, national origin, sex, marital status, age (provided the
applicant has the capacity to enter into a binding contract); because
all or part of the applicant's income derives from any public assistance
program; or because the applicant has in good faith exercised any right
under the Consumer Credit Protection Act.  The Federal agency that
administers compliance with this law concerning the creditor is:
Office of the Comptroller of the Currency, Customer Assistance Group,
1301 McKinney Street, Suite 3450, Houston, Tx 77010-9050.
Houston, TX 77010-9050

LH219 002 CRY

1    Amanda L. Groves (SBN: 187216)
     agroves@winston.com
2    Winston & Strawn LLP
     101 California Street
3    San Francisco, CA 94111-5802
     Telephone:    (415) 591-1000
4    Facsimile:    (415) 591-1400

5    T. Thomas Cottingham, III (admitted pro hac vice)
     tcottingham@winston.com
6    Stacie C. Knight (admitted pro hac vice)
     sknight@winston.com
7    WINSTON & STRAWN llp
     100 North Tryon Street, Suite 2900
8    Charlotte, NC 28202-1078
     Telephone:    +1 704 350 7700
9    Facsimile:    +1 704 350 7800

10   Mark T. Flewelling (SBN: 96465)
     mflewelling@afrct.com
11   Yaw-Jiun (Gene) (SBN: 228240)
     gwu@afrct.com
12   Leigh O. Curran (SBN: 173322)
     lcurran@afrct.com
13   ANGLIN, FLEWELLING, RASMUSSEN,
     CAMPBELL, AND TRYTTEN
14   199 So. Los Robles Ave., #600
     Pasadena, CA 91101
15   Telephone:    +1 626 535 1900
     Facsimile:    +1 626 577 7764
16
17   Attorneys for Defendants WACHOVIA
     MORTGAGE, FSB, WACHOVIA BANK, FSB,
     AND GOLDEN WEST FINANCIAL
18   CORPORATION

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION<br><br>This document relates to:<br><br><br><br>ALL CASES | Case No. 5:09-md-2015-JF<br><br>DEFENDANTS' OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLAINTIFFS' EX PARTE REQUEST FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION<br><br>Judge: Hon. Jeremy Fogel |

19
20
21
22
23
24
25
26
27
28

WINSTON & STRAWN LLP
A LIMITED LIABILITY PARTNERSHIP

93000/HR0710/00545005-1                     1
DEFENDANTS' OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLS' EX PARTE
APPLICATION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION

Exhibit B to Administrative Motion
Page 17

1   TO THE COURT, TO ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

2        Defendants respectfully submit the following objections to the evidence offered by

3   Plaintiffs in support of their ex parte request for a temporary restraining order and order to show

4   cause re: preliminary injunction ("TRO Request").  Pursuant to N.D. Cal. Civ. L.R. 7-5(b),

5   Defendants request that the Court strike the matters described below:

| Evidence Objected To | Objection |
|---|---|
| Declaration of Jeffrey Berns ("Berns Dec."), ¶ 4:<br><br>"In speaking with these Settlement Class Members and reviewing documents that they provided to me, I noticed patterns of the Defendants' conduct that indicated to me that they were violating the terms of the Settlement Agreement." | Hearsay (FRE 802).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion (FRE 701, 702).<br><br>Speculation.<br><br>Improper legal conclusion. |
| Berns Dec., ¶ 5:<br><br>"To date, my firm has obtained information from, and my staff and I have spoken with over 9,000 of Settlement Class Members who have applied for, but not received, MAP2R loan modifications and who believe that their modification applications were improperly denied." | Hearsay (FRE 802).<br><br>Lack of foundation (FRE 901). |
| Berns Dec., ¶ 6:<br><br>"The experiences of the thirty-one Unmodified Settlement Class Plaintiffs (covering 21 loans) set forth in the Memorandum of Points and Authorities in Support of Plaintiffs' Ex Parte Application for a Temporary Restraining Order and an Order to Show Cause Regarding Preliminary Injunction are consistent with the information that my firm has received, and continues to receive, from other Unmodified Settlement Class Members." | Hearsay (FRE 802).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion (FRE 701, 702). |
| Berns Dec., ¶ 7:<br><br>"Defendants have frequently failed to provide me with required quarterly reports pursuant to the Settlement Agreement, and what reports Defendants have provided are incomplete and include inconsistent information regarding loan modifications for Settlement Class Members." | Vague as to "frequently," "incomplete," and "inconsistent information."<br><br>Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion (FRE 701, 702). |

