**BERNS WEISS LLP**
Jeffrey K. Berns (SBN 131351)
jberns@law111.com
20700 Ventura Blvd. Suite 140
Woodland Hills, CA 91364
Telephone: (818) 961-2000
Facsimile: (818) 999-1500

Lee A. Weiss (*pro hac vice* application pending)
lweiss@law111.com
626 RXR Plaza
Uniondale, NY 11556
Telephone: (516) 222-2900
Facsimile: (818) 999-1500

*Attorneys for Plaintiffs and the Settlement Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION<br><br>_____<br><br>*This Document Relates to*:<br><br>ALL INCLUDED ACTIONS | CASE NO. 5:09-MD-02015-JF<br><br>[*Assigned to the Hon. Jeremy Fogel*]<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION RE: BRIEFING AND HEARING ON PLAINTIFFS' EX PARTE REQUEST FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**<br><br>Hearing Date: TBD<br>Time:  TBD<br>Place:  5th Fl. – Courtroom 3<br>Judge:  Hon. Jeremy Fogel |

Opposition to Defendants' Administrative Motion Re: Briefing and Hearing on
Plaintiffs' Ex Parte Request for TRO and OSC RE: Preliminary Injunction
5:09-MD-02015-JF

**THE ADMINISTRATIVE MOTION SHOULD BE DENIED IN ITS ENTIRETY**

Defendants, in their Administrative Motion re: Briefing and Hearing on Plaintiffs' Ex Parte Request for TRO and OSC RE: Preliminary Injunction ("Admin. Mot."), seek three distinct forms of relief: (1) that the Court schedule a hearing on Plaintiffs' TRO Application (Dkt. No. 365-1) on or after January 2, 2013, *i.e.* a month or more after Plaintiffs filed for the TRO; (2) that the Court permit Defendants to file a Supplemental Declaration of Wells Fargo employee Michael Dolan after they already filed opposition papers to the TRO Application that included a separate declaration from Mr. Dolan; and (3) that the Court permit Defendants to file evidentiary objections in further opposition to the TRO Application. The Court should deny all of the requested relief because (a) the delay Defendants seek would undercut the TRO's intended effect by permitting the very irreparable harms that the TRO aims to prevent; and (b) none of this relief is authorized, as Civ. L.R. 65-1 does not provide for filing of *any* papers in opposition to an ex parte application for a TRO, let alone for serial filings of opposition papers. Each of these reasons for denying the requested relief is explained more fully below.

**I.   There Is No Basis for Delaying a Hearing on the Fully Briefed TRO Application**

Defendants' attempt to delay the Court's decision on Plaintiffs' TRO Application—which now has been fully briefed—threatens the very harm that the proposed TRO is meant to prevent. Plaintiffs applied for the TRO pending a preliminary injunction hearing because they and other Class members face imminent threats of foreclosure and loss of their homes as the result of Defendants' improper denials of their requests for mortgage loan modifications in violation of the MDL Class Action Settlement Agreement. In seeking to delay resolution of the TRO Application, Defendants contend that "Plaintiffs will not be prejudiced by a January 2013 hearing date" because Wells Fargo is "voluntarily putting in place a moratorium on all foreclosure sales in all states but Georgia and Texas from December 19, 2012 to January 2, 2013." (Admin. Mot. 3.)

This promise obviously is cold comfort for Class members in Georgia and Texas, who would be left subject to exactly the same threatened harms as they would be if the TRO

1

Opposition to Defendants' Administrative Motion Re: Briefing and Hearing on
Plaintiffs' Ex Parte Request for TRO and OSC RE: Preliminary Injunction
5:09-MD-02015-JF

Application were not filed. Moreover, Class members in the other 48 States hardly fare better, as Wells Fargo merely volunteered a two-week moratorium on foreclosure *sales* in these States, but remains free to litigate judicial foreclosure proceedings to final judgment with no resolution of Class members' rights under the Settlement Agreement. As Defendants well know, their voluntary moratorium on foreclosure sales leaves them free to litigate judicial foreclosure proceedings to final judgment in state courts, at which point the *Rooker-Feldman* doctrine could significantly impair this Court's authority to provide Class members loan modification relief pursuant to the Settlement Agreement. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). This is precisely why Plaintiffs specified in reply to Defendants' opposition to the TRO that they do not and likely *could not* seek to enjoin enforcement of state-court judgments. Defendants' voluntary moratorium on foreclosure sales thus does not come close to giving Class members the protection that the proposed TRO would give them against loss of their homes pending resolution of their Settlement rights.

