Amanda L. Groves (SBN: 187216)
agroves@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Telephone: +1 415 591-1000
Facsimile: +1 415 591-1400

T. Thomas Cottingham, III *(admitted pro hac vice)*
tcottingham@winston.com
Stacie C. Knight *(admitted pro hac vice)*
sknight@winston.com
WINSTON & STRAWN LLP
100 North Tryon Street, Suite 2900
Charlotte, NC 28202-1078
Telephone: +1 704 350 7700
Facsimile: +1 704 350 7800

Mark T. Flewelling (SBN 96465)
mflewelling@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL, AND TRYTTEN LLP
199 So. Los Robles Ave., #600
Pasadena, CA 91101
Telephone: +1 626 535 1900
Facsimile: +1 626 577 7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION<br><br>This document relates to:<br><br>*ALL CASES* | Case No. M:09-MD-02015-JF<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS PERTAINING TO MDL SETTLEMENT LOAN MODIFICATION APPLICANTS**<br><br>Judge: Hon. Jeremy Fogel |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned counsel, submit the following Opposition to Plaintiffs' Motion to Compel Production of Documents Pertaining to MDL Settlement Loan Modification Applicants ("Plaintiffs' Motion"). Plaintiffs' Motion is no more than an improper attempt to circumvent the express limitations on discoverable material set out in Judge Fogel's ruling at the January 31, 2013 hearing on Plaintiffs' Motion for Preliminary Injunction and the terms of the Settlement Agreement itself. Accordingly, the Court should deny Plaintiffs' Motion.

## I. BACKGROUND

These cases were the subject of multidistrict litigation, and on February 13, 2009, the Judicial Panel on Multidistrict Litigation consolidated and assigned them to the Honorable Jeremy F. Fogel to oversee all matters related to them. On December 10, 2010, Wells Fargo and Plaintiffs executed the Settlement Agreement to fully resolve and compromise certain claims arising out of the origination of "Pick-a Payment" mortgage loans. *See* Exhibit A (December 10, 2010 Agreement and Stipulation of Settlement of Class Action). The Settlement Agreement became effective on September 1, 2011, when the Ninth Circuit Court of Appeals dismissed the final remaining appeal of the May 17, 2011 Final Approval Order and the mandate was docketed in this Court. *See* Dkt. 253. The parties agreed that "the Court shall retain *exclusive and continuing jurisdiction* over the Lawsuit, the Parties, Settlement Class Members, and the Settlement Administrator in order to interpret and enforce the terms, conditions, and obligations under this Agreement." Exhibit A, Section XIV(B) (emphasis added).

Under the Settlement Agreement, Wells Fargo is required to produce only two categories of documents to Plaintiffs' Counsel during the modification review period. First, Wells Fargo agreed to produce quarterly reports until June 30, 2013 containing: (1) the number of Settlement Class Members who have requested loan modification; (2) the number of Settlement Class Members who received HAMP Modifications and MAP2R Modifications; (3) the number of Settlement Class Members denied loan modifications; and (4) the number of Settlement Class Members who received HAFA/Short Sale/Deed-in-Lieu of Foreclosure payments. Exhibit A, Section VI(H). Second, Wells

Fargo agreed to produce information about what class members who did not qualify for a modification and the reason for the denial. *Id.* at Section VI(E)(8)(d). The Settlement Agreement does not—as Plaintiffs' apparently concede in the instant motion—require Wells Fargo to produce lists of names and addresses of class members to whom Wells Fargo mailed modification applications.

On December 7, 2012, Plaintiffs petitioned Judge Fogel for a temporary restraining order and a preliminary injunction. Plaintiffs alleged Wells Fargo's loan modification efforts did not comply with the requirements of the Settlement Agreement. *See* Dkt. 365-1. Plaintiffs filed declarations allegedly demonstrating Wells Fargo's failure to abide by the terms of the Settlement Agreement. Among other mistakes, their declarations incorrectly classified 40,860 class members as "fallouts," alleging Wells Fargo never evaluated these individuals for loan modifications because the class members failed to submit the necessary paperwork and complete the modification process. *See, e.g.,* Dkt. 365-2, ¶ 14. Wells Fargo opposed Plaintiffs' request for a temporary restraining order. Wells Fargo's opposition included a declaration from Michael Dolan, a Wells Fargo employee, demonstrating that Plaintiffs' calculations as to individual class members and the number of fallouts were simply incorrect. *See generally* Dkt. 371-0 – 371-4. On December 21, 2012, Judge Fogel denied Plaintiffs' request for a temporary restraining order while noting: "Notwithstanding this conclusion, the Court is concerned by [Plaintiffs'] statistical evidence, particularly the data with respect to the numbers of class members who have been denied consideration for loan modification based upon failure to provide documentation." Dkt. 365 at 7. Judge Fogel set a briefing schedule and a hearing on Plaintiffs' request for a preliminary injunction for January 31, 2013. *Id.*

