UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION | Case No.: 09-cv-2015-JF-PSG<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL PRODUCTION**<br><br>**(Re: Docket No. 419)** |

On February 15, 2013, Plaintiffs Jennifer Murphy, et al ("Plaintiffs") moved to compel from Defendants Wells Fargo, N.A., et al ("Wells Fargo") certain documents that Plaintiffs assert are necessary to an upcoming deposition of Wells Fargo representative Michael Dolan ("Dolan").[1] Plaintiffs also moved on an ex parte basis for shortened time for the court to hear and decide the motion.[2] The court denied Plaintiffs' request to hear and decide the motion on February 15, 2013, but agreed that for the benefit of Judge Fogel, a quick decision was important.[3] The court thus ordered Wells Fargo to file its response by February 19, 2013 and committed to considering the

---

[1] *See* Docket No. 419 Ex. 1.

[2] *See* Docket No. 419.

[3] *See* Docket No. 420.

1

Case No.: 09-2015 JF (PSG)
ORDER

motion on an expedited basis.[4]  The parties now have filed their respective papers and the court has considered their positions.  For the reasons the court provides below, Plaintiffs' motion to compel is DENIED.

The parties are familiar with the history of this complicated case, and so the court provides here only the background necessary to understand the court's decision.  The parties entered a Settlement Agreement on behalf of class members who were subject to problematic loan modification procedures by Wells Fargo.[5]  Among its various obligations under the Settlement Agreement, Wells Fargo must report to Plaintiffs' counsel every quarter four figures: (1) the number of settlement class members who have requested loan modifications; (2) the number of settlement class members who received HAMP modifications or MAP2R modifications; (3) the number of settlement class members denied loan modifications; and (4) the number of settlement class members who received HAFA/Short Sale/Deed-in-Lieu of Foreclosure payments.[6]  Wells Fargo also must produce upon request information about class members who did not qualify for modifications and its reasons for the denials.[7]

Concerned that Wells Fargo was not in compliance with its obligations under the Settlement Agreement, on December 7, 2012, Plaintiffs sought a temporary restraining order to prevent Wells Fargo from foreclosing on any settlement class members.[8]  Judge Fogel denied Plaintiffs' request but - noting the troubling statistics Plaintiffs presented regarding the number of class members who had not received loan modifications - requested briefing and called for a

---

[4] *See id.*

[5] *See* Docket No. 421 Ex. A.

[6] *See id.* at 43.

[7] *See id.* at 40-41.

[8] *See* Docket No. 365.

2

Case No.: 09-2015 JF (PSG)
ORDER

hearing on a preliminary injunction.[9] At that hearing, Judge Fogel observed that he did not have enough data to determine whether Wells Fargo was in violation of the Settlement Agreement and deferred making a decision until he was provided with further information.[10]

As part of the information he deemed necessary, Judge Fogel permitted Plaintiffs to take the deposition of Dolan, who had submitted a declaration in conjunction with Wells Fargo's opposition to the preliminary injunction.[11] In the declaration, Dolan had offered numbers regarding loan modifications that appeared to differ radically from Plaintiffs' assessments.[12] In addition to the deposition, Plaintiffs requested from Judge Fogel access to more information about the loan modification denials, including a list of the names and addresses of class members who had been in contact with Wells Fargo regarding loan modification and the information regarding the class members who had received HAMP modifications or MAP2R modifications.[13] As Plaintiffs represented to Judge Fogel, the purpose of the information was to cross-check Wells Fargo's information to see if it was in compliance with the Settlement Agreement.[14]

Wells Fargo objected and emphasized that under the Settlement Agreement, it had negotiated to provide only the limited quarterly information and details about denials upon request.[15] Because Plaintiffs had not yet shown that Wells Fargo was not in compliance with the

---

[9] *See* Docket No. 390.

[10] *See* Docket No. 418 at 40:1-8.

[11] *See id.* at 40:9-16.

[12] *See id.* at 7:2-9.

[13] *See id.* at 10:25-11:1, 11:23-12:9.

