# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION. | Case No. 5:09-md-02015-JF (PSG)<br><br>ORDER CLARIFYING REFERRAL TO MAGISTRATE JUDGE GREWAL |

On April 5, 2013, Defendant filed a motion seeking clarification of this Court's Order of April 3, 2013, which refers to Magistrate Judge Grewal the following issue:

> whether the figures provided by Defendant with respect to the number of loan modification applications requested by class members, the number of such applications actually mailed to class members, and the outcomes of those applications, are sufficiently reliable that this Court should continue with the three-step process outlined at the hearing on the motion for preliminary injunction.

Order of April 3, 2013 at 2, ECF No. 432. Defendant asserts that "borrower-level data – not application-level data – is the key" to determining Defendant's compliance with the settlement agreement. Def.'s Mot. for Clarif. at 2, ECF No. 441. Some of Michal Dolan's statements refer to per-borrower data rather than per-application data. Defendant seeks clarification whether the Court wishes to have Judge Grewal assess the reliability of its *per-application* data or *per-borrower* data.

As the Court understands it, Defendant's quarterly summary reports, quarterly denial reports, and quarterly fall-out reports are based upon per-application data rather than per-borrower data. Additionally, one of Movants' contentions is that Defendant's representatives declined to mail

applications to some class members who requested them. Accordingly, the Court concludes that it must evaluate per-application data in order to determine whether Defendant is in compliance with the settlement agreement. Defendant is free to provide additional data demonstrating that multiple applications were requested and/or submitted by the same class member, and to make the argument that each class member is entitled to full consideration of only one application. However, in light of Movants' contention that thousands of loan modification applications are unaccounted for, the Court must understand what happened to each application.

In the event that the Court requires per-application data, Defendant requests additional time to collect such data. Movants object to Defendant's request, arguing that Defendant has had ample time to make a sufficient record. The Court leaves it to Judge Grewal to determine an appropriate briefing schedule with respect to the issue the Court has referred to him.

IT IS SO ORDERED.

DATED: April 11, 2013

_____
JEREMY FOGEL
United States District Judge