UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| In re WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION | Case No.: 09-cv-2015-JF-PSG<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION**<br><br>**(Re: Docket No. 449)** |

Before the court is Plaintiffs' motion to compel Defendant Wells Fargo, Inc. ("Wells Fargo") to withdraw its objections to the production of documents by the State of California ("California").[1]  Wells Fargo opposes the motion.  Having considered the parties' papers, the court GRANTS Plaintiffs' request.

**DISCUSSION**

As part of an Assurance Agreement ("Assurance") with California, Wells Fargo must provide California with quarterly reports with information about HAMP modifications, MAP2R modifications, combined information for HAMP and MAP2R modifications, foreclosure

---

[1] *See* Docket No. 449.

alternatives, and fixed rate conversions.[2]  Plaintiffs served on California a subpoena duces tecum in which they requested:

> All DOCUMENTS, produced by WELLS FARGO pursuant to Section X of the Assurance Agreement between the People of the State of California and WELLS FARGO dated December 16, 2010, which is attached hereto as Exhibit A, including but not limited to reports, that include information concerning the number of modifications nationwide that WELLS FARGO reported as requested, granted or completed.[3]

Wells Fargo objected to California's production of the documents on confidentiality grounds. California indicated to Plaintiffs that although it did not object to producing the documents, it would not turn them over unless Well Fargo withdrew its confidentiality designation or the court ordered it to do so. California has since filed a notice of non-opposition to producing the documents subject to a protective order to ensure they are used exclusively for this litigation.[4]

Fed. R. Civ. P. 26(b) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The relevant information "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Relevance under Rule 26(b) is broadly defined, "although it is not without ultimate and necessary boundaries."[5] The court must limit the frequency or extent of discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, or the burden or expense of the proposed discovery outweighs its likely benefit.[6] The court may also "for good cause, issue an order to protect a party or person

---

[2] *See* Docket No. Ex. B.

[3] *See* Docket No. 449 Ex. B.

[4] *See* Docket No. 458.

[5] *See Gonzales v. Google Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (internal citations and quotations omitted).

[6] *See* Fed. R. Civ. P. 26(b)(2)(C).

2

Case No.: 09-2015 JF (PSG)
ORDER

from annoyance, embarrassment, oppression, or undue burden or expense" restrict or limit discovery.[7]

Plaintiffs assert that the information in the reports Wells Fargo submitted to California is relevant to their argument that the documents Wells Fargo produced pursuant to the Settlement Agreement are unreliable. Plaintiffs contend that the statistics in the reports may corroborate their assertion that the statistics Wells Fargo provided in this dispute are so problematic that they cannot be used by Judge Fogel in his preliminary injunction determination.

Wells Fargo responds that the information provided pursuant to the Assurance is "vastly different" from the information it was required to provide to Plaintiffs under the Settlement Agreement.[8] According to Wells Fargo, the period of time under the Assurance is longer but the data includes only the thirteen states party to the Assurance, rather than the nationwide statistics Wells Fargo is required to provide under the Settlement Agreement. Wells Fargo also asserts that whereas the quarterly reports to California require reporting on 27 different categories of information, the Settlement Agreement requires only four categories. The result, according to Wells Fargo, is that the two types of reports "will never match up" and so the Assurance reports are irrelevant and potentially misleading.[9]

Wells Fargo also points to Judge Fogel's and the undersigned's orders denying Plaintiffs' earlier requests to compel further information from Wells Fargo so Plaintiffs could verify the statistics.[10] Wells Fargo underscores that both Judge Fogel and the undersigned have determined that Plaintiffs' bargaining for limited information as part of the Settlement Agreement prohibits

---

[7] Fed. R. Civ. P. 26(c)(1).

[8] *See* Docket No. 450.

[9] *See Id.*

[10] *See* Docket Nos. 418, 422.

3

Case No.: 09-2015 JF (PSG)
ORDER

them from obtaining more information unless and until they have shown Wells Fargo violated the Settlement Agreement.

Wells Fargo's reports to California would appear to be relevant to Plaintiffs' assertion that Wells Fargo has failed to provide accurate statistics in the dispute before Judge Fogel. Wells Fargo maintains that the statistics are too different to provide a meaningful contrast or verification of the Settlement Agreement reports to be useful or relevant to Plaintiffs' argument. But that goes to the credibility of the data should Plaintiffs choose to submit it in support of their request. Especially under the broad definition of relevance under Rule 26(b), information that is similar, even if not exact, would be relevant to aiding Plaintiffs in their pursuit.

The Settlement Agreement does not prevent Plaintiffs from obtaining the information from California. The agreement may limit how much information Plaintiffs can request from Wells Fargo directly, but Wells Fargo has not explained why the agreement also prohibits Plaintiffs from obtaining information about the statistics from a third party. From the court's interpretation of the Settlement Agreement, nothing suggests that Plaintiffs cannot seek the information from other sources – the agreement only limits what Plaintiffs can force Wells Fargo to produce itself.

As to its assertion of confidentiality, Wells Fargo explains that the reason it required California to treat the reports as confidential is because "someone who does not understand . . . [the] differences [between the Settlement Agreement and the Assurance reports] can use the Assurance reports in an attempt to create a discrepancy when one simply does not exist."[11] But other than concerns that Plaintiffs may skew the information in the Assurance reports, Wells Fargo has not provided any indication that the information in the reports could lead to "annoyance,

---

[11] Docket No. 450.

4

Case No.: 09-2015 JF (PSG)
ORDER

embarrassment, oppression, or undue burden." Nor has Wells Fargo argued that the information is confidential proprietary information that should not be provided to Plaintiffs.[12]

The court nevertheless believes the information should be subject to a confidential or attorneys-eyes-only designation if Wells Fargo so chooses. The parties apparently entered into a stipulated protective order in a related case[13] but not in this case. Rather than adopt that protective order wholesale, the court will permit the parties to submit a protective order for this discovery.[14] California shall produce the requested information to Plaintiffs, subject to Wells Fargo's designation under the protective order the parties submit. The court also moves back the parties' briefing deadlines and the hearing by one week to accommodate the discovery. Accordingly,

IT IS HEREBY ORDERED that the parties shall submit a stipulated protective order no later than Monday, April 29, 2013.

IT IS FURTHER ORDERED that no later than five days following the court's approval of the stipulated protective order, California shall produce the Assurance reports to Plaintiffs, subject to Wells Fargo's designation.

IT IS FURTHER ORDERED that Plaintiffs' opening brief shall be filed by Tuesday, May 7, 2013 and Wells Fargo's responding brief shall be filed no later than Tuesday, May 21, 2013. The parties shall appear for a hearing on this matter on Tuesday, May 28, 2013.

**IT IS SO ORDERED**.

Dated: April 25, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[12] *See Wells Fargo v. ABD Ins.*, Case No. C 12-03856 PJH (DMR), 2012 WL 6115612, at *3 (N.D. Cal. Dec. 10, 2012).

[13] *See Mandrigues v. World Savings, Inc.*, Case No. C-07-04497-JF (N.D. Cal. May 7, 2008).

[14] The court refers the parties to the Northern District of California's Model Protective Order, available at http://cand.uscourts.gov/stipprotectorder.

5

Case No.: 09-2015 JF (PSG)
ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

Case No.: 09-2015 JF (PSG)
ORDER