**E-Filed 9/6/2013**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION. | Case No. 5:09-md-02015-JF<br><br>ORDER DENYING MARSHA KILGORE'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO INTERVENE<br><br>[Re ECF Nos. 544, 545] |

On September 4, 2013, Marsha Kilgore ("Kilgore") filed an application for temporary restraining order ("TRO") and a motion to intervene in this action. *See* ECF Nos. 544, 545. The Court concludes that the application and motion are appropriate for disposition without oral argument. *See* Civ. L.R. 7-1(b). For the reasons discussed below, both the application for TRO and the motion to intervene will be denied.

**I. BACKGROUND**

On May 17, 2011, the Court granted final approval of a class action settlement between Wells Fargo Bank, N.A. ("Wells")[1] and a class of borrowers who claimed that Wells had failed to

---

[1] Defendant has gone through a number of name changes since this action began: originally World Savings Bank, FSB, Defendant changed its name to Wachovia Mortgage, FSB and then merged with and into Wells Fargo Bank, N.A. *See Caovilla v. Wells Fargo Bank, N.A.*, No. 13-cv-1003 JSC, 2013 WL 2153855, at *1 (N.D. Cal. May 16, 2013); *Abuda v. Cal-Western Reconveyance*

disclose material information in connection with their "Pick-a-Payment" home mortgage loan transactions. *See* Final Approval Order, ECF No. 207. A key component of the settlement agreement is a detailed set of procedures that must be utilized by Wells when considering class members for loan modification. *See id*. at 3-4.

Kilgore asserts that she is a class member and that Wells breached the settlement agreement by failing to grant her loan modification and foreclosing on her home. According to Kilgore, Wells sold her home at a foreclosure sale on February 14, 2012; recorded a trustee's deed upon sale on August 31, 2012; and transferred title of the home to a Jaime Martinez ("Martinez") on June 13, 2013. Kilgore Decl. ¶¶ 28-29, 31, ECF No. 544. It is not clear when Kilgore lost physical possession of the home. She currently lives in a hotel. *Id*. ¶ 1. She suffers from Chronic Obstructive Pulmonary Disease and is dependent on oxygen, which is delivered via an oxygen concentrator that runs on electricity. *Id*. ¶¶ 9-12. When she was in possession of her home, the government subsidized her electricity bill; however, the government will not subsidize her electricity bill while she is in non-permanent housing such as a hotel. *Id*. ¶¶ 13-14. The hotel does not wish to pay the electricity bill incurred by the running of Kilgore's concentrator, and will be evicting her on Sunday, September 8, 2013. *Id*. ¶ 15; Suppl. Statement at 1, ECF No. 551.

Kilgore moves to intervene in this action to seek relief, and she seeks a TRO directing Wells to set aside the February 2012 foreclosure sale and June 2013 transfer of title, and to give her back her home. Alternatively, Kilgore requests that Wells be ordered to house her free of cost in another home; Kilgore appears to believe that Wells has foreclosed upon many homes in her home town of Fresno that could be utilized for this purpose. Wells has not responded to Kilgore's motion for intervention or application for a TRO.

## II. DISCUSSION

If Kilgore is a class member as she claims, then she is a party to this action and need not intervene. If she is not a class member, then she has no standing to seek relief under the settlement agreement. Accordingly, her motion to intervene is hereby denied.

---

*Corp.*, No. 2:11-CV-01823-KJD-(GWF), 2012 WL 2564791, at *1 (D. Nev. June 29, 2012). For ease of reference, Defendant is referred to herein as "Wells."

With respect to Kilgore's application for a TRO, "[t]he standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit has interpreted this standard to mean that, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Under any formulation of the test, "[a] preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24.

Applying these standards, Kilgore must demonstrate a likelihood of success, or at least serious questions, as to the merits of her claim that Wells breached the settlement agreement by denying her loan modification and foreclosing on her home. Kilgore's declaration states that: she "kept going in and out of default"; Wells "told" her on an undisclosed date that she could "get modified" but only if she missed three monthly mortgage payments; she did miss three monthly mortgage payments; and Wells did not grant her loan modification but instead foreclosed on her home. Kilgore Decl. ¶¶ 23-26, ECF No. 544. This information is insufficient to demonstrate that Wells failed to follow the loan modification procedures mandated by the settlement agreement.

The Court notes that Class Counsel have sought classwide injunctive relief based upon allegations that Wells has breached the settlement agreement's loan modification provisions with respect to thousands of class members. *See* ECF No. 394. Magistrate Judge Grewal has made some findings of fact that would support those allegations. *See* Rep. and Rec., ECF No. 507. However, Wells's motion for *de novo* review of Judge Grewal's findings is pending before the Court. *See* ECF No. 516. Thus even if the Court were inclined to consider Judge Grewal's findings in connection with Kilgore's application for a TRO, those findings would be insufficient to entitle

3

Kilgore to relief given the procedural posture of the case.

Kilgore asserts that she will suffer irreparable harm if her home is not returned to her, because she will be homeless after the hotel evicts her, and her life will be at risk if she does not have access to the electricity she needs to run her oxygen concentrator. She also argues that given her medical needs on the one hand, and Wells' purely pecuniary interest on the other, the balance of equities tips sharply in her favor and granting the requested relief is in the public interest. While those arguments might be persuasive if Kilgore were seeking to enjoin a foreclosure sale, the foreclosure sale of Kilgore's home occurred *a year and a half* ago. Title transferred to a third party, Martinez, more than *two months* ago. Kilgore has provided no legal authority for setting aside those transactions. Kilgore suggests that Martinez is not a *bona fide* purchaser for value, but she presents no evidence to support that suggestion. Moreover, because Martinez is not a party to this action, the Court lacks jurisdiction to order him to give up possession of the home even if it otherwise were inclined to do so. Finally, as to Kilgore's alternative request that Wells be required to provide her with another home to live in, Kilgore presents no authority that would permit the Court to make such an order.

Accordingly, while the Court is deeply sympathetic to Kilgore's medical needs and financial circumstances, her application for a TRO must be denied.

## III. ORDER

(1)  The motion to intervene is DENIED; and

(2)  The application for a TRO is DENIED.

DATED: September 6, 2013

_____
JEREMY FOGEL
United States District Judge