**E-Filed 9/25/2013**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION. | Case No. 5:09-md-02015-JF |
| | ORDER DENYING PENDING MOTIONS |
| | [Re:  ECF Nos. 462, 483, 499, 500, 503, 504, 509, and 510] |

      This order addresses eight motions arising from the settlement of this class action litigation: (1) a motion of Defendant Wells Fargo Bank, N.A. ("Wells Fargo") to enforce the Settlement Agreement against Vicki Schultz and J. Stuart Schultz, ECF No. 462; (2) the Schultzes' cross-motion to enforce the Settlement Agreement against Wells Fargo, ECF No. 483; (3) Wells Fargo's motion for an order to show cause re contempt against Albert Del Sasso and for sanctions against The Ticktin Law Group, ECF No. 499; (4) the cross-motion of Albert Del Sasso and The Ticktin Law Group for sanctions against Wells Fargo, ECF No. 509; (5) Edith Stevenson's motion to enforce the Settlement Agreement, ECF No. 500; (6) a motion of Robert Brewer, Deborah Brewer, and Teri Royal to enforce the Settlement Agreement, ECF No. 503; (7) Nancy Mejia's motion for late opt-out from the Settlement Agreement, ECF No. 504; and (8) Frank Natale's motion to enforce the Settlement Agreement, ECF No. 510.

*United States District Court*
For the Northern District of California

The Court has determined that these motions are appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b). Having considered the briefing and the admissible evidence and for the reasons discussed below, each of the motions will be denied.

# I. DISCUSSION

Under the All Writs Act, federal courts have the power to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. This power encompasses the authority to enjoin state court proceedings that "interfere, derogate, or conflict with federal judgments, orders, or settlements." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998) (internal quotation marks and citation omitted). The Court expressly has retained "continuing jurisdiction to interpret and enforce the settlement agreement." Final Approval Order at 4, ECF No. 207. The Court thus has subject matter jurisdiction over the motions addressed herein. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 380-81 (1994) (district court has subject matter jurisdiction if its dismissal order expressly retains jurisdiction over disputes arising from the settlement agreement).

## A.      The Schultzes (ECF Nos. 462, 483)

Wells Fargo and the Schultzes – Vicki Schultz ("Vicki") and J. Stuart Schultz ("Stuart"), who are husband and wife – have filed cross-motions to enforce the Settlement Agreement. In February 2004, Vicki obtained a "Pick-a-Payment" mortgage loan to refinance the couple's home. Stuart Decl. ¶ 3, ECF No. 485. Stuart was not a party to the loan, and he did not sign the note. *Id.* Although his signature does appear on the mortgage, Stuart asserts that his signature was "fraudulently added to the mortgage." Op. of Sup. Ct. of New Jersey at 3 n.2, Ex. JJ to Vicki Decl., ECF No. 484-2. Vicki defaulted on the note in December 2010. Vicki Decl. ¶ 6, ECF No. 484. At about the same time, the settlement in this action was reached. *Id.* ¶ 8. Vicki is a member of settlement class C. *Id.* Vicki has sought loan modification from December 2010 through the present. *Id.* ¶ 9. She describes her intense frustration at that process arising from what she describes as conflicting communications from Wells Fargo and repeated requests to provide documentation that already had been provided. *Id.* ¶¶ 10-71. A year and a half into the process, in July 2012, Vicki became so frustrated that she asked Stuart if he could deal with Wells Fargo from then on. *Id.* ¶ 61.

