UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION | Case No.: 3:09-cv-02015-RS-PSG<br><br>**ORDER RE: SEALING MOTIONS**<br><br>**(Docket Nos. 463 and 470)** |

Before the court are Plaintiffs' Jennifer Murphy, et al. ("Plaintiffs") and Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") administrative motions for leave to file documents under seal.[1] In the interest of expediency the court presumes familiarity with the background of this case and turns immediately to the motions before it.

**I. LEGAL STANDARDS**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[2] Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[3] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption

---

[1] *See* Docket No. 470.

[2] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

[3] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

1
Case No.: 3:09-cv-02015-RS-PSG
ORDER RE: SEALING MOTIONS

with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[4]

Records attached to nondispositive motions, however, are not subject to the strong presumption of access.[5] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6] As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8] "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[9] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[10] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[11]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civil L.R. 79-5. Pursuant to Civil L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under

---

[4] *Id.* at 1178-79.

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

[7] *Id.*

[8] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[9] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).
[10] *See Kamakana,* 447 F.3d at 1179-80.

[11] *See* Civil L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

2

Case No.: 3:09-cv-02015-RS-PSG
ORDER RE: SEALING MOTIONS

the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[12]

## II. DISCUSSION

### A.  Plaintiffs' Motion Re: Loan Modification Statistics

Plaintiffs seek leave to file motion regarding loan modification statistics, the declarations of Lee Weiss and Brad Neubauer, as well as supporting Exhibits 2-21, 23-24, and 26-27 under seal. Althogh Plaintiffs ask the court to "accept and maintain under seal" unredacted documents, the court notes that several documents have been filed in redacted form publicly.[13] Plaintiffs represent that these documents "contain personal information of loan modification applicants" and "statistical information derived from" confidential information and therefore warrant sealing.[14] The court agrees. The documents may be filed under seal, but the publically available partially-redacted documents may only be filed under seal in the same form. Plaintiffs' motion for leave to file documents under seal is GRANTED-IN-PART.

### B.  Wells Fargo's Motion Re: Loan Modification Statistics

Wells Fargo seeks leave to file (1) Defendant's motion regarding loan modification statistics, (2) Exhibits 1 and 5-10 to the Declaration of Stacie C. Knight ("the Knight Declaration") in support of Defendant's motion regarding loan modification statistics, and (3) Declaration of Pamela McKone ("the McKone Declaration") in support of Defendant's Memorandum of Law

---

[12] Civil L.R. 79-5(b). In part, Civil L.R. 79-5(d)(1) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed" and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted" from the redacted version.

[13] *Compare* Docket No. 463 at 1, *with id.* at 3 ("Redacted versions of Plaintiffs' Brief Re Wells Fargo's Loan Modification Statistics, and the Declarations of Lee A. Weiss and Brad Neubauer in support thereof with exhibits have been publicly filed.")

[14] Docket No. 463-1 at ¶ 3.

3

Case No.: 3:09-cv-02015-RS-PSG
ORDER RE: SEALING MOTIONS

Regarding Loan Modification Statistics and related Exhibits 1-7 under seal.[15] Wells Fargo argues that the "documents rely on and refer to data that Wells Fargo furnished to Plaintiffs' counsel – as authorized by the Settlement Agreement – on a confidential basis, or that Wells Fargo prepared on a confidential basis."[16] The court considers each set of documents below.

### 1.     Motion Re: Loan Modification Statistics

Wells Fargo seeks leave to file its motion regarding loan modification statistics under seal, because it "refers to the data contained in [Wells Fargo's] confidential [quarterly] reports" and confidential data set forth in the McKone declaration, "which contains borrower loan numbers and the bank's grounds for denying loan modification applications, and is based in part on the confidential quarterly reports."[17] Wells Fargo asserts that it marked each quarterly report as "confidential" before providing it to Plaintiff's counsel.[18] Wells Fargo does not seek leave to file the entire motion under seal; instead, it only redacts information within the motion that refers "to the data furnished by Wells Fargo in the confidential quarterly reports and the data contained in the Ms. McKone's declaration."[19] Wells Fargo argues that if the document is not filed under seal, "there is a risk that Wells Fargo's competitors in the lending industry would misuse the confidential data, placing Wells Fargo at a competitive disadvantage."[20] After reviewing Wells Fargo's declaration and the redacted information, the court agrees sealing the redacted motion is warranted.

---

[15] *See* Docket No. 470 at 1.

[16] *Id.*

[17] *Id.* at 2.

[18] *See* Docket No. 470-1 at ¶ 5.

[19] Docket No. 470-1 at ¶ 8.

[20] Docket No. 470 at 3.

**2. Exhibits 1 and 5-10 to the Knight Declaration**

Wells Fargo presents similar argument in support of its request for leave to file Exhibits 1 and 5-10 to the Knight Declaration under seal. Exhibits 1 and 5-9 are "emails exchanged between Plaintiff's counsel and counsel for Wells Fargo" that rely on and quote data from Wells Fargo's confidential quarterly reports.[21] Exhibit 10 contains and references these reports and "the newly-compiled confidential data that Wells Fargo is not required to furnish pursuant to the Settlement Agreement."[22] After reviewing Wells Fargo's declaration and the redacted information, the court agrees sealing is warranted.

**3. The McKone Declaration and Related Exhibits 1-7**

Wells Fargo seeks leave to file the McKone Declaration and related Exhibits 1-7 under seal. It represents that the McKone Declaration contains "borrower loan numbers and the bank's grounds for denying loan modification applications, and is based in part on the confidential quarterly reports."[23] It also contains "newly-compiled, confidential data that Wells Fargo is not required to furnish to Plaintiffs under the Settlement Agreement."[24] After reviewing the redacted documents, the court finds sealing to be warranted.

The court GRANTS Wells Fargo's motion for leave to file documents under seal.

**IT IS SO ORDERED.**

Dated: November 27, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[21] *Id.*

[22] Docket No. 470-1 at ¶ 9.

[23] *Id.* at ¶ 3.

[24] *Id.*

5
Case No.: 3:09-cv-02015-RS-PSG
ORDER RE: SEALING MOTIONS