IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION | No. 3:09-MD-02015 RS<br><br>**ORDER FOR FURTHER DISCOVERY** |
| This document relates to: *ALL CASES* | |

On May 8, 2014, the Court issued an order granting in part and denying in part plaintiffs' motion to enforce certain terms of the settlement agreement reached between Wells Fargo and a class of borrowers who held Wachovia "Pick-a-Payment" mortgages. That order concluded that certain pre-screening practices employed by Wells Fargo violated the terms of the settlement and instructed the parties to submit a joint statement regarding proposed next steps.

Plaintiffs subsequently filed a motion seeking relief from the Court's prior order and, further, to enforce the settlement. After briefing by both parties, plaintiff's motion was denied. Defendant was, nevertheless, instructed to provide plaintiffs a copy of its written policies governing the evaluation of imminent default and financial hardship and to make available for deposition, consistent with Rule 30(b)(6) of the Federal Rules of Civil Procedure, a witness knowledgeable about the methodology. A status conference was set and the parties were instructed to provide a joint status update.

Having considered the parties' joint status update and the arguments of counsel presented at the telephonic hearing held July 24, 2014, and good cause appearing, IT IS HEREBY ORDERED THAT:

*1. Request for Stay*

Wells Fargo has indicated it may seek a stay of all further discovery in light of the pending appeals by both parties of the Court's prior orders. Any such motion must be filed with the Court on or before **August 1, 2014**. If no such motion is filed by that date, the further discovery detailed below shall proceed.

*2. Discovery Regarding Imminent Default and Financial Hardship*

On or before **August 7, 2014**, Wells Fargo shall provide plaintiffs a copy of its written policies governing the evaluation of imminent default and financial hardship as well as copies of the entire loan modification files for the loan modification applications of settlement class members Francis Matijevich, Jason Fisher, and Robert Raby.

On or before **August 20, 2014**, Wells Fargo shall make available for deposition, consistent with Rule 30(b)(6) of the Federal Rules of Civil Procedure, a witness knowledgeable about (a) the imminent default and financial hardship evaluation methodology in effect between December 17, 2010 and June 30, 2013; and (b) how Wells Fargo's imminent default denials were reported on the Quarterly Summary Reports and Quarterly Denial Reports.

*3. Clarification Regarding Pre-Screening*

The Court's May 2, 2014 order found that Wells Fargo's pre-screening process violated the settlement agreement to the extent that it pre-screened for any factor not required by both HAMP and MAP2R. Of the three specific pre-screening criteria challenged by class plaintiffs, the Court agreed that a class member's willingness to establish an escrow account was not a prerequisite to both the MAP2R and HAMP programs; Wells Fargo may not, therefore, screen borrowers on that basis.[1] The other two criteria challenged by plaintiffs were found be

---

[1] As was stated in that order, "The HAMP escrow requirement, for example, applies only to borrowers who enter a trial payment period." The Court was not asked to determine whether all HAMP modifications require the borrower to establish an escrow account, only whether Wells Fargo's use of an escrow screen violated the settlement agreement.

permissible: both programs apply only to loans secured by the borrower's primary residence, and both programs are designed to provide relief to borrowers whose debt-to-income ratio is 31% or higher.

To the extent the Court's prior order engendered confusion by referring only to "owner occupancy" without setting forth the full definition of owner-occupancy set forth in HAMP, the following clarification is in order. The HAMP handbook provides that a loan is eligible for HAMP if, among other things, it is an "owner-occupied, single family property." That term is further defined as follows:

> The mortgage loan is secured by a one- to four-unit property, one unit of which is the borrower's principal residence. Additionally, a loan may be considered for HAMP if:
>
> - The property was originally non-owner occupied, but the servicer can verify that it is currently the borrower's principal residence.
>
> - The borrower is temporarily displaced (e.g., military service, temporary foreign service assignment, or incarceration) but was occupying the property as his or her principal residence immediately prior to his or her displacement, intends to occupy the property as his or her principal residence upon his or her return and the current occupant is not a tenant.

MHA Handbook v2.0, at 19 (Sept. 22, 2010). The Settlement Class B notice provides that a borrower is eligible for loan modification only if the property securing his or her Pick-a-Payment loan "is occupied by the borrower as his or her principal residence." In other words, while both programs require that the property securing the loan be the borrower's "primary residence," HAMP, at least, provides an exception for temporary displacement. The Court's prior order should not be read to impose any residency requirement beyond that imposed by HAMP or the Class B notice.

Neither the May 8, 2014 order nor the June 26, 2014 order set forth any specific discovery relief on the issue of pre-screening. However, because Wells Fargo's pre-screening process violated the settlement agreement at least as to the escrow question, some limited discovery would appear to be warranted as to Wells Fargo's written policies concerning pre-screening.

Plaintiffs have suggested that the proper remedy is either (1) to order the parties to develop a procedure for re-opening the Settlement Agreement's loan modification program for all Settlement Class B and C Members who did not receive a loan modification; or (2) to order additional discovery if Wells Fargo believes that it can identify the Settlement Class Members who were improperly pre-screened. Wells Fargo has not responded to indicate whether the latter, more narrow, course of action is possible. The parties shall meet and confer, and are strongly encouraged to engage in further mediation if it would be useful, in order to determine what course of action is available to remedy Wells Fargo's violative pre-screening practices. The parties shall provide a joint update to the Court on or before **August 14, 2014**, concerning those efforts.

IT IS SO ORDERED.

DATED: July 24, 2014

_____
RICHARD SEEBORG
United States District Judge