UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD SAVINGS BANK, FSB, et al.,<br><br>Defendants. | Case No.  09-md-02015-RS   (KAW)<br><br>ORDER REGARDING 12/15/14 JOINT DISCOVERY LETTERS CONCERNING CLASSIFICATION OF SETTLEMENT CLASS A<br><br>Re: Dkt. Nos. 661 & 662 |

On December 15, 2014, the parties submitted two joint discovery letter briefs concerning Defendant Wells Fargo Bank, N.A.'s refusal to respond to Class Representative's discovery, namely a single request for production and two interrogatories.  Specifically, the first letter addressed Request for Production No. 1, which seeks documents regarding an identified sample of 114 dual-notice Class Members to ensure that over 66,000 dual-notice members were properly classified as members of Settlement Class A (borrowers who no longer have Pick-a-Payment loans). (12/15/14 Joint Letter regarding Request for Production No. 1, "JL #1," Dkt. No. 661 at 2.) The second letter addressed two complementary interrogatories seeking the identification of which of the 114 dual-notice Class Members Wells Fargo believed were members of Settlement Class A, and the factual basis for that contention. (12/14/14 Joint Letter Regarding Interrogatories, "JL #2," Dkt. No. 662, Ex. A.)

**I. BACKGROUND**

On December 10, 2010, the parties executed a settlement agreement to resolve claims arising out of the origination of "Pick-a-Payment" ("PAP") mortgage loans.  The agreement was approved on May 17, 2011 and became effective on September 1, 2011. As part of the settlement,

Wells Fargo agreed to pay $50 million to the settlement class and $25 million to class counsel, and agreed to make two loan modification programs available to qualifying settlement class members who still had their PAP loans.

The settlement class was divided into three groups: Current and former borrowers who obtained a PAP mortgage loan between August 1, 2003 and December 31, 2008, but who no longer had such a loan at the time of the settlement (Class A); borrowers who still had such a loan at the time of the settlement and who were not then in default (Class B); and borrowers who still had such a loan at the time of the settlement and who were already in default (Class C). Members of all three classes were entitled to payment from the settlement fund. Only certain class members, however, were eligible for a loan modification review: those who were already in payment default (Class C members), and those members of Class B who were current but in "imminent default" or who later defaulted.  However, more than 66,000 settlement class members were mistakenly sent dual notices indicating that they were members of multiple classes.  Plaintiffs previously argued that those dual-notice members were entitled to be considered for a loan modification, which was rejected by the district court on the grounds that "[t]he dual-notice script simply cannot be read to vest additional rights in those class members who received dual notice above and beyond the rights to which they are entitled as members of either class B or C." (Dkt. No. 634 at 11.)

On December 15, 2014, the parties filed two joint letters concerning Defendant Wells Fargo Bank, N.A.'s refusal to respond to discovery requests seeking to confirm whether an identified sample of 114 dual-notice class members were properly classified as members of Settlement Class A. (JL #1, Dkt. No. 661; JL #2, Dkt. No. 662.)

## II. DISCUSSION

The Class Representative seeks to confirm that Well Fargo properly classified the 66,000 dual-notice class members as members of Settlement Class A.  Instead of requesting discovery on all 66,000 members, the Class Representative has requested documents and a factual basis regarding a sample of 114 dual-notice class members.  The Class Representative contends that this discovery is necessary because many of the dual-notice class members appear in data that Wells Fargo has stated only covers Settlement Class B and C Members, who are eligible for loan

modifications under the settlement agreement. (JL #1 at 3.)  In response, Wells Fargo served objections and refused to answer.

As an initial matter, in both letters Wells Fargo claims that the presiding judge has twice rejected Class Representative's attempts to obtain the discovery at issue. (JL #1 at 5; JL #2 at 5.)  Wells Fargo cites to two orders (Dkt. Nos. 644 and 653) in support, but, upon review of those orders, the presiding judge did not address the dispute at issue.  In those instances, the Class Representative sought loan modification consideration for all dual-notice class members, which was denied.  Now she seeks to confirm whether 66,000 class members, based on a sample of only 114, were correctly placed in Settlement Class A.

Moreover, Wells Fargo contends that the requests are speculative, because "Class Representative has not presented the Court with a single example of a 'dual notice' class member she claims was 'improperly treated as a Settlement Class A Member," thereby rendering the requests improper. (JL #1 at 7-8.)  This argument is unavailing, as Wells Fargo presumably possesses the information necessary to classify class members who were not class representatives.  For example, Wells Fargo has access to loan documents and terms, and so can determine whether the class member still has a loan, and, if so, whether that loan is a PAP loan.  Additionally, given Wells Fargo's previous prescreening process, which the presiding judge found to violate the settlement agreement, the undersigned does not fault the Class Representative for wanting to confirm that the class members were correctly classified. (*See* Dkt. No. 634 at 10.)  Assuming that the Class Representative is not misrepresenting the fact that some Class A members appear in data that only covers Class B and C Members, a contention that Wells Fargo does not refute, the confirmation request is not based on mere speculation.

Based on the information provided, the Court cannot determine whether the instant document request and interrogatories seeking information regarding 114 class members is unduly burdensome.  The Class Representative, however, has indicated that she is willing to obtain information on fewer than 114 class members, so the parties are ordered to meet and confer to determine how many class members are necessary to conclude whether Wells Fargo correctly classified the 66,000 dual-notice members who were assigned to Settlement Class A.  In so doing,

3

1  the parties should narrow the two complementary interrogatories to only seek information
2  regarding those agreed upon class members.
3      Should the parties be unable to resolve this dispute informally, they shall file another joint
4  letter.
5      IT IS SO ORDERED.
6  Dated: January 30, 2015

                                           KANDIS A. WESTMORE
                                           United States Magistrate Judge