UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION | Case No. 09-md-02015-RS<br><br>**ORDER DENYING MISCELLANEOUS MOTIONS** |

In late June and early July of 2014, Leticia Valladares, a member of the "Pick-A-Payment" mortgage settlement class, filed through counsel a hodgepodge of moving papers. Valladares asks this court to issue an advisory opinion on the proper construction of the 2011 settlement agreement ("the agreement") which resolved this litigation. Valladares then intends to use the advisory opinion as ammunition in wrongful foreclosure proceedings currently pending in California state appellate court. Valladares' approach is thoroughly misguided. For the reasons stated below, each of her motions is denied. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument. The August 6, 2015 hearing is vacated.

According to Valladares' "motion for clarification," defendants foreclosed upon and sold her residence in 2011. Valladares later repurchased the property. She then filed suit in state court, seeking money damages on the grounds that the 2011 foreclosure was conducted in violation of California law. Valladares later amended her complaint to include a claim that the foreclosure also infringed upon her rights as a member of the "Pick-A-Payment" settlement class. Relying, according to Valladares, on language in the agreement, the state trial court sustained defendants' demurrer and dismissed the wrongful foreclosure action. Valladares appealed (presumably to the California court of appeal); those proceedings remain pending.

Valladares now asks this court to influence her state court proceedings by issuing an order "clarifying" certain provisions of the agreement.[1]  The United States Constitution, however, "bars federal courts from giving advisory opinions." *Indus. Comm. Sys., Inc. v. Pacific Tel. & Tel. Co.*, 505 F.2d 152, 155 (9th Cir. 1974).  Valladares' submission can only be understood as an impermissible request for an advisory opinion.  She does not seek any tangible relief—whether monetary, injunctive, or declaratory—in federal court.   Because no "case or controversy" exists here, this court lacks jurisdiction.  Accordingly, each of Valladares' motions is denied.

**IT IS SO ORDERED**.

Dated: July 7, 2015

_____
RICHARD SEEBORG
United States District Judge

---

[1] Valladares' reliance on Rule 60 of the Federal Rules of Civil Procedure is misplaced.  She has pointed to no colorable basis for reconsideration of the May 17, 2011 order approving the agreement.