United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD SAVINGS BANK, FSB, et al.,<br><br>Defendants. | Case No. 09-md-02015-RS<br><br>**ORDER DENYING MOTION BY INDIVIDUAL CLASS MEMBER** |

## I. INTRODUCTION

Class member Mark E. Kunde moves for an order directing Wells Fargo to stay its foreclosure proceedings on the basis that Wells Fargo breached the settlement agreement previously reached in this class action. Kunde contends Wells Fargo denied him the opportunity for loan modification under either the Home Affordable Modification Program ("HAMP") or Wells Fargo's Mortgage Assistance Program 2 ("MAP2R"). Wells Fargo counters that (1) the *Rooker-Feldman* doctrine deprives this Court of jurisdiction, (2) *Younger* abstention applies, (3) *res judicata* bars Kunde's claims, and (4) Kunde fails to meet his burden to show that an injunction should issue.

Importantly, Kunde brings this action as an individual class member represented by individual counsel, not class counsel. Because Kunde advances no basis for this Court to consider his request in this posture, his motion is procedurally defective and, accordingly, is denied.

## II. FACTUAL BACKGROUND

In February 2006, Mark E. Kunde entered into a "Pick-A-Payment" ("PAP") loan agreement with World Savings Bank, FSB.[1] On December 10, 2010, the parties to this class action executed a settlement agreement ("the agreement") to resolve claims arising out of the origination of PAP mortgage loans. Among other benefits, Wells Fargo promised to make two loan modification programs available to qualifying settlement class members with outstanding PAP loans: the federal government's HAMP program and a proprietary Wells Fargo program called MAP2R.

The agreement divides the settlement class into three groups. Relevant for purposes of the instant dispute, Class C members are defined as borrowers already in default. Agreement § IV(B)-(C). Because of their existing default status, Class C members were immediately eligible for loan modification review.

Kunde is a Class C member. He contends his counsel provided to Wells Fargo the financial documentation required for consideration for loan modification on six different occasions, yet Wells Fargo somehow denied his application on the ground that he failed to provide the necessary documents. Wells Fargo responds that none of Kunde's submissions contained the documentation needed to evaluate Kunde's application. As a result, his request for loan modification was considered, but repeatedly denied.

On May 23, 2013, almost a year after denying Kunde's final attempt to obtain a loan modification, Wells Fargo filed a complaint in Oregon state court seeking to foreclose on his property. Two years later, the Oregon state court granted Wells Fargo's motion for summary judgment. Kunde then filed a motion for reconsideration. In response to Wells Fargo's opposition, Kunde filed a reply, asserting, apparently for the first time, Wells Fargo's alleged breach of the settlement agreement in this class action. The Oregon state court later denied

---

[1] World Savings Bank, FSB, Wachovia Mortgage, FSB, and Wells Fargo Bank, N.A. are hereinafter referred to as "Wells Fargo."

Kunde's motion for reconsideration, and the only remaining issue in that action is Kunde's objection to the dollar amount of his default in the proposed judgment.

This action was filed on the heels of the Oregon state court's decision. Kunde seeks an order directing Wells Fargo to stay its foreclosure proceeding on the basis that the defendants "breached the terms of the Settlement Agreement in a number of ways, including: (1) failing to maintain a dedicated staff for Mr. Kunde's loan modification application; (2) failing to assign a primary point of contact to deal with Mr. Kunde's loan modification application (leading to confusion and delay in the review process); (3) failing properly to request any missing documentation from Mr. Kunde; and (4) failing to review Mr. Kunde's financial documentation properly for a HAMP Modification and/or a MAP2R Modification." Mot. for Stay at 3:8–13. Wells Fargo denies these allegations.

### III. DISCUSSION

Kunde's motion fails from the start. As a threshold matter, Kunde does not identify any basis that permits individual class members to bring separate and independent breach arguments not coming through class counsel. While court appointment of separate counsel is sometimes appropriate where intra-class conflict is deemed "fundamental," *see In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*, 795 F.3d 380, 393–94 (3d Cir. 2015), Kunde advances no such argument here. Accordingly, Kunde's motion is procedurally defective and, therefore, is denied.[2]

**IT IS SO ORDERED**.

Dated: November 13, 2015

RICHARD SEEBORG
United States District Judge

---

[2] Even if Kunde's motion were properly before this Court, several procedural hurdles would potentially stand in the way of his obtaining relief, including the *Rooker-Feldman* doctrine, *Younger* abstention, and *res judicata*.

CASE NO. 09-md-02015-RS

3