Amanda L. Groves (SBN 187216)
agroves@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

T. Thomas Cottingham, III (admitted *pro hac vice*)
tcottingham@winston.com
Stacie C. Knight (admitted *pro hac vice*)
sknight@winston.com
WINSTON & STRAWN LLP
100 North Tryon Street, Suite 2900
Charlotte, NC 28202-1078
Telephone: (704) 350-7700
Facsimile: (704) 350-7800

[additional counsel listed on signature page]

Attorneys for Defendant
WELLS FARGO BANK, N.A.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION<br><br>This document relates to:<br><br>*ALL CASES* | Case No. 3:09-MD-02015-RS<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER RESOLVING (1) THE MAY 8, 2014 ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ENFORCE SETTLEMENT (DOCKET NO. 634); (2) THE APRIL 15, 2015 ORDER ON MOTION TO ENFORCE SETTLEMENT (DOCKET NO. 682); AND (3) ALL OUTSTANDING ISSUES REGARDING WELLS FARGO'S PERFORMANCE UNDER THE AGREEMENT AND STIPULATION OF SETTLEMENT OF CLASS ACTION** |

Pursuant to N.D. Cal. Civil L.R. 6-1(b) and 6-2, Class Representative Dolores Mandrigues ("Class Representative"), Class Counsel, Berns Weiss, LLP ("Class Counsel"), and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, the "Parties") stipulate as follows:

1. On December 11, 2013, Class Representative filed a Motion to Enforce Settlement

Agreement (the "December 11, 2013 Motion to Enforce"), arguing, *inter alia*, that (1) Wells Fargo was required to consider net (*i.e.*, "after tax") income, rather than gross (*i.e.*, "pre-tax") income, in making imminent default determinations; (2) the five imminent default "Financial Hardship" factors listed in the Settlement Class B Notice were not exclusive, but were only examples; (3) Wells Fargo improperly "screened" Settlement Class Members by refusing to send loan modification applications to Settlement Class Members who, during their initial loan modification interview, refused to agree to the establishment of an escrow account or whose stated gross monthly income was already above or below certain thresholds; (4) Wells Fargo improperly denied Settlement Class Members for loan modifications due to their alleged failure to provide requested documents where the documents were either provided or were never requested (the "fall-out argument"); and (5) members of Settlement Class A who had inadvertently received (a) a Settlement Class A Notice and (b) either a Settlement Class B or Settlement Class C Notice, were entitled to apply for loan modifications (the "dual-notice" argument). (Dkt. No. 593).

2. On January 20, 2014, Class Representative filed a Motion to Enforce Settlement Agreement (the "January 20, 2014 Motion to Enforce"), which raised the same issues as the December 11, 2013 Motion to Enforce, except that it omitted the fall-out argument (Dkt. No. 604).

3. On May 8, 2014, the Court entered its Order Granting in Part and Denying in Part Motion to Enforce Settlement (the "May 8, 2014 Order"). (Dkt. No. 634).

4. In the May 8, 2014 Order, the Court instructed the parties to meet and confer and to submit a joint statement "as to their planned course of action in light of th[e] decision." (Dkt. No. 634).

5. On March 3, 2015, certain Settlement Class Members, on behalf of themselves and the remaining Settlement Class Members (the "Movants"), filed an Ex Parte Motion for Temporary Restraining Order and Order to Show Cause Re: Motion for Preliminary Injunction and to Enforce Class Action Settlement Agreement (the "March 3, 2015 Motion for Preliminary Injunction"),

1

JOINT STIPULATION AND [PROPOSED] ORDER RESOLVING THE MAY 8, 2014 ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ENFORCE SETTLEMENT, THE APRIL 15, 2015 ORDER ON MOTION TO ENFORCE SETTLEMENT, AND ALL OUTSTANDING ISSUES REGARDING WELLS FARGO'S PERFORMANCE UNDER THE AGREEMENT AND STIPULATION OF CLASS ACTION SETTLEMENT

Case No. 3:09-MD-02015-RS

seeking an order preventing Wells Fargo from "foreclosing, selling, attempting to sell through public sale or otherwise, or evicting Settlement Class Members or their families from, any home that is a Settlement Class B or Class C Member's primary residence, where that Class Member applied for a loan modification pursuant to the Settlement Agreement but was denied for failure to meet imminent default criteria and/or failure to document a financial hardship." (Dkt. No. 665).