WINSTON & STRAWN LLP
A LIMITED LIABILITY PARTNERSHIP

2
DEFENDANTS' OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLS' EX PARTE
APPLICATION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION

| Evidence Objected To | Objection |
|---|---|
| Berns Dec., ¶ 7:<br><br>"Information that Unmodified Settlement Class Members have voluntarily provided through my firm's web site, which is much less than the full universe of Unmodified Settlement Class Members, indicates that 969 Unmodified Settlement Class Members have received a notice that Wells Fargo is going to foreclose on their home." | Vague as to the "Information" supposedly provided.<br><br>Best evidence. (FRE 1002).<br><br>Hearsay (FRE 802).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion (FRE 701, 702). |
| Berns Dec., ¶ 8:<br><br>"Based on Wells Fargo quarterly reports provided to me by Defendants, in the 18-month period from April 2011 to September 2012, 66,671 Settlement Class B and C Members have applied for loan modifications pursuant to the Settlement Agreement. Defendants completed MAP2R modifications for 1,746 Settlement Class Members during that time." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |
| Berns Dec., ¶ 8:<br><br>"Defendants completed MAP2R modifications for 1,746 Settlement Class Members during that time. Defendants also completed HAMP modifications for 12,855 of these Settlement Class Members during that time." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |
| Berns Dec., ¶ 8:<br><br>"My firm does not have any information reflecting that Wells Fargo has run any Settlement Class Member who has received a HAMP modification through the MAP2R waterfall or informed any of those Settlement Class Members that they are also eligible for a MAP2R modification, which may be more advantageous than a HAMP modification due to the availability of principal forgiveness." | Irrelevant.  (FRE 402).<br><br>Probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. (FRE 403).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion (FRE 701, 702). |

WINSTON & STRAWN LLP
A LIMITED LIABILITY PARTNERSHIP

3

DEFENDANTS' OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLS' EX PARTE APPLICATION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION

| Evidence Objected To | Objection |
|---|---|
| Berns Dec., ¶ 9<br><br>"Based on my review of information provided by Settlement Class Members, Defendants have failed to implement any procedures that minimize document requests. Instead, Defendants have frequently asked Settlement Class Members for documents that were not necessary, lost many of their documents, required Settlement Class Members to resend documents multiple times, and have given Settlement Class Members contradictory information concerning the documents they needed to provide in the application process." | Vague.<br><br>Best evidence. (FRE 1002).<br><br>Hearsay (FRE 802).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion (FRE 701, 702). |
| Berns Dec., ¶ 9:<br><br>"Defendants also frequently switched Settlement Class Members' point of contact and assigned multiple points of contact that resulted in Settlement Class Members receiving incorrect and contradictory information about the application process." | Vague.<br><br>Lack of foundation (FRE 901). |
| Berns Dec., ¶ 10:<br><br>"My examination of Settlement Class Member records also revealed that Defendants repeatedly failed to provide timely, if any, notification of modification denials and, even when they did provide notice, gave insubstantial explanations of the reasons for denial such as "not in imminent threat" that would prevent Settlement Class members from understanding the decision or effectively responding to it." | Best evidence. (FRE 1002).<br><br>Hearsay (FRE 802).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion (FRE 701, 702). |
| Berns Dec., ¶ 11:<br><br>"Based on my review of documents from hundreds of Settlement Class Members, I believe that Defendants are determining the fair market value of Settlement Class Members' homes through automated valuation models that tend to inflate values over those that an independent appraisal would generate. I have not seen any evidence that Defendants are obtaining independent appraisals." | Best evidence. (FRE 1002).<br><br>Hearsay (FRE 802).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion (FRE 701, 702).<br><br>Speculation. |