      Finally, unlike for a typical TRO application, there has been extensive briefing here such that a hearing likely is superfluous. Since Defendants admittedly intend to continue with foreclosure activity and sales beginning on January 2, 2013, their request for a hearing on the TRO application on an unspecified January 2013 date is an unabashed and desperate attempt to obtain this Court's permission to continue foreclosure activity before the Court examines the merits of the TRO application.[1] For all of the foregoing reasons, Defendants' request for delayed resolution of the TRO should be denied.

---

[1] Defendants' desperation also is evidenced by their recent attempt to intimidate Plaintiffs and their counsel into not pursuing Settlement Class Members' rights under the Settlement Agreement. *See* Lee A. Weiss Declaration attached hereto.

2

Opposition to Defendants' Administrative Motion Re: Briefing and Hearing on
Plaintiffs' Ex Parte Request for TRO and OSC RE: Preliminary Injunction
5:09-MD-02015-JF

## II. Defendants Have Had a Full and Fair Opportunity to Oppose the TRO Application, and Their Additional Proposed Submissions Are Unpersuasive in Any Event

Since Civ. L.R. 65-1 does not provide for filing of *any* opposition papers in response to a TRO application, Defendants' attempt to file a second declaration from their employee plus evidentiary objections after having filed initial opposition papers is not authorized and should be rejected. Moreover, to the extent the Court considers either or both of these serial submissions, it should find them unpersuasive and deny any further relief sought.

### A. The Supplemental Dolan Declaration Does Not Address any Material Issues and Lacks Credibility

Defendants' Supplemental Declaration of Michael Dolan (Admin. Mot. Ex. A ("Suppl. Dolan Decl.")) is deficient in addressing the facts in the TRO application and, like Mr. Dolan's first declaration, lacks credibility because it is contradicted by Wells Fargo's own documents. For example, Mr. Dolan states that Wells Fargo does not deny loan modifications to Settlement Class C Members on the ground that they are not in imminent threat of default. (Supp. Dolan Decl., at 3 n. 2.) Yet, Plaintiffs' evidence indicates that Wells Fargo has done exactly that 122 times since April 2011. (*See* Jeffrey K. Berns Declaration in Support of Plaintiffs' Opposition to Defendants' Administrative Motion ("Berns Opp. Decl.") ¶ 2; Ex. A thereto.)

With respect to the figures used by Plaintiffs in the TRO application, Mr. Dolan does not contest that Defendants approved only 1,746 MAP2R modifications from April 1, 2011 through September 30, 2012. Since he cannot dispute the low number of MAP2R modifications for Settlement Class Members, Mr. Dolan indicates that the number of Class members requesting modifications is lower than the 66,671 modification applications set forth in Plaintiffs' moving papers. (Suppl. Dolan Decl. ¶¶ 4-5.) This "fact," even if true, does nothing to counteract the overwhelming evidence presented by Plaintiffs that Defendants are not complying with the Settlement Agreement, which is supported by the uncontested relatively small number of MAP2R modifications.