Over the next month, the parties volleyed briefs addressing Wells Fargo's modification efforts for individual class members, as well as the number of fallouts about which Judge Fogel had expressed concerned in his December 21, 2012 opinion. In particular, Plaintiffs conceded their prior figure of 40,860 fallout class members was a gross miscalculation and reduced the allegation to 10,428 class member fallouts. *See* Dkt. 394-8, ¶ 4. While this statistic is still incorrect, it is much closer to Wells Fargo's correct statistic of 7,235 class member fallouts, calculated by Mr. Dolan, *see*

Dkt. 400-2, ¶ 16, and the reason for Plaintiffs' miscalculation is easy to see. Exhibit B (January 31, 2013 Hearing Transcript), 16:22-18:14. Wells Fargo submitted additional declarations from Mr. Dolan during January 2013 in which he outlined various aspects of the modification process, rebutted Plaintiffs' claims with a detailed breakdown of the modification application and review process for specific class members, and calculated various categories of class members based on whether they applied for a modification and the result of the application. *See* Dkt. 371-4, 400-1, 400-2.

Judge Fogel held a preliminary injunction hearing on January 31, 2013 lasting nearly an hour. Judge Fogel made it very clear from the start of the hearing that he wanted to determine: "whether the Plaintiffs have had an adequate opportunity to either cross examine Mr. Dolan or look behind the numbers in his declaration and whether there's some additional discovery that the Court ought to permit if that has not taken place." Exhibit B at 5:14-18. Plaintiffs asked Judge Fogel to order Wells Fargo to produce multiple documents not required under the Settlement Agreement including "a list of every single class member who has applied for a loan modification," *id*. at 9:9-11, despite conceding Wells Fargo is "not required by the Settlement Agreement to provide that information." *Id*. at 10:2-3. At Judge Fogel's probing, Plaintiffs' counsel clarified he was not only interested in the methodology used by Mr. Dolan in formulating his declarations, but "I actually want the names and addresses of the class members who sought assistance, who made a request." *Id*. at 10:25-11:1. Plaintiffs' Counsel even clarified "[w]e also think it would be helpful to have [Mr. Dolan] provide some documentation that supports his statements…I would like to see the list of my clients." *Id*. at 38:21-39:14. Indeed, Plaintiffs had every opportunity at the hearing to ask Judge Fogel for documents related to Mr. Dolan's declarations or further clarify their requests in any respect.

There is no question Judge Fogel understood that Plaintiffs wanted Wells Fargo to produce lists and documents, that Wells Fargo is not required to produce such lists and documents under the Settlement Agreement, and that Judge Fogel rejected all such requests. Judge Fogel characterized Plaintiffs' request for documents relating to Wells Fargo's modification review process, including

-3-

Winston & Strawn LLP

1  records consulted by Mr. Dolan and names and addresses of class members in various categories, as
2  "***asking for a level of detail you are not entitled to*** under the [Settlement] Agreement." *Id*. at 26:4-5
3  (emphasis added). Judge Fogel even said an order to the contrary would be akin to "saying
4  [Plaintiffs] are entitled to relief from the [final] judgment [approving the settlement]," agreed to by
5  the parties and approved by the Court. *Id*. at 34:18-35:10. Judge Fogel reiterated the guiding
6  principle of his decision was "how do we dig beneath the numbers but do so in a way that recognizes
7  where we are procedurally and ***within the limitations under the Settlement Agreement*** that
8  everybody here is a party to." *Id*. at 38:6-9. Judge Fogel struck this balance between Plaintiffs'
9  need for the information underlying Mr. Dolan's declarations and the limits of the Settlement
10 Agreement by issuing two directives. First, he permitted Plaintiffs to depose Mr. Dolan about his
11 personal knowledge and methodology used in preparing his declarations. *See id*. at 40:9-15.
12 Second, at Wells Fargo's suggestion, he directed Wells Fargo to provide the Court, for *in camera*
13 inspection, certain class member loan files so that the Court can determine whether Wells Fargo had
14 correctly considered those class members for loan modifications. Judge Fogel made it clear that he,
15 and he alone, would review *in camera* any documents or loan files submitted by Wells Fargo. *See*
16 *id*. at 40:17-22. Nothing in the hearing transcript or Judge Fogel's ruling can be inferred to mean
17 Judge Fogel intended Wells Fargo to produce to Plaintiffs any documents not specifically required to
18 be produced under the Settlement Agreement.
19      Despite Judge Fogel's definitive and comprehensive ruling, Plaintiffs filed the instant motion
20 in an apparent attempt to retry their request before the Magistrate Judge. Plaintiffs' Motion is no
21 more than a rehashing of the requests flatly rejected by Judge Fogel as outside the scope of the
22 Settlement Agreement. This Court should do the same and deny Plaintiffs' Motion.