[14] *See id.* at 12:5-12.

[15] *See id.* at 12:25-13:3.

3

Case No.: 09-2015 JF (PSG)
ORDER

Settlement Agreement, Wells Fargo asserted it had no obligation to provide any more information than it had to provide under the agreement.[16]

Noting the conundrum that Plaintiffs had to prove noncompliance before they could get the information that would prove noncompliance, Judge Fogel opted for a compromise.[17] He ordered Wells Fargo to provide the files for the class members who had submitted declarations with Plaintiffs' motion for the preliminary injunction for an in camera review.[18] He also gave Plaintiffs an opportunity to supplement the declarations with details they felt were necessary.[19] Using the declarations and the files, Judge Fogel would compare the two sets of documents to see if Wells Fargo really was in compliance with the Settlement Agreement and move forward from there.[20]

The details of the hearing before Judge Fogel and his solution to the problem facing Plaintiffs are relevant to this motion because Plaintiffs appear to seek in this court what they could not obtain from Judge Fogel. Under the auspices of their deposition of Dolan and the need to question him on the methodology underlying his statistics, Plaintiffs request that this court order Wells Fargo to produce two lists: (1) "[t]he names and addresses of all persons to whom [Wells Fargo] mailed application packets for mortgage loan modifications pursuant to the Class Action Settlement Agreement in this action from December 16, 2010 to December 31, 2012, as described in the Supplemental Declaration of Michael Dolan"; and (2) "[t]he names and addresses of all such persons identified above whom [Wells Fargo] approved for HAMP or MAP2R modifications."[21]

---

[16] *See id.*; *see also id.* at 27:8-17.

[17] *See id.* at 26:2-12, 31:7-9.

[18] *See id.* at 34:2-17, 41:17-42:3.

[19] *See id.* at 41:17-20.

[20] *See id.* at 41:17-42:3.

[21] *See* Docket No. 419.

4

Case No.: 09-2015 JF (PSG)
ORDER

The court cannot help but notice that these requests bear a suspicious resemblance to Plaintiffs' petitions to Judge Fogel for information that he found Plaintiffs were not entitled to unless and until they establish that Wells Fargo has violated the agreement.[22] Plaintiffs' cannot circumvent Judge Fogel's holding and the Settlement Agreement to which they agreed by pointing to the upcoming Dolan deposition and claiming they need the information for that purpose. As Judge Fogel noted at the hearing, Plaintiffs may inquire as to Dolan's methodology and as to the information on which he relied when calculating the numbers he offered in his declaration.[23] From that deposition and from an in camera review of the information regarding the declarants Plaintiffs offered in support of the preliminary injunction, Judge Fogel will make his determination about whether Wells Fargo is in compliance with the Settlement Agreement and what further steps are necessary. As Judge Fogel made clear, however, the deposition of Dolan must proceed without requiring Wells Fargo to produce all of the files of the class members at issue.[24]

In support of their request, Plaintiffs point to instances in the transcript where Judge Fogel highlighted the difficulty of making a decision without sufficient information.[25] But they fail to explain how their discovery request in this court can be reconciled with Judge Fogel's ultimate determination that they were not entitled to the same information until he had found Wells Fargo in violation of the Settlement Agreement. This court is not an alternative route to discovery that Judge Fogel already has determined is off-limits under the Settlement Agreement. Until Judge Fogel indicates otherwise, Plaintiffs may not take discovery of the information they request the

---

[22] *Compare* Docket No. 419 *with* Docket No. 418 at 10:25-11:1, 11:23-12:9.

[23] *See* Docket No. 418 at 40:9-15.

[24] *See id.* at 40:13-14.

[25] *See* Docket No. 419.

5

Case No.: 09-2015 JF (PSG)
ORDER

court to compel Wells Fargo to provide.  Plaintiffs' motion to compel discovery therefore is

DENIED.

**IT IS SO ORDERED**.

Dated: February 22, 2013

                                         PAUL S. GREWAL
                                         United States Magistrate Judge

Case No.: 09-2015 JF (PSG)
ORDER