2

**United States District Court**
For the Northern District of California

1  Stuart called Wells Fargo, but was told that the bank could not deal with him because he was not a

2  party to the loan. *Id.*

3       In September 2012, Wells Fargo filed a foreclosure action against Vicki in the Superior

4  Court of New Jersey. Vicki Decl. ¶ 9 and Ex. JJ, ECF No. 484 and 484-2. The Superior Court

5  struck Vicki's defenses relating to loan origination as barred by the Settlement Agreement, but it

6  permitted her to raise a defense based upon Wells Fargo's asserted breach of the Settlement

7  Agreement in the processing of her requests for loan modification. The Superior Court declined to

8  strike Stuart's defenses relating to loan origination on the ground that he is not a class member and

9  thus is not bound by the Settlement Agreement. Wells Fargo asks this Court to enforce the

10 Settlement Agreement by making a factual determination that Stuart is a class member, and by

11 making a legal determination that this Court has exclusive jurisdiction over disputes relating to the

12 Settlement Agreement. Wells Fargo would present such a ruling to the Superior Court with a

13 request to strike Vicki's defense based upon Wells Fargo's failure to comply with its obligations

14 under the Settlement Agreement and a request to strike all of Stuart's defenses relating to loan

15 origination and Wells Fargo's alleged failure to comply with obligations under the Settlement

16 Agreement. The Schultzes ask the Court to make a determination that Wells Fargo has breached its

17 obligations under the Settlement Agreement on a class-wide basis and specifically as to Vicki (and

18 as to Stuart to the extent that he is considered to be a class member).

19      The Superior Court has determined as a factual matter that Stuart did not sign the note; did

20 not receive notice of the class action; and maintains that his signature was fraudulently added to the

21 mortgage. Based upon these determinations, the Superior Court has concluded that Stuart is not a

22 class member. This Court finds no fault with the Superior Court's reasoning. Because Stuart is not

23 a class member and thus is not bound by the Settlement Agreement, the Superior Court properly

24 declined to strike Stuart's defenses relating to the Settlement Agreement. With respect to Vicki's

25 defense based upon Wells Fargo's asserted failure to comply with its obligation to process her

26 requests for loan modification, this Court clearly has jurisdiction to determine whether Wells Fargo

27 has breached the Settlement Agreement on either an individual or class-wide basis. However, the

28 Court does not perceive any bar to Vicki raising Wells Fargo's purported breach as a defense to

3

foreclosure, for the reasons set forth in the Superior Court's opinion. *See* Op. of Sup. Ct. of New Jersey, Ex. JJ to Vicki Decl., ECF No. 484-2.

As discussed in its  order adopting Magistrate Judge Grewal's report and recommendation, the Court has substantial concerns as to whether Wells Fargo has breached the Settlement Agreement on a class-wide basis.  For reasons of judicial economy, the Court concludes that it should resolve  that issue before considering individual claims of breach on a piecemeal basis.

Accordingly, Wells Fargo's motion to enforce (ECF No. 462) will be denied, and the Schultzes' motion to enforce (ECF No. 483) will be denied without prejudice..

**B.      Albert Del Sasso/The Ticktin Law Group (ECF Nos. 499, 509)**

The Settlement Agreement provides as follows:

> The Release: In consideration for the Settlement Benefits described herein, each and all of the Plaintiffs hereby agree to and by operation of law shall be deemed to agree to fully, finally, and completely release and forever discharge the Alleged Claims and any and *every actual or potential known or unknown claim, liability, right, demand, suit, matter, obligation, damage, loss or cost, action or cause of action, of every kind and description* that the Releasing Party has or may have, including assigned claims and Unknown Claims, asserted or unasserted, latent or patent, that is, has been, or could have been or in the future might be asserted by any Releasing Party in the Lawsuit, the Related Actions, any other case consolidated in the Lawsuit, or in any other action or proceeding in this Court, or any other court, administrative venue, tribunal or arbitration or other forum, *regardless of the type* or amount *of relief* or damages claimed, against any of the Released Entities arising out of the Alleged Claims, the origination of the Settlement Class Member's Pick-a-Payment mortgage loan, the manner in which the Defendants applied the Settlement Class Member's payments to principal and interest, negative amortization, the Pick-a-Payment mortgage loan's potential for negative amortization, the disclosure of the Pick-a-Payment mortgage loan's potential for negative amortization, and the disclosure of the manner in which payments would be applied to principal and interest.