6. On March 4, 2015, the Court denied the temporary restraining order. (Dkt. No. 667).

7. On April 15, 2015, the Court entered its Order on Motion to Enforce Settlement (the "April 15, 2015 Order"). (Docket No. 682).

8. In the April 15, 2015 Order, the Court found, *inter alia*, that "Wells Fargo breached the settlement in agreement in at least two ways. First, it violated the agreement by failing to establish and apply equally across the class uniform written standards for its 'major change in circumstances' test. Second, it breached the agreement by applying a DTI threshold based on borrowers' minimum monthly payments in evaluating MAP2R applicants for imminent default." (Dkt. No. 682).

9. In the April 15, 2015 Order, the Court instructed the parties to "develop a joint proposal for remediation of the violations described above" and to submit that proposal within two weeks. (Dkt. No. 682).

10. On April 20, 2015, in light of the Parties' representation that they were "conducting settlement negotiations that, if successful, [would] result in a settlement of the issues raised in the April 15, 2015 Order, as well as other issues," the Court entered an Order Adjourning Deadlines Contained in the April 15, 2015 Order (the "April 20, 2015 Order"). (Dkt. No. 684). The April 20, 2015 Order adjourned the deadlines contained in the April 15, 2015 Order indefinitely, but allowed the Parties to notify the Court if their settlement negotiations reached an impasse, at which point the deadlines in the April 15, 2015 order would be reinstated. (Dkt. No. 684).

11. Wells Fargo disputes the Court's conclusions in the April 15, 2015 Order that it

2

JOINT STIPULATION AND [PROPOSED] ORDER RESOLVING THE MAY 8, 2014 ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ENFORCE SETTLEMENT, THE APRIL 15, 2015 ORDER ON MOTION TO ENFORCE SETTLEMENT, AND ALL OUTSTANDING ISSUES REGARDING WELLS FARGO'S PERFORMANCE UNDER THE AGREEMENT AND STIPULATION OF CLASS ACTION SETTLEMENT

Case No. 3:09-MD-02015-RS

violated the Class Action Settlement Agreement.

12. Class Representative disputes the Court's conclusion in the April 15, 2015 Order that the Movants "had not demonstrated that they are entitled to any relief."

13. Class Representative and Wells Fargo have appealed the April 15, 2015 Order by filing Notices of Appeal to the United States Court of Appeals for the Ninth Circuit. (Dkt. Nos. 685 and 691).

14. Class Representative, Class Counsel, and Wells Fargo have agreed on a proposal for "remediation of the violations" found by the Court in the May 8, 2014 Order and the April 15, 2015 Order, and have entered into a separate Settlement Agreement dated October __, 2015 (the "Settlement Agreement"), the terms of which are outlined below.

15. Specifically, the Parties have agreed that "Included Class Members" will be entitled to relief as described herein.

16. "Included Class Members" is comprised of the following:

    a. All Settlement Class B Members and Settlement Class C Members who were denied a loan modification for failure to meet the imminent default requirements in effect during the Class Period or failure to document a financial hardship during the Class Period, did not later reapply, and still have a Pick-a-Payment loan.

    b. All Settlement Class B and Settlement Class C Members who were denied a loan modification for failure to meet the imminent default requirements in effect during the Class Period or failure to document a financial hardship during the Class Period, later reapplied, were again denied for failure to meet the imminent default requirements or failure to document a financial hardship, or otherwise did not receive an underwriting determination based on a HAMP or MAP2R waterfall, and still have a Pick-a-Payment loan.