WINSTON & STRAWN LLP
A LIMITED LIABILITY PARTNERSHIP

4

DEFENDANTS' OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLS' EX PARTE APPLICATION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION

| Evidence Objected To | Objection |
|---|---|
| Berns Dec., ¶ 12:<br><br>"Based on my review of Settlement Class Members' NPV worksheets, I believe that Defendants have manipulated the NPV calculations for the MAP2R modification program by treating all steps of the waterfall as costs of a loan modification, even though many Settlement Class Members would reach the 31% PITIA threshold without the need for all of the waterfall steps." | Best evidence. (FRE 1002).<br><br>Hearsay (FRE 802).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion (FRE 701, 702).<br><br>Speculation. |
| Berns Dec., ¶ 13:<br><br>"Based on my review of Settlement Class Members' NPV worksheets, I believe that Defendants' NPV calculations often use inaccurate monthly income and PITIA amounts, along with subjective factors that were never disclosed to me or the Court during the settlement process." | Best evidence. (FRE 1002).<br><br>Hearsay (FRE 802).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion (FRE 701, 702).<br><br>Speculation. |
| Berns Dec., ¶ 13:<br><br>"My review also indicates that Defendants' use of unsubstantiated and inflated property values negatively affects the amount of principal forgiveness that each Settlement Class Member could receive as part of the waterfall process to achieve a 31% PITIA. Defendants have not on any regular basis used independent appraisals to determine the property's fair market values." | Best evidence. (FRE 1002).<br><br>Hearsay (FRE 802).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion (FRE 701, 702).<br><br>Speculation. |
| Berns Dec., ¶ 14:<br><br>"Based on my review of reports provided to me by Defendants, during the period from April 1, 2011 to September 30, 2012 Defendants classified over 70% (37,079 out of 52,252) of Settlement Class B Members and over 25% (3,781 out of 14,419) of Settlement Class C members as "Fall-Outs," which means that Wells Fargo never evaluated the loan modification applications of those Settlement Class Members because of alleged failure to provide all necessary documentation. For Settlement Class C members, whom Defendants have already recognized as being in imminent default at the time of the settlement, Defendants still classified these already-defaulting applicants as "Fall-Outs" for alleged failure meet documentation requirements." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion (FRE 701, 702).<br><br>Speculation. |

DEFENDANTS' OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLS' EX PARTE APPLICATION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION

WINSTON & STRAWN LLP
A LIMITED LIABILITY PARTNERSHIP

WINSTON & STRAWN LLP
A LIMITED LIABILITY PARTNERSHIP

| Evidence Objected To | Objection |
|---|---|
| Berns Dec., ¶ 15:<br><br>"My review of Wells Fargo's reports also reveals that, even though Defendants agreed to establish a second-look escalation protocol for review of denied loan modifications, Defendants have in fact performed Tier-2 reviews in only 12 cases out of the 66,671 Settlement Class B and C members who applied for loan modifications from April 2011 to September 2012." | Best evidence. (FRE 1002).<br><br>Hearsay (FRE 802).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion (FRE 701, 702). |
| Berns Dec., ¶ 16:<br><br>"Settlement Class Members Paul and Julie McDermed are not listed on any of the reports that Defendants have provided to me." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |
| Berns Dec., ¶ 17:<br><br>"A Wells Fargo report provided to me by Defendants indicates that the modification application of Settlement Class Members Omar M. and Ruth F. Bishr was denied because they were not in imminent threat of default." | Best evidence. (FRE 1002).<br><br>Hearsay (FRE 802).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion (FRE 701, 702). |
| Berns Dec., ¶ 18:<br><br>"A Wells Fargo report provided to me by Defendants indicates that the modification application of Settlement Class Members Mary and Gregory Slade was denied because the "Excessive Forbearance- threshold cannot be reached." Based on my review, this denial was improper since the financial information submitted by the Slades and the value of their home justified a MAP2R modification." | Best evidence. (FRE 1002).<br><br>Hearsay (FRE 802).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion (FRE 701, 702).<br><br>Speculation.<br><br>Improper legal conclusion. |
| Berns Dec., ¶ 19:<br><br>"A Wells Fargo report provided to me by Defendants indicates that the modification application of Settlement Class Member Joseph Midgette was denied because of a negative NPV result." | Best evidence. (FRE 1002).<br><br>Hearsay (FRE 802).<br><br>Lack of foundation (FRE 901). |
| Berns Dec., ¶ 20:<br><br>"A Wells Fargo report provided to me by Defendants indicates that the modification application of Settlement Class Member Christina Zako was denied because she was not in imminent threat of default." | Best evidence. (FRE 1002).<br><br>Hearsay (FRE 802).<br><br>Lack of foundation (FRE 901). |

93000/HR0710/00545005-1

6

DEFENDANTS' OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLS' EX PARTE
APPLICATION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION

Exhibit B to Administrative Motion
Page 22

| Evidence Objected To | Objection |
|---|---|
| Berns Dec., ¶ 26:<br><br>"Based on my review of the documents Wells Fargo produced, I found overwhelming contradictory evidence from the Class Members to those statements. I determined that in order to try and prevent further damage and the loss of Class Members' homes, the only alternative was to proceed with litigation." | Best evidence. (FRE 1002).<br><br>Improper legal conclusion. |
| Declaration of John Burkett, ¶ 3:<br><br>"We submitted multiple loan modification applications to Wells Fargo which have shown that our monthly mortgage payment exceeds approximately 55% of our monthly income.  Wells Fargo has denied our modification request multiple times, informing us that our monthly mortgage payment is below the necessary 31% threshold." | Best evidence. (FRE 1002).<br><br>Hearsay (FRE 802).<br><br>Lack of foundation (FRE 901). |
| Declaration of Cynthia Biggs ("Biggs Dec."), ¶ 3:<br><br>"In our Hardship Affidavit, we explained that our need for assistance was due to income reduction and insufficient liquid assets to pay our mortgage and living expenses." | Best evidence. (FRE 1002). |
| Biggs Dec., ¶ 4:<br><br>"On March 3, 2011, Wells Fargo notified us by letter that it had denied our modification request because we were not in imminent threat of default. At the time of the denial, our home was worth approximately 30% less than we owed on our mortgage." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion as to value of property (FRE 701, 702). |
| Declaration of Omar Bishr, ¶ 4:<br><br>"My wife and I applied for a loan modification with Wells Fargo but were denied a MAP2R loan modification because we failed to show we were in imminent default, despite that our monthly mortgage expenses are nearly 40% of our monthly income." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |
| Declaration of Jeff Cory, ¶ 4:<br><br>"On February 25, 2011, Wells Fargo denied my application for a MAP2R loan modification because I failed to show that I was in imminent threat of default." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |

WINSTON & STRAWN LLP
A LIMITED LIABILITY PARTNERSHIP

93000/HR0710/00545005-1

7

DEFENDANTS' OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLS' EX PARTE
APPLICATION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION

Exhibit B to Administrative Motion
Page 23

| | Evidence Objected To | Objection |
|---|---|---|
| | Declaration of Jose Cruz, ¶ 3:<br><br>"Wells Fargo denied my modification application because I failed to show that I was in imminent default, even though my monthly mortgage expenses account for more than approximately 38% of my monthly income." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |
| | Declaration of Richard D'Alessio ("D'Alessio Dec."), ¶ 3:<br><br>"On January 8, 2011, I Wells Fargo notified me by letter that they received my loan modification application." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |
| | D'Alessio Dec., ¶ 4:<br><br>"On January 11, 2011, I was denied a loan modification under HAMP because Wells Fargo could not achieve an affordable monthly payment for me after Wells Fargo applied all steps of the HAMP waterfall. Wells Fargo also denied my loan modification request under the MAP2R program because of a negative Net Present Value result." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |
| | D'Alessio Dec., ¶ 5:<br><br>"On January 25, 2011, I received a letter from Wells Fargo inviting me to apply for a loan modification. After receiving this letter, I applied for a loan modification in February 2011.  On March 29, 2011, Wells Fargo denied my loan modification application under MAP2R again due to a negative Net Present Value result." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |
| | D'Alessio Dec., ¶ 6:<br><br>"Wells Fargo sent me the Net Present Value calculations, and after I reviewed it, I realized that Wells Fargo had valued my property at $870,000." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |
| | D'Alessio Dec., ¶ 8:<br><br>"On May 4, 2011, I received a letter from Wells Fargo stating that my documents were being reviewed.  On May 11, 2011, I received a letter from Wells Fargo stating that it required additional documentation from me." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |

WINSTON & STRAWN LLP
A LIMITED LIABILITY PARTNERSHIP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLS' EX PARTE
APPLICATION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION

WINSTON & STRAWN LLP
A LIMITED LIABILITY PARTNERSHIP

| Evidence Objected To | Objection |
|---|---|
| D'Alessio Dec., ¶ 10: <br><br> "On August 30, 2011, I received another denial letter due to another negative Net Present Value result.  This letter showed that Wells Fargo calculated Net Present Value by using a property value of $560,000 for my home." | Best evidence. (FRE 1002). <br><br> Lack of foundation (FRE 901). |
| D'Alessio Dec., ¶ 11. <br><br> "After I got this letter: I ran my own NPV test using the United States Treasury Department website, www.checkmynpv.com, and an accurate property value for my home. In reviewing the results, I concluded that Wells Fargo's failure to use the correct value for my property negatively impacted my NPV test. Wells Fargo never changed its valuation of my home and ultimately commenced a foreclosure." | Vague as to "accurate property value." <br><br> Best evidence. (FRE 1002). <br><br> Lack of foundation (FRE 901). <br><br> Improper opinion as to value of property (FRE 701, 702). |
| Declaration of Jason Fisher ("Fisher Dec."), ¶ 4: <br><br> "In February 2011, I applied for a loan modification from Wells Fargo but was denied a MAP2R modification because of a negative Net Present Value result and because of failing to show that I was in imminent default, despite that my monthly mortgage expenses are approximately 50% of my monthly income." | Best evidence. (FRE 1002). <br><br> Lack of foundation (FRE 901). |
| Fisher Dec., ¶ 5. <br><br> "When I applied, I owed approximately $565,000 on my loan, while the value of my property was less than that." | Best evidence. (FRE 1002). <br><br> Lack of foundation (FRE 901). <br><br> Improper opinion as to value of property (FRE 701, 702). |
| Fisher Dec., ¶ 6: <br><br> "On February 16,2011, Wells Fargo denied my request for a HAMP modification because I did not document a financial hardship. The same day; I received another letter from Wells Fargo that denied my request for a MAP2R modification because of a negative Net Present Value result.  The following day, February 17, 2011, I received a letter from Wells Fargo that denied my MAP2R modification request because I was not in imminent threat of default." | Best evidence. (FRE 1002). <br><br> Lack of foundation (FRE 901). |

9

DEFENDANTS' OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLS' EX PARTE
APPLICATION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION

Exhibit B to Administrative Motion
Page 25

| Evidence Objected To | Objection |
|---|---|
| **Declaration of Thomas Geremia ("Geremia Dec."), ¶ 3:**<br><br>"The Hardship Affidavit stated that our household expenses had increased, our debt payments had become excessive, and that we did not have sufficient liquid assets to cover living expenses. We said in the application that our monthly mortgage expenses were more than approximately 36% of our monthly income." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |
| **Geremia Dec., ¶ 5:**<br><br>"On March 18, 2011, Wells Fargo sent a letter denying our application for a modification under HAMP for failure to document a hardship. Wells Fargo also denied us for a MAP2R modification saying we did not meet the imminent default criteria. However, our application and supporting papers had showed a financial hardship and we showed that we were in imminent default." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |
| **Declaration of Sherri Goldfinch, ¶ 4:**<br><br>"In October 2012, Wells Fargo denied my application because of a negative Net Present Value result. Wells Fargo valued my home at $136,000 when it calculated Net Present Value even though I previously informed them that my home was worth closer to $110,000." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion as to value of property (FRE 701, 702). |
| **Declaration of Michael Lerner ("Lerner Dec."), ¶ 4:**<br><br>"On September 20, 2012, we were denied a HAMP loan modification because our proposed modified payment amount would exceed 42% of our income. On September 21, 23 2012, we were denied a MAP2R modification because we had excessive financial obligations." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |
| **Lerner Dec., ¶ 4:**<br><br>"As part of the denial, Wells Fargo sent us an NPV worksheet that listed incorrect information regarding our income and the value of our home. The NPV worksheet listed income of $6,928.43 which was almost $1,500 lower than our income at the time. Also, Wells Fargo stated that the market value of our home was $681,400, but the actual market value of our home was much lower." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion as to value of property (FRE 701, 702). |

WINSTON & STRAWN LLP
A LIMITED LIABILITY PARTNERSHIP

DEFENDANTS' OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLS' EX PARTE
APPLICATION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION

Exhibit B to Administrative Motion
Page 26

| Evidence Objected To | Objection |
|---|---|
| Declaration of Catherine Marsh, ¶ 5:<br><br>"On February 21, 2011. Wells Fargo denied our application because we failed to document a hardship. On February 22, 2011, Wells Fargo sent another denial letter saying that we were denied for a MAP2R modification for failing to document a hardship." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |
| Declaration of Julie McDermed ("McDermed Dec."), ¶ 6:<br><br>"On June 3, 2011, Wells Fargo sent us a letter denying our loan modification application under HAMP due to their inability to create a payment equal to 31% of the our gross income. The letter did not mention the MAP2R loan modification program." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |
| McDermed Dec., ¶ 7:<br><br>"Had we been properly evaluated for a loan modification, our monthly payment would have been reduced to 31% of our monthly income such that we would have received a loan modification." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion as to "proper[] evaluation." (FRE 701, 702). |
| Declaration of Joseph Midgette ("Midgette Dec."), ¶ 4:<br><br>"When I applied, I owed approximately$175,000 on my loan, while the market value of my home was approximately $145,000." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion as to value of property (FRE 701, 702). |
| Midgette Dec., ¶ 5.<br><br>"On May 13,2011, I received a denial letter from Wells Fargo which explained that my application was denied under HAMP because I failed to document a financial hardship. The portion of the letter describing the reason for my denial under MAP2R was left blank." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |
| Declaration of Jennifer Murphy ("Murphy Dec."), ¶ 5.<br><br>"At that time, I owed approximately $433,700 on the loan, while my home had a market value of $385,000." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion as to value of property (FRE 701, 702). |

WINSTON & STRAWN LLP
A LIMITED LIABILITY PARTNERSHIP

11

**DEFENDANTS' OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLS' EX PARTE APPLICATION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION**

WINSTON & STRAWN LLP
A LIMITED LIABILITY PARTNERSHIP

| Evidence Objected To | Objection |
|---|---|
| Murphy Dec., ¶ 6:<br><br>"By letter dated February 25, 2012, Wells Fargo denied my loan modification application because I did not document a financial hardship. On March 1, 2012, I faxed a letter to Wells Fargo explaining that I did have a financial hardship and listing the multiple reasons for it. On March 2, 2012, I received a letter from Wells Fargo stating that it could not provide me with any mortgage assistance. Wells Fargo sent me the same letter again on April 16, 2012." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |
| Declaration of Chan Pharn ("Pharn Dec."), ¶ 4:<br><br>"On December 9, 2011, Wells Fargo sent me a letter denying my modification application and saying that I was not in imminent default under HAMP as I had the ability to pay my mortgage using cash reserves or other assets.  On January 20, 2012, Wells Fargo responded, that '[w]e determined you have the ability to pay your current mortgage payment using cash reserves and/or other assets.  Your loan to value (LTV) ratio of 78.36% is below 80%, therefore, other assets are available.'  At that time, my home was worth less than the principal balance of my loan of approximately $109,000." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901).<br><br>Improper opinion as to value of property (FRE 701, 702). |
| Declaration of Nathan Ranger, ¶ 3:<br><br>"I applied for a loan modification from Wells Fargo, but was denied because of a negative NPV result." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |
| Declaration of Carrie Rosillo, ¶ 3:<br><br>"I have needed mortgage modification assistance since 2010. However, Wells Fargo has on numerous occasions denied my requests for a loan modification because I was not in imminent threat of default, despite the fact that I have been in default on my mortgage." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |
| Declaration of Mary Slade, ¶ 4:<br><br>"We applied for a loan modification from Wells Fargo and submitted all the required paperwork. However, Wells Fargo has failed to provide us any explanation of whether we were denied for a modification pursuant to the MAP2R modification program, or a reason why we were denied." | Lack of foundation (FRE 901). |

DEFENDANTS' OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLS' EX PARTE APPLICATION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION

Exhibit B to Administrative Motion
Page 28

WINSTON & STRAWN LLP
A LIMITED LIABILITY PARTNERSHIP

| Evidence Objected To | Objection |
|---|---|
| Declaration of David Young, ¶ 4.<br><br>"On March 5, 2012, Wells Fargo denied our loan modification application under HAMP and MAP2R for not documenting a financial hardship. We immediately contacted Wells Fargo to request review of their denia L On April 12, 2012, we received a letter saying that according to Wells Fargo's calculations, we had an HTI of 33.58% and therefore not eligible for a modification. The letter did not give us any explanation as to why we were not eligible for a loan modification, even though our monthly mortgage payment was above the 31% threshold using Wells Fargo's incorrect figures." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |
| Declaration of Christina Zako ("Zako Dec."), ¶ 3:<br><br>"In my Hardship Affidavit, I explained that my income had been reduced and I had excessive monthly debt. I also sent Wells Fargo a document explaining that my lowered income was due to the facts that my work hours had been reduced and my husband's salary had been frozen for two years." | Best evidence. (FRE 1002).<br><br>Lack of foundation (FRE 901). |
| Zako Dec., ¶ 4:<br><br>"At the time I submitted my application my monthly mortgage payment was approximately over 35% of my monthly income and I owed Defendants over 30% more than my home was worth." | Lack of foundation (FRE 901).<br><br>Improper opinion (FRE 701, 702).<br><br>Improper opinion as to value of property (FRE 701, 702). |