In any case, Mr. Dolan's statements are suspect. The figure for the number of loan modification applications that Plaintiffs have used is taken directly from Quarterly Reports

3

Opposition to Defendants' Administrative Motion Re: Briefing and Hearing on
Plaintiffs' Ex Parte Request for TRO and OSC RE: Preliminary Injunction
5:09-MD-02015-JF

provided by Defendants to Plaintiffs' counsel. (*See* Berns Opp. Decl. Ex. A.) The Supplemental Dolan Declaration states that the figure on which Plaintiffs are relying is not the number of Class members who requested modifications, but rather the number of modification applications that Wells Fargo mailed out to Class members. (Suppl. Dolan Decl.¶ 4.) However, it is undisputed that the figure used by Plaintiffs is derived from information on the Quarterly Reports related to "number of modifications requested." (*See* Berns Opp. Decl. Ex. A.) Moreover, Mr. Dolan's claim is inconsistent with the Settlement Agreement, which requires the Quarterly Reports to "provide the following information: (1) the number of Settlement Class Members who have **requested loan modifications** . . . ," (Agreement, at § VI(H) (emphasis added)), not the number of loan modification applications Defendants sent. Finally, it was only after Defendants became aware that litigation was likely during the past few months that it appears they began performing tier 2 reviews of modification denials as a matter of practice. (Berns Opp. Decl. Ex. A.). For these reasons, the Court should deny Defendants' request to file a Supplemental Declaration of Michael Dolan.

### B. <u>Defendants' Evidentiary Objections Are Baseless</u>

The Court also should disregard or deny Defendants' evidentiary objections to the TRO Application. Despite the Court's Local Rule limiting administrative motions to five pages, Civ. L.R. 7-11, Defendants attached to their motion 12 pages of objections to Plaintiffs' evidence supporting their TRO Application. Defendants repeatedly object to Plaintiffs' and Lead Class Counsel's Declarations as hearsay, for lacking foundation, and for violating the best evidence rule. (*See* Admin. Mot. Ex. B, at 2-13.) As an initial matter, these objections do not apply to evidence submitted in support of a TRO application. *See*, *e.g.*, *Mullins v. City of New York*, 626 F.3d 47, 52 (2d Cir. 2010) ("[H]earsay evidence may be considered by a district court in determining whether to grant a preliminary injunction."); *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) ("The trial court may give even inadmissible evidence some weight when to do so serves the purpose of preventing irreparable harm before trial.").

4

Opposition to Defendants' Administrative Motion Re: Briefing and Hearing on
Plaintiffs' Ex Parte Request for TRO and OSC RE: Preliminary Injunction
5:09-MD-02015-JF

In any event, Plaintiffs filed many or most of the documents on which their declarations were based as exhibits to the Declaration of Jeffrey K. Berns in Support of Plaintiffs' Reply to Defendants' Opposition to Application for TRO and Order to Show Cause Re: Preliminary Injunction ("Berns Reply Decl.") (Dkt. No. 375-1).  (*See id.*, Exs. A-AQ.)  To the extent the disputed Declarations were based on any documents other than those attached to the Berns Reply Declaration, Plaintiffs submit herewith the Declaration of Albert G. Lum ("Lum Decl.") that attaches these remaining documents.  (*See* Lum Decl. Exs. A-AS.)  Finally, lest there be any question that Defendants are prejudiced by Plaintiffs' submissions, every document on which Plaintiffs rely to corroborate their Declaration statements pertains to Defendants' improper denials of their applications for loan modifications and *was obtained from Defendants and/or is in Defendants' possession.*  Defendants' 12 pages of evidentiary objections thus should be denied as procedurally improper and substantively baseless.

## CONCLUSION

For all of the reasons set forth herein, Defendants' administrative motion for relief seeking to delay the Court's decision on Plaintiffs' TRO application and to authorize serial filings of opposition papers should be denied.

DATED:  December 18, 2012         **BERNS WEISS LLP**

By:   /s/ *Jeffrey K. Berns*
Jeffrey K. Berns (SBN 131351)
jberns@law111.com
20700 Ventura Blvd., Suite 140
Woodland Hills, CA 91364
Telephone: (818) 961-2000
Facsimile: (818) 999-1500

—and—

Lee A. Weiss (*pro hac vice* application pending)
lweiss@law111.com
626 RXR Plaza
Uniondale, NY 11556
Telephone: (818) 961-2000

*Attorneys for Plaintiffs and the Settlement Class*

5

Opposition to Defendants' Administrative Motion Re: Briefing and Hearing on
Plaintiffs' Ex Parte Request for TRO and OSC RE: Preliminary Injunction
5:09-MD-02015-JF