23                    **II.     LEGAL ARGUMENT**

24      Judge Fogel has already heard, considered, and rejected Plaintiffs' request for documents,
25 including documents supporting Mr. Dolan's three declarations. Judge Fogel concluded the parties
26 negotiated a Settlement Agreement defining and limiting Plaintiffs' access to documents in Wells
27 Fargo's possession, and neither he, nor the Magistrate Judge, should disturb such agreement. *Id.* at
28

-4-

34:18-35:10. Plaintiffs' Motion offers no basis—nor does one exist—as to why the Court should require production of documents related to the loan modification review process when Wells Fargo negotiated to withhold such documents as part of the Settlement Agreement. Indeed Judge Fogel recognized this shortcoming in Plaintiffs' requests and found the document production limitations in the Settlement Agreement to be dispositive of Plaintiffs' request. *See, e.g.*, *supra* Exhibit B at 13:21-23, 26:4-5, 34:18-35:10, 38:6-9.

To strike a balance between Plaintiffs' need to understand the basis for Mr. Dolan's declarations and the terms of the Settlement Agreement, Judge Fogel tailored his ruling first to allow Plaintiffs to depose Mr. Dolan about his knowledge and methodology without requiring Wells Fargo to produce any documents: "So let's go ahead and take Mr. Dolan's deposition. At that deposition, among other things, it seems to me that Plaintiffs' Counsel can ask him what the methodology was for producing these numbers…what was your methodology? How did you get here? What do these numbers represent?" *Id*. at 40:9-15. Second, Judge Fogel will review *in camera* the modification records for specific borrowers as necessary to resolve Plaintiffs motion for a preliminary injunction. *See id.* at 40:17-22. Judge Fogel left no loophole—nor does one exist under the jurisdictional grant in the Settlement Agreement—for Plaintiffs to petition the Magistrate Judge to compel Wells Fargo to produce documents Judge Fogel found not to be subject to discovery. Accordingly the Court should reject Plaintiffs' Motion as an improper attempt to circumvent Judge Fogel's decision.

### III. CONCLUSION

The message from Judge Fogel at the January 31, 2013 hearing was unambiguous: Wells Fargo need not produce to Plaintiffs' Counsel any documents not required to be produced under the terms of the Settlement Agreement. Plaintiffs' Motion is no more than an improper attempt to circumvent Judge Fogel's decision and the terms of the Settlement Agreement itself. Accordingly, the Court should deny Plaintiffs' Motion.

Dated: February 19, 2013

Respectfully Submitted,

WINSTON & STRAWN LLP

By: /s/ T. Thomas Cottingham, III

    Amanda L. Groves (SBN: 187216)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

    T. Thomas Cottingham, III *(admitted pro hac vice)*
Stacie C. Knight *(admitted pro hac vice)*
WINSTON & STRAWN LLP
100 North Tryon Street, Suite 2900
Charlotte, NC 28202-1078
Telephone: (704)350-7700
Facsimile: (704)350 7800

AND

ANGLIN, FLEWELLING, RASMUSSEN
CAMPBELL & TRYTTEN LLP

By: /s/ Yaw-Jiun (Gene) Wu

    Mark T. Flewelling (SBN 96465)
Yaw-Jiun (Gene) Wu (SBN: 228240)
Leigh O. Curran (SBN: 173322)
199 So. Los Robles Ave. Suite 600
Pasadena, CA 91101
Telephone: (626) 535-1900
Facsimile: (626) 577-7764
Attorneys for Defendants

ATTORNEYS FOR DEFENDANT WELLS FARGO BANK, N.A.

DEFENDANT WELLS FARGO BANK, N.A.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS PERTAINING TO MDL SETTLEMENT LOAN MODIFICATION APPLICANTS

-7-

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing **DEFENDANT WELLS FARGO BANK, N.A.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS PERTAINING TO MDL SETTLEMENT LOAN MODIFICATION APPLICANTS** was served via the Court's electronic filing system upon all counsel of record.

DATED: February 19, 2013

/s/ T. Thomas Cottingham, III