Settlement Agreement ¶ V(A) (emphasis added).  On November 19, 2012, the Court issued an order with respect to a dispute between Wells Fargo and class member Albert Del Sasso as to whether this language bars class members from asserting affirmative defenses arising out of Defendants' alleged violations of lending laws relating to class members' "Pick-a-Payment mortgages.  *See* Order Re Mots. Heard October 16, 2012, ECF No. 361.  The Court concluded that "the language of the release, in particular the portions italicized above, encompasses defenses claiming negative amortization, violations of TILA, and the like."  *Id.* at 11.  Based upon this conclusion, the Court granted Wells Fargo's then-pending motion to enforce the settlement agreement against Albert Del

United States District Court
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1  Sasso ("Del Sasso"), who had asserted such affirmative defenses in a judicial foreclosure proceeding

2  in Florida.  *Id.*

3      Wells Fargo asserts that Del Sasso nonetheless filed a motion for leave to amend his

4  affirmative defenses in the Florida judicial foreclosure proceeding seeking to add the same defenses

5  that the Court had addressed in its order.  The Florida court denied Del Sasso's motion and also

6  denied Del Sasso's motion for reconsideration as to that denial.  Wells Fargo claims that Del Sasso's

7  continued assertion of defenses barred by the Settlement Agreement have caused it unnecessarily to

8  expend time and expense.  Wells Fargo requests that this Court order Del Sasso to show cause why

9  he  should not be held in contempt of this Court's  order, and why Del Sasso's law firm, The Ticktin

10  Law Group, P.A., should not be sanctioned for making frivolous arguments on behalf of Del Sasso

11  and other class members.  Del Sasso and The Ticktin Law Group have filed a cross-motion for

12  sanctions against Wells Fargo's counsel, Broad and Cassel, asserting that the motion for contempt

13  and actions is frivolous.

14      The order of November 19, 2012 determined that the Settlement Agreement bars class

15  members from asserting affirmative defenses arising out of Defendants' alleged violations of

16  lending laws relating to class members' "Pick-a-Payment" mortgages.  Order Re Mots. Heard

17  October 16, 2012, ECF No. 361.  However, that order did not direct Del Sasso or The Ticktin Law

18  Group to dismiss  or to refrain from asserting any particular defenses.  Having established the

19  relevant parameters of the Settlement Agreement, the Court leaves it to the Florida court to decide

20  whether sanctions against Del Sasso and his law firm are warranted for repeated assertion of barred

21  defenses in the state court foreclosure action.  The Court also declines to sanction Wells Fargo's

22  counsel for seeking relief against Del Sasso and The Ticktin Law Group.  Although a motion for

23  sanctions based upon repetition of frivolous argument most properly is brought in the court in which

24  such argument is presented, it was not unreasonable for Wells Fargo to pursue sanctions in this

25  Court given this Court's continuing jurisdiction over disputes arising from the Settlement

26  Agreement.

27      Accordingly, the parties' cross-motions for sanctions (ECF Nos. 499, 509) will be denied.

28

Case No. 5:09-cv-02015-JF
ORDER ADDRESSING PENDING MOTIONS

**C.     Edith Stevenson (ECF No. 500)**

Class member Edith Stevenson ("Stevenson") moves to enforce the Settlement Agreement against Wells Fargo and to enjoin Wells Fargo from proceeding with a foreclosure action against her. Stevenson asserts that Wells Fargo has failed to comply with its obligations to offer loan modification to class members. She offers very few specifics in her six-page motion, which consists primarily of quotations from the Settlement Agreement. She offers a one-page declaration from her counsel in a Florida state court foreclosure action that Wells Fargo has initiated. Counsel states that Wells Fargo denied requests for loan modification that counsel had made on Stevenson's behalf, and that Wells Fargo had indicated that Stevenson would have to make a significant lump sum payment in connection with any loan modification. *See* Stevenson Mot. to Enforce and Kanor Decl., ECF No. 500.