    c. All Settlement Class B Members and Settlement Class C Members who were "screened out" by the escrow screen or the income-too-high screen during the Class Period

3

JOINT STIPULATION AND [PROPOSED] ORDER RESOLVING THE MAY 8, 2014 ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ENFORCE SETTLEMENT, THE APRIL 15, 2015 ORDER ON MOTION TO ENFORCE SETTLEMENT, AND ALL OUTSTANDING ISSUES REGARDING WELLS FARGO'S PERFORMANCE UNDER THE AGREEMENT AND STIPULATION OF CLASS ACTION SETTLEMENT

Case No. 3:09-MD-02015-RS

and who did not later reapply and still have a Pick-a-Payment loan.

   d. All Settlement Class B Members and Settlement Class C Members who were "screened out" by the escrow screen or the income-too-high screen during the Class Period, did not later make it past the escrow screen or the income-too-high screen, and still have a Pick-a-Payment loan.

   e. All Settlement Class B Members and Settlement Class C Members who were denied a loan modification for failure to meet the imminent default requirements in effect during the Class Period or failure to document a financial hardship during the Class Period, did not later reapply, and for whom the property securing their Pick-a-Payment loan has since been sold at a Foreclosure Sale.[1]

   f. All Settlement Class B and Settlement Class C Members who were denied a loan modification for failure to meet the imminent default requirements in effect during the Class Period or failure to document a financial hardship during the Class Period, later reapplied, were again denied for failure to meet the imminent default requirements or failure to document a financial hardship, or otherwise did not receive an underwriting determination based on a HAMP or MAP2R waterfall, and for whom the property securing their Pick-a-Payment loan has since been sold at a Foreclosure Sale.

   g. All Settlement Class B Members and Settlement Class C Members who were screened out by the escrow screen or the income-too-high screen during the Class Period and who did not later reapply, and for whom the property securing their Pick-a-Payment loan has since been sold at a Foreclosure Sale.

   h. All Settlement Class B Members and Settlement Class C Members who were screened out by the escrow screen or the income-too-high screen during the Class Period, did

---

[1] "Foreclosure Sale" means that the property securing the Pick-a-Payment loan has been sold at foreclosure in order to satisfy the outstanding loan. This term includes foreclosure by judicial sale, otherwise known as judicial foreclosure sale, and foreclosure by power of sale, also known as nonjudicial foreclosure sale.

4

JOINT STIPULATION AND [PROPOSED] ORDER RESOLVING THE MAY 8, 2014 ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ENFORCE SETTLEMENT, THE APRIL 15, 2015 ORDER ON MOTION TO ENFORCE SETTLEMENT, AND ALL OUTSTANDING ISSUES REGARDING WELLS FARGO'S PERFORMANCE UNDER THE AGREEMENT AND STIPULATION OF CLASS ACTION SETTLEMENT

Case No. 3:09-MD-02015-RS

not later make it past the escrow screen or the income-too-high screen, and for whom the property securing their Pick-a-Payment loan has since been sold at a Foreclosure Sale.

   i. Additional Settlement Class Members whom Class Counsel contends may be entitled to relief and whose loan within the Settlement Class is still active.

   j. Additional Settlement Class Members whom Class Counsel contends may be entitled to relief and whose loan within the Settlement Class is no longer active.

   k. Any Settlement Class B Member or Settlement Class C Member who meets one of the definitions set forth in Paragraphs 16.a. through 16.h., and who, within 90 days of the date of the first mailing to any Included Class Member (as referenced in Paragraph 20), claims (either personally or through Class Counsel) that he or she did not receive notice or otherwise was not informed of the settlement benefits provided herein. In that event, Paragraph 24 of this Joint Stipulation shall apply.