Dated:  December 14, 2012          Respectfully Submitted

WINSTON & STRAWN LLP

By:   _/s/ T. Thomas Cottingham, III_

Amanda L. Groves (SBN: 187216)
agroves@winston.com
101 California Street
San Francisco,  CA  94111-5802
Telephone:(415) 591-1000
Facsimile:  (415) 591-1400

AND

DEFENDANTS' OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLS' EX PARTE
APPLICATION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION

Case3:09-md-02015-RS   Document373   Filed12/14/12   Page30 of 32

1    T. Thomas Cottingham, III (admitted pro hac vice)
     tcottingham@winston.com
2    Stacie C. Knight (admitted pro hac vice)
     sknight@winston.com
3    WINSTON & STRAWN LLP
     100 North Tryon Street, Suite 2900
4    Charlotte,  NC 28202-1078
     Telephone:+1 704 350 7700
5    Facsimile:  +1 704 350 7800

6    AND

7    ANGLIN, FLEWELLING, RASMUSSEN
         CAMPBELL & TRYTTEN LLP
8
     By:_____/s/ Leigh O. Curran_____
9        Mark T. Flewelling (SBN 96465)
         mflewelling@afrct.com
10       Yaw-Jiun (Gene) (SBN: 228240)
         gwu@afrct.com
11       Leigh O. Curran (SBN: 173322)
         lcurran@afrct.com
12       199 So. Los Robles Ave.  Suite 600
         Pasadena,  CA  91101
13       Telephone:+1 626 535 1900
         Facsimile:  +1 626 577 7764
14       Attorneys for Defendants WACHOVIA MORTGAGE FSB,
         WACHOVIA BANK, FSB, AND GOLDEN WEST
15       FINANCIAL CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

WINSTON & STRAWN LLP
A LIMITED LIABILITY PARTNERSHIP

93000/HR0710/00545005-1
                                    14
DEFENDANTS' OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLS' EX PARTE
APPLICATION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION

Exhibit B to Administrative Motion
Page 30

WINSTON & STRAWN LLP
A limited liability partnership

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**ADMINISTRATIVE MOTION RE: BRIEFING AND HEARING ON PLAINTIFFS'
EX PARTE REQUEST FOR A TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION;
DECLARATION OF T. THOMAS COTTINGHAM, III**

on the interested parties in said case as follows:

**Served Electronically
Via the Court's CM/ECF System**

*Attorneys for Plaintiffs and the Settlement Class*

| | |
|---|---|
| BERNS WEISS LLP | BERNS WEISS LLP |
| Jeffrey K. Berns | Lee A. Weiss |
| 20700 Ventura Blvd. Suite 140 | 626 RXR Plaza |
| Woodland Hills, CA 91364 | Uniondale, NY 11556 |
| jberns@bernsweiss.com | lweiss@bernsweiss.com |
| Tel: (818) 961-2000 | Tel: (516) 222-2900 |
| Fax: (818) 999-1500 | Fax: (818) 999-1500 |

**Served by Means Other Than Electronically
Via the Court's CM/ECF System**

| | |
|---|---|
| | *Movant* |
| Derek S. Tarson | Nick John Makreas |
| Legal Aid Society of Rockland County, Inc. | 271 Tulare Drive |
| 2 Congers Road | San Bruno, CA  94066 |
| New City, NY  10956 | |
| *Miscellaneous* | *Pro Hac Vice* |
| Patricia S. Jimenez | Stacie C. Knight, Esq. |
| 17019 Limetree Lane | Winston & Strawn LLP |
| Riverside, CA  92502 | 214 N. Tryon Street |
| | Charlotte, NC  28202 |

☒  **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing.  Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

1

1

I declare under penalty of perjury under the laws of the United States of America that
the foregoing is true and correct.  I declare that I am employed in the office of a member of the
Bar of this Court, at whose direction the service was made.  This declaration is executed in
Pasadena, California on December 14, 2012.

2

3

4

| Nancy J. Peters | /s/ Nancy J. Peters |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WINSTON & STRAWN LLP
A limited liability partnership