Stevenson's generalized statements are insufficient to warrant immediate individual injunctive relief. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008) (holding that a preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). As discussed above, the Court is in the process of evaluating Wells Fargo's asserted class-wide failure to comply with its obligations under the Settlement Agreement. After resolution of that issue, the Court will entertain individual motions for injunctive relief, if appropriate.

Wells Fargo has filed lengthy opposition arguing that Stevenson is not entitled to injunctive relief. The Court need not reach these arguments because the motion is deficient on its face.[1]

Accordingly, Stevenson's motion to enforce (ECF No. 500) will be denied, without prejudice to Stevenson's rights should the Court ultimately determine that Wells Fargo has breached the Settlement Agreement on a class-wide basis.

---

[1] Stevenson provides additional argument in a reply brief. *See* ECF No. 519. "The district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). The Court concludes that it would be inappropriate to consider new reply arguments here, where Stevenson made a completely deficient showing for injunctive relief in her initial motion.

6

**D.      The Brewers And Teri Royal (ECF No. 503)**

Robert and Deborah Brewer ("the Brewers"), and Teri Royal ("Royal"), move to enforce the Settlement Agreement against Wells Fargo.  Like Stevenson, the Brewers and Royal have filed a short, sparse motion asserting generally that Wells Fargo has breached its obligations to offer them a loan modification.  The motion states that the Brewers are in danger of imminent foreclosure and that Royal has lost her home to foreclosure.  No supporting declarations are submitted.  This showing is insufficient to warrant immediate individual injunctive relief.  *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008) (holding that a preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").  As discussed above, the Court is in the process of evaluating Wells Fargo's asserted class-wide failure to comply with its obligations under the Settlement Agreement.  After resolution of that issue, the Court will entertain individual motions for injunctive relief, if appropriate.

Wells Fargo opposes the motion on several grounds, asserting among other things that the Brewers are not class members and that Royal did receive a loan modification before defaulting on her modified loan.  *See* Opp., ECF No. 513.  The Court need not reach these arguments because the motion is deficient upon its face.[2]

Accordingly, the motion to enforce settlement brought by the Brewers and Royal (ECF No. 503) will be denied, without prejudice to the movants' rights should the Court ultimately determine that Wells Fargo has breached the Settlement Agreement on a class-wide basis.

**E.      Nancy Mejia (ECF No. 504)**

Nancy Mejia ("Mejia") requests leave to opt out of the class action settlement pursuant to Federal Rule of Civil Procedure 60(b).  She claims that she did not receive notice of the Settlement Agreement until February 2013.

"Absent a violation of due process or excusable neglect for failure to timely opt out, a class-

---

[2] The Brewers and Royal do provide more facts in a reply brief and declarations filed therewith.  *See* ECF Nos. 523, 524, 525.  "The district court need not consider arguments raised for the first time in a reply brief."  *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).  The Court concludes that it would be inappropriate to consider new reply arguments and evidence here, where the movants made a completely deficient showing for injunctive relief in their initial motion.

1   action settlement agreement binds all class members who did not do so." *In re Am. Express Fin.*

2   *Advisors Sec. Litig.*, 672 F.3d 113, 129 (2d Cir. 2011). The Court may relieve a party from a final

3   judgment or order under Federal Rule of Civil Procedure 60(b)(1) upon a showing of "mistake,

4   inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Moreover, the Court may

5   extend the time within which an act must be done "on motion made after the time has expired if the

6   party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Pursuant to these

7   authorities, the Court may grant a request for a late opt out if the class member demonstrates that his

8   or her failure to opt out in the time and manner provided by the class notice was a result of

9   excusable neglect. Factors to be included in a court's analysis of a claim of excusable neglect

10  include (1) the danger of prejudice to the opposing party, (2) the length of delay in seeking relief

11  and the impact of such delay on judicial proceedings, (3) the reason for the delay, including whether

12  it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

13  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993).