 17. Included Class Members who still have their Pick-a-Payment loans or whose loans within the Settlement Class are still active will be allowed to contact Wells Fargo to reapply for a loan modification, based on their current situations. Class Counsel has reviewed the imminent default test that will apply to Included Class Members who still have their Pick-a-Payment loans and agrees that it complies with the instructions in the April 15, 2015 Order or is otherwise acceptable.

 18. Included Class Members who still have their Pick-a-Payment loans or whose loans within the Settlement Class are still active and who contact Wells Fargo to reapply for loan modifications will, if eligible for HAMP, first be evaluated for a loan modifications under HAMP. If the Included Class Member is not eligible for HAMP or does not qualify for HAMP, then he/she will be evaluated for a loan modification under Wells Fargo's proprietary loan modification program, "PSR," which provides opportunities for interest rate reductions, principal forbearance and forgiveness, and term extensions. Class Counsel has reviewed the PSR program and agrees that it is acceptable.

5

JOINT STIPULATION AND [PROPOSED] ORDER RESOLVING THE MAY 8, 2014 ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ENFORCE SETTLEMENT, THE APRIL 15, 2015 ORDER ON MOTION TO ENFORCE SETTLEMENT, AND ALL OUTSTANDING ISSUES REGARDING WELLS FARGO'S PERFORMANCE UNDER THE AGREEMENT AND STIPULATION OF CLASS ACTION SETTLEMENT

Case No. 3:09-MD-02015-RS

19. Wells Fargo will not "screen out" Included Class Members for willingness to establish an escrow account or for income at the beginning of the evaluation, but Included Class Members must agree to the establishment of an escrow account and provide proof of income (in accordance with HAMP and Wells Fargo's policies and procedures) before final approval of a loan modification pursuant to this Joint Stipulation and the Parties' separate Settlement Agreement. Wells Fargo shall be permitted to establish an escrow account at the beginning of the evaluation for purposes of calculating escrow amounts for inclusion in the modified monthly payment, but an Included Class Member will not be required to pay any escrow amounts until Wells Fargo has rendered a decision on the Included Class Member's loan modification application made pursuant to this Joint Stipulation and the Parties' Separate Settlement Agreement. If Wells Fargo has paid the Included Class Member's taxes, insurance, or other escrow items, then Wells Fargo may require the Included Class Member to pay those amounts at any time, subject to the provisions of the Settlement Agreement. Finally, if the Included Class Member already has an escrow account at the time he or she contacts Wells Fargo to apply for a loan modification pursuant to this Joint Stipulation and the Parties' separate Settlement Agreement, then that account shall remain and the Included Class Member must continue to make monthly escrow payments.

20. Included Class Members who still have their Pick-a-Payment loans will have 90 calendar days to contact Wells Fargo to reapply for a loan modification pursuant to this Joint Stipulation. Included Class Members will be notified of the opportunity to reapply for a loan modification via two mailings, which will be handled by third-party administrator, Rust Consulting, Inc. ("Rust"). At the conclusion of the 90-day period, Wells Fargo shall have no obligation to allow any Included Class Members to apply for loan modifications under this Joint Stipulation.

21. The Parties also have agreed on an "opt-in" procedure for Included Class Members who no longer have their Pick-a-Payment loans according to the criteria set forth in Paragraphs 16.e., 16.f., 16.g., 16.h., and 16.j. above. Settlement Class Members meeting these criteria will be notified

6

JOINT STIPULATION AND [PROPOSED] ORDER RESOLVING THE MAY 8, 2014 ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ENFORCE SETTLEMENT, THE APRIL 15, 2015 ORDER ON MOTION TO ENFORCE SETTLEMENT, AND ALL OUTSTANDING ISSUES REGARDING WELLS FARGO'S PERFORMANCE UNDER THE AGREEMENT AND STIPULATION OF CLASS ACTION SETTLEMENT

Case No. 3:09-MD-02015-RS

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

of this "opt-in" procedure via a mailing handled by third-party administrator, Rust.