14          As an initial matter, Wells Fargo points out correctly that a motion for relief from judgment

15  on grounds of "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1) must be

16  filed "no more than a year after the entry of the judgment or order." Mejia's motion, brought more

17  than two years after final approval of the class action settlement, is untimely. Moreover, Mejia

18  claims to have discovered the existence of the Settlement Agreement in February 2013, but she did

19  not move for relief until July 1, 2013. She does not offer any explanation for five-month delay in

20  seeking to opt out; this delay is significant given the length of time that has passed since the

21  Settlement Agreement was finally approved. Permitting the opt out would prejudice Wells Fargo,

22  as Mejia then would be free to assert released claims and defenses in a foreclosure proceeding that

23  Wells Fargo is litigating against Mejia in New Jersey. Mejia points out that the Court has granted

24  late opt-outs to other class members. However, such relief last was granted in November 2012.

25  Almost a year has passed since then, during which time Wells Fargo has relied upon the binding

26  nature of the Settlement Agreement in its dealings with class members. The *Pioneer* factors do not

27  favor relief in this case, even if the Court were to conclude that it has authority to grant such relief

28  given the one-year limitation period applicable to Rule 60(b).

8

**United States District Court**
For the Northern District of California

1    Accordingly, Mejia's motion for late opt-out (ECF No. 504) will be denied.

2  **F.    Frank Natale (ECF No. 510)**

3    Frank Natale ("Natale"), proceeding *pro se*, has filed a motion to enforce the Settlement

4  Agreement against Wells Fargo.  Specifically, he request that the Court require Wells Fargo to

5  modify his mortgage loan and enjoin Wells Fargo from foreclosing on his home.  His four-page

6  motion asserts that Wells Fargo denied his request for loan modification in violation of the terms of

7  the Settlement Agreement; the motion is not supported by any accompanying declarations or other

8  evidence.  Because he  has not provided specific information regarding Wells Fargo's alleged

9  conduct, or any evidence, Natale has failed to demonstrate his entitlement to injunctive relief.  *See*

10  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008) (holding that a preliminary injunction is an

11  "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to

12  such relief.").

13    Wells Fargo has submitted  substantive opposition to Natale's motion to enforce.  *See* ECF

14  No. 526.  The Court need not address the arguments contained therein because Natale's motion is

15  deficient upon its face.

16    Accordingly, Natale's motion to enforce (ECF No. 510) will be denied, without prejudice to

17  his rights should the Court ultimately determine that Wells Fargo has breached the Settlement

18  Agreement on a class-wide basis.

19                          **II. ORDER**

20    For the foregoing reasons:

21    (1) Wells Fargo's motion to enforce (ECF No. 462) is DENIED;

22    (2) the Schultzes' motion to enforce (ECF No. 483) is DENIED.

23    (3) Wells Fargo's motion for an order to show cause re contempt against Albert Del Sasso
     and for sanctions against The Ticktin Law Group (ECF No. 499) is DENIED;
24
     (4) the motion of Albert Del Sasso and The Ticktin Law Group for sanctions against Wells
25   Fargo (ECF No. 509) is DENIED;

26    (5) Edith Stevenson's motion to enforce (ECF No. 500) is DENIED;

27    (6) the motion of the Brewers and Teri Royal to enforce (ECF No. 503) is DENIED;

28    (7) Nancy Mejia's motion for late opt-out (ECF No. 504) is DENIED;

(8) Frank Natale's motion to enforce (ECF No. 510) is DENIED.

IT IS SO ORDERED.

DATED:  September 25, 2013

_____
JEREMY FOGEL
United States District Judge

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

10

Case No. 5:09-cv-02015-JF
ORDER ADDRESSING PENDING MOTIONS