22. If a Settlement Class Member meeting the criteria described in Paragraphs 16.e., 16.f., 16.g., 16.h., and 16.j. above opts-in, Class Counsel and Wells Fargo will review that Settlement Class Member's file and discuss a resolution, if appropriate. If Class Counsel and Wells Fargo cannot agree to a resolution of that Settlement Class Member's dispute, the parties will submit their dispute to mandatory mediation. If the parties are not able to resolve their dispute via mediation, then the Settlement Class Member shall have all rights to which he or she is entitled at law.

23. If a Settlement Class Member meeting the criteria described in Paragraph 22 does not opt-in, Class Counsel and Wells Fargo will not consider that Settlement Class Member for a resolution of his or her loan modification denial or foreclosure, and Class Counsel will take no further action with respect to that Settlement Class Member.

24. The Parties expressly acknowledge and agree that they have made reasonable, best efforts to identify all Included Class Members. As provided in Paragraph 16.k., if, within 90 days of the date of the first mailing to any Included Class Member (as referenced in Paragraph 20), a Settlement Class Member (either personally or through Class Counsel) notifies Wells Fargo that he or she meets one of the definitions in Paragraph 16.a. through 16.h., but did not receive notice or otherwise was not informed of the Settlement Benefits provided herein and in the Parties' separate Settlement Agreement, the Parties will investigate whether that Settlement Class Member meets one of the definitions of Included Class Member as set forth in Paragraphs 16.a. through 16.h. If, after that investigation, the Parties determine that the Settlement Class Member meets one of the definitions of Included Class Member as set forth in Paragraphs 16.a through 16.h. but inadvertently did not receive notice or otherwise was not informed of the Settlement Benefits provided herein and in the Parties' separate Settlement Agreement, then he or she shall be entitled to the Settlement Benefits described herein and in the Parties' separate Settlement Agreement. If, after that

7
JOINT STIPULATION AND [PROPOSED] ORDER RESOLVING THE MAY 8, 2014 ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ENFORCE SETTLEMENT, THE APRIL 15, 2015 ORDER ON MOTION TO ENFORCE SETTLEMENT, AND ALL OUTSTANDING ISSUES REGARDING WELLS FARGO'S PERFORMANCE UNDER THE AGREEMENT AND STIPULATION OF CLASS ACTION SETTLEMENT

Case No. 3:09-MD-02015-RS

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

investigation, the Parties determine that the Settlement Class Member does not meet one of the definitions of Included Class Member as set forth in Paragraphs 16.a through 16.h., then the Parties have no obligation to take any further action with respect to that Settlement Class Member. In addition, if the Settlement Class Member does not make any such claim within 90 days of the date of the first mailing to any Included Class Member (as referenced in Paragraph 20), then Wells Fargo will have no obligation to take any further action with respect to that Settlement Class Member.

25. Included Class Members will not be required to execute a release or to otherwise release their claims against Wells Fargo to receive the relief described herein.

26. Wells Fargo shall pay all fees and expenses incurred by Rust in assisting with the relief provided by this Joint Stipulation.

27. While Wells Fargo continues to dispute that it breached the Class Action Settlement Agreement, Wells Fargo recognizes that Class Counsel has incurred substantial fees and out-of-pocket expenses in bringing the motions described herein and in bringing other motions before the Court, and that Class Counsel will continue to incur fees and expenses. Accordingly, on or before January 18, 2016, Class Counsel shall submit a summary invoice to Wells Fargo for all time and out-of-pocket expenses Class Counsel has incurred from December 10, 2010 through January 15, 2016 that resulted from, arose out of, or in any way are connected with the investigation and litigation of the motions described herein and/or any other motions brought before the Court since December 10, 2010, the Class Action Settlement Agreement, the Settlement Agreement, this Joint Stipulation, and/or the relief described in the Settlement Agreement and/or Joint Stipulation, and for all time and out-of-pocket expenses Class Counsel expects to incur in the future as a result of, arising out of, or in any way connected with the Class Action Settlement Agreement, the Settlement Agreement, this Joint Stipulation, and/or the relief described in the Settlement Agreement or this Joint Stipulation. Wells Fargo shall pay those fees and expenses shown on the invoice, subject to a maximum, agreed amount.

8
JOINT STIPULATION AND [PROPOSED] ORDER RESOLVING THE MAY 8, 2014 ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ENFORCE SETTLEMENT, THE APRIL 15, 2015 ORDER ON MOTION TO ENFORCE SETTLEMENT, AND ALL OUTSTANDING ISSUES REGARDING WELLS FARGO'S PERFORMANCE UNDER THE AGREEMENT AND STIPULATION OF CLASS ACTION SETTLEMENT

Case No. 3:09-MD-02015-RS

28. Class Counsel's execution of this Agreement constitutes its assurance and representation that it has investigated all of the potential class-wide claims that Settlement Class Members have reported to it and all potential claims class-wide claims it has discovered, and that this Agreement is a fair compromise of those potential class-wide claims.

29. Within 5 calendar days of an order entering this Joint Stipulation, the Parties will voluntarily dismiss all pending appeals, including but not limited to the following appeals pending in the United States Court of Appeals for the Ninth Circuit: 14-16304, 15-15997, and 15-16071.

Dated: October 23, 2015.

WINSTON & STRAWN LLP

By: /s/ T. Thomas Cottingham, III

T. Thomas Cottingham, III *(admitted pro hac vice)*
Stacie C. Knight *(admitted pro hac vice)*
100 North Tryon Street, Suite 2900
Charlotte, NC 28202-1078
Telephone: (704) 350-7700
Facsimile: (704) 350 7800

Amanda L. Groves (SBN: 187216)
101 California Street
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

9

JOINT STIPULATION AND [PROPOSED] ORDER RESOLVING THE MAY 8, 2014 ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ENFORCE SETTLEMENT, THE APRIL 15, 2015 ORDER ON MOTION TO ENFORCE SETTLEMENT, AND ALL OUTSTANDING ISSUES REGARDING WELLS FARGO'S PERFORMANCE UNDER THE AGREEMENT AND STIPULATION OF CLASS ACTION SETTLEMENT

Case No. 3:09-MD-02015-RS

| | |
|---|---|
| 1 | Additional Counsel for Wells Fargo Bank, N.A.: |
| 2 | Robert T. Mowrey (admitted *pro hac vice*) |
| 3 | rmowrey@lockelord.com<br>Jason L. Sanders (SBN 230245) |
| 4 | jsanders@lockelord.com<br>Johnathan E. Collins (admitted *pro hac vice*) |
| 5 | jcollins@lockelord.com<br>LOCKE LORD LLP |
| 6 | 2200 Ross Avenue, Suite 2200<br>Dallas, TX 75201 |
| 7 | Telephone: (214) 740-8000<br>Facsimile: (214) 240-8800 |
| 8 | |
| | J. McClendon (SBN 184669) |
| 9 | rmcclendon@lockelord.com<br>Jonathan Lieberman (SBN 278058) |
| 10 | jlieberman@lockelord.com |
| 11 | LOCKE LORD LLP<br>44 Montgomery Street, Suite 4100 |
| 12 | San Francisco, CA 94104<br>Telephone: (415) 318-8810 |
| 13 | Facsimile: (415) 676-5816 |
| 14 | Mark T. Flewelling (SBN 96465) |
| 15 | mflewelling@afrct.com<br>Yaw-Jiun (Gene) Wu (SBN 228420) |
| 16 | gwu@afrct.com<br>Leigh O. Curran (SBN 173322) |
| 17 | lcurran@afrct.com |
| 18 | ANGLIN, FLEWELLING, RASMUSSEN,<br>CAMPBELL & TRYTTEN, LLP |
| 19 | 199 So. Los Robles Ave., Suite 600<br>Pasadena, CA 91101 |
| 20 | Telephone: (626) 535-1900<br>Facsimile: (626) 577-7764 |

10

JOINT STIPULATION AND [PROPOSED] ORDER RESOLVING THE MAY 8, 2014 ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ENFORCE SETTLEMENT, THE APRIL 15, 2015 ORDER ON MOTION TO ENFORCE SETTLEMENT, AND ALL OUTSTANDING ISSUES REGARDING WELLS FARGO'S PERFORMANCE UNDER THE AGREEMENT AND STIPULATION OF CLASS ACTION SETTLEMENT

Case No. 3:09-MD-02015-RS

BERNS WEISS LLP

/s/ Jeffrey K. Berns

Jeffrey K. Berns (SBN 131351)
jberns@law111.com
20700 Ventura Blvd., Suite 140
Woodland Hills, CA 91364
Telephone: (818) 961-2000
Facsimile: (818) 999-1500

Lee A. Weiss *(admitted pro hac vice)*
lweiss@bernsweiss.com
585 Stewart Avenue, Suite L-20
Garden City, NY 11530
Telephone:   (818) 961-2000
Facsimile:  (818) 999-1500


ATTORNEYS FOR CLASS REPRESENTATIVE,
MOVANTS, AND THE SETTLEMENT CLASS

11

JOINT STIPULATION AND [PROPOSED] ORDER RESOLVING THE MAY 8, 2014 ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ENFORCE SETTLEMENT, THE APRIL 15, 2015 ORDER ON MOTION TO ENFORCE SETTLEMENT, AND ALL OUTSTANDING ISSUES REGARDING WELLS FARGO'S PERFORMANCE UNDER THE AGREEMENT AND STIPULATION OF CLASS ACTION SETTLEMENT

Case No. 3:09-MD-02015-RS

**ECF CERTIFICATION**

Pursuant to Local Rule 5-1(i)(3), the filing attorney attests that he has obtained concurrence regarding the filing of this document from the signatories to the document.

Dated: October 23, 2015
        /s/    T. Thomas Cottingham, III
T. Thomas Cottingham, III
*(admitted pro hac vice)*
tcottingham@winston.com
WINSTON & STRAWN LLP
100 North Tryon Street, Suite 2900
Charlotte, NC 28202-1078
Telephone: (704) 350-7700
Facsimile: (704) 350 7800

JOINT STIPULATION AND [PROPOSED] ORDER RESOLVING THE MAY 8, 2014 ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ENFORCE SETTLEMENT, THE APRIL 15, 2015 ORDER ON MOTION TO ENFORCE SETTLEMENT, AND ALL OUTSTANDING ISSUES REGARDING WELLS FARGO'S PERFORMANCE UNDER THE AGREEMENT AND STIPULATION OF CLASS ACTION SETTLEMENT

Case No. 3:09-MD-02015-RS

# ORDER

Pursuant to the stipulated request of the parties, IT IS HEREBY ORDERED that the May 8, 2014 Order Granting in Part and Denying in Part Motion to Enforce Settlement Agreement (Dkt. No. 634), the April 15, 2015 Order on Motion to Enforce Settlement (Dkt. No. 682, and all outstanding issues regarding Wells Fargo Bank, N.A.'s performance under the Agreement and Stipulation of Class Action Settlement are hereby fully and finally resolved on the terms set forth in the Joint Stipulation.

**IT IS SO ORDERED**,

Date: 12/7 , 2015

_____
HON. RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

13
JOINT STIPULATION AND [PROPOSED] ORDER RESOLVING THE MAY 8, 2014 ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ENFORCE SETTLEMENT, THE APRIL 15, 2015 ORDER ON MOTION TO ENFORCE SETTLEMENT, AND ALL OUTSTANDING ISSUES REGARDING WELLS FARGO'S PERFORMANCE UNDER THE AGREEMENT AND STIPULATION OF CLASS ACTION SETTLEMENT

Case No. 3:09-MD-